```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
US AIRWAYS, INC.,
                  Plaintiff,              OPINION AND ORDER

        -against-
                                          11 Civ. 2725 (MGC)


SABRE HOLDINGS CORPORATION,
SABRE INC., SABRE TRAVEL
INTERNATIONAL LIMITED.

                  Defendants.

----------------------------------X


APPEARANCES:

          O'MELVENY & MYERS LLP
          Attorneys for Plaintiff
          7 Times Square
          New York, New York 10036

          By:  Charles P. Diamond, Esq.
               Andrew J. Frackman, Esq.
               Mark F. Feinstein, Esq.
               Kenneth T. Murata, Esq.

          BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
          Attorneys for Defendants
          54 West Hubbard Street
          Chicago, Illinois 60610

          1899 Wynkoop Street, Suite 800
          Denver, Colorado 80202

          By:  Karma Giulianelli, Esq.
               Sean C. Grimsley, Esq.
               Christopher J. Lind, Esq.
               Andrew MacNally, Esq.

          CLEARY GOTTLIEB STEEN & HAMILTON LLP
          Attorneys for Defendants
          2000 Pennsylvania Ave, NW
          Washington, District of Columbia 20006
```

```
One Liberty Plaza
New York, NY 10006

By:  George S. Cary, Esq.
     Steven J. Kaiser, Esq.
     Larry C. Work-Dembowski, Esq.
     Kenneth Reinker, Esq.
     Lev Dassin, Esq.
     Larry Malm, Esq.
```

**Cedarbaum, J.**

Defendants Sabre Holdings Corporation, Sabre Inc., and Sabre Travel International Limited (together "Sabre") move to amend their answer to include a counterclaim. For the reasons that follow, that motion is denied.

## BACKGROUND

This case currently centers on allegations by plaintiff US Airways, Inc. ("US Airways") that Sabre has entered into both horizontal and vertical agreements in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. On January 18, 2013, Sabre moved for leave to amend its answer to add a counterclaim against US Airways, also under Section 1 of the Sherman Act. Essentially, Sabre alleges that US Airways colluded with other airlines and various other entities to restrict Sabre's access to "content," such as airline tickets, assigned seats and bag fees, that the global distribution systems ("GDSs") can offer to travel agents.

## DISCUSSION

"[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998) (quotation omitted). "Amendment may be prejudicial when, among other things, it would require the opponent to expend

3

significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725-26 (2d Cir. 2010) (quotation omitted).

US Airways' original complaint was filed on April 21, 2011, and Sabre moved to amend its answer almost two years later, on January 18, 2013. Although discovery is not complete, depositions have begun and document discovery is at a very advanced stage. The parties dispute whether Sabre has a viable excuse for its delay in filing its motion and particularly whether Sabre needed to wait to file its proposed counterclaim until it obtained discovery that it has incorporated into its allegations. Even assuming that Sabre's delay was justifiable, however, allowing Sabre leave to add a counterclaim this late in the process would prejudice US Airways by necessitating new discovery at a very late stage and greatly complicate any trial. See AEP, 626 F.3d at 727 (finding that reasonable explanation for parties' delay in filing amended complaint "is not alone sufficient to discount the significant prejudice resulting from permitting them to file their amended complaint in light of the circumstances presented, the length and complexity of these proceedings, and the late stage of litigation at which the motion was made").

4

Although Sabre contends that allowing its counterclaim would have "no appreciable impact on discovery," even Sabre concedes that it would seek to take some additional depositions. The parties have engaged in a host of protracted disputes regarding the scope of current discovery. Given that background, Sabre's contention is exceptionally, and unrealistically, optimistic. Sabre's counterclaim alleges a wide-ranging conspiracy encompassing a number of airlines and other entities. Regardless of whether Sabre believes it can prove its own case without much discovery and depositions from those entities, US Airways represented at oral argument that it would, quite reasonably, seek discovery from many of those entities in order to defend itself.

Both parties have represented that they hope to bring this case to trial in 2014. It is hard to imagine that this goal would be attainable if this case was expanded in the way envisioned by Sabre's counterclaim. <u>Gucci Am., Inc. v. Exclusive Imports Int'l</u>, No. 99 Civ. 11490 (RCC), 2001 WL 21253, at *6 (S.D.N.Y. Jan. 9, 2001) (denying leave to amend to add counterclaim where "both parties . . . engaged in numerous discovery disputes that . . . lengthened the discovery period substantially" and "[e]xtensive . . . discovery would delay the case even further, and certainly would necessitate a considerable extension of the . . . discovery cut-off date").

5

Permitting Sabre's counterclaim would also make the trial itself unmanageable.  Sabre asserts that its proposed counterclaim is simply an extension of its defense against US Airways.  This is an exaggeration.  At bottom, US Airways' claim concerns actions taken by Sabre and its alleged coconspirators.  US Airways' relations with other airlines have a tangential bearing on whether Sabre's actions are anticompetitive, but no more than that.  This is especially true since US Airways' itself is not alleged in the counterclaim to have taken any concrete action against Sabre other than to unsuccessfully advocate certain positions in negotiations.  It is Delta and American Airlines that are alleged to have taken concrete steps against Sabre.  Expanding the case to encompass the actions of a host of additional entities will inevitably expand the scope, length and complexity of trial.

Even if Sabre had asserted this counterclaim at the beginning of this case, it may well have had its claim severed to be presented at a separate trial.  Fed. R. Civ. P. 42(b).  At this late stage, allowing Sabre to assert a counterclaim would almost certainly ensure that this case would become prolonged and perhaps unmanageable in a way that would prejudice US Airways.  If the defendant, Sabre, wishes to assert an antitrust claim against US Airways, it must do so in a different action.

For the foregoing reasons, Sabre's motion to amend its answer is denied.

SO ORDERED.

Dated:   New York, New York
         April 5, 2013

                            S/_____
                              MIRIAM GOLDMAN CEDARBAUM
                              United States District Judge