IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US Airways, Inc.<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sabre, Inc., Sabre Holdings Corp., and Sabre Travel Int'l Ltd.<br><br>　　　　Defendants. | Civ. Action No. 1:11-cv-02725-MGC<br>ECF Case |

**Declaration of Steven J. Kaiser in Support of Defendants' Motion to Compel US Airways to Make Updated Discovery Responses**

I, Steven J. Kaiser, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a counsel with the law firm of Cleary Gottlieb Steen & Hamilton LLP, counsel for defendants Sabre Inc., Sabre Holdings Corp., and Sabre Travel International Ltd. I have personal knowledge of the following and, if called upon to testify, could and would do so competently as to the accuracy of the matters stated herein.

2. Attached hereto as Exhibit 1 is a true and correct copy of a letter from Steven J. Kaiser, Esq. to Joseph J. Bial, Esq., dated October 31, 2011.

3. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Steven J. Kaiser, Esq. to Andrew Frackman, Esq., dated December 18, 2012, which refers to material

marked or designated by US Airways Confidential under the Amended Stipulation and Protective Order ("Protective Order") in the above-captioned matter, filed November 28, 2012.

4. Attached hereto as Exhibit 3 is a true and correct copy of a letter from Ken Murata, Esq. to Steven J. Kaiser, Esq., dated January 11, 2013.

5. Attached hereto as Exhibit 4 is a true and correct copy of a letter from Steven J. Kaiser, Esq. to Judge Miriam Goldman Cedarbaum, dated January 31, 2013. The exhibits to this letter have been omitted to avoid duplication.

6. Attached hereto as Exhibit 5 is a true and correct copy of a letter from Andrew J. Frackman, Esq. to Judge Miriam Goldman Cedarbaum, dated February 14, 2013. The exhibits to this letter have been omitted to avoid duplication.

7. Attached hereto as Exhibit 6 is a true and correct copy of a letter from Steven J. Kaiser, Esq. to Andrew J. Frackman, Esq., dated February 26, 2013.

8. Attached hereto as Exhibit 7 is a true and correct copy of a letter from Ken Murata, Esq. to Steven J. Kaiser, Esq., dated March 18, 2013.

9. Attached hereto as Exhibit 8 is a true and correct copy of a letter from Steven J. Kaiser, Esq. to Judge Miriam Goldman Cedarbaum, dated May 7, 2013. The exhibits to this letter have been omitted to avoid duplication.

10. Attached hereto as Exhibit 9 is a true and correct copy of an email chain between Steven J. Kaiser, Esq., and Andrew J. Frackman, Esq., dated May 23, 2013.

11. Attached hereto as Exhibit 10 is a true and correct copy of an email chain between Steven J. Kaiser, Esq. and Andrew J. Frackman, Esq., dated June 11, 2013.

12. Attached hereto as Exhibit 11 is a true and correct copy of a news release entitled "Sabre Begins Distributing US Airways ChoiceSeats," dated November 13, 2012 and available at http://www.sabre-holdings.com/newsroom/release.php?id=1540.

13. Attached hereto as Exhibit 12 is a true and correct copy of US Airways Group Inc. LLC's Earnings Call Transcript from Quarter 1 of 2011, submitted as Kerr Deposition Exhibit 2 in the above-captioned matter.

14. Attached hereto as Exhibit 13 is a true and correct copy of excerpts from Defendant Sabre Inc.'s First Request For Production of Documents From Plaintiff in the above-captioned matter, dated August 24, 2011; Plaintiff US Airways, Inc.'s Objections and Responses to Defendants' Request For Production of Documents Plaintiff in the above-captioned matter, dated September 23, 2011; Defendant Sabre's Third Request for Production of Documents From Plaintiff US Airways Plaintiff in the above-captioned matter, dated January 17, 2013; and US Airways, Inc.'s Responses and Objections to Defendant Sabre's Third Requests for Production of Documents Plaintiff in the above-captioned matter, dated February 22, 2013.

15. Attached hereto as Exhibit 14 is a true and correct copy of excerpts from the Deposition of Troy Fernwalt, dated January 29, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

16. Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the Deposition of Madeleine Gray, dated January 17, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

17. Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the Deposition of Brad Jensen, dated March 7, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

18. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the Deposition of John Gustafson, dated March 20, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

19. Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the Deposition of Andrew Nocella, dated February 22, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

20. Attached hereto as Exhibit 19 is a true and correct copy of excerpts from the Deposition of Brett Berman, dated June 12, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

21. Attached hereto as Exhibit 20 is a true and correct copy of excerpts from the Deposition

of Doug Parker, dated April 3, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

22. Attached hereto as Exhibit 21 is a true and correct copy of excerpts from the Deposition of Scott Kirby, dated February 27, 2013, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

23. Attached hereto as Exhibit 22 is a true and correct copy of excerpts from the Deposition of John Gustafson in *American Airlines, Inc. v. Sabre Inc. et al.* in the 67th Judicial District of Tarrant County Texas, dated September 27, 2012, which was marked or designated by US Airways as Highly Confidential, Outside Counsel's Eyes Only under the Amended Stipulation and Protective Order in the above-captioned matter, filed November 28, 2012.

DATED: July 3, 2013

*[signature]*

Steven J. Kaiser
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 974-1554
Fax: (202) 974-1999
skaiser@cgsh.com

*Attorney for Sabre Inc., Sabre Holdings Corporation, and Sabre Travel Int'l Ltd.*