IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US Airways, Inc.<br><br>    Plaintiff,<br><br>  v.<br><br>Sabre Inc.<br>Sabre Holdings Corp.<br>Sabre Travel Int'l Ltd.<br><br>    Defendants. | Civ. Action No. 1:11-cv-02725-LGS<br>ECF Case |

**Sabre's Motion for Partial Summary Judgment Based on the Statute of Limitations**

US Airways claims the agreements it signed with Sabre in 2006 and 2011 violate Section 1 of the Sherman Act. The vast majority of US Airways' claimed damages stem from the contract it signed in 2006, more than five years before US Airways brought this litigation. US Airways also seeks to enjoin Sabre from enforcing the challenged contract terms, which have been in US Airways' contracts with Sabre since at least 2006. The four-year statute of limitations and doctrine of laches bar US Airways' claims. Because US Airways sat on its claims for more than five years—and, indeed, brought this case only after renewing its agreement with Sabre and affirming substantially the same terms in 2011—Sabre is entitled to summary judgment dismissing US Airways' "overcharge" damages claim based on the 2006 Agreement and its related request for injunctive relief.

## FACTUAL BACKGROUND[1]

US Airways brought this action in April 2011, more than five years after the 2006 Agreement went into effect. (¶ 21.)

US Airways and Sabre signed the 2006 Agreement on January 27, 2006. (¶ 18.) The booking fee that US Airways would pay through the life of the 2006 Agreement was set when the contract was signed, and Sabre could not change the fee. (¶ 17.) US Airways now asserts that the 2006 Agreement booking fee was set at a supracompetitive level (*i.e.*, too high) and seeks to recover damages for the resulting "overcharges." (¶ 74.) US Airways also asks the Court to enjoin Sabre from enforcing the challenged contract terms from the 2006 Agreement, which continued in the 2011 Agreement. (¶ 107.)

---

[1] Citations to (¶ XX) are to the corresponding numbered paragraphs of the contemporaneously-filed Statement of Undisputed Facts, which includes specific citations to the record.

## ARGUMENT

A movant is entitled to summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may obtain summary judgment on all or part of a claim or defense. *Id.*

US Airways seeks damages for "overcharges" on bookings made under the 2006 Agreement. (¶ 74.) US Airways also seeks permanent injunctive relief barring the enforcement of certain terms that have been present in Sabre's contracts since at least 2006, including in the 2006 Agreement and the 2011 contract renewal. (¶ 107.) US Airways waited more than five years after signing the 2006 Agreement to bring its claims. (¶ 21.) Therefore, the four-year statute of limitations bars US Airways' damages claim that it was overcharged under the 2006 Agreement, and the doctrine of laches bars any request to enjoin Sabre from enforcing contract terms that were in the 2006 Agreement.

**I. THE STATUTE OF LIMITATIONS BARS ANY CLAIM FOR OVERCHARGE DAMAGES RELATED TO THE 2006 AGREEMENT.**

The statute of limitations in a private antitrust action is four years. 15 U.S.C. § 15b; *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 328 F. App'x 695, 698 (2d Cir. 2009). A claim must be brought within four years of its accrual. *Id.* at 698.

US Airways' alleged overcharge damages under the 2006 Agreement are time barred. US Airways signed the 2006 Agreement more than five years before bringing this lawsuit. (¶ 18.) Courts have consistently held that antitrust damages relating to a contract accrue at the time the contract is entered, even if the parties subsequently perform and make payments under the contract during the limitations period.[2] *See, e.g., Sapienza v. Osleeb*, 550 F. Supp. 1304, 1308-

---

[2] Indeed, US Airways recognized the issue when it limited its proposed expert's damages model to the period beginning on April 21, 2007, implicitly conceding that the statute of limitations bars damages related to bookings made before that date. But the statute of limitations bars

2

09 (E.D.N.Y. 1982) (holding that the statute of limitations for antitrust claims based on a contract begins to run when the challenged contract is entered into, not when payments under the contract are made); *Landon v. Twentieth Century-Fox Film Corp.*, 384 F. Supp. 450, 458-59 (S.D.N.Y. 1974) ("As a general rule, claims based on anti-competitive agreements to which the plaintiff is a party accrue at the time of their execution."). The Second Circuit recently reaffirmed this basic principle in the analogous context of a criminal fraud case involving collusive bidding. *See U.S. v. Grimm*, 738 F.3d 498 (2d Cir. 2013) (holding that payments at rigged prices under a contract entered into outside the statute of limitations do not restart the statute of limitations, even as to payments made during the limitations period).[3]

---

recovery for any damages for bookings made under the 2006 Agreement because the cause of action accrued when the contract was entered in January 2006.

[3] Although the Second Circuit has never considered the issue in the Section 1 context, numerous courts of appeal have barred antitrust claims brought more than four years after the relevant agreement was entered. *See, e.g.*, *Info. Exch. Sys., Inc. v. First Bank Nat'l Ass'n*, 994 F.2d 478, 484 (8th Cir. 1993) (holding that statute of limitations to challenge restrictions in agreement or recover resulting damages expires four years after agreement is effective); *Eichman v. Fotomat Corp.*, 880 F.2d 149, 160 (9th Cir. 1989) (holding that "the passive receipt of profits from an illegal contract by an antitrust defendant is not an overt act of enforcement which will restart the statute of limitations"); *Aurora Enters. v. NBC*, 688 F.2d 689, 694 (9th Cir. 1982) ("[T]he mere fact that defendants receive a benefit today as a result of a contract executed in 1966 in which Xanadu was purportedly coerced to part with syndication rights, is not enough to restart the statute of limitations. Any other holding would destroy the function of the statute, since parties may continue indefinitely to receive some benefit as a result of an illegal act performed in the distant past."); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050-57 (5th Cir. 1982) (affirming dismissal of antitrust claims based on agreement entered into more than four years before claim brought); *Barnosky Oils, Inc. v Union Oil Co.*, 665 F.2d 74, 80-83 (6th Cir. 1981) (same). In *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 295-96 (2d Cir. 1979), the Second Circuit allowed claims under Section 2 of the Sherman Act to go forward based on purchases made during the limitations period from a monopolist that had illegally monopolized the market outside the limitations period. However, as the court in *Rite Aid Corp. v. American Express Travel Related Services Co.*, concluded, *Berkey Photo* only applies to Section 2 claims, not the Section 1 claims that US Airways brings here. 708 F. Supp. 2d 257, 272 n.16 (E.D.N.Y. 2010) ("This court does not apply *Berkey's* accrual rule for monopolization claims to Plaintiffs section one claims.").

3

The statute of limitations bars recovery of damages for bookings made under the 2006 Agreement because the cause of action for such damages accrued when the contract was entered in January 2006—more than five years before US Airways filed this action.

## II. US Airways' Request for Injunctive Relief Is Barred by the Doctrine of Laches.

In addition, US Airways' request for injunctive relief is barred by the doctrine of laches. The challenged contractual provisions that US Airways seeks to enjoin have been in place since at least as early as January 2006—more than five years before US Airways brought this suit.[4]

Laches precludes injunctive relief in these circumstances. In *Madison Square Garden, L.P. v. National Hockey League*, for example, the court dismissed a claim for injunctive relief in identical circumstances. No. 07 CV 8455(LAP), 2008 WL 4547518 (S.D.N.Y. Oct. 10, 2008). There, the plaintiff Madison Square Garden ("MSG") challenged provisions of the National Hockey League's franchise agreements with its member clubs. Those provisions had been in place in franchise agreements for more than four years prior to the suit being filed, but had been reaffirmed in new franchise agreements within the four-year period. The court held that, because MSG had not pursued injunctive relief within four years of the contractual provisions at issue initially coming into force, MSG's claims related to the renewed agreement signed within four years of the suit being filed were barred by laches. *Id.* at *10.[5] The court rejected the argument

---

[4] The challenged terms are contained in substantially the same form in the 2011 Agreement and 2006 Agreement. (¶11.)

[5] Similarly, in *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, the Fifth Circuit applied the doctrine of laches to bar injunctive relief where the terms of a contract challenged on antitrust grounds were agreed to outside the statute of limitations. 677 F.2d 1045, 1057. *See also, Aurora Enters. v. NBC*, 688 F.2d 689, 694 (9th Cir. 1982) (same).

that renewing the contracts with the same terms qualified as "overt acts" that might allow MSG to "overcome the presumption of laches." *Id.*[6]

## CONCLUSION

For the foregoing reasons, Sabre requests that the Court grant summary judgment in Sabre's favor on US Airways' claim for booking fee "overcharge" damages under the 2006 Agreement and US Airways' request for injunctive relief.

---

[6] As discussed in Sabre's Motion for Summary Judgment on US Airways' Remaining Claims (at Section I.C.2), US Airways received a lower booking fee from Sabre in exchange for agreeing to the provisions that it challenges as anticompetitive. In addition, the challenged provisions are crucial for Sabre to be able to provide the services that travel agents and travelers demand. As a result, Sabre would suffer severe prejudice if US Airways were allowed to pursue injunctive relief more than five years after agreeing to the challenged provisions. *See, e.g.*, MSG, 2008 WL 4547518 *10 (requiring a showing that delay "caused no prejudice to the defendant" to avoid laches bar).

DATED:  April 1, 2014

Chris Lind
Andrew MacNally
BARTLIT BECK HERMAN PALENCHAR &
    SCOTT LLP
Courthouse Place
54 West Hubbard
Chicago, IL  60654
Phone:  (312) 494-4400
Fax:  (312) 494-4440
chris.lind@bartlit-beck.com
andrew.macnally@bartlit-beck.com

Karma M. Giulianelli
Sean C. Grimsley
BARTLIT BECK HERMAN PALENCHAR &
    SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, Colorado  80202
Phone:  (303) 592-3100
Fax:  (303) 592-3140
karma.giulianelli@bartlit-beck.com
sean.grimsley@bartlit-beck.com

Joseph Kattan, PC
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 955-8500
Fax: (202) 467-0539
JKattan@gibsondunn.com

Respectfully submitted,

/s/ George S. Cary
George S. Cary
Steven J. Kaiser
Kenneth Reinker
Bradley Justus
Carl Lawrence Malm
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone:  (202) 974-1500
Fax:  (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
kreinker@cgsh.com
bjustus@cgsh.com
lmalm@cgsh.com

Lev Dassin
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Phone:  (212) 225-2000
Fax:  (212) 225-2999
ldassin@cgsh.com

*Attorneys for Sabre Inc., Sabre Holdings Corporation, and Sabre Travel Int'l Ltd. d/b/a Sabre Travel Network*