# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006–1801
(202) 974-1500
FACSIMILE
(202) 974-1999
WWW.CLEARYGOTTLIEB.COM

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

Writer's Direct Dial: +1 (202) 974-1554
E-Mail: skaiser@cgsh.com

June 9, 2014

**VIA ECF**
Hon. Lorna G. Schofield, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No.1:11-cv-02725-LGS,
     <u>Request to Maintain Certain Summary Judgment Materials Under Seal</u>

Your Honor:

  This letter summarizes the bases for Sabre's request that the Court maintain under seal a limited portion of the summary judgment material filed in the above-captioned matter. As discussed below, Sabre seeks to seal only a small portion of the summary judgment record, requesting redaction of competitively sensitive information in one of three categories:

1. Sabre's non-public pricing information (and information from which it could be derived),
2. Sabre's actual contract terms and related strategic negotiating positions or evaluations, or
3. other competitively sensitive material such as information on Sabre's costs, revenue, and technology spending.[1]

As evidenced by the limited redactions in the briefs themselves, little of the material Sabre proposes to maintain under seal is critical to the summary judgment motions.

  Particularly in a case such as this, where Sabre has produced to US Airways its most sensitive internal documents, the fact that a document has been "thrown on the pile" of a summary judgment submission should not automatically make all of its contents susceptible to public disclosure. Any other result invites abuse of the presumption of public access to court files by a party simply attaching documents to its summary judgment filings to harm its opponent's competitive position, embarrass its opponent, or otherwise bully it through litigation. US Airways suffers no prejudice from the continued sealing of these limited materials—all of which it agreed to treat as confidential at the beginning of this litigation. Only now, in an apparent effort to harm Sabre's competitive position, embarrass Sabre, or otherwise bully Sabre, has US Airways pursued making these materials public.

  The general presumption in favor of public access to judicial documents is not unlimited. "[C]ourts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In Re: Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (*citing Nixon v. Warner Commc'ns,*

---

[1] For the Court's convenience, Attachment 1 sets forth which documents fall into each category. Sabre also submits declarations from Chris Wilding and Greg Webb to provide evidentiary support for its requests.

Hon. Lorna G. Schofield, p. 2

*Inc.*, 435 U.S. 589, 598 (1978)); *see also U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts, and personal vendettas similarly need not be aided."). Sabre's proposed redactions meet this standard. Moreover, the limited nature of the proposed redactions ensures that the public will have sufficient information to understand the case and the Court's ruling. *See id.* at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").

US Airways concedes that the first category of information Sabre seeks to keep under seal—Sabre's pricing and related financial information—should be kept under seal. The disputed redactions stem merely from disagreements about how far back in time such competitively sensitive material should be kept confidential. When Sabre submitted its summary judgment papers in April, US Airways agreed that *all* pricing information should be protected from view of even US Airways' in-house counsel. Now it takes the position that the public should have access to all but the most current information, which would not adequately protect Sabre from competitive harm. As set forth in Sabre's accompanying declarations, Sabre does not publicly announce the prices it negotiates with airlines and travel agencies, which are generally the result of competitive negotiations and subject to confidentiality agreements. Allowing that information into the public domain would harm Sabre's ability to negotiate future contracts by giving the other side to any future negotiations—including US Airways—an unfair advantage. Such harm would accrue even if its negotiating counterpart has access to older information that they can still use to extract concessions or to estimate more current pricing information in order to extract concessions.

Disclosure of the second category of information Sabre seeks to keep under seal—the specific terms and conditions of Sabre's contracts, which are also explicitly made confidential in the agreements—would similarly harm Sabre's competitive position. The terms are heavily negotiated and various parties would be placed at an advantage with respect to Sabre if they understood what other parties had negotiated. Revealing Sabre's internal deliberations about negotiation strategy would likewise harm Sabre's competitive position because it would give its negotiating partners unfair insight into Sabre's position on various issues. The remainder of the redactions relate to other competitively sensitive non-public information—such as technology investment and Sabre's costs—that competitors could use to Sabre's disadvantage.

Finally, Sabre also requests to keep under seal one irrelevant but potentially personally embarrassing sentence from Exhibit H41 to the Moss Declaration. The sentence has nothing to do with the case—US Airways does not rely on it for any purpose. In fact, the email does not even have anything to do with US Airways. In Sabre's litigation with US Airways' parent, American Airlines, the court granted Sabre's motion *in limine* to redact this sentence and barred its disclosure to the jury, much less the public, because it was irrelevant and inflammatory. *American Airlines, Inc. v. Sabre Inc. et al.*, No. 067-249214-10 (67th Judicial District, Tarrant Cty., Tx).[2] There is no public interest in disclosure here, and this Court similarly should maintain the sentence under seal. *See also Amodeo*, 71 F.3d at 1051 (holding that "embarrassing conduct with no public ramifications … will weigh more heavily against access"). Sabre sought US Airways' consent to this redaction and US Airways stated that it has no objection to maintaining it under seal.

                                                                Respectfully submitted,

                                                                */s/ Steven J. Kaiser*

                                                                Steven J. Kaiser

---

[2] The Texas court also permanently sealed the entire summary judgment record, which overlapped with the documents at issue here and included similar documents.

Hon. Lorna G. Schofield, p. 3

## Attachment 1 – Summary Table of Rationales for Sabre's Sealing Proposals[3]

| Category | Exhibits |
|---|---|
| Unsealed document would reveal contract pricing information, including airline booking fees or travel agency incentives | Kaiser Decl. Ex. D, **E3**, **E4**, E8, E10, **E12**, E17, E32, E34, E36, F4, F49, G4, H1; Moss Decl. Ex. A, B, C, D, E20, E21, E22, E27, F7, F13, **F17**, **F24**, **F26**, **F27**, **F31**, G23, H10, H16, H40, H56, J1, J10; Decl. of Joseph Stiglitz in Support of US Airways' Opposition and **Exhibit 2** to same; Decl. of Chris Wilding in Support of Sabre's Motion for Summary Judgment; Decl. of Daniel McFadden in Support of US Airways' Opposition |
| Unsealed document would reveal information on Sabre's contract terms and conditions and related negotiation strategies | Kaiser Decl. Ex. C, D, **E3**, **E4**, E8, E34, F49, G4, H3, N; Moss Decl. Ex. B, C, E21, E22, E27, F6, F9, F11, F16, **F17**, F21, F22, **F24**, **F26**, **F27**, **F31,** F37, F38, H16, H19, H31, H39, H40, H44, H56, H57, J10; Decl. of Joseph Stiglitz in Support of US Airways' Opposition; Decl. of Chris Wilding in Support of Sabre's Motion for Summary Judgment |
| Unsealed document would reveal information on Sabre's costs, revenue, and technology spending | Kaiser Decl. Ex. H59; Moss Decl. Ex. D, F14, F29, F43 |
| Unsealed document would reveal irrelevant but potentially personally embarrassing language | Moss Decl. Ex. H41 |

---

[3] Material in **Bold** is material for which Sabre requests full sealing, rather than redaction, as described in Exhibit B to the parties' joint submission of June 6, 2014.  These are Sabre's contracts or excerpts from its contracts.  However, Sabre does not request withholding of E18 at all, and requests only the yellow highlighted redactions in E17 and E36.