

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California  90067-6035 | SEOUL |
| HONG KONG | | SHANGHAI |
| LONDON | TELEPHONE  (310) 553-6700 | SILICON VALLEY |
| LOS ANGELES | FACSIMILE  (310) 246-6779 | SINGAPORE |
| NEWPORT BEACH | www.omm.com | TOKYO |
| NEW YORK | | WASHINGTON, D.C. |

April 27, 2015

WRITER'S DIRECT DIAL
(310) 246-6789

WRITER'S E-MAIL ADDRESS
cdiamond@omm.com

**VIA ECF**

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

           Re:     *US Airways, Inc. v. Sabre Holdings Corp., et al., No. 1:11-cv-02725-LGS*
                   *US Airways' Request for a Bench Trial*

Dear Judge Schofield:

       US Airways brought this action four years ago principally so it could incentivize travelers to use lower-cost channels for booking and buying tickets by offering them lower airfares.  Sabre conditions participation in its GDS, a demonstrably high-cost channel, on making the same fares available on its network as are offered to travelers booking on more efficient channels, and thereby prevents airlines from rewarding efficient booking practices (and penalizing inefficient ones).

       As the Court knows from mastering a twelve hundred page summary judgment record, the lawfulness of Sabre's conduct requires an appreciation of managed corporate travel, travel agency booking practices, the established ties between travel agents and GDSs, the airline economics, the history of GDS regulation, the operation of the Sabre GDS, technologies available to streamline air travel booking, Sabre's history of retaliation against airlines threatening its business model, roadblocks that led to the demise of all of Sabre's potential competitors, and the competitive truce among the three GDSs, just to name a few.  These complexities and the many sophisticated and nuanced economic, accounting and legal arguments the case presents, would likely tax the patience and attention of the average juror who will have to sit through many weeks of testimony.  Given this, the case's potential game-changing effect on the airline ticket business (not to mention consumers' pocketbooks), and the importance both sides attach to a credible decision-making process, US Airways believes this lawsuit is most suitably resolved at a bench trial.

O'MELVENY & MYERS LLP
April 27, 2015 - Page 2

Because US Airways seeks tens of millions of dollars in overcharge damages under its 2011 Sabre contract, Sabre is currently entitled to a jury trial.[1] Eliminating this basis by waiving anything but nominal damages and declaratory relief would, in our view, result in a justiciable controversy triable only by the Court, not a jury. If the Court agrees, US Airways is prepared to submit a formal waiver of its right to receive anything beyond (1) a detailed equitable declaration that the Contractual Restraints in the 2011 Sabre contract, and Sabre's understanding with its competitors not to compete away those restraints, violate section 1 of the Sherman Act; and (2) post-trebled damages not to exceed \$20.[2] Those claims would only entitle the parties to a bench trial for the following reasons.

*First*, no right to a jury trial exists for equitable claims, like US Airways' request for a declaratory judgment. *See, e.g., In re Currency Conversion Fee Antitrust Litig.*, 2009 WL 151168, at *5 (S.D.N.Y. Jan. 21, 2009) (no right to jury trial where plaintiff sought only declaratory relief because "a declaration that Defendants violated the Sherman Act . . . is equitable in nature [and] if the only relief sought is equitable . . . neither the party seeking that relief nor the party opposing it is entitled to a jury trial."); *Ocean State Physicians Health Plan, Inc. v. Blue Cross & Blue Shield of Rhode Island*, 692 F. Supp. 52, 74 (D.R.I. 1988) (Plaintiffs also seek a declaratory judgment against the alleged acts which violate the Sherman Act. . . . The nature of the parties' claims is equitable.").

*Second*, though damage claims generally trigger Seventh Amendment rights, the right to jury trial only attaches where the value in controversy exceeds twenty dollars. *See* U.S. Const. Amend. VII (only "where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved"); *Van Wie v. Pataki*, 267 F.3d 109, 115 n.4 (2d. Cir. 2011) ("[G]enerally . . . in nominal damages cases, when such damage requests are below twenty dollars, there is no right to a jury trial."). Because US Airways is prepared to waive damages exceeding the Seventh Amendment threshold, neither party will be entitled to a jury trial.[3]

*Third*, US Airways' claim for a nominal amount of damages ensures that this case remains justiciable. *See Davis v. Village Park II Realty Co.*, 578 F.2d 461, 463 (2d Cir. 1978) ("The availability of either nominal or substantial damages is sufficient to prevent this case from becoming moot."); *Beyah v. Coughlin*, 789 F.2d 986, 989 (2d Cir. 1986) (holding that potential entitlement to nominal damages prevented plaintiff's claim from being moot); 13C Charles A. Wright et al., Federal Practice & Procedure § 3533.3 (3d ed. 2011) ("Nominal damages also suffice to deflect mootness"). Because a nominal damages claim preserves justiciability, US Airways will also be entitled to seek and receive declaratory relief on the 2011 contract

---

[1] Sabre and US Airways could stipulate to a bench trial pursuant to Federal Rule of Civil Procedure 39. *See* Fed. R. Civ. P. 39(a).

[2] US Airways is not proposing that it waive any other rights, such as the right to appeal the Court's pretrial rulings, which both parties would retain.

[3] As part of recoverable costs, US Airways would also be entitled to its attorneys' fees if it prevails at trial. But like a declaratory judgment, attorneys' fees are also equitable in nature, and thus do not create a right to a jury trial. *See Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 643 (S.D.N.Y. 2005) (holding attorneys' fees to be equitable in nature and thus no basis to "entitle [a party] to a jury under the Seventh Amendment").

O'MELVENY & MYERS LLP
April 27, 2015 - Page 3

notwithstanding its expiration.  *See Lane v. Reid*, 559 F. Supp. 1047, 1052 (S.D.N.Y. 1983) ("[W]here the complained of conduct has ceased, declaratory relief survives a mootness challenge [if] it seeks to declare a set of legal relations which attributes legal liability for damages to the party against whom the relief is sought.").[4]

Waiving damages to secure a bench trial, although unusual, is not extraordinary.  Exactly that happened in another case pending in this Circuit.  In *Chevron Corp. v. Donziger*, 2013 WL 5526287, at *2 (S.D.N.Y. Oct. 7, 2013), the plaintiff gave notice that it was waiving damages and insisted that the defendant's right to a jury trial was thus extinguished.  The district court agreed, explaining that "[i]t is well settled that when a party withdraws its damages claims and pursues only equitable relief, a jury trial is no longer available and issues ***must*** be tried by the court."  *Id.* (emphasis added).

After four years of very costly litigation, US Airways is not prepared to waive all of its claims beyond declaratory relief and nominal damages at the risk of having Sabre argue, and the Court agree, that the case must still be tried before a jury or, worse yet, is moot.  Accordingly, if Sabre is not prepared to agree to a bench trial, we request that the Court rule on these narrow legal issues before asking for and accepting a formal waiver.  To be clear, we are offering to trade damages for a bench trial that could result in an award of nominal damages and a declaration of the lawfulness of Sabre's contractual restraints having collateral estoppel effect.  Though Sabre will be free to offer judgment under Rule 68 (assuming it is willing to pay US Airways' costs including attorney's fees), we would not expect that we would be compelled to accept a judgment on the declaratory relief claim having any less collateral estoppel effect than one entered after trial.

            Very truly yours,

            */s/ Charles P. Diamond*
            Charles P. Diamond
            of O'Melveny & Myers LLP

---

[4] US Airways' claim for declaratory relief alone would continue to present a justiciable controversy.  Although the 2011 Sabre contract expired by its terms in April of 2014, a dispute over the lawfulness of a contract is not mooted by its expiration if the controversy is "capable of repetition, yet evading review."  *Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 6 (2d Cir. 1996).  That is exactly the situation here.  As the Court knows from the summary judgment record, as a result of its merger with the parent of American Airlines, US Airways remains subject to very same Contractual Restraints imposed by the 2011 contract.  So not only is this dispute capable of repetition, it is being repeated.  At the same time, the lawfulness of those terms evades review.  Because of the merger, US Airways is bound by the American-Sabre settlement that prevents it from contesting the legality of full-content or any of the other Contractual Restraints until October 2019.  *See* AA-Sabre Settlement Agreement, Oct. 30, 2012, ¶ 5.1.5 (y & z).  And judging by the progress of this lawsuit, it would take another five years before the dispute is resolved.  None of the other network carriers have shown any inclination to take up the cudgel, and the Sabre settlement bars American.  So in the meantime, US will be precluded from steering bookings to more efficient channels, potential entrants will continue to be foreclosed, and travelers will bear the additional cost of supra-competitive pricing in a market devoid of competition.

O'MELVENY & MYERS LLP
April 27, 2015 - Page 4

CPD

cc:     Counsel for Sabre (via ECF)