CLEARY GOTTLIEB STEEN & HAMILTON LLP

By May 8, 2015, Plaintiff shall file a reply, and each party shall
file two proposed pretrial and trial schedules -- one for a jury
trial and one for a bench trial.   The telephone conference
scheduled for May 11, 2015, is adjourned to May 15, 2015, at
10:30 A.M.
Dated:  May 5, 2015
     New York, New York

ROME
MILAN
HONG KONG
BEIJING
OS AIRES
SAO PAULO
ABU DHABI
SEOUL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/15

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Writer's Direct Dial:  +1 (202) 974-1554
E-Mail: skaiser@cgsh.com

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No.1:11-cv-02725-LGS
              Response to US Airways' Letter Dated April 27, 2015

Your Honor:

     US Airways' April 27, 2015 letter, ECF No. 280 ("US Airways Letter"), improperly seeks an advisory opinion regarding what the Court's ruling *would be if* US Airways waived its damages claims. US Airways has not actually waived its damages claims, but rather seeks "tens of millions of dollars." US Airways Letter at 2.  Thus, there is no dispute that "Sabre is currently entitled to a jury trial." *Id.*

     US Airways' letter asks the Court to provide advisory opinions regarding several intricate legal questions based on a hypothetical world in which US Airways waives its damages claims.  These questions involve complex issues of standing, the nature of declaratory judgment, and the scope of the constitutional right to a jury trial.[1]

     The issues presented in US Airways' letter are not ripe for the Court's consideration.  In addition to the fact that US Airways has not waived damages or filed a motion seeking a bench trial, its letter asks the Court to rule based on an incomplete set of hypothetical facts.  US Airways does not even detail the exact declaration it seeks.  It requests the Court's agreement that it is entitled to seek a "detailed equitable declaration" without identifying the scope, content, or basis for seeking this declaration.  *See id.* at 2.  Likewise, US Airways suggests that it will submit a "formal waiver" of its right to seek damages without defining the basic terms of that waiver—such as whether it is conditional or irrevocable—or the basis for its entitlement to seek nominal damages.  *Id.*

     US Airways' request for an advisory opinion is improper.  "The federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *Golden v. Zwickler*, 394

---

[1] US Airways also seeks the Court's advisory opinion regarding what constitutes an acceptable offer of judgment under Rule 68.  This request is particularly premature because it is based on US Airways waiving its damages claims (which it has not) and Sabre making an undefined offer of judgment (which it has not).

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

Hon. Lorna G. Schofield, p. 2

U.S. 103, 108 (1969).  Courts routinely refuse to entertain requests from parties for advisory opinions regarding hypothetical facts that are not ripe for resolution.  *See, e.g.*, *In re Application of Welling*, 40 F. Supp. 2d 491 (S.D.N.Y. 1999) (declining to preemptively declare a witness in contempt of court before the time for compliance elapsed); *Thomas & Wong Gen. Contractor v. Lake Bank, N.A.*, CIV-06-515-ADM-RLE, 2010 WL 411129, at *1 (D. Minn. Jan. 28, 2010) (declining to respond to plaintiff's letter inquiring about the consequences of dismissing one of its claims because it was not presented in the form of a motion and "appears to seek an advisory opinion"); *Stogsdill v. Elkins*, No. 4:08-CV-00207-JMM, 2008 WL 2783477, at *1 (E.D. Ark. Jul. 7, 2008) (declining to address the sufficiency of service in the absence of a motion challenging service because the "Court does not have the authority to issue what is, in essence, an advisory opinion regarding the Defendants' hypothetical motion").[2]

The advisory nature of US Airways' request became even more apparent during the parties' discussions over the last several days.  Sabre proposed a stipulation whereby Sabre would irrevocably waive its right to a jury trial, US Airways would irrevocably waive its right to damages, and the parties would reserve all other rights and defenses.  *See* Exhibit A, Proposed Joint Stipulation.  US Airways refused to enter the stipulation stating: "we cannot irrevocably waive our right to damages *without knowing that the Court agrees* that the case will remain justiciable and will be tried to the bench."  *See* Exhibit B, 5/3/15 A. Frackman Email (emphasis added).  In other words, US Airways wants to see what the Court *might* do before it decides the course of action it will take.

The current record is insufficient for the Court to analyze and consider US Airways' requests.  *See United States v. Bogart*, Civil No. 4:12-CV-347, 2014 WL 6908270, at *1 (M.D. Pa. Dec. 8, 2014) (declining to address "abstract legal questions" presented by a litigant because such rulings "would be based on a hypothetical set of facts, without sufficient information to support findings") (internal citations and quotation marks omitted).  For these same reasons, Sabre is not able to fully evaluate and respond to the substance of US Airways' proposal.

If US Airways believes that waiving its right to seek damages entitles it to a bench trial, US Airways should waive damages and file a proper motion with the Court seeking that relief.  That way the parties and the Court will have the opportunity to properly evaluate the merits of US Airways' request based on a concrete, well-defined record, and there will be no risk of this Court issuing an improper advisory opinion.

Respectfully submitted,

*/s/ Steven J. Kaiser*

Steven J. Kaiser

cc: Counsel for US Airways, Inc. via email

Attachments

---

[2] *See also Valentin v. City of Rochester*, No. 11-CV-6238-CJS, 2015 WL 1120256 (W.D.N.Y. Mar. 12, 2015) (declining to address the preclusive effect of prior rulings absent a "motion properly before the Court"); *Mangum v. Sevier Cnty., Tenn.*, No. 3:14-CV-264-PLR-CCS, 2014 WL 4678286, at *1 (E.D. Tenn. Sept. 18, 2014) (declining to issue a protective order based on "hypothetical events" that have not yet occurred); *N. Atl. Seafood, LLC v. Gross*, CIV. 1:04-88-DBH, 2006 WL 890691, at *1 (D. Me. Mar. 31, 2006) (declining to answer letter seeking clarification of an injunction because "the letter presents only a hypothetical controversy" and a court cannot "provide advice").