CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-1801
(202) 974-1500
FACSIMILE
(202) 974-1999
WWW.CLEARYGOTTLIEB.COM

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

Writer's Direct Dial: +1 (202) 974-1554
E-Mail: skaiser@cgsh.com

May 14, 2015

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No.1:11-cv-02725-LGS,
Response to US Airways' May 8 and May 13, 2015 Letters

Your Honor:

US Airways and its parent American Airlines have now made it clear that the main purpose of their damages-waiver gambit is to evade the Court's Summary Judgment ruling precluding US Airways from pursuing prospective relief in light of the settlement agreement American and Sabre entered. ECF No. 245. US Airways' latest letter proclaims that it seeks "forward looking" relief, ECF. No. 291, *even though* the settlement agreement established a binding seven-year period of peace between the parties on these very issues at issue here, ECF. No. 259-28 at §5.1.5(y), and *even though* the Court ruled that the settlement applies and precludes forward looking relief, ECF. No. 245. Equally egregious, US Airways seeks to effectuate this improper strategy by inviting the Court to commit clear error by issuing a series of advisory opinions. As its May 8, 2015 letter makes clear, US Airways will only actually waive damages *if* the Court assures it *in advance* that Sabre will actually lose its jury trial right *and* that the case would remain justiciable, *and* it would be assured an actual trial, without having to face a Rule 68 offer of judgment. ECF. No. 284. US Airways seeks these assurances that it will get a bench trial and the claim will remain justiciable, regardless of what motions Sabre might bring to protect its rights.

I.   **US Airways Improperly Seeks a Series of Advisory Opinions**

The rule against advisory opinions is not a game or a dare as US Airways argues. *See* ECF No. 290. Rather, the rule is rooted in the case-or-controversy requirement of Article III, which is the constitutional basis for this Court's jurisdiction. The purpose of the rule is to prevent courts from stepping outside their constitutional authority by issuing what amounts to legal advice to parties, which those parties can then use, as US Airways seeks to do here, for other purposes.

US Airways requests a striking breadth of advisory opinions regarding: **(1)** whether US Airways can deprive Sabre of a jury trial by waiving damages above $20, **(2)** whether US Airways has standing to seek a declaratory judgment regarding an expired contract that has no bearing on the parties' current or future legal relations, **(3)** whether US Airways' pursuit of a declaratory judgment and nominal damages for their future effect runs afoul of the terms of the settlement agreement, and **(4)** whether Sabre can moot a nominal damages claim through a Rule 68 offer of judgment.

Hon. Lorna G. Schofield, p. 2

Tellingly, US Airways *does not cite a single case* in which a court issued an advisory ruling. ECF No. 290. Instead US Airways misleadingly cites a series of inapposite cases discussing a court's inherent power to sanction parties for bad-faith litigation conduct. US Airways' misconstrues the cases to imply that a court has inherent power to ignore the requirements of Article III. A court does not. *See, e.g., Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions.") (citation omitted).

### II.  US Airways Alleged Claim for Declaratory Relief Should Be Dismissed

US Airways has the burden of separately establishing that it has standing "separately for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). The Declaratory Judgment Act does not obviate the need for a party to satisfy the "case-or-controversy" requirements of Article III. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Thus, US Airways must establish that there is a "definite and concrete" dispute that bears on the parties "legal relations." *Id.*

US Airways may not obtain a declaratory judgment relating to the terms of the 2011 Sabre-US Airways contract, which is the contract at issue in this case. That contract is no longer in force, which means US Airways' lacks standing.[1] *See id.*; *Velvet Underground v. Andy Warhol Found. for the Visual Arts*, 890 F. Supp. 2d 398, 404 (S.D.N.Y. 2012) ("even when parties continue to dispute the lawfulness of the conduct that gave rise to the action, the matter is no longer justiciable if that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.") (internal quotation marks omitted); *Nat'l Union Fire Ins. Co. v. Int'l Wire Grp., Inc.*, 2003 WL 21277114, at *5 (S.D.N.Y. 2014) ("There is no basis for declaratory relief where only past acts are involved.").

US Airways likewise may not obtain a declaratory judgment relating to the terms of American Airlines' contract with Sabre, under which US Airways now operates. As part of the settlement of the American Airlines litigations, American Airlines and its affiliates agreed not to challenge the terms of that very agreement, which was entered into as part of the settlement. *See* ECF. No. 259-28 at §5.1.5(x).

And, to the extent US Airways is seeking a declaration about a contract that American Airlines may enter someday in the future, such a claim would both be barred by the settlement agreement and be anything but "definite and concrete." *Medimmune*, 549 U.S. at 118. "Declaratory relief is available only for a concrete case admitting of an *immediate and definite* determination of the legal rights of the parties." *Velvet Underground*, 890 F. Supp. 2d at 408 (emphasis in original) (citation omitted). US Airways cannot challenge contract terms in the abstract without pointing to an actual agreement that impacts its current legal rights. *See Tasini v. New York Times Co.*, 184 F. Supp. 2d 350, 355-56 (S.D.N.Y. 2002) (holding that a plaintiff lacked standing to seek declaratory relief regarding the terms of a contract it had not signed). Its suggestion that a declaratory judgment is necessary to guide future negotiations between the parties fares no better. *See, e.g., Velvet Underground*, 890 F. Supp. 2d at 409 (adverse economic interest is not sufficient to confer declaratory judgment jurisdiction.).[2]

Finally, to the extent that US Airways seeks a declaration about other contracts with other airlines, that too is barred by the settlement agreement. *See* ECF. No. 259-28 at 9-10 §5.1.5(z).

---

[1] US Airways cannot save its claim for declaratory relief by arguing that it had standing when it filed the case. "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citation omitted).

[2] The cases US Airways cites in its latest letter are not on point. Sabre does not claim that declaratory relief is not available in antitrust cases, such as those cited by US Airways, but instead that there has to be a live dispute. In *National Basketball Ass'n v. Williams*, 857 F. Supp. 1069 (S.D.N.Y. 1994), the NBA sought a declaration that its ongoing negotiations with the players were not subject to the Sherman Act. In *Gray Line, Inc. v. Gray Line Sightseeing Cos. Associated*, 246 F. Supp. 495 (N.D. Cal. 1965), the declaration involved an existing contract, not some hypothetical future contract.

Hon. Lorna G. Schofield, p. 3
Respectfully submitted,

*/s/ Steven J. Kaiser*

Steven J. Kaiser

cc: Counsel for US Airways, Inc. via ECF