UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US AIRWAYS, INC.,<br><br>                    Plaintiff,<br><br>        -against-<br><br>SABRE HOLDINGS CORPORATION;<br>SABRE GLBL INC.; and SABRE TRAVEL<br>INTERNATIONAL LIMITED,<br><br>                    Defendants. | Case. No. 1:11-cv-02725-LGS |

**MEMORANDUM OF LAW IN SUPPORT OF
US AIRWAYS' RIGHT TO PURSUE DECLARATORY RELIEF
AND CONDITIONAL REQUEST FOR LEAVE TO WAIVE DAMAGES**

## TABLE OF CONTENTS

**Page**

I.      Introduction ............................................................................................ 1

II.     US Airways Has Standing to Seek Declaratory Relief .............................. 1

III.    US Airways' Claim for Declaratory Relief Remains Justiciable Despite the 2011 Contract's Expiration ...................................................................... 3

IV.     Declaratory Relief Is Not an End-Run of the AA-Sabre Settlement ......................... 6

V.      The Court Should Exercise Its Discretion to Allow US Airways to Amend Its Prayer for Relief Without Prejudice to the Reinstatement of Its Damages Claim If Sabre Deploys Rule 68 to Try to Deprive US Airways of a Trial of Any Kind ................................................................................................. 7

VI.     Conclusion ............................................................................................. 9

Exhibit A ............................................................... Error! Bookmark not defined.

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adarand v. Slater*,
  528 U.S. 216 (2000)................................................................................3

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997)................................................................................4

*Beyah v. Coughlin*,
  789 F.2d 986 (2d Cir.1986) ................................................................5

*BroadStar Wind Sys. Grp. Liab. Co. v. Stephens*,
  459 F. App'x 351 (5th Cir. 2012) ....................................................2

*Christopher Vill., Ltd. P'ship v. Retsinas*,
  190 F.3d 310 (5th Cir. 1999) ............................................................4

*F.E.R. v. Valdez*,
  58 F.3d 1530 (10th Cir. 1995) ..........................................................4

*Hewlett Packard Co. v. Factory Mut. Ins. Co.*,
  2006 WL 1788946 (S.D.N.Y.  June 28, 2006) ..............................8

*Huey v. United Parcel Serv., Inc.*,
  165 F.3d 1084 (7th Cir. 1999) ..........................................................8

*Kerrigan v. Boucher*,
  450 F.2d 487 (2d Cir. 1971) ..............................................................5

*Lane v. Reid*,
  559 F. Supp. 1047 (S.D.N.Y. 1983) ................................................5

*Lippoldt v. Cole*,
  468 F.3d 1204 (10th Cir. 2006) ........................................................6

*Los Angeles Cnty. v. Davis*,
  440 U.S. 625 (1979)..............................................................................3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)..............................................................................2

*Maier-Schule GMC Inc. v. General Motors Corp.*,
  62 F.3d 1412 (2d Cir. 1995) *aff'g sub nom. Maier-Schule GMC, Inc. v. General
  Motors Corp.*, 850 F. Supp. 1095 (W.D.N.Y. 1994*)* ..............5

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Marks v. City Council of City of Chesapeake, Va.*,
   723 F. Supp. 1155 (E.D. Va. 1988) ................................................................. 5

*Marks v. City of Chesapeake, Va.*,
   883 F.2d 308 (4th Cir. 1989) .......................................................................... 5

*Marshall v. Gates*,
   44 F.3d 722 (9th Cir. 1995) ............................................................................ 8

*McQuillion v. Schwarzenegger*,
   369 F.3d 1091 (9th Cir. 2004) ........................................................................ 4

*Nelson v. Miller*,
   570 F.3d 868 (7th Cir. 2009) .......................................................................... 4

*Orozco by Arroyo v. Sobol*,
   703 F. Supp. 1113 (S.D.N.Y. 1989) ................................................................ 4

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
   320 F.3d 1354 (Fed. Cir. 2003) ...................................................................... 8

*Parissi v. Foley*,
   203 F.2d 454 (2d Cir. 1953) ........................................................................... 8

*Parissi v. Telechron, Inc.*,
   349 U.S. 46 .................................................................................................... 8

*Powell v. McCormack*,
   395 U.S. 486 (1969) ................................................................................... 3, 4

*Stepniak v. United Materials*, LLC,
   305 F. App'x 789 (2d Cir. 2009) .................................................................... 2

*Super Tire Engineering Co. v. McCorkle*,
   416 U.S. 115 (1974) ....................................................................................... 3

*Victoria Bank & Trust Co. v. Brady*,
   811 S.W.2d 931 (Tex. 1991) .......................................................................... 7

*Yniguez v. Arizona*,
   975 F.2d 646 (9th Cir.1992) ........................................................................... 4

*Zipwall, LLC v. Fastcap, LLC*,
   306 Fed. Appx. 600 (Jan. 9, 2009) ................................................................. 8

## TABLE OF AUTHORITIES
### (continued)

Page(s)

**Statutes**

15 U.S.C. § 15.................................................................................................... 2

**Rules**

Fed. R. Civ. P. 68............................................................................................... 8

## I.     Introduction

In the interest of achieving a prompt, efficient and correct outcome in this case, US Airways is prepared to waive substantially all of its remaining damages in order to try the case to this Court, not a jury.  Such a waiver would pare the relief US Airways seeks from $70 million in pre-treble damages to $20 in trebled damages and declaratory relief that Sabre's conduct in connection with the 2011 contract violated Section 1 of the Sherman Act.  As demonstrated in the discussion that follows, US Airways' declaratory relief claim remains justiciable despite the expiration of the 2011 contract last year because it addresses issues underlying Sabre's liability for damages.  As we also explain, this Court has—and should exercise—discretion to allow a damages waiver without prejudice to US Airways' right to reinstate its full $70 million damages claim in the unlikely event that Sabre were to offer, and were the Court inclined to enter over US Airways' objection, a $20 Rule 68 judgment that would otherwise require dismissal of the case without either a declaration of violation of the Sherman Act or a trial of any kind.

## II.    US Airways Has Standing to Seek Declaratory Relief

Both sides now agree that the availability of declaratory relief concerning the validity of an expired contract is ripe for decision, since that issue arises whether damages are tried to the Court or a jury.[1]  But Sabre erroneously argues that the expiration of the 2011 contract deprives

---

[1] Sabre had earlier argued that any determination as to whether declaratory relief were available would remain hypothetical unless and until US Airways had actually waived damages.  *See* ECF. No. 282.  But, its counsel recognized at the May 15 hearing that the availability of declaratory relief arises whether damages are tried to the Court or a jury.  *See* May 15, 2015 H'rg. Tr. 9:12-18.

US Airways of standing to pursue the claim for declaratory relief.[2]  Standing is evaluated based upon "the facts *as they exist when the complaint is filed*."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (emphasis in original).  US Airways initiated this lawsuit six weeks into the three-year term of the 2011 contract.  Accordingly, US Airways has standing to seek a declaratory judgment.

Sabre's argument has missed the distinction between mootness and standing.  The two are very different.  While mootness addresses whether the controversy persists following filing, standing addresses whether the plaintiff suffered an injury at the time the action is commenced.  *See, e.g., Stepniak v. United Materials*, *LLC*, 305 F. A'ppx 789, 790 (2d Cir. 2009) ("Although standing represents a jurisdictional requirement which remains open to review at all stages of the litigation, initial standing to bring suit is a separate inquiry from post-commencement mootness.").  To be sure—as Sabre wrote on May 14 and argued during the May 15 status conference[3]—plaintiffs must establish *standing* separately for each form of relief sought.  But here, as a party to the challenged contract, US Airways unquestionably had and has standing to pursue both remedies.  *See, e.g., BroadStar Wind Sys. Group Ltd. Liab. Co. v. Stephens*, 459 F. App'x. 351, 355-56 (5th Cir. 2012) ("[A]s parties to the [] agreements, [plaintiffs] had standing to seek a declaratory judgment."); 15 U.S.C. § 15 ("any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue . . . without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.").

---

[2] *See* ECF. No. 292 ("US Airways may not obtain a declaratory judgment relating to the terms of the 2011 Sabre-US Airways contract, which is the contract at issue in this case. That contract is no longer in force, which means US Airways lacks standing.").

[3] ECF. No. 292  ("[P]laintiff must demonstrate standing separately for each form of relief sought."); May 15, 2015 H'rg. Tr. 11:1-2 ("[P]laintiff must establish standing separately for each form of relief sought.").

**III.    US Airways' Claim for Declaratory Relief Remains Justiciable Despite the 2011 Contract's Expiration**

Sabre bears the burden of proving that changed circumstances moot US Airways' claim for declaratory relief and render it non-justiciable.  *See Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (This burden rests entirely "with the party asserting mootness."); *see also County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) ("The burden of demonstrating mootness is a heavy one.").  Sabre has not and cannot meet this burden.

US Airways' declaratory relief claim remains justiciable because US Airways also seeks damages for the same Sherman Act violations.[4]  Where a plaintiff seeks ***both*** declaratory relief and damages, a request for declaratory relief remains justiciable as a predicate for damages even if a change in circumstances would otherwise render the declaratory judgment moot.  The Supreme Court so held in *Powell v. McCormack*, 395 U.S. 486, 492-93 (1969), where a duly elected Congressman (Adam Clayton Powell) sued when denied a seat in the 90th Congress by a House of Representatives resolution passed in response to his alleged wrongdoing.  Powell's lawsuit asked for a declaration decreeing the House resolution unconstitutional, back pay, and for an injunction.  *Id.* at 494.  While the case progressed, Powell successfully stood for reelection, and the House leadership seated him in the 91st Congress.  *Id.*  The defendants then

---

[4] Even if US Airways had no claim for damages, and sought declaratory relief *only*, this Court could nonetheless grant a declaratory judgment given Sabre's anticompetitive conduct is not just likely but certain to recur.  Even now, after the termination of the 2011 TMA, US Airways is still subject to the same restraints, not by choice, but by virtue of becoming a subsidiary of American Airlines. Through intimidation and biasing Sabre has long insulated itself from judicial review.  And the prospective release Sabre extracted from American Airlines guarantees Sabre protection through at least late 2019.  The facts here parallel those in *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115 (1974), where a tire manufacturing company sought injunctive and declaratory relief in response to a union strike.  When the strike ended and a new agreement was made, the union alleged the case had become moot and all relief should be barred.  The Supreme Court disagreed, noting that although the strike had ended, the "continuing and brooding presence" of the controversy remained, making the controversy far from "remote," even if no longer actualized.  *Id.* at 122.  Though the Court could not issue an injunction, it remanded the case for further proceedings on the merits of the request for declaratory relief.  As the Court cautioned, "[t]he judiciary must not close the door to the resolution of . . . important questions [involving] concrete disputes."  *Id.* at 127.

moved to dismiss Powell's lawsuit, including his declaratory relief claim, as moot. *Id.* at 494-95. The Supreme Court rejected this argument, holding that a "court may grant declaratory relief even though it chooses not to issue an injunction . . . [because a] declaratory judgment can then be used as a predicate to further relief." *Id.* at 499.  Despite being seated in Congress, Powell's right to back pay was "hotly contested by clearly adverse parties," making a declaration of his right to his seat in a concluded Congress entirely ripe and appropriate. *Id.* at 498.

The Circuit courts have followed *Powell*'s teaching. *See Nelson v. Miller*, 570 F.3d 868, 882-83 (7th Cir. 2009) (where injunction deemed moot, "[d]eclaratory relief survive[d] as a predicate for damages"); *Christopher Village, Ltd. P'ship v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999)  (where injunction deemed moot, "declaration [survived] as a predicate for a damages"); *F.E.R. v. Valdez*, 58 F.3d 1530, 1533 (10th Cir. 1995) (where injunction deemed moot, declaratory relief survived because "similar to their claim for damages . . . the question still exists as to whether the defendants violated the[ir] right to privacy"); *Yniguez v. Arizona*, 975 F.2d 646, 647 n.1 (9th Cir.1992) ("[N]ominal damages provides a sufficiently concrete interest in the outcome of the litigation to confer standing to pursue declaratory relief and thereby prevents mootness.") (disapproved of on other grounds in *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997)).

To be sure, some courts have declined to exercise discretion to hear declaratory relief claims mooted by changed circumstances despite the presence of companion damages claims. But those courts have done so without even considering the *Powell* rule or ensuing Circuit decisions applying the *Powell* rule.[5]  The better-reasoned approach is illustrated by *Lane v. Reid*,

---

[5] *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (neglecting to acknowledge *Powell*'s rule that declaratory relief survives as a predicate for damages); *Orozco by Arroyo v. Sobol*, 703 F. Supp. 1113, 1116 (S.D.N.Y. 1989) (same).  During the May 15 hearing, Sabre characterized *Beyah v. Coughlin*, 789 F.2d 986 (2d

559 F. Supp. 1047, 1052 (S.D.N.Y. 1983), where Judge Motley ruled that a request for

declaratory relief, even if otherwise moot, remains justiciable when sought "to declare a set of

legal relations which attributes legal liability for damages to the party against whom the relief is

sought." A decade later, the Second Circuit affirmed a district court's opinion that declaratory

relief survives changed circumstances that would otherwise render a case moot when the

declaratory relief serves as a predicate for damages.[6] *See Maier-Schule GMC Inc. v. General*

*Motors Corp.*, 62 F.3d 1412 (2d Cir. 1995) *aff'g sub nom. Maier-Schule GMC, Inc. v. General*

*Motors Corp. (GMC Truck & Bus Grp.)*, 850 F. Supp. 1095, 1103 (W.D.N.Y. 1994*)* ("'[W]here

the complained of conduct has ceased, declaratory relief survives a mootness challenge . . . [if] it

seeks to a declare a set of legal relations which attributes legal liability for damages to the party

against whom the relief is sought.'") (quoting *Lane*, 559 F. Supp. at 1052).[7]

---

Cir.1986), as also falling into this category. Except to the extent that it, too, did not consider *Powell*, it does not. In *Beyah*, the Court never reached any conclusion regarding the justiciability of declaratory relief, but instead held that the plaintiff's *entire claim* was justiciable. 789 F.2d at 988. At most the court suggested the declaratory judgment plaintiff sought "may well [be] moot" but it never ordered the claim dismissed. *Id.* As noted above, after *Beyah*, the Second Circuit affirmed the lower court's ruling in *Maier-Schule*, which specifically adopted the *Lane* holding.

[6] Sabre may bring to the Court's attention a distinguishable decision, *Kerrigan v. Boucher*, 450 F.2d 487 (2d Cir. 1971), where the Court declined to apply *Powell* due to the lack of a continuing relationship between the defendant landlord and plaintiff tenant after the latter moved out. Here, there is no question that the parties have a continuing relationship because US Airways remains bound to Sabre and the contractual restraints for years to come.

[7] The *Lane* rule has been applied outside the Second Circuit. *See Marks v. City Council of City of Chesapeake, Va.*, 723 F. Supp. 1155, 1160 (E.D. Va. 1988) *aff'd sub nom. Marks v. City of Chesapeake, Va.*, 883 F.2d 308 (4th Cir. 1989)("As in *Lane*, plaintiff's request for declaratory relief is not moot because his 'damages claim is contingent upon a finding by the court that the [complained of activity] is unconstitutional.'") (quoting *Lane*, 559 F. Supp. at 1052).

**IV.     Declaratory Relief Is Not an End-Run of the AA-Sabre Settlement**

In its May 14 letter, Sabre takes the remarkable position that the American settlement bars US Airways from seeking a declaration that expired contract terms violate the Sherman Act, and for support fastens onto our characterization of declaratory relief as "forward looking." There is absolutely nothing in the settlement agreement that prohibits US Airways from seeking remedies for past injuries, including declaratory relief, even if granting them has practical consequences for the future.  The settlement language couldn't be clearer:  American agreed, on behalf of itself and any future merger partners, "that it [would] not seek relief [under the antitrust laws] with respect to … any injury allegedly suffered during the period from [October 30, 2012] through seven (7) years after [December 19, 2012]."  *See* ECF. No. 259-28 at ¶5.1.5(y).  US Airways' damages claim, and the declaration it seeks assigning liability for those damages, address the period from the effective date of the 2011 contract (February 23, 2011) up to the execution of the American settlement (October 29, 2012).  The relief US Airways seeks does not address "any injury allegedly suffered" thereafter.  Our claim for declaratory relief is purely retrospective.  *See Lippoldt v. Cole*, 468 F.3d 1204, 1217-18 (10th Cir. 2006) ("A claim for declaratory judgment is generally prospective, but we treat declaratory relief as retrospective to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past [] violation occurred [therefore] plaintiffs' claim for declaratory relief is not moot.").

Sabre grossly overstates the effect of the American settlement when it asserts that "it bought its peace" with respect to the Contractual Restraints.[8]  No doubt Sabre could have demanded that American agree to dismiss any then-pending antitrust lawsuit (including US

---

[8] ECF. No. 292.

Airways') upon consummating a merger with any Sabre adversary.  It did not, and instead settled

for a limitation on any American merger partner's ability to recover for future injuries.

Particularly as antitrust law is so laden with public policy concerns that favor effective private

enforcement, [9] Sabre is not entitled to more than it bargained for.

V.      **The Court Should Exercise Its Discretion to Allow US Airways to Amend Its Prayer**
        **for Relief Without Prejudice to the Reinstatement of Its Damages Claim If Sabre**
        **Deploys Rule 68 to Try to Deprive US Airways of a Trial of Any Kind**

As noted at the outset, US Airways is willing to relinquish all but $20 of its remaining

damage claims in order to secure a bench trial.  Though exceedingly unlikely, that decision could

theoretically result in it getting no trial at all.  *If* Sabre were to confess judgment in the amount of

$20 without offering a Rule 68 judgment on US Airways' declaratory judgment claim, and *if* the

Court were to view the offer of a monetary judgment as removing an essential anchor for US

Airways' declaratory relief remedy, and *if* the Court were to considered itself constrained to thus

require US Airways to accept the Rule 68 offer over its objection, US Airways could find itself

without any claim left to litigate and without any pathway for seeking a final resolution of its

dispute with Sabre.

We agree with Sabre that US Airways cannot expect the Court to rule abstractly on the

effect of a Rule 68 offer that has not been made.  However, fairness requires that US Airways be

protected from unintended consequences of a damages waiver made to more efficiently resolve

this case, not lead to its demise.  Attached as Exhibit A is a form of order permitting a damages-

---

[9] Public policy precludes enforcing the AA settlement so liberally as to bar declaratory relief here.  *See Victoria Bank & Trust Co. v. Brad*y, 811 S.W.2d 931, 938 (Tex. 1991) (explaining that courts narrowly construe release clauses and "any claims not clearly within the subject matter of the release are not discharged").

waiving amendment that offers US Airways protection in the form of a claw-back:  if resolution of a Rule 68 offer of judgment on the remaining claims would result in a monetary judgment without a declaration having collateral estoppel effect, US Airways will be entitled to revive its full damages claim as if the waiver had not been made.

The Court has abundant discretion to allow parties to amend their pleadings, including requests for damages, and to condition amendments so as to afford substantial justice to the party making them.  *See Hewlett Packard Co. v. Factory Mut. Ins. Co.*, 2006 WL 1788946, at *13 (S.D.N.Y.  June 28, 2006) ("[A]court may use its discretion to impose conditions on the grant of leave to amend."); *Parissi v. Foley*, 203 F.2d 454 (2d Cir. 1953), *rev'd on other grounds, Parissi v. Telechron, Inc.*, 349 U.S. 46  (recognizing courts "may attach reasonable conditions" on a leave to amend).  In the interests of justice, this Court should exercise that discretion in order to allow US Airways to revive its waived damages in the event that Sabre attempts to moot the case by making a Rule 68 offer of judgment.  *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) (emphasis added) (ordering that "defendants' counterclaims are dismissed *without prejudice* and that defendants will be allowed to assert all said counterclaims in the event this matter is remanded for further consideration.").[10]  In the interests of justice, courts often dismiss damages claims without prejudice when so requested.  *See, e.g., Zipwall, LLC v. Fastcap, LLC*, 306 F. A'ppx 600 (Jan. 9, 2009) (affirming District Court's final judgment

---

[10] To ensure early resolution of whether $20 in damages will be tried to the Court or $70 million to a jury, we suggest that the Court advance Sabre's deadline for making a Rule 68 offer from the normal fourteen days prior to trial to thirty days after entry of the order permitting US Airways to amend.  *See Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999) ("District courts may elaborate on the requirements of the national rules, adding operational details, without being 'inconsistent' with the national rules and thus running afoul *of Fed. R. Civ. P. 83*."); *Marshall v. Gates*, 44 F.3d 722, 724-25 (9th Cir. 1995) (upholding a local rule which required parties to file affidavits 14 days before hearings, when the Federal Rules allows affidavits to be filed up until the day before a hearing).  That will afford adequate time in advance of trial for any motion practice over the validity of a damages-only offer of judgment, its effect on US Airways' declaratory relief claim, and the power of the Court to require an offer to be accepted over the offeree's objection.

order, which upon request by plaintiff, dismissed plaintiff's damages *without prejudice* to revive

such damages in the event the case was remanded after appeal).

## VI.   **Conclusion**

For the foregoing reasons, the Court should hold that US Airways' claim for declaratory

relief remains justiciable and grant US Airways leave to waive damages in excess of $20 in the

form attached as Exhibit A.


Dated:  May 22, 2015                                    O'MELVENY & MYERS LLP


                                                       By:  _____/s/ Charles P. Diamond_____

                                                       Charles P. Diamond (*pro hac vice*)
                                                       Andrew J. Frackman
                                                       Katrina M. Robson (*pro hac vice*)
                                                       7 Times Square
                                                       New York, New York 10036
                                                       Telephone:  (212) 326-2000
                                                       Facsimile:  (212) 326-2061
                                                       cdiamond@omm.com
                                                       afrackman@omm.com
                                                       krobson@omm.com

                                                       *Counsel for Plaintiff US Airways, Inc.*