# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

US Airways, Inc.

               Plaintiff,

     v.

Sabre GLBL Inc.
Sabre Holdings Corp.
Sabre Travel Int'l Ltd.

               Defendants.

Civ. A. No. 1:11-cv-02725-LGS

ECF Case

**SABRE'S MEMORANDUM OF LAW IN OPPOSITION
TO US AIRWAYS' REQUEST TO PURSUE DECLARATORY RELIEF
AND ITS CONDITIONAL REQUEST FOR LEAVE TO WAIVE DAMAGES**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

   I.     US AIRWAYS' CLAIM FOR DECLARATORY RELIEF REGARDING AN
        EXPIRED CONTRACT IS NOT JUSTICIABLE ........................................... 3

  II.    US AIRWAYS' DAMAGES CLAIM DOES NOT SAVE ITS REQUEST FOR
        DECLARATORY RELIEF ............................................................................ 5

 III.   US AIRWAYS' CASE LAW DOES NOT SUPPORT ITS POSITION ........................... 7

 IV.   THE SETTLEMENT AGREEMENT SEPARATELY BARS US AIRWAYS'
        REQUESTED DECLARATORY RELIEF ................................................... 10

  V.    US AIRWAYS' REQUEST FOR A SPRINGING RIGHT TO A DAMAGES
        TRIAL WOULD DEPRIVE SABRE OF ITS RIGHTS UNDER RULE 68 ................. 13

CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

**Federal Cases**

*Abrams v. Interco Inc.*,
719 F.2d 23 (2d Cir. 1983) (Friendly, J.)............................................................................14

*Adelphia Recovery Trust v. Goldman, Sachs & Co.*,
748 F.3d 110 (2d Cir. 2014)...............................................................................................15

*Alvarez v. Smith*,
558 U.S. 87 (2009)...........................................................................................................3-5

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997)................................................................................................................9

*Beacon Theatres, Inc. v. Westover*,
359 U.S. 500 (1959)............................................................................................................12

*Beyah v. Coughlin*,
789 F.2d 986 (2d Cir. 1986)..................................................................................................6

*Cabala v. Crowley*,
736 F.3d 226 (2d Cir. 2013)................................................................................................13

*Christopher Village, Ltd. Partnership v. Retsinas*,
190 F.3d 310 (5th Cir. 1999) ...............................................................................................8

*City of L.A. v. Lyons*,
461 U.S. 95 (1983)................................................................................................................5

*Corder v. Lewis Palmer School District No. 38*,
566 F.3d 1219 (10th Cir. 2009) ...........................................................................................9

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006).........................................................................................................3, 5

*Dean v. Blumenthal*,
577 F.3d 60 (2d Cir. 2009)................................................................................................6, 8

*F.E.R. v. Valdez*,
58 F.3d 1530 (10th Cir. 1995) .............................................................................................9

*Farnan v. Capistrano Unified School District,*
  654 F.3d 975 (9th Cir. 2011) .................................................................9

*Fox v. Board of Trustees of State University of New York,*
  42 F.3d 135 (2d Cir. 1994)....................................................................6

*Golden v. Zwickler,*
  394 U.S. 103 (1969).............................................................................15

*Green v. Branson,*
  108 F.3d 1296 (10th Cir. 1997) ............................................................9

*Hollings v. TransactTools, Inc.,*
  No. 03 CIV. 4523 (JSR), 2004 WL 1276821 (S.D.N.Y. June 9, 2004)....................4

*Lane v. Reid,*
  559 F. Supp. 1047 (S.D.N.Y. 1983)........................................................7

*Maier-Schule GMC, Inc. v. General Motors Corp.,*
  62 F.3d 1412 (2d Cir. 1995)..................................................................7

*Maier-Schule GMC, Inc. v. General Motors Corp. (GMC Truck & Bus Group),*
  850 F. Supp. 1095, 1097 (W.D.N.Y. 1994) ........................................7-8

*McCauley v. Trans Union, LLC,*
  402 F.3d 340 (2d Cir. 2005)................................................................14

*McQuillion v. Schwarzenegger,*
  369 F.3d 1091 (9th Cir. 2004) ..............................................................9

*Medimmune, Inc. v. Genentech, Inc.,*
  549 U.S. 118 (2007)...............................................................................3

*National Union Fire Insurance Co. of Pittsburgh, PA v. International Wire Group, Inc.,*
  No. 02-Civ-10338(SAS), 2003 WL 21277114 (S.D.N.Y. June 2, 2003) ................4

*Orozco v. Sobol,*
  703 F. Supp. 1113 (S.D.N.Y. 1989)........................................................8

*Powell v. McCormack,*
  395 U.S. 486 (1969)...............................................................................7

*Stokes v. Village of Wurtsboro,*
  818 F.2d 4 (2d Cir. 1987) ..................................................................3, 6

*Super Tire Engineering Co. v. McCorkle,*
    416 U.S. 115 (1974)...................................................................................................5

*Tanasi v. New Alliance Bank,*
    No. 14-1389, __ F.3d __, 2015 WL 2251472 (2d Cir. May 14, 2015)...................................13

*Tasini v. N.Y. Times Co.,*
    184 F. Supp. 2d 350 (S.D.N.Y. 2002)................................................................11

*Utah Animal Rights Coalition v. Salt Lake City Corp.,*
    371 F.3d 1248 (10th Cir. 2004) ......................................................................9

*Velvet Underground v. Andy Warhol Foundation for the Visual Arts,*
    890 F. Supp. 2d 398 (S.D.N.Y. 2012).........................................................3, 5, 11

*Waldorf v. Borough of Kenilworth,*
    878 F. Supp. 686 (D.N.J. 1995) ...................................................................15

*Yniguez v. State of Arizona,*
    975 F.2d 646 (9th Cir. 1992) ......................................................................9

## INTRODUCTION

US Airways' brief raises two issues. First, US Airways seeks to pursue declaratory relief based on past conduct and an expired contract. Second, it seeks an advisory ruling from the Court allowing it to "conditionally" waive damages in an effort to avoid trying this case to a jury. Neither should be allowed.

US Airways is not entitled to declaratory relief for at least two reasons. First, there is no live case or controversy to support a claim for declaratory relief. It is undisputed that US Airways' claims relate solely to an expired 2011 contract between the parties. US Airways has no claim relating to the parties' current agreement or any currently existing legal rights of the parties. As US Airways acknowledges—in an attempt to avoid the bar against pursuing prospective relief in the parties' Settlement Agreement—the declaratory relief it seeks is "purely retrospective." Purely retrospective relief related to past events and an expired contract, however, cannot support a claim for declaratory judgment. US Airways' claim for declaratory relief, therefore, has no legal basis and is not justiciable.

Second, even if the requested relief were justiciable (it is not), it would violate the parties' Settlement Agreement. In its submissions to the Court leading up to its most current briefing—and in its recent public statements—US Airways made clear that the real intent of its declaratory judgment claim is to provide prospective relief to prevent alleged harm "in the future." This Court has already ruled, however, that the Settlement Agreement precludes US Airways from seeking prospective relief relating to the parties' commercial agreements. Sabre bought its peace and US Airways' attempt to circumvent the parties' settlement agreement— which alone violates that agreement—should be rejected. Although US Airways may pursue its claim for nominal damages incurred before October 2012, its declaratory judgment claim cannot survive under either its "prospective" or "retrospective" theories.

1

US Airways' request for an advisory ruling from the Court allowing it to "conditionally" waive damages also should be denied. Although US Airways wants to avoid a jury of the very consumers it claims have been harmed, it is unwilling to do so without an advance ruling by the Court that it could later revive its damages claim to avoid the consequences of such a waiver.

Promptly after US Airways represented to the Court that it would waive its damages claims if Sabre waived its right to a jury trial, Sabre agreed to do so. US Airways then withdrew its offer, apparently realizing that Sabre could moot US Airways' remaining case with an offer of judgment under Rule 68, and that a Rule 68 judgment would have no collateral estoppel effect. US Airways now demands that the Court give it advance clearance to withdraw its proposed damages waiver if it later regrets its decision.

US Airways requests what is plainly an improper advisory opinion. Although US Airways asserts that it "is prepared to waive" its remaining damages claim, it has not. Rather, it seeks an advance promise from the Court either to reject an offer of judgment for the nominal damages US Airways intends to seek, which it acknowledges would require the Court to dismiss the case as moot, or to allow US Airways to "claw back" its waiver if Sabre makes an offer of judgment. US Airways' request is necessarily hypothetical, as it has *not* waived its damages claim, and Sabre has not offered judgment. Any opinion about what the Court might do in the event these two hypothetical events take place, therefore, is advisory and thus not within the purview of an Article III court.

Finally, allowing US Airways the option to revoke its hypothetical damages waiver if it later regrets that decision would unfairly prejudice Sabre. Sabre should not be forced to prepare for trial with the uncertainty that US Airways could unilaterally revive its damages claim—and switch from a bench trial to a jury trial—at any time.

## ARGUMENT

**I.      US Airways' Claim For Declaratory Relief Regarding an Expired Contract Is Not Justiciable**

Despite proposing a wide-ranging prospectively oriented declaration in its May 13 letter to the Court, US Airways now takes the position—in a thinly veiled attempt to avoid the Settlement Agreement—that  its claim for declaratory relief is "purely retrospective" and relates to "past injuries" as a result of its 2011 contract with Sabre.  (US Airways' Br. at 6.)  That contract, however, has expired.  (*Id.* at 1.)  Any type of request for declaratory relief regarding the terms of the expired 2011 contract is moot because such a declaration would have no effect on the parties' actual legal rights and relations.

Article III courts are limited to deciding cases only in the context of actual cases or controversies.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 352-54 (2006) ("As this Court has explained, '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'") (internal citation omitted).   "Declaratory relief is available only for a concrete case admitting of an *immediate and definite* determination of the legal rights of the parties."  *Velvet Underground v. Andy Warhol Found. for the Visual Arts*, 890 F. Supp. 2d 398, 408 (S.D.N.Y. 2012) (internal citation omitted); *see also Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  US Airways' request for declaratory relief must address a claim or controversy that is *currently* live.  As the Supreme Court and the Second Circuit have made clear, "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal citation omitted); *Stokes v. Village of Wurtsboro*, 818 F.2d 4, 5 (2d Cir. 1987) (finding a claim for declaratory relief moot even though the plaintiffs "may have had a viable claim . . . at the time their suit was filed").

Regardless of whether US Airways waives its damages claims, its request for declaratory relief is not justiciable.  US Airways represents to the Court that its request for declaratory relief is "purely retrospective," as it relates to the legality of the terms in the parties' expired 2011 contract.[1]  (US Airways' Br. at 6.)  It is undisputed that the 2011 contract is no longer in force.  A declaratory judgment on the expired 2011 contract would not affect the legal rights of the parties in any actual case or controversy, and thus should be dismissed.  *See, e.g.*, *Hollings v. TransactTools, Inc.*, No. 03 CIV. 4523 (JSR), 2004 WL 1276821, at *2 (S.D.N.Y. June 9, 2004) (holding request for declaratory relief moot where term of non-compete agreement had expired).

The fact that the parties continue to dispute the lawfulness of the terms in the 2011 contract does not save US Airways' request for declaratory relief.  *See Alvarez*, 558 U.S. at 93 (holding a claim for declaratory relief non-justiciable despite the fact that the "parties, of course, continue to dispute the lawfulness" of the conduct at issue because "that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights").  The 2011 contract has expired and no longer affects the legal relations between the parties.[2]  Any dispute between the parties over the terms of that agreement is moot because it is "no longer embedded

---

[1] Even if the lack of a current case or controversy did not *require* dismissal (it does), the fact that US Airways acknowledges that its request for declaratory relief is "purely retrospective" is enough for the Court to exercise its discretion to dismiss that claim.  "[F]ederal courts have unique and substantial discretion in deciding whether to declare the rights of litigants."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Int'l Wire Grp., Inc.*, No. 02-Civ-10338 (SAS), 2003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003) (internal citation omitted).  One element of that discretion is ensuring that the declaratory relief sought serves the purpose of the Declaratory Judgment Act.  Declaratory relief, however, is intended to afford relief from uncertainty, and courts in this jurisdiction have found that "there is no basis for declaratory relief where only past acts are involved."  *Id*. at *5 (declining to grant declaratory relief because "the instant suit is not necessary to clarify and settle the legal relations of the parties or to afford relief from uncertainty").

[2] *See* Sabre's Reply to the Parties' Statements of Undisputed Facts, ECF No. 267, Plaintiff's Response to ¶ 104 (admitting US Airways operates under the American agreement with Sabre as of May 1, 2014).

in any actual controversy about [US Airways'] particular legal rights." *Id.*; *see also Velvet Underground*, 890 F. Supp. 2d at 404 (same).[3]   US Airways' request for declaratory relief should be dismissed.

## II.   US Airways' Damages Claim Does Not Save Its Request for Declaratory Relief

In an implicit recognition that its request for declaratory relief regarding the terms of the 2011 contract is moot, US Airways argues that its declaratory judgment claim can survive "as a predicate for damages." (US Airways' Br. at 3.)  US Airways, however, ignores Supreme Court precedent that prevents parties from bootstrapping non-justiciable claims to live claims for the purposes of seeking relief from a court.  Each claim for relief sought must be justiciable independently of the other claims at issue.  As such, when faced with the situation presented here—a live claim for damages and a moot claim for declaratory relief—courts in the Second Circuit have dismissed the claim for declaratory relief.  This Court should do the same.

Each claim for relief a party seeks must *independently* satisfy the case or controversy requirement.  *DaimlerChrysler*, 547 U.S. at 352-54.  Thus, US Airways cannot rely on its claim for damages to evade the question whether its request for declaratory relief addresses a live case or controversy (it does not).  *Id.* at 352-53 (rejecting the idea that a court can "entertain moot or

---

[3] US Airways cannot save its claim for declaratory relief by arguing that Sabre's alleged misconduct is capable of repetition, yet evades review.  (*See* US Airways' Br. at 3 n.4.)  Sabre's alleged conduct does not "evade review" because US Airways continues to challenge that alleged conduct through its damages claims.  *See City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983) (holding that "[t]he rule that a claim does not become moot where it is capable of repetition, yet evades review, is likewise inapposite" where the alleged conduct "remains to be litigated in [a] suit for damages").  US Airways' unilateral decision to limit its damages claim to nominal damages does not mean that Sabre's conduct evades review.  Moreover, *Super Tire Engineering Co. v. McCorkle* is inapposite.  416 U.S. 115 (1974).  The declaratory relief sought in *Super Tire* related to the validity of a *policy that continued to have force* despite the cessation of the strike that originated the suit.  *Id.* at 123-24.  US Airways, however, admits that it seeks "purely retrospective" declaratory relief related to the terms of an *expired private contract*.  (*See* US Airways' Br. at 6.)

unripe claims" just because those claims relate to a "common nucleus of operative fact[s]" underlying a different claim over which the court has jurisdiction).

Illustrating this principle, the Second Circuit has found requests for declaratory relief moot *even in the presence of a live dispute over damages* related to the same conduct. For example, in *Dean v. Blumenthal*, the Second Circuit concluded that a request for declaratory relief regarding the constitutionality of certain policies promulgated by the attorney general of Connecticut was moot because the policy was no longer in effect. 577 F.3d 60, 65-66 (2d Cir. 2009). The request for declaratory relief was moot despite the fact that the plaintiff maintained a live claim for nominal damages related to the application of the policy. *See id*. at 66. Similarly, in *Stokes*, the Second Circuit dismissed a request for declaratory relief related to the enforcement of certain water policies as moot while allowing the plaintiff to proceed with a Section 1983 claim for damages. 818 F.2d at 5-6.

The Second Circuit articulated the same distinction in *Beyah v. Coughlin*, 789 F.2d 986 (2d Cir. 1986). The Court separated the request for declaratory relief (which was mooted by cessation of the complained-of conduct) and a request for damages (which was not). *Id*. at 988-89. US Airways suggests that Sabre has misconstrued the Second Circuit's opinion in *Beyah*. (US Airways' Br. at 4-5 n.5.) US Airways is incorrect. As articulated in *Fox v. Board of Trustees of State University of New York*, the courts have interpreted the Second Circuit's holding in *Beyah* to provide that a claim for nominal damages can "avoid mootness" of the entire case, even though a party's "claims for injunctive and declaratory relief have become moot." 42 F.3d 135, 142 (2d Cir. 1994).

US Airways cannot save its request for declaratory relief by bootstrapping it to a live claim for damages (nominal or otherwise). Rather, its request for declaratory relief must address

6

a live case or controversy on its own.  It is beyond dispute that US Airways' request for

declaratory relief regarding the expired 2011 contract does not address a live case or controversy

and is, therefore, moot.

### III.    US Airways' Case Law Does Not Support Its Position

In support of its assertion that an otherwise moot request for declaratory relief can

survive as a "predicate" to damages, US Airways relies primarily on *Powell v. McCormack*, 395

U.S. 486 (1969).  (US Airways' Br. at 3.)  *Powell* does not support US Airways' position.  In

*Powell*, the issue was whether the *entire case* should have been dismissed because Powell's

claim for back-pay damages was not the focus of the case.  395 U.S. at 495-500.  The Court

naturally concluded that it could not dismiss the *entire case* while the litigants disputed a live

claim for damages.  *Id.* at 499-500.  The Court did not consider the question whether the

presence of a damages claim (of any amount) could save an otherwise moot claim for declaratory

judgment.

US Airways' reliance on *Lane v. Reid* is similarly misguided.  559 F. Supp. 1047, 1052

(S.D.N.Y. 1983).  The district court in *Lane* stated *in dicta* that "in a case where the complained

of conduct has ceased, declaratory relief survives a mootness challenge only insofar as it seeks to

declare a set of legal relations which attributes legal liability for damages to the party against

whom the relief is sought."  *Id.*  The *Lane* court, however, did not apply this dicta to preserve an

otherwise moot request for declaratory relief.  *Id.*  In fact, in *Lane* there were no damages sought

and the issue presented in this case was never before the court.  *Id.*  The district court's opinion

in *Lane* does not change the standing Second Circuit precedent from *Beyah*, *Stokes*, and *Fox*.

US Airways' reliance on *Maier-Schule GMC, Inc. v. General Motors Corp.*, 62 F.3d

1412 (2d Cir. 1995), is misleading.  US Airways suggests that the Second Circuit approved of

the dicta from *Lane* by affirming the district court's opinion in *Maier-Schule GMC, Inc. v.*

*General Motors Corp. (GMC Truck & Bus Grp.)*, 850 F. Supp. 1095, 1097 (W.D.N.Y. 1994). (US Airways' Br. at 5.)  Though the district court quotes the dicta from *Lane,* its holding does not rely on that dicta in any way.  *Id.* at 1104.  Rather, the district court *granted* summary judgment to the *defendants* on the claim for declaratory relief.  *Id.*  The Second Circuit opinion is an unpublished decision in which there is a single word ("Affirmed") without analysis.  There is no basis to suggest that the Second Circuit adopted the *Lane* dicta, particularly in light of subsequent Second Circuit cases dismissing declaratory relief as moot despite the presence of a live claim for damages.  *See Dean*, 577 F.3d at 65-66.

Likewise, other courts in this district have cited *Powell* consistently with the Second Circuit precedent outlined above.  For example, the district court in *Orozco v. Sobol* cited *Powell* for the proposition that "a claim for damages remains viable even though claims for injunctive or declaratory relief are deemed moot."  703 F. Supp. 1113, 1117 (S.D.N.Y. 1989).  As the Court should do here, the *Orozco* court dismissed the declaratory relief claim as moot even though the plaintiff was entitled to pursue a claim for nominal damages.  *Id.*

US Airways' out-of-circuit authority is equally unavailing.  Though the Seventh Circuit appears to have articulated a different rule from the Second Circuit, the rest of US Airways' cases do not support its position.  For example, in *Christopher Village*, *Ltd. Partnership v. Retsinas*, the Fifth Circuit held that the plaintiff's request for a declaratory judgment was not moot because plaintiff could use the declaratory judgment as a predicate for a damages claim against the government in a separate action in the Court of Federal Claims.  190 F.3d 310, 315 (5th Cir. 1999).  Here, it is not necessary to take a declaratory judgment from this action into another action to obtain damages.  US Airways has a live damages claim and it does not need declaratory relief to recover damages.  Thus, *Christopher Village* is inapposite.

US Airways also relies on *F.E.R. v. Valdez* from the Tenth Circuit.  58 F.3d 1530 (10th Cir. 1995).  However, the Tenth Circuit soon clarified that *Valdez* should not be followed where (as here) "declaratory relief would be superfluous in light of [a] damages claim."  *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997); *see also Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1224-25 (10th Cir. 2009) (considering claim for nominal damages and holding that demand for declaratory relief was moot); *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248 (10th Cir. 2004) (same).

US Airways misstates the procedural history of *Yniguez v. State of Arizona*, 975 F.2d 646 (9th Cir. 1992).  US Airways contends that the Supreme Court disapproved of *Yniguez* on "other grounds."  (US Airways' Br. at 4.)  However, the Supreme Court actually held that the Ninth Circuit "had no warrant to proceed as it did" where changed circumstances *mooted plaintiff's entire case*.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 48, 72 (1997).  Moreover, subsequent decisions from the Ninth Circuit—consistent with Second Circuit precedent—have dismissed claims for declaratory relief as moot despite the presence of a live damages claim.  *See Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011) (holding that plaintiff's claim for declaratory relief was moot while considering plaintiff's demand for nominal damages); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095-96 (9th Cir. 2004) (same regarding actual damages).

The cases cited by US Airways do not provide a basis for ignoring Second Circuit precedent that a live claim for damages cannot save an otherwise moot request for declaratory relief.  A declaration regarding the terms of the expired 2011 contract will not affect the legal rights of the parties in a live case or controversy.  The request for declaratory relief is moot and should be dismissed.

**IV.** **The Settlement Agreement Separately Bars US Airways' Requested Declaratory Relief**

Although US Airways now argues that the declaration it seeks is "purely retrospective," its letters, public statements, and draft declaration demonstrate that US Airways actually seeks the exact kind of *prospective* relief barred by the Settlement Agreement.  There is no dispute that the Settlement Agreement bars US Airways from seeking prospective relief in this case.  Yet US Airways proposes that the Court enter a wide-ranging, prospectively oriented declaration, which it admits it plans to use to use in future disputes between the parties.  This is a blatant attempt to end-run this Court's summary judgment ruling and evade the terms of the Settlement Agreement.  *See* Opinion and Order, ECF No. 245.

US Airways concedes that the 2012 settlement agreement between American and Sabre bars US Airways from pursuing any sort of forward-looking declaratory relief.  (US Airways' Br. at 6.)  Indeed, the Settlement Agreement provides:

> American agrees that it will not seek relief (or provide financial support to, or voluntarily provide information to, any private third party in doing so) against any person or entity under any antitrust, competition, or similar law in any jurisdiction, with respect to: . . . (y) any injury allegedly suffered during the performed from the Execution Date through seven (7) years following the Effective Date resulting from the provisions or terms of any other agreement between Sabre and American to the extent those provisions or terms are the same or substantially similar to provisions and terms in the Related Agreements or the Sabre PCA.

Settlement Agreement, 5.1.5(y), ECF No. 259-28; *see also id.* 5.1.5(z).

In its continuing effort to avoid the Settlement Agreement, US Airways now argues that its requested declaratory judgment is "purely retrospective" such that it only seeks relief for past injuries dating "from the effective date of the 2011 contract (February 23, 2011) up to the execution of the American settlement (October 29, 2012)."  (US Airways' Br. at 6.)  US Airways' new position, however, does not match the wording of the proposed declaration that

US Airways submitted to the Court just two weeks ago.  *See* May 13, 2015 Ltr. from C.

Diamond, ECF No. 291 (outlining request for declaratory relief).  Moreover, US Airways' new

position that the relief sought is "purely retrospective" is belied by its request for a conditional

damages waiver—*i.e.*, it wants leave to amend *conditioned on* the availability of a declaratory

judgment with *collateral estoppel effect*, which is necessarily prospective in nature.  (US

Airways' Br. at 8.)

US Airways' requested declaration is *not* "purely retrospective," but instead runs straight

into the Settlement Agreement's bar.  US Airways seeks declarations about *current* alleged

relevant markets and about Sabre's *present* market power, even though the only remaining

claims relate to market conditions that existed years ago when past contracts were executed.  *See*

ECF No. 291 (requesting a declaration that "Sabre possesses market power in the relevant

market").  It also seeks a declaration that the challenged contractual provisions unreasonably

"restrain" (not "restrained") competition.  In fact, *all* six elements of US Airways' requested

declaration are phrased in the present tense; none are "purely retrospective."[4]  *Id.*

---

[4] Notably, phrasing the requested relief in the present tense does nothing to create a current case
or controversy, and therefore US Airways would lack standing to seek such relief regardless.
"Article III allows courts to remedy only the invasion of a legally protected interest that is both
'concrete and particularized' and 'actual and imminent,' but not one that is merely 'conjectural
or hypothetical' in nature."  *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 356 (S.D.N.Y. 2002)
(internal citation omitted).  US Airways cannot manufacture standing for a declaration regarding
the terms of the expired 2011 agreement based on an interest in such a judgment to aid future
contract negotiations with Sabre.  A dispute over as-of-yet proposed (much less agreed-to)
contract terms is insufficient to support standing.  *See, e.g.*, *id.* ("As [the plaintiff] has not
executed a Release Agreement, any injury that he may allege at this time would only be
conjectural or hypothetical.").  Nor is it sufficient for US Airways to argue that it may suffer
adverse economic impacts in the future if it does not receive a declaration regarding the disputed
contract provisions.  *Velvet Underground*, 890 F. Supp. 2d at 409 ("An adverse economic
interest, however, is not a legally cognizable interest sufficient to confer declaratory judgment
jurisdiction.") (internal citation omitted).

US Airways' briefing and public pronouncements make it clear that US Airways seeks what amounts to prospective relief. In its May 8, 2015 letter to the Court, US Airways pronounced that a declaratory judgment "will collaterally estop Sabre from insisting that US Airways agree to the challenged contractual restraints *in the future*." *See* US Airways' Ltr., ECF. No. 284 (emphasis added).[5] Indeed, immediately following the April 21 hearing, US Airways' lead lawyer made this clear in a press interview:

> If we get a bench trial and prevail in this case, it's *going to have* financial consequences that far exceed the amount we could have recovered in damages via a jury trial . . . . For one thing, American Airlines' contract with Sabre *will come up for renewal* at some point."

Tnooz Article, Ex. A, Decl. of Steven J. Kaiser in Supp. of Sabre's Mem. Of Law (emphasis added).

US Airways' prior statements regarding the prospective purpose of the relief it seeks belie its current assertion that "[o]ur claim for declaratory relief is purely retrospective."[6] (US Airways' Br. at 6.) Either way, US Airways' request for declaratory relief based on an expired

---

[5] US Airways' clear intent to use any declaratory relief as collateral estoppel in future cases also undermines its argument that it is entitled to a bench trial if it waives damages. US Airways argues that a dispute between the parties is "certain to recur" in the future. (US Airways' Br. at 3 n.4.) US Airways has made clear that if the Court were to grant it declaratory relief, US Airways would seek to assert collateral estoppel against Sabre in future disputes in which US Airways will undoubtedly seek damages. Thus, by seeking declaratory relief in a bench trial here, US Airways hopes to forever deprive Sabre of its right to fully litigate the legality of the disputed contract terms in front of a jury. The Supreme Court rejected a similar tactic in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). The Court held that the defendant was entitled to a jury trial on the plaintiff's declaratory relief because "the effect of the action of the District Court could be . . . to limit the [defendant's] opportunity fully to try to a jury every issue which has a bearing upon its treble damages suit, for determination of the issue of clearances by the judge might operate either by way of res judicata or collateral estoppel so as to conclude both parties with respect thereto at the subsequent trial of the treble damages claim." *Id.* at 504 (internal citation omitted). US Airways' stated intention to use any declaratory relief for collateral effect in a future damages trial would similarly deprive Sabre of its right to a jury.

[6] Even in its brief, US Airways contradicts itself on the nature of the declaratory relief it seeks. For instance, while labeling the relief it seeks "purely retrospective," it also asserts that the relief it seeks is intended to prevent recurring future conduct and alleged future harm. (US Airways' Br. at 3, n.4.)

contract is not justiciable, and to the extent it has some prospective purpose, it would also violate the Settlement Agreement.

## V.   US Airways' Request for a Springing Right to a Damages Trial Would Deprive Sabre of Its Rights Under Rule 68

As US Airways recognizes, if it waives all but nominal damages and Sabre makes an offer of judgment for the entire amount of US Airways' claimed damages under Rule 68, a judgment entered pursuant to that Rule 68 offer would "require dismissal of the case without either a declaration of violation of the Sherman Act or a trial of any kind." (US Airways' Br. at 1.) Thus, US Airways makes the remarkable request that the Court (1) allow US Airways to "conditionally" waive its damages, (2) modify the operation of Federal Rule of Civil Procedure 68 to require Sabre to make a Rule 68 offer months before the Rule requires, and (3) allow US Airways to "claw back" its damages waiver if it later decides that it regrets its decision. These requests are, to Sabre's knowledge, unprecedented. They are also plainly unfair and would improperly further manipulate Sabre's Seventh Amendment rights. Sabre would be left to prepare for trial not knowing what damages claims it faces, what expert testimony will be relevant or allowed, or even whether the case will be tried to the Court or a jury—all of which apparently would be decided at US Airways' whim. The Court should reject US Airways' proposal.

US Airways proposes this scheme (through its proposed order) because it is undisputed that its claims are subject to termination through the entry of judgment pursuant to a Rule 68 offer. When a defendant makes a Rule 68 offer of judgment that provides a plaintiff with complete relief, "the typically proper disposition . . . is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer" even if the plaintiff rejects the offer. *Cabala v. Crowley*, 736 F.3d 226, 228 (2d

Cir. 2013); *cf. Tanasi v. New Alliance Bank*, No. 14-1389, __ F.3d __, 2015 WL 2251472, at *4 (2d Cir. May 14, 2015) (noting that "absent agreement" of the plaintiff to the proposed offer, "the district court should not enter judgment against the defendant if it does not provide complete relief"). Entry of judgment pursuant to a Rule 68 offer terminates a plaintiff's case.[7] *See McCauley v. Trans Union, LLC*, 402 F.3d 340, 342 (2d Cir. 2005) ("Such a judgment would remove any live controversy from the case and render it moot."). Thus, even if US Airways were to reject a Rule 68 offer from Sabre that afforded complete relief on its nominal damages claim (or even on its current damages claims), the proper resolution to this case would be entry of judgment pursuant to the terms of that offer, terminating the case with no collateral estoppel effect.[8]

Of course, the implications of a Rule 68 offer are entirely hypothetical at this point—US Airways has not waived its damages claim and Sabre has not made an offer. Nonetheless, US Airways seeks a ruling from this Court that would protect it from the hypothetical consequences of its conditional decision to waive damages. (US Airways' Br. at 7.) Namely, US Airways asks the Court to permit it to waive damages conditionally on its right to revive them should Sabre seek judgment pursuant to a Rule 68 offer. Further, US Airways asks the Court to truncate the time period the Rules of Civil Procedure provide for Sabre to make such an offer.

---

[7] The status of US Airways' claim for declaratory relief is irrelevant to this analysis. The only basis on which US Airways seeks to avoid dismissal of its request for declaratory relief is that the relief is a "predicate for damages." (US Airways' Br. at 3.) Even if US Airways' flawed argument were credited, a Rule 68 offer that afforded US Airways complete relief on its damages claim (nominal or otherwise) would remove the only hook on which US Airways asserts its request for declaratory relief is not moot.

[8] US Airways could not avoid mootness by demanding that Sabre admit liability or that any judgment have preclusive effect. *See, e.g., McCauley*, 402 F.3d at 341 ("It is clear that [defendant's] unwillingness to admit liability is insufficient, standing alone, to make this case a live controversy."); *Abrams v. Interco Inc.*, 719 F.2d 23, 33 n.9 (2d Cir. 1983) (Friendly, J.) ("We know of no principle that a plaintiff must be allowed to pursue litigation in which he no longer has an interest merely because this could benefit others.").

The Court should reject US Airways' request.  As an initial matter, since US Airways has not in fact waived damages, the request seeks nothing more than an advisory opinion on what legal effects certain hypothetical actions would have (*i.e.*, whether the waiver would be revocable), which is not permitted.  *See, e.g.*, *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("federal courts established pursuant to Article III of the Constitution do not render advisory opinions") (internal citation omitted).  US Airways' request creates a dangerous precedent which would permit the parties to seek all manner of advisory opinions from the Court without the aid of a concrete dispute.[9]

If the Court is inclined to issue such an advisory ruling, it should rule that principles of judicial estoppel and fundamental fairness would make that waiver irrevocable.  *See, e.g.*, *Adelphia Recovery Trust v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014) (purpose of judicial estoppel is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment") (internal citation omitted); *Waldorf v. Borough of Kenilworth*, 878 F. Supp. 686, 695 (D.N.J. 1995) (refusing to allow a defendant to undo its decision to stipulate to liability in a damages retrial).  Under those principles, US Airways cannot waive damages but retain the right to rescind the waiver if Sabre offers judgment.[10]

---

[9] Under US Airways' rationale, Sabre could ask the Court for an advisory ruling on the merits of various issues based on the possibility that Sabre might agree to waive its right to a jury trial, and then upon learning the Court's views decide whether to try the case to the bench or a jury.

[10] The cases that US Airways cites to support its argument that the Court should allow it to conditionally amend its complaint, (US Airways' Br. at 8), are wholly inapposite.  It cites no case in which a court permitted a plaintiff to amend its complaint subject to an option to later modify or undo that amendment.

## CONCLUSION

For the foregoing reasons, Sabre respectfully requests that the Court (1) dismiss US Airways' claim for declaratory relief, and (2) deny US Airways' request to deprive Sabre of its rights under Rule 68 of the Federal Rules of Civil Procedure.

May 29, 2015

Respectfully submitted,

*/s/ George S. Cary*

Chris Lind
Andrew MacNally
BARTLIT BECK HERMAN PALENCHAR &
    SCOTT LLP
Courthouse Place
54 West Hubbard
Chicago, IL  60654
Phone:  (312) 494-4400
Fax:  (312) 494-4440
chris.lind@bartlit-beck.com
andrew.macnally@bartlit-beck.com


Karma M. Giulianelli
Sean C. Grimsley
Katherine L.I. Hacker
BARTLIT BECK HERMAN PALENCHAR &
    SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, Colorado  80202
Phone:  (303) 592-3100
Fax:  (303) 592-3140
karma.giulianelli@bartlit-beck.com
sean.grimsley@bartlit-beck.com
kat.hacker@bartlit-beck.com

George S. Cary
Steven J. Kaiser
Kenneth Reinker
Bradley Justus
Carl Lawrence Malm
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone:  (202) 974-1500
Fax:  (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
kreinker@cgsh.com
bjustus@cgsh.com
lmalm@cgsh.com

Lev Dassin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Phone:  (212) 225-2000
Fax:  (212) 225-2999
ldassin@cgsh.com

Joseph Kattan, PC
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 955-8500
Fax: (202) 467-0539
JKattan@gibsondunn.com