USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

US AIRWAYS, INC.,
Plaintiff,

-against-

SABRE HOLDINGS CORP., et al.,
Defendants.

-----------------------------------------------------------X

11 Civ. 2725 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiff US Airways, Inc. ("US Airways") seeks an order that would require a bench trial and preclude a jury trial. In this regard, US Airways makes two requests. First, it requests that its claim for declaratory relief be found "justiciable," despite the expiration of the 2011 contract.[1] Second, US Airways requests that its Complaint be "deemed amended to waive" all surviving claims for money damages "in excess of $20 post-trebling." (US Airways estimates that its surviving money damages claim is approximately $70 million, or $210 million after trebling.) With respect to the second request, US Airways seeks two provisos, that: (a) its amendment is "without prejudice" so that "US Airways[] may revive its full damages claim [if] the Court determines that US Airways must accept a Rule 68 offer of judgment that would deprive US Airways of a trial for declaratory relief"; and (b) the time for Defendants Sabre Holdings Corporation, Sabre Travel International Ltd. and Sabre GLBL Inc. (collectively, "Sabre") to make a Rule 68 offer of judgment be shortened from fourteen days prior to trial to "no later than thirty days after" the entry of an order permitting US Airways to waive damages without prejudice. For the reasons that follow, US Airways' request is granted in part and denied in part,

[1] Familiarity with this case and its procedural history is assumed. *See US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, 2015 WL 997699 (S.D.N.Y. Mar. 5, 2015); *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, --- F. Supp. 3d ----, 2015 WL 2405569 (S.D.N.Y. Jan. 6, 2015).

and any trial will proceed before a jury.

## I. US Airways is Not Entitled to a Conditional Waiver of Damages

US Airways may amend its Complaint to waive damages in excess of $20 post-trebling. But US Airways is entitled neither to amend without prejudice nor to obtain an order shortening Sabre's time for making a Rule 68 offer of judgment.

US Airways effectively seeks leave to amend the Complaint to limit its monetary damages to $20 after trebling, but with leave to amend again in the future if (1) Sabre makes a Rule 68 offer of judgment and (2) the Court determines that the Rule 68 offer moots US Airways' case or otherwise results in the dismissal of the declaratory judgment claim. While it seems likely that Sabre will make a Rule 68 offer of judgment if US Airways is permitted to amend, the resulting impact on the declaratory judgment claim is uncertain. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013); *Tanasi v. New Alliance Bank*, No. 14-1389, --- F.3d ----, 2015 WL 2251472 (2d Cir. May 21, 2015); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), *cert. granted sub nom. Campbell-Ewald Co. v. Gomez*, No. 14-857, --- S. Ct. ----, 2015 WL 246885 (May 18, 2015); *Cabala v. Crowley*, 736 F.3d 226 (2d Cir. 2013).

Whether US Airways may amend its Complaint is governed by Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. "Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading . . . ." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Rule 15(a)(2) states that, except for situations not applicable here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given. A "motion to amend is generally denied only for futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving

party." *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (citation and internal quotation marks omitted). In contrast, Rule 16(b)(4) permits modification to a court's scheduling order "only for good cause."

US Airways has good cause to seek to amend its pleading to limit its damages now. Only now, after the decision on the summary judgment motions, does US Airways know which claims have survived and so can assess whether a damages waiver is economically sensible. *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("Whether good cause exists turns on the 'diligence of the moving party.'"). Accordingly, US Airways' application is governed solely by Rule 15.

Without the requested conditions, the amendment to waive damages is permissible. Sabre wants a jury trial. US Airways asserts that its proposed amendment would preclude a jury trial and require a bench trial. The premise of US Airways' argument, which Sabre has not challenged, is that a request for declaratory judgment and nominal damages not to exceed $20 does not trigger the Seventh Amendment right to a jury trial. Losing the right to a jury trial is prejudicial to Sabre, but no more so than other types of amendments that are routinely granted, such as those adding claims that increase a defendant's liability or adding allegations that transform an insufficient complaint into an adequate one. Therefore, a simple amendment to waive damages is not unduly prejudicial in this case and does not foreclose amendment.

US Airways, however, seeks the Court's assurance that, if it waives damages, its declaratory judgment claim will be adjudicated in a bench trial and will not instead be dismissed as a consequence of a Rule 68 offer of judgment. Although US Airways' position is understandable, US Airways is not entitled to a ruling now that it will be granted further leave to amend in the future if events do not play out as it hopes -- if Sabre makes an offer of judgment, if

US Airways declines the offer and if the Court consequently dismisses US Airways' declaratory judgment claim.

Although courts generally have the discretion to grant relief without prejudice, as evidenced by cases that US Airways cites,[2] "federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). A court may not advise "what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937); *accord In re Welling*, 40 F. Supp. 2d 491, 493 (S.D.N.Y. 1999) (stating motion to hold movant in contempt of subpoena before time for compliance had elapsed was "improperly seeking an advisory ruling on a hypothetical set of facts"); *Lewis v. Sava*, 602 F. Supp. 571, 571 (S.D.N.Y. 1984) ("declin[ing] to decide the constitutionality of hypothetical actions that Congress might or might not take at some future date"). Accordingly, US Airways is not entitled to a ruling on events that have not yet transpired.

Even if US Airways' request does not require an advisory opinion, the amendment that US Airways seeks, with the provisos that it proposes, is not permissible under Rule 15(a) because the proposed amendment is potentially futile and unduly prejudicial. It is potentially futile in that it might not achieve its goal of securing a bench trial. If the Court were to rule that the effect of the Rule 68 offer of judgment is the elimination of the declaratory judgment claim, US Airways' proposal would return the parties to the status quo. The proposed amendment limiting damages

---

[2] *See, e.g.*, *Roberts v. Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A.*, No. 09 Civ. 5271, 2010 WL 23170, at *1 n.1 (S.D.N.Y. Jan. 5, 2010) (permitting plaintiff to withdraw breach of contract claim without prejudice where discovery was ongoing); *Tyco Thermal Controls LLC v. Redwood Indus.*, No. 06-7164, 2009 WL 4907512, at *2 n.2 & *3 n.3 (N.D. Cal. Dec. 14, 2009) (permitting plaintiff to dismiss a claim without prejudice because there was a dispute about whether plaintiff had complied with jurisdictional pre-litigation notice requirement and plaintiff sought to file new action to cure deficiency).

and the further amendment restoring the same damages would have accomplished nothing, except the expenditure of time and money, and therefore would have been entirely futile in this context.[3]

The proposed amendment to waive damages "without prejudice" is also unduly prejudicial to Sabre, the non-moving party. As the cases that US Airways cites demonstrate, when courts grant leave to amend pleadings accompanied by conditions, the conditions often ameliorate the prejudice to the non-moving party. *See, e.g.*, *Parissi v. Foley*, 203 F.2d 454, 455 (2d Cir. 1953) (affirming district court's grant of leave to add counterclaim after 16 days of bench trial, provided amendment did not prejudice resumption of bench trial on specified date), *rev'd on other grounds sub nom. Parissi v. Telechron, Inc.* 349 U.S. 46 (1955); *Hewlett Packard Co. v. Factory Mut. Ins. Co.*, No. 04 Civ. 2791, 2006 WL 1788946, at *1 (S.D.N.Y. June 28, 2006) (granting plaintiff leave to amend complaint "on the condition that [plaintiff] agree to pay the reasonable fees and costs associated with any depositions that [defendant] will need to re-take as a result of [plaintiff's] substantial delay in seeking the amendment"). Here, however, US Airways' proposed amendment would saddle the non-moving party with a "heads I win, tails you lose" arrangement. Sabre bears all of the risk of what it views as an unsatisfactory outcome, and US Airways bears none of it. Finally, US Airways' willingness to forego damages, its likely rejection of any offer of judgment, its newfound emphasis on its declaratory judgment claims and even its preference for one fact finder over another, smack of procedural jockeying designed to obtain some perceived advantage unrelated to the merits of its remaining claims, which have been limited to the period February 22, 2011 through October 29, 2012.

---

[3] The typical test for whether a proposed amendment is futile is whether it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

"Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Brown v. Sandimo Materials*, 250 F.3d 120, 127 (2d Cir. 2001) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959)). For the above reasons, the motion to amend the Complaint without prejudice does not survive the heightened scrutiny required when a party's right to a jury trial is extinguished over its objection.

Accordingly, US Airways may amend the Complaint to waive all damages in excess of $20 post-trebling but is not entitled to its requested provisos.

**II. Adjudicating Justiciability of Declaratory Judgment Claims is Premature**

Adjudication of the justiciability of the declaratory judgment claim is premature. If the jury returns a verdict in favor of US Airways, then the declaratory judgment claim will be considered. *See Jolly v. Coughlin*, No. 92 Civ. 9026, 1999 WL 20895, at *2 (S.D.N.Y. Jan. 19, 1999) (stating that [1] jury returned verdict finding two of three defendants liable, [2] plaintiff then moved for declaratory judgment and [3] court then denied plaintiff's motion); *cf. Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entm't Corp.*, No. 08 Civ. 1558, 2009 WL 577916, at *11 (S.D.N.Y. Mar. 2, 2009) (granting plaintiff's motion for summary judgment on contractual rights and then deciding whether plaintiff was entitled to declaratory relief based on contracts at issue), *aff'd*, 419 F. App'x 60 (2d Cir. 2011).

**III. Conclusion**

For the foregoing reasons, US Airways' request is GRANTED in part and DENIED in part. US Airways may amend its Complaint to waive damages in excess of $20 post-trebling, but without its requested provisos that the amendment is without prejudice to reinstating its damages

claims and that the time for Sabre to make a Rule 68 offer of judgment be shortened. The deadline for filing the Amended Complaint is June 26, 2015.

A separate scheduling order setting a jury trial will follow.

SO ORDERED.

Dated: June 19, 2015
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**