**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE

COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE

1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE:  (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4406
chris.lind@bartlit-beck.com

June 29, 2015

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re:   *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725-LGS

Dear Judge Schofield:

I am writing in response to the letter Mr. Diamond filed with the Court on Friday night.  (ECF No. 309).  Mr. Diamond suggests that, in light of US Airways' new Second Amended Complaint, *Daubert* motions may not be necessary because "the case appears headed towards a bench trial."  Although we understand the Court may not typically consider *Daubert* motions prior to a bench trial, we believe that if the Court orders a bench trial it nevertheless may benefit from *Daubert* briefing (even if the Court does not decide the *Daubert* issues until after trial), depending on what opinions US Airways intends its experts to offer under its new no-damages case.  US Airways has not yet notified Sabre regarding which expert opinions it will no longer be presenting in light of its damages waiver.

Also, Sabre intends to file an Answer to US Airways' new Second Amended Complaint as soon as practicable (and certainly within the allotted time under the rules).  In that Answer, Sabre will reiterate its request for a jury trial (to the extent a trial is necessary).  In ruling that the case would proceed with a jury trial in its June 19, 2015 Order (ECF No. 307), the Court did not expressly address whether US Airways would be entitled to a bench trial now that it has affirmatively waived damages.  As Sabre noted in its May 29, 2015 Memorandum of Law in Opposition to US Airways' Request to Pursue Declaratory Relief and Its Conditional Request for Leave to Waive Damages (at 12, n.5) (ECF No. 301), US Airways' waiver of damages does not

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Hon. Lorna G. Schofield
June 29, 2015
Page 2

necessarily avoid Sabre's Seventh Amendment right to a jury.[1]  As the Court recognized in its June 19 Order, given the importance of maintaining a party's Seventh Amendment right to a jury, US Airways' attempts to curtail Sabre's right to a jury in this case must be "scrutinized with utmost care." (Slip. Op. at 6, ECF No. 308 (quoting *Brown v. Sandimo Materials*, 250 F.3d 120, 127 (2d Cir. 2001)).

                Sincerely,

                Chris Lind

CL/cmf

cc:  Counsel of Record (via ECF)

---

[1] For instance, US Airways has made clear that it intends to appeal the Court's ruling that the statute of limitations precludes US Airways from pursuing its claim for damages relating to the 2006 contract.  US Airways' new Second Amended Complaint, however, does <u>not</u> waive damages related to its claim concerning the 2006 contract.  And US Airways does not contest that Sabre would be entitled to a jury trial on that substantial damages claim, to the extent it were ever remanded after appeal.  Yet US Airways also makes clear that it would seek to assert estoppel / preclusion in any such remand (and in any future dispute) if it were to receive a favorable ruling in a bench trial on its 2011 contract claim.  Thus, if the Court ordered a bench trial on US Airways' remaining 2011 contract claim and US Airways were to prevail, and then US Airways' claim relating to the 2006 contract were remanded, the Court would either have to hold a jury trial on the remanded claim and face the possibility of inconsistent verdicts, or apply estoppel / preclusion to the remanded claim in which case Sabre would be improperly deprived of a jury trial on a substantial damages claim brought <u>in this very case</u>.  *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959).