UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

US Airways, Inc.

       Plaintiff,

  v.

Sabre GLBL Inc.
Sabre Holdings Corp.
Sabre Travel Int'l Ltd.

       Defendants.

Civ. A. No. 1:11-cv-02725-LGS

ECF Case

# SABRE'S MEMORANDUM OF LAW IN SUPPORT OF
# ITS MOTION FOR ENTRY OF JUDGMENT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii

INTRODUCTION ................................................................................................................................ 1

SABRE'S RULE 68 OFFER OF JUDGMENT................................................................................... 1

ARGUMENT ........................................................................................................................................ 2

    I.    US Airways' Claim For Declaratory Relief Is Moot .......................................................... 2

        A.    US Airways' Request For Declaratory Relief Fails To Address A Live Case Or Controversy.................................................................................................................. 3

        B.    The Settlement Agreement Bars Any Proposed Prospective Relief ........................ 7

    II.    The Court Should Enter Judgment Pursuant To The Terms of Sabre's Rule 68 Offer ...... 8

    III.    The Court Should Enter Final Judgment ......................................................................... 11

CONCLUSION.................................................................................................................................... 11

## TABLE OF AUTHORITIES

**Federal Cases**

*ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*,
   No. 01 CIV. 5661 (DC), 2005 WL 774281 (S.D.N.Y. 2005)......................................................7

*ABN Amro Verzekeringen BV v. Geologistics, Inc.*,
   485 F.3d 85 (2d Cir. 2007)................................................................................................10

*Abrams v. Interco Inc.*,
   719 F.2d 23 (2d Cir. 1983)........................................................................................... 10-11

*Alvarez v. Smith*,
   558 U.S. 87 (2009).................................................................................................................3

*Cabala v. Crowley*,
   736 F.3d 226 (2d Cir. 2013)..................................................................................................9

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)...........................................................................................................3, 5

*Dean v. Blumenthal*,
   577 F.3d 60 (2d Cir. 2009)....................................................................................................5

*Doyle v. Midland Credit Management*,
   772 F.3d 78 (2d Cir. 2013)....................................................................................................9

*Hepler v. Abercrombie & Fitch Co.*,
   No. 14-4113-CV, __ F. App'x __, 2015 WL 3823883 (2d Cir. June 22, 2015) ........................9

*Hollings v. TransactTools, Inc.*,
   03 CIV. 4523 (JSR), 2004 WL 1276821 (S.D.N.Y. June 9, 2004) .........................................3

*Lane v. Reid*,
   559 F. Supp. 1047 (S.D.N.Y. 1983)......................................................................................6

*Matsumura v. Benihana National Corp.*,
   No. 06-CIV-7609 (NRB), 2014 WL 1553638 (S.D.N.Y. 2014) .............................................11

*Maximo v. 140 Green Laundromat*,
   No. 14-CIV-6984(KPF), 2015 WL 4095248 (S.D.N.Y. July 7, 2015)....................................7

*McCauley v. Trans Union, LLC*,
   402 F.3d 340 (2d Cir. 2005)..................................................................................9, 11

*National Union Fire Insurance Co. of Pittsburgh, PA v. International Wire Group, Inc.*,
   No. 02-Civ-10338 (SAS), 2003 WL 21277114 (S.D.N.Y. June 2, 2003) ..................7

*Powell v. McCormack*,
   395 U.S. 486 (1969).................................................................................................4, 6

*Stokes v. Village of Wurtsboro*,
   818 F.2d 4 (2d Cir. 1987).........................................................................................4-5

*Tasini v. N.Y. Times Co.*,
   184 F. Supp. 2d 350 (S.D.N.Y. 2002).........................................................................8

*Velvet Underground v. Andy Warhol Foundation for the Visual Arts, Inc.*,
   890 F. Supp. 2d 398 (S.D.N.Y. 2012).....................................................................3-4

*Weiss v. Fein, Such, Kahn & Shepard P.C.*,
   No. 01-CIV-1086-AGS, 2002 WL 449653 (S.D.N.Y. Mar. 22, 2002) ....................10

**Other Authorities**

Fed. R. Civ. P. 12(h)(3)....................................................................................................4, 11

Fed. R. Civ. P. 54(b) ..............................................................................................................7

## INTRODUCTION

US Airways' own tactical decisions have brought this case to its end. After months of procedural maneuvering designed to avoid a jury trial, US Airways is left asserting only a claim for nominal damages and a moot request for declaratory relief. As US Airways recognized might be the case, there is no longer any basis for proceeding further on its claims. Sabre's Rule 68 offer of judgment for the full amount of US Airways' remaining damages claim (including reasonable costs and attorneys' fees) provides all the relief US Airways would be entitled to under Second Circuit precedent. Accordingly, the Court should enter final judgment in US Airways' favor and award US Airways $20 plus its reasonable costs and attorneys' fees.

US Airways cannot avoid the effect of Sabre's offer of judgment by claiming that Sabre's offer does not provide "complete" relief due to US Airways' request for declaratory relief. US Airways' claim for declaratory relief is moot, and thus does not provide a basis for any available relief. Declaratory relief relating to an expired contract is moot as a matter of law, and the parties' Settlement Agreement precludes any prospective rationale for such relief. US Airways is left to argue that its claim for declaratory relief is not moot because it is a necessary "predicate" to its damages claim. That argument is not supported by law, but also fails because US Airways' damages claim is fully satisfied by the terms of Sabre's Rule 68 offer. There is no need for a predicate to a damages claim that no longer exists. Final judgment should be entered.

## SABRE'S RULE 68 OFFER OF JUDGMENT

On July 9, 2015, Sabre presented US Airways with a Rule 68 offer of judgment affording it complete relief on all remaining, available claims. *See* Ex. A to Malm Decl., July 9, 2015 Rule 68 offer. In particular, Sabre offered entry of judgment against Sabre (with no admission of liability) on US Airways' claim for $20 in damages for its remaining allegations relating to the 2011 contract and the alleged GDS conspiracy, along with reasonable costs and attorneys' fees.

1

*See id.*; Ex. B to Malm Decl., July 17, 2015 Email from A. MacNally. Sabre's offer of judgment fully satisfies all remaining relief that US Airways could obtain after a trial. Specifically, Sabre's offer covers all remaining, available relief sought in the Prayer for Relief in US Airways' Second Amended Complaint, including Sections (c), (d), and (e).[1] *See* Exs. A-B to Malm Decl.; Second Am. Compl., July 7, 2015, ECF No. 315, Prayer for Relief.

US Airways rejected Sabre's offer on July 14, 2015. *See* July 14, 2015 Ltr. from C. Diamond, ECF No. 323.

Pursuant to the Court's June 30, 2015 Order, ECF No. 314—which recognized the next step as Sabre filing "any motion for entry of judgment and related motions, for example a motion to dismiss the declaratory judgment claim"—Sabre files this combined motion to dismiss US Airways' request for declaratory relief and enter judgment pursuant to the terms of Sabre's Rule 68 offer.

## ARGUMENT

### I.  US Airways' Claim For Declaratory Relief Is Moot

US Airways' claim for a retrospective declaration regarding the expired 2011 contract is moot, and the Settlement Agreement bars US Airways from seeking prospective relief.

---

[1] The relief US Airways seeks in sections (a), (b) and (f) of its Prayer for Relief is not available and, thus, not covered by Sabre's offer. Specifically, Section (a) requests declaratory relief, which is moot as explained below; Section (b) seeks damages related to the 2006 contract, for which the Court already entered summary judgment in Sabre's favor based on the statute of limitations; and Section (f) seeks equitable relief, for which the Court already entered summary judgment in Sabre's favor based on the Settlement Agreement. *See* Second Am. Compl., July 7, 2015, ECF No. 315, at Prayer for Relief; Summ. J. Order, Jan. 6, 2015, ECF No. 242.

      **A.     US Airways' Request For Declaratory Relief Fails To Address A Live Case Or Controversy**

US Airways asserts that its claim for declaratory relief is "purely retrospective" and relates to "past injuries" as a result of its 2011 contract with Sabre.[2] US Airways' Conditional Waiver Br., May 22, 2015, ECF No. 298, at 6.  There is no dispute, however, that the parties' 2011 contract has expired.  *See* Sabre's Reply to the Parties' Statements of Undisputed Facts, Mar. 12, 2015, ECF No. 267, at Def.'s Reply to ¶ 104 (admitting US Airways operates under the May 1, 2014 Sabre/American Airlines agreement).  Any request for declaratory relief regarding the terms of the expired 2011 contract is thus moot because such a declaration would have no effect on the parties' current legal rights and relations.  *See, e.g.*, *Hollings v. TransactTools, Inc.*, 03 CIV. 4523 (JSR), 2004 WL 1276821, at *2 (S.D.N.Y. June 9, 2004) (holding request for declaratory relief moot where term of non-compete agreement had expired).

This Court's jurisdiction is limited to actual cases or controversies.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) ("As this Court has explained, '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" (citations omitted)).  Declaratory relief "is available only for a concrete case admitting of an *immediate and definite* determination of the legal rights of the parties."  *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 408 (S.D.N.Y. 2012) (citation omitted).  As the Supreme Court and the Second Circuit have made clear, "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Alvarez v. Smith*, 558 U.S.

---

[2] US Airways has shifted its position on this point, apparently realizing that the Settlement Agreement between American Airlines and Sabre also bars any possibility of prospective relief.  Prior to taking the position that its request for declaratory relief was "purely retrospective," US Airways proposed a prospectively-oriented declaration to protect against "future" harm.  *See, e.g.*, Ltr. from C. Diamond, May 13, 2015, ECF No. 291.

87, 92 (2009) (citation omitted); *accord Stokes v. Village of Wurtsboro*, 818 F.2d 4, 5 (2d Cir. 1987) (finding a claim for declaratory relief moot even though the plaintiffs "may have had a viable claim for declaratory relief at the time their suit was filed").

When, like here, a party's claim has become moot—regardless of whether it was originally justiciable—the Court no longer has subject matter jurisdiction over the claim and dismissal is required. *See, e.g.*, *Velvet Underground*, 890 F. Supp. 2d at 404-05 (dismissing plaintiff's copyright claim pursuant to Fed. R. Civ. P. 12(b)(1) because defendant's covenant not to sue mooted any live controversy between the parties); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[3]

US Airways admits, at least implicitly, that its claim for declaratory relief is moot. US Airways has never argued that its claim for declaratory relief—standing alone—addresses a live claim or controversy between the parties. Instead, US Airways has tried to save its declaratory relief claim by asserting that it survives "as a predicate for damages," relying on *Powell v. McCormack*, 395 U.S. 486 (1969). US Airways' Conditional Waiver Br., ECF No. 298, at 3; US Airways' Conditional Waiver Reply Br., ECF No. 304, at 2-5. US Airways made its position clear when questioned by the Court:

> The Court: But why isn't that question moot? Because that contract is expired.

---

[3] In its reply brief regarding its request for a conditional damages waiver, US Airways also asserted that its claim for declaratory relief is not moot because a component of its proposed declaration relates to an alleged past conspiracy among the GDSs. *See* US Airways' Conditional Waiver Reply Br., June 1, 2015, ECF No. 304, at 1. Shifting its declaratory relief claim from the expired 2011 contract to an alleged past conspiracy does not save US Airways' claim. US Airways admits that its claim for declaratory relief (however styled) "addresses only the lawfulness of Sabre's *pre-settlement* conduct." *Id*. at 7. The lawfulness of conduct that occurred years ago, however, does not present a live controversy that impacts the parties' current legal rights.

4

> Mr. Diamond: Well, ***because we have a damage claim*** and in our opening letter to you, the letter of –
>
> The Court: Well, the damage claim may not be moot but why isn't the declaratory judgment claim as to the 2011 contract moot?
>
> Mr. Diamond: Because Judge Motley of your Court, at least two Circuit Courts and the United States Supreme Court has held that ***declaratory relief is available*** even when changed circumstances would otherwise moot the controversy. ***If the plaintiff is seeking damages*** in any amount including nominal damages we cited to you Judge Motley's opinion in Lane v. Reid.

5/15/15 Hr'g Tr. 6:8-20 (emphases added).

As Sabre has previously shown, US Airways' interpretation of *Powell* is incorrect—a party cannot salvage an otherwise moot declaratory judgment claim by asserting it as a predicate to a free-standing damages claim. *See* Sabre's Conditional Waiver Resp. Br., May 29, 2015, ECF No. 301, at 5-9. Supreme Court precedent requires that each claim *independently* satisfy the case or controversy requirement. *DaimlerChrysler*, 547 U.S. at 341, 352-54. And US Airways' assertion that a defunct declaratory judgment claim survives as a predicate to damages is inconsistent with established Second Circuit precedent. *See, e.g.*, *Dean v. Blumenthal*, 577 F.3d 60, 65-66 (2d Cir. 2009) (finding a claim for declaratory relief moot because it related to a policy that was no longer in force despite the presence of a live damages claim); *Stokes*, 818 F.2d at 5-6 (dismissing a request for declaratory relief related to the enforcement of certain water policies as moot while allowing the plaintiff to proceed with a § 1983 claim for damages).

Moreover, even under US Airways' interpretation of *Powell*, Sabre's Rule 68 offer of judgment—upon which the Court may enter judgment—resolves any damages claim. US Airways' argument that its request for declaratory relief must survive as a necessary "predicate to damages" thus disappears. US Airways' damages claims are fully satisfied by Sabre paying

5

$20 along with reasonable costs and attorneys' fees, thus eliminating the need for any damages "predicate"—declaratory or otherwise. Even by its own reasoning, therefore, US Airways' request for declaratory relief is now moot.

The cases on which US Airways relies illustrate the point. US Airways has devoted significant attention, for instance, to the district court's opinion in *Lane v. Reid*, 559 F. Supp. 1047 (S.D.N.Y. 1983). The *Lane* court stated that "in a case where the complained of conduct has ceased, declaratory relief survives a mootness challenge only insofar as it seeks to declare a set of legal relations which attributes legal liability for damages to the party against whom the relief is sought." *Id.* at 1052. Finding that the request for declaratory relief related only to past conduct, the *Lane* court dismissed as moot the plaintiff's request for declaratory relief because no damages were stated in the complaint. *Id*. Absent an available claim for damages, the declaratory relief claim was a predicate to nothing and the court found it was "powerless under Article III to entertain [the] claim." *Id*. The same result follows here where Sabre is asking the Court to enter judgment against it on all monetary relief that US Airways seeks.

US Airways' interpretation of *Powell* leads to the same conclusion. US Airways argues that the *Powell* Court held that a defunct claim for declaratory relief could survive if it was "used as a predicate for further relief." 395 U.S. at 499. Sabre's Rule 68 offer, however, provides US Airways with all "further relief" sought. US Airways' Conditional Waiver Reply Br., ECF No. 304, at 7 (admitting that US Airways' "declaratory relief claim only addresses Sabre's conduct giving rise to damages"). Even if US Airways' interpretation of *Powell* is accepted, its request for declaratory relief is moot.[4]

---

[4] As a procedural matter, the Court can determine that US Airways' claim for declaratory relief is moot as a matter of law, and then enter final judgment on US Airways' remaining damages claim pursuant to the terms of Sabre's Rule 68 offer. Alternatively, the Court can first enter

6

US Airways' request for declaratory relief no longer addresses a live controversy between the parties. Sabre respectfully requests that the Court dismiss US Airways' request for declaratory relief as moot pursuant to Fed. R. Civ. P. 12(h)(3).[5]

### B.      The Settlement Agreement Bars Any Proposed Prospective Relief

Although US Airways now characterizes the declaration it seeks as "purely retrospective," Sabre expects US Airways may nevertheless attempt to salvage the justiciability of its claim by arguing that its proposed declaration is necessary to provide collateral estoppel effect in defining the *future* rights and relations between the parties.

For instance, US Airways admits that it is seeking declaratory relief because it views such relief as "the only *forward-looking* means at US Airways' disposal" to address the alleged conduct. Ltr. from C. Diamond, May 13, 2015, ECF No. 291, at 2 (emphasis added). In fact, US

---

judgment on US Airways' damages claim pursuant to Sabre's offer, which would moot any remaining claim for declaratory relief even under US Airways' "predicate to damages" theory. *See* Fed. R. Civ. P. 54(b); *Maximo v. 140 Green Laundromat*, No. 14-CIV-6984(KPF), 2015 WL 4095248 (S.D.N.Y. July 7, 2015) (entering judgment on a claim for damages pursuant to a Rule 68 offer and then dismissing remaining state law claims because there was no longer a basis to exercise supplemental jurisdiction after the court dismissed the federal damages claim). Given that Sabre consents to a judgment that redresses all of US Airways' claimed damages, the Court may give that consent effect and enter final judgment regardless of the exact procedural ordering. *See, e.g.*, *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, No. 01 CIV. 5661 (DC), 2005 WL 774281, at *2 n.1 (S.D.N.Y. 2005) (when a defendant has clearly expressed a willingness to have judgment entered against it, the precise form of the request is "irrelevant").

[5] Even if the lack of a current case or controversy did not *require* dismissal (it does), the fact that US Airways acknowledges that its request for declaratory relief is "purely retrospective" suffices for the Court to exercise its discretion to dismiss that claim. "[F]ederal courts have unique and substantial discretion in deciding whether to declare the rights of litigants . . . ." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Int'l Wire Grp., Inc.*, No. 02-Civ-10338 (SAS), 2003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003) (citation omitted). One element of that discretion is ensuring that the declaratory relief sought serves the purpose of the Declaratory Judgment Act. Declaratory relief, however, is intended to afford relief from uncertainty, and courts in this jurisdiction have found that "there is no basis for declaratory relief where only past acts are involved." *Id*. at *5 (declining to grant declaratory relief because "the instant suit is not necessary to clarify and settle the legal relations of the parties or to afford relief from uncertainty").

Airways made clear that it seeks declaratory relief solely for the same *prospective* purpose injunctive relief would serve. *Id*.

But as US Airways' own belated attempts to re-characterize its proposed declaration as purely backward-looking demonstrate, the Settlement Agreement bars US Airways from seeking any such prospective relief in this case:

> American agrees that it will not seek relief (or provide financial support to, or voluntarily provide information to, any private third party in doing so) against any person or entity under any antitrust, competition, or similar law in any jurisdiction, with respect to: . . . (y) any injury allegedly suffered during the period from the Execution Date through seven (7) years following the Effective Date resulting from the provisions or terms of any other agreement between Sabre and American to the extent that those provisions or terms are the same or substantially similar to provisions and terms in the Related Agreements or the Sabre PCA . . .

Settlement Agreement, 5.1.5(y), ECF No. 259-28; *see also id*. 5.1.5(z). The Court should reject US Airways' blatant attempt to end-run the Settlement Agreement—and this Court's prior ruling enforcing it—by simply labeling its request for prospective relief as "declaratory" rather than "injunctive."[6]

## II.  The Court Should Enter Judgment Pursuant To The Terms of Sabre's Rule 68 Offer

It is not worth the Court's or the parties' time or effort to litigate an antitrust claim for $20 in past damages related to an expired contract. Sabre's offer of judgment provides US Airways with all the relief it would be entitled to under Second Circuit precedent. The Court, therefore, should enter judgment pursuant to the terms of Sabre's Rule 68 offer.

---

[6] In addition to being barred by the Settlement Agreement, to the extent the relief US Airways seeks is aimed at resolving potential *future* conflicts or negotiations between the parties, it still would not create a live case or controversy addressable by this Court. *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 356 (S.D.N.Y. 2002).

When a defendant makes a Rule 68 offer of judgment that provides a plaintiff with complete relief, "the typically proper disposition . . . is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer." *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013); *see also McCauley v. Trans Union, LLC*, 402 F.3d 340, 342 (2d Cir. 2005) (remanding the case for the entry of judgment against the defendant based on a tendered Rule 68 offer). So long as the judgment provides the plaintiff complete relief, the court should enter judgment regardless of whether plaintiff consents. *See Cabala*, 736 F.3d at 228; *Hepler v. Abercrombie & Fitch Co.*, No. 14-4113-CV, __ F. App'x __, 2015 WL 3823883, at *1 (2d Cir. June 22, 2015) ("If the offer tenders *complete* relief, the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent."). Entry of judgment pursuant to a Rule 68 offer terminates a plaintiff's case. *See McCauley*, 402 F.3d at 342 ("Such a judgment would remove any live controversy from the case and render it moot.").

The precise form of a defendant's Rule 68 offer is irrelevant in determining whether entry of judgment is appropriate. *See Doyle v. Midland Credit Mgmt.*, 772 F.3d 78, 81 (2d Cir. 2013) (holding that entry of judgment was appropriate despite the fact that defendant's oral offer did not satisfy the requirements of Rule 68); *Hepler*, 2015 WL 3823883, at *1 n.1 (noting that a proposed offer of judgment "need not comply with the requirements of Federal Rule of Civil Procedure 68" for the court to enter judgment). The pertinent question is instead whether entry of judgment will afford the plaintiff complete relief.

Whether an offer affords complete relief is determined by examining the claims that remain available to the plaintiff in light of the court's rulings throughout the course of the litigation. *See, e.g.*, *ABN Amro Verzekeringen BV v. Geologistics, Inc.*, 485 F.3d 85 (2d Cir.

2007) (holding that entry of judgment against defendant for $50 afforded complete relief even though plaintiff continued to assert a right to recover $500,000 that the district court denied on a motion for summary judgment); *Weiss v. Fein, Such, Kahn & Shepard P.C.*, No. 01-CIV-1086-AGS, 2002 WL 449653, at *3 (S.D.N.Y. Mar. 22, 2002) (holding that a Rule 68 offer afforded complete relief even though it did not address plaintiff's request for an injunction because injunctive relief was otherwise unavailable). Given that US Airways' request for declaratory relief is moot, the only remaining available relief US Airways seeks is $20 in damages related to the 2011 contract and the alleged GDS conspiracy. *See* Second Am. Compl., July 7, 2015, ECF No. 315, Prayer for Relief c. Sabre's proposed judgment provides US Airways with the $20 it seeks as well as reasonable costs and attorneys' fees in an amount to be determined by the Court. This is all of the relief that US Airways would be entitled to under Second Circuit precedent.

Finally, US Airways cannot avoid this result by arguing that the terms of Sabre's offer do not include future collateral effect, while a judgment following a trial might. The Second Circuit has made clear that entry of judgment pursuant to the terms of a Rule 68 offer is appropriate and provides the plaintiff with complete relief even though it has no collateral effect. *See Abrams v. Interco Inc.*, 719 F.2d 23, 33 n.9 (2d Cir. 1983) (entering judgment pursuant to a Rule 68 offer despite the fact that the it would have "no *stare decisis* or collateral estoppel effect in other cases"); *ABN Amro*, 485 F.3d at 93 ("Where a defendant has consented to judgment for all of the relief the plaintiff can win at trial (according to the trial court's determination), the defendant's refusal to admit fault does not justify a trial to settle questions which can have no effect on the

judgment."); *McCauley*, 402 F.3d at 341 ("It is clear that Trans Union's unwillingness to admit liability is insufficient, standing alone, to make this case a live controversy.").[7]

The Court should enter judgment pursuant to Sabre's Rule 68 offer because Sabre's offer provides US Airways with complete relief on its remaining available claims.

**III.   The Court Should Enter Final Judgment**

US Airways' claims for declaratory relief and nominal damages are the only outstanding claims left in this litigation. Thus, dismissal of US Airways' declaratory relief claim as moot and entry of judgment against Sabre on US Airways' nominal damages claim resolves everything that remains in dispute between the parties. Entry of final judgment is warranted.[8]

## CONCLUSION

Pursuant to Fed. R. Civ. P. 12(h)(3), Sabre respectfully requests that the Court dismiss US Airways' request for declaratory relief as moot. Sabre further requests that the Court enter judgment against Sabre pursuant to the terms of its Rule 68 offer to US Airways including judgment (1) against Sabre without an admission of liability on all of US Airways' remaining, available claims, (2) for $20 in damages, and (3) for reasonable costs and attorneys' fees in an amount to be determined by the Court. The entry of final judgment is now warranted.

---

[7] US Airways has suggested that one benefit of declaratory relief would be to "spawn follow-on actions" by other airlines against Sabre. US Airways' Conditional Waiver Reply Br., June 1, 2015, ECF No. 304, at 8. In addition to violating the parties' Settlement Agreement as described above, the Second Circuit has expressly rejected the notion that a party's interest in fueling third party litigation is sufficient to avoid entry of judgment. *Abrams*, 719 F.2d at 33 n.9 ("However, we know of no principle that a plaintiff must be allowed to pursue litigation in which he no longer has an interest merely because it could benefit others.").

[8] Entry of final judgment is appropriate even though attorneys' fees remain to be determined. *See Abrams*, 719 F.2d at 26-27; *see also Matsumura v. Benihana Nat'l Corp.*, No. 06-CIV-7609 (NRB), 2014 WL 1553638, at *6 (S.D.N.Y. 2014) (deferring consideration of reasonable attorneys' fees does not prevent judgment from being considered final for purposes of appeal).

12

July 17, 2015

Chris Lind
Andrew MacNally
BARTLIT BECK HERMAN PALENCHAR &
   SCOTT LLP
Courthouse Place
54 West Hubbard
Chicago, IL  60654
Phone:  (312) 494-4400
Fax:  (312) 494-4440
chris.lind@bartlit-beck.com
andrew.macnally@bartlit-beck.com


Karma M. Giulianelli
Sean C. Grimsley
BARTLIT BECK HERMAN PALENCHAR &
   SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, Colorado  80202
Phone:  (303) 592-3100
Fax:  (303) 592-3140
karma.giulianelli@bartlit-beck.com
sean.grimsley@bartlit-beck.com

Respectfully submitted,

*/s/ George S. Cary*
George S. Cary
Steven J. Kaiser
Kenneth Reinker
Bradley Justus
Carl Lawrence Malm
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone:  (202) 974-1500
Fax:  (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
kreinker@cgsh.com
bjustus@cgsh.com
lmalm@cgsh.com

Lev Dassin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Phone:  (212) 225-2000
Fax:  (212) 225-2999
ldassin@cgsh.com

Joseph Kattan, PC
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 955-8500
Fax: (202) 467-0539
JKattan@gibsondunn.com