UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US Airways, Inc.<br><br>        Plaintiff,<br><br>    v.<br><br>Sabre Holdings Corporation;<br>Sabre GLBL Inc.;<br>Sabre Travel International Limited,<br><br>        Defendants. | Civ. A. No. 1:11-cv-02725-LGS<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF SABRE'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO SABRE'S CONTRACTS WITH THIRD PARTIES**

Sabre files this motion *in limine* to preclude US Airways from introducing evidence or argument that Sabre's contractual agreements with third parties, including travel agents, third-party developers and other airlines, are anticompetitive or unreasonably restrain trade.

In the only two counts of US Airways' Complaint remaining in this case, US Airways alleges that Sabre violated Section 1 of the Sherman Act.  Section 1 prohibits agreements that unreasonably restrain trade.  Specifically, US Airways alleges that four specific provisions of the parties' now-expired Agreement are anticompetitive under Section 1.  US Airways does not claim that Sabre's agreements with third parties violate the antitrust laws.

As US Airways has acknowledged, "US Airways' complaint now seeks two types of relief: damages and a declaratory judgment under 28 U.S.C. § 2201 to the effect that ***the Contractual Restraints*** Sabre has imposed are unreasonably anticompetitive and violate Section 1 of the Sherman Act."  US Airways' Opp'n to Sabre's Mot. for Entry of Judgment, July 31, 2015, ECF No. 329, at 3 (emphasis added).

The Court has defined the "Contractual Restraints" about which US Airways complains to include only "the 'Full Content' provision, the 'No Direct Connections' provision, the 'Parity' provision, and the 'No Surcharge' provision [in the parties' agreements], collectively referred to as the 'Contractual Restraints.'"  Summ. J. Op. & Order, Jan. 6, 2015, ECF No. 245, at 6.[1]

US Airways has likewise made clear that the "Contractual Restraints" about which it complains are limited to these four provisions.  For instance, in its proposed request for declaratory relief, US Airways requests relief related only to the "Contractual Restraints (as

---

[1] It is not surprising that US Airways does not challenge Sabre's agreements with third parties under the antitrust laws. Courts have expressly held that the volume and share incentives—like those in Sabre's agreements with travel agencies—are not anticompetitive. *Virgin Atlantic Airways Ltd. v. British Airways PLC*, 257 F.3d 256, 263-65 (2d Cir. 2001) (holding that incentive agreements are not subject to Section 1 and that, even if they were, the agreements would not violate Section 1).

1

defined in the Court's summary judgment order)." C. Diamond Letter to Judge Schofield Regarding US Airways' Request for Declaratory Relief, May 13, 2015, ECF. No. 291, at 1.

Although US Airways does not contend Sabre's agreements with third parties are anticompetitive under the antitrust laws, its experts spend pages in their recently-submitted direct testimony affidavits complaining about Sabre's agreements with travel agents and third-party developers who seek to use the Sabre GDS. *E.g.*, Stiglitz Direct Test. ¶¶ 107-14 (referring to "Sabre's anti-competitive contracts with its travel agents"); Reynolds Direct Test. ¶¶ 60-67 (discussing Sabre's third-party authorized developer agreements). The testimony that these third-party contracts are either anticompetitive or unreasonably restrain trade, and other evidence or argument to the same effect, should be excluded under Federal Rules of Evidence 401, 402 and 403 because US Airways has no legal claim challenging these agreements. Nor are these agreements relevant to US Airways' conspiracy claim against Sabre.

Allowing such evidence or argument would require several trials-within-a-trial in which Sabre would have to defend numerous agreements that US Airways does not contend violate the antitrust laws. For instance, allowing US Airways to present evidence that the authorized developer provisions are an unreasonable restraint of trade would require Sabre to present evidence that such agreements are procompetitive because they prevent free riding on the Sabre system, and that they do not anticompetitively exclude equally efficient competitors because such competitors (if they were equally efficient) would not need access to Sabre's resources for free in order to compete. The extensive evidence that would be required to defend these agreements with third parties—agreements that are not challenged as unreasonable restraints of trade in this case—would be a substantial waste of judicial resources and would unduly delay the trial. *See, e.g., Park West Radiology v. CareCore Nat. LLC.*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009) (excluding evidence to avoid "a multi-ringed sideshow of mini-trials on collateral issues

pertaining to the conduct and relationships of third parties that may have only tangential bearing, if at all, to the issues and claims disputed in this case") (internal quotation and citation removed).

## CONCLUSION

For the foregoing reasons, Sabre requests that the Court preclude US Airways from introducing evidence or argument that Sabre's contractual agreements with third parties, including travel agents, third-party developers and other airlines, are anticompetitive or unreasonably restrain trade.

| | |
|---|---|
| August 25, 2015 | Respectfully submitted, |
| | */s/ Steven J. Kaiser* |

Chris Lind
Andrew MacNally
Brian C. Swanson
Rebecca T. Horwitz
BARTLIT BECK HERMAN PALENCHAR &
   SCOTT LLP
Courthouse Place
54 West Hubbard
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
chris.lind@bartlit-beck.com
andrew.macnally@bartlit-beck.com
brian.swanson@bartlit-beck.com
rebecca.horwitz@bartlit-beck.com

Karma M. Giulianelli
Sean C. Grimsley
BARTLIT BECK HERMAN PALENCHAR &
   SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
karma.giulianelli@bartlit-beck.com
sean.grimsley@bartlit-beck.com

George S. Cary
Steven J. Kaiser
Kenneth Reinker
Bradley Justus
Carl Lawrence Malm
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
kreinker@cgsh.com
bjustus@cgsh.com
lmalm@cgsh.com

Lev Dassin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Phone: (212) 225-2000
Fax: (212) 225-2999
ldassin@cgsh.com

Joseph Kattan, PC
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 955-8500
Fax: (202) 467-0539
JKattan@gibsondunn.com