UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US Airways, Inc.<br><br>            Plaintiff,<br><br>    v.<br><br>Sabre Holdings Corporation;<br>Sabre GLBL Inc.;<br>Sabre Travel International Limited,<br><br>            Defendants. | Civ. A. No. 1:11-cv-02725-LGS<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF SABRE'S MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS WITH PROFANE LANGUAGE**

Sabre files this motion *in limine* to preclude US Airways from introducing or referencing certain irrelevant and unduly prejudicial evidence. During discovery Sabre produced a handful of emails that contain particularly offensive and profane language. The emails at issue have nothing to do with US Airways and have no relevance to any issue in the case. They should be excluded for that reason alone. Moreover, US Airways' only purpose in offering such evidence would be to harass Sabre and portray it in a generally negative light in open-court. Thus, to the extent such documents were found to have any possible relevance, the prejudice to Sabre of allowing such evidence would far outweigh any remote relevance. Accordingly, the emails at issue should be excluded under Federal Rules of Evidence 401, 402, and 403.

Despite their lack of relevance, US Airways has indicated it may offer these documents at trial. For instance, US Airways asked Sabre to stipulate to the authenticity of at least one of these documents, and it previously attempted to include the same document and language in the summary judgment record. In an effort to avoid burdening the Court with this issue, prior to filing this motion Sabre asked US Airways whether it intended to offer these documents into evidence at trial, and if so whether it would agree to redact the profanity. US Airways refused to tell Sabre whether it intended to include these exhibits on its exhibit list. It also refused to agree to redact the profanity if it does offer the documents. Therefore, Sabre had no choice but to bring this motion *in limine* in anticipation of US Airways' attempt to introduce these documents into evidence.

Federal Rules of Evidence 401 and 402 direct that these irrelevant e-mails not be introduced into evidence. "Irrelevant evidence is not admissible," and evidence is relevant only if (1) "it has a tendency to make a fact more or less probable than it would be without the evidence," and (2) "that fact is of consequence in determining the action." Fed. R. Evid. 401, 402; *see also*

*United States v. Kaplan*, 490 F.3d 110, 120-21 (2d Cir. 2007). The emails at issue do not relate to US Airways or any fact of consequence in determining this action.

Even if the Court could find that these documents had some remote relevance (they do not), they are inadmissible under Rule 403 because the prejudice to Sabre, and the waste of this Court's time and resources, outweighs any possible relevance. Fed. R. Evid. 403 (relevant evidence "may be excluded if its probative value is substantially outweighed by . . . unfair prejudice . . . undue delay, waste of time, or needless presentation of cumulative evidence"). The only reason US Airways could want to introduce the offensive language into the record would be to paint Sabre in a bad light in a public forum. There is no other reason to offer the profane portions of the documents.

At a minimum, the profane language should be redacted before introducing the documents into the public record. *See United States v. Amodeo*, 71 F.3d 1044, 1050-1051 (2d Cir. 1995) ("courts have the power to insure that their records are not used to gratify private spite or promote public scandal, and have refused to permit their files to serve as reservoirs of libelous statements for press consumption." (internal quotation and citation removed)). Without addressing the relevancy of the evidence, this is the approach the Court took in the summary judgment proceedings—ordering redaction of the offensive language in the email US Airways sought to introduce. Order Granting Redactions of the Summary Judgment Briefing at 2, Mar. 4, 2015, ECF No. 250.

Sabre does not attach to this motion any of the specific documents at issue or a proposed order because it does not yet know which documents, if any, US Airways intends to offer. To the extent US Airways includes any of these documents on its exhibit list, Sabre will supplement this motion to address the specific documents US Airways intends to offer and include a proposed order at that time. .

| | |
|---|---|
| August 25, 2015 | Respectfully submitted, |
| | */s/ Steven J. Kaiser* |
| Chris Lind | George S. Cary |
| Andrew MacNally | Steven J. Kaiser |
| Brian C. Swanson | Kenneth Reinker |
| Rebecca T. Horwitz | Bradley Justus |
| BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP | Carl Lawrence Malm |
| Courthouse Place | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 54 West Hubbard | 2000 Pennsylvania Avenue, NW |
| Chicago, IL 60654 | Washington, DC 20006 |
| Phone: (312) 494-4400 | Phone: (202) 974-1500 |
| Fax: (312) 494-4440 | Fax: (202) 974-1999 |
| chris.lind@bartlit-beck.com | gcary@cgsh.com |
| andrew.macnally@bartlit-beck.com | skaiser@cgsh.com |
| brian.swanson@bartlit-beck.com | kreinker@cgsh.com |
| rebecca.horwitz@bartlit-beck.com | bjustus@cgsh.com |
| | lmalm@cgsh.com |
| Karma M. Giulianelli | Lev Dassin |
| Sean C. Grimsley | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP | One Liberty Plaza |
| 1899 Wynkoop Street, 8th Floor | New York, NY 10006 |
| Denver, CO 80202 | Phone: (212) 225-2000 |
| Phone: (303) 592-3100 | Fax: (212) 225-2999 |
| Fax: (303) 592-3140 | ldassin@cgsh.com |
| karma.giulianelli@bartlit-beck.com | |
| sean.grimsley@bartlit-beck.com | Joseph Kattan, PC |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, DC 20036-5306 |
| | Phone: (202) 955-8500 |
| | Fax: (202) 467-0539 |
| | JKattan@gibsondunn.com |