UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
US AIRWAYS, INC.,                                           :
                                              Plaintiff,    :
                                                            :   11 Civ. 2725 (LGS)
                      -against-                             :
                                                            :   **OPINION AND ORDER**
SABRE HOLDINGS CORP., SABRE TRAVEL                          :
INTERNATIONAL LTD., SABRE GLBL INC.,                        :
                                              Defendants.   :
                                                            :
------------------------------------------------------------X

```
┌─────────────────────────┐
│ USDC SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #:_____│
│ DATE FILED: 9/4/15      │
└─────────────────────────┘
```

LORNA G. SCHOFIELD, District Judge:

In this antitrust suit, Plaintiff US Airways, Inc. ("US Airways") alleges that Sabre GLBL Inc., Sabre Holdings Corp. and Sabre Travel International Ltd. (collectively, "Sabre") unlawfully charged US Airways inflated airline booking fees and conspired with Sabre's competitors to restrain trade. Before the Court is Sabre's motion for an order dismissing US Airways' request for declaratory relief and entering judgment in favor of US Airways pursuant to Sabre's offer of judgment under Federal Rule of Civil Procedure 68. For the reasons below, Sabre's motion to dismiss US Airways' request for declaratory judgment is GRANTED, and Sabre's motion to enter judgment in favor of US Airways pursuant to Sabre's Rule 68 offer of judgment is DENIED without prejudice to renewal.

**I.     BACKGROUND**

For purposes of this motion, the relevant facts and procedural history are as follows.[1] Sabre is one of three Global Distribution System ("GDS") operators in the United States. GDSs are computerized networks used by travel agencies to search for and book flights offered by

---

[1] The facts of this case and its procedural history are extensively discussed in prior opinions. *See US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, 2015 WL 3826348 (S.D.N.Y. June 19, 2015); *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, 2015 WL 997699 (S.D.N.Y. Mar. 5, 2015); *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, --- F. Supp. 3d ----, 2015 WL 2405569 (S.D.N.Y. Jan. 6, 2015).

multiple airlines.  Sabre is the largest GDS and controls over 50 percent of the relevant market, defined by US Airways as "GDS services in the U.S. that provide traditional travel agents the ability to search and book air travel on participating airlines by linking the airline and the agent in a manner that informs the agent of the airline's flight availabilities and enables the airline to receive the travel agents' bookings."  In this action, US Airways asserts that Sabre has used various unlawful means, primarily contractual, to maintain its market power and hamper the success of GDS new entrants and airline websites attempting to sell fares directly.

### A.     US Airways' Remaining Claims After Summary Judgment

Following summary judgment, US Airways' surviving claims are limited to violations of section 1 of the Sherman Act, 15 U.S.C. § 1, for (1) vertical restraint of trade, which are restraints between firms in different segments of a market, as alleged in Count I, and (2) horizontal restraint of trade, which are restraints between firms in the same segment of a market, as alleged in Count IV.

In its claim of unlawful vertical restraint of trade, US Airways asserts that Sabre forced it to accept certain contractual provisions (the "Contractual Restraints") that eliminate competition in the relevant market and enable Sabre to charge supracompetitive booking fees.  The agreement at issue became effective on February 23, 2011, and expired on April 23, 2014 (the "2011 Agreement").

As for the claim of unlawful horizontal restraint of trade, US Airways asserts that Sabre and other GDS operators conspired to limit competition among themselves, and expressly agreed not to compete on "content" (i.e., fares and amenities offered by the airlines), thereby entrenching their collective dominance in the relevant market.

Pursuant to the Opinion dated January 6, 2015 ("Summary Judgment Opinion"), US Airways' claims before February 23, 2011, are barred by the statute of limitations, and its claims

after October 30, 2012, are barred by the settlement agreement between Sabre and AMR Corporation ("AMR"), the parent company of American Airlines (the "Settlement Agreement"). US Airways Group merged with AMR, and US Airways is now bound by the Settlement Agreement and cannot seek relief for any alleged harm suffered after October 30, 2012, through December 19, 2019.  The Summary Judgment Opinion also limits US Airways' surviving claims to declaratory relief, damages and costs.

### B. US Airways' Efforts to Obtain a Bench Trial

During a case management conference held on April 21, 2015, to set a jury trial schedule, US Airways stated that it was prepared to waive its remaining damages to secure a bench trial for declaratory relief.  US Airways subsequently estimated that its surviving money damages claim is approximately $70 million, or $210 million after trebling.  By letter dated May 13, 2015, US Airways listed declarations that it would request at the end of trial relating to Sabre's alleged vertical and horizontal restraints of trade, including the following:

- Sabre has preserved its market power through the imposition of Contractual Restraints on its network airline customers;

- The Contractual Restraints unreasonably restrain competition such that any procompetitive effects of the Contractual Restraints are outweighed by their anticompetitive consequences;

- Sabre and its principal competitors in the relevant market have agreed not to compete for the right to distribute particular airline flights and fares, thereby preventing US Airways from pitting distributors against one another in a manner that would have undermined Sabre's market powers; and

- As a consequence of Sabre's exercise of market power in the relevant market and the restraints it has imposed on competition, US Airways has been harmed in its business and property.

On May 22, 2015, US Airways sought a court order that would require a bench trial and preclude a jury trial. In this regard, US Airways made two requests. First, it asked that its claim for declaratory relief be found "justiciable." Second, US Airways requested that its complaint be "deemed amended to waive" all surviving claims for money damages "in excess of $20 post-trebling." With respect to the second request, US Airways sought two provisos, that: (a) its amendment be "without prejudice" so that "US Airways[ ] may revive its full damages claim [if] the Court determines that US Airways must accept a Rule 68 offer of judgment that would deprive US Airways of a trial for declaratory relief"; and (b) the time for Sabre to make a Rule 68 offer of judgment be shortened from fourteen days prior to trial to "no later than thirty days after" the entry of an order permitting US Airways to waive damages without prejudice.

By Opinion and Order dated June 19, 2015 ("June 19 Opinion"), US Airways was granted leave to amend the operative complaint to waive damages in excess of $20 post-trebling, but without its requested provisos that the amendment be without prejudice to reinstating its damages claims and that the time for Sabre to make a Rule 68 offer of judgment be shortened. The June 19 Opinion reasoned that the requested provisos amounted to an advisory opinion and were not permissible under Federal Rule of Civil Procedure 15 as they were potentially futile and unduly prejudicial. The June 19 Opinion also declined to adjudicate the justiciability of the declaratory judgment claim as premature. In a separate order issued that same day, a jury trial was scheduled.

The June 19 Opinion did not provide US Airways with the protection that it sought, namely, an assurance that if it waived its claim of approximately $210 million in damages, US

Airways would have a justiciable declaratory judgment claim, subject to adjudication by the Court and not a jury.  Nevertheless, US Airways timely filed a Second Amended Complaint on June 26, 2015, waiving its remaining damages in excess of $20 on the surviving claims.  That complaint's principal requests for relief are for (1) nominal damages not to exceed $20 post-trebling and (2) declaratory judgment.  By Order dated June 30, 2015 ("June 30 Order"), the jury trial schedule was vacated and a bench trial was scheduled.  The June 30 Order also set a schedule for Sabre to make a Rule 68 offer of judgment and for US Airways to respond to any offer.  It further stated that, if US Airways rejected the Rule 68 offer, then Sabre could make a motion for entry of judgment and related motions, such as a motion to dismiss the declaratory judgment claim.

### C. Sabre's Rule 68 Offer of Judgment

On July 9, 2015, Sabre timely presented US Airways with an offer of judgment pursuant to Rule 68, whereby Sabre (1) "agrees to pay US Airways $20 plus reasonable costs and attorneys' fees incurred to date in an amount to be determined by the Court"; and (2) "agrees to the entry of judgment against Sabre on all remaining, available claims without an admission of liability."  US Airways rejected Sabre's offer on July 14, 2015.  Pursuant to the June 30 Order, Sabre brings the instant motion.

## II. DISCUSSION

Sabre seeks entry of judgment, asserting there is "no longer any basis for proceeding further on [US Airways'] claims."  In this regard, Sabre makes two arguments.  First, Sabre asserts that the request for declaratory relief is moot as it seeks a declaration as to the unlawfulness of past actions, and the Settlement Agreement bars any prospective relief.  Second,

Sabre argues that final judgment should be entered because its Rule 68 offer of judgment provides US Airways with complete relief.

### A. Declaratory Relief

US Airways' claim for declaratory judgment is moot. Even if this request for relief were not moot, the Court declines to permit this form of relief for the reasons discussed below.

#### 1. Mootness

US Airways' request for declaratory judgment is dismissed as moot. "Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies . . . ." *In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010). Under the doctrine of mootness, a court no longer has subject matter jurisdiction to grant the relief requested when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). Declaratory relief is available only when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).

The declaratory judgment sought by US Airways relates to past actions that will not impact the legal relations or rights of the parties. US Airways has stated that the declaratory judgment it seeks is "purely retrospective" and relates to "past injuries" (ECF No. 298), stemming from (1) an expired contract, which is the basis for its vertical antitrust claims, and (2) Sabre's pre-Settlement Agreement conduct that is the basis for its horizontal, GDS-

conspiracy claim.[2] The Summary Judgment Opinion likewise limits US Airways' claims against Sabre to conduct that occurred before October 30, 2012. The requested declaratory relief therefore is not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

In seeking a contrary result, US Airways argues that the parties' current contract contains the same illegal restraints that are challenged in the parties' now expired 2011 Agreement. However, US Airways cannot enforce in its current contract any rights that may be declared in this action; the current contract will end in approximately twenty-eight months -- two years before the expiration of Settlement Agreement's antitrust litigation bar in December 2019. A declaratory judgment would not impact the parties' current legal relationship and would be academic. Any potential impact that a declaratory judgment might have on the parties' future legal relationship in 2019 and later is just that -- potential and speculative. In order for a declaratory judgment claim to "satisfy the case-or-controversy requirement," the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc.,* 549 U.S. at 127 (citation omitted); *accord Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (per curiam) (stating declaratory judgment is available only to adjudicate a present right, and not for speculation regarding future injury). As US Airways' claim for declaratory relief is not based on a live case or controversy and will not impact the parties' legal relationship, it is moot.

---

[2] US Airways now asserts that the horizontal conspiracy is ongoing. As discussed in detail in the Summary Judgment Opinion, US Airways alleges that Sabre conspired with other GDSs to restrain trade by insisting on Contractual Restraints that prevent the airlines from providing favorable terms or fares to any of the GDSs. To the extent that the Contractual Restraints are the basis for the horizontal antitrust claim, the Settlement Agreement limits that claim to conduct that occurred before October 30, 2012.

US Airways relies on *Powell v. McCormack,* 395 U.S. 486 (1969), for the proposition that its claim for declaratory relief remains justiciable despite the termination of the 2011 Agreement, so long as a related nominal damages claim survives. US Airways' interpretation of *Powell* is inconsistent with Second Circuit cases decided after *Powell.* In a series of cases, the Second Circuit has affirmed decisions that dismissed declaratory judgment claims but has found that valid damages claims remain. *See, e.g.*, *Dean v. Blumenthal*, 577 F.3d 60, 65-66 (2d Cir. 2009) (affirming dismissal of declaratory judgment relief moot, but finding damages was not moot); *Stokes v. Village of Wurtsboro*, 818 F.2d 4, 5 (2d Cir. 1987) (affirming dismissal of declaratory judgment claim as moot, but reversing dismissal of damages claims); *McKenna v. Peekskill Hous. Auth.*, 647 F.2d 332, 333 (2d Cir. 1981) (affirming dismissal of declaratory judgment claim as moot, but reversing dismissal of damages claims). In *McKenna*, the Second Circuit cited *Powell* for the unexceptional proposition that "[t]he availability of either nominal or substantial damages is sufficient to prevent this case from becoming moot." *McKenna*, 647 F.2d at 335.

Finally, US Airways argues that its declaratory judgment claim is justiciable because of the "private attorney general role that antitrust plaintiffs play in our system of enforcement of the competition laws." This argument is incorrect. A request for declaratory judgment is moot if the dispute "is no longer embedded in any actual controversy about the *plaintiffs'* particular legal rights." *Alvarez v. Smith*, 558 U.S. 87, 93 (emphasis added). US Airways' argument that the interests of non-parties could sustain a request for declaratory judgment fails because the mootness analysis must focus on the relationship between the parties to the dispute. US Airways' request for declaratory relief is moot.

## 2. Discretionary Relief

Even if the Court had subject matter jurisdiction over US Airways' declaratory relief claim, a declaratory judgment is inappropriate in this case. The Declaratory Judgment Act provides, in relevant part, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "[F]ederal courts [have] unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also* 28 U.S.C. § 2201(a). In making such a determination, a court considers: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,* 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted).

The declaratory relief that US Airways seeks would serve neither of these two purposes. As US Airways seeks damages for the purported Sherman Act violations, a declaratory judgment "on the same issue[s] would be superfluous." *Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entm't Corp.*, No. 08 Civ. 1558, 2009 WL 577916, at *11 (S.D.N.Y. Mar. 2, 2009) (citation omitted), *aff'd*, 419 F. App'x 60 (2d Cir. 2011); *accord Intellectual Capital Partner v. Inst. Credit Partners LLC,* No. 08 Civ. 10580, 2009 WL 1974392, at *6 (S.D.N.Y. July 8, 2009) ("[D]eclaratory relief would serve no useful purpose as the legal issues will be resolved by litigation of the breach of contract claim.").

Moreover, "[t]here is no basis for declaratory relief where only past acts are involved." *Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp. 3d 601, 623 (S.D.N.Y. 2014) (citation omitted), *aff'd*, 607 F. App'x 123 (2d Cir. 2015). "Any damages that are due have already accrued" and therefore US Airways "will not avoid the accrual of avoidable damages" through a

9

retrospective declaration. *Gianni Sport Ltd. v. Metallica*, No. 00 Civ. 0937, 2000 WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000) (internal quotation marks omitted). Accordingly, the request for declaratory judgment is dismissed.

### B.      Rule 68 Offer

Sabre's motion for entry of judgment on its Rule 68 offer is denied without prejudice to renewal. Rule 68 allows a defendant to make an offer of judgment to a plaintiff. Fed. R. Civ. P. 68. If the offer tenders less than complete relief, the plaintiff is free to accept it or not. *Hepler* v. *Abercrombie & Fitch Co.,* 607 F. App'x 91, 92 (2d Cir. 2015) (summary order). If such an offer is accepted, the court must enter judgment accordingly and terminate the case; if such an offer is not accepted, the case proceeds as usual. *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200-01 (2d Cir. 2015).

"If the offer tenders *complete* relief, the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent." *Hepler*, 607 F. App'x at 92; *accord Tanasi*, 786 F.3d at 200-01; *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (per curiam). "A defendant offering judgment for complete relief is, in essence, submitting to the entry of default judgment." *Hepler*, 607 F. App'x at 92. "Just as a defendant may end the litigation by allowing default judgment, a defendant may always end the litigation by offering judgment for all the relief that is sought." *Id*.

Here, Sabre offered entry of judgment -- with no admission of liability -- for $20 in damages for US Airways' remaining antitrust claims, along with reasonable costs and attorneys' fees. Sabre's offer of judgment did not address US Airways' request for declaratory judgment.

US Airways asserts that "complete relief" means all the relief that a plaintiff was seeking at the time the offer of judgment was made. In particular, US Airways asserts that, until the declaratory judgment claim is dismissed, an offer of judgment that does not include declaratory

10

relief "is no offer at all." Under US Airways' argument, whether or not Sabre's offer on July 9, 2015, provides complete relief, there would be complete relief if such an offer is made now as the declaratory judgment relief is dismissed. Accordingly, Sabre's motion for entry of judgment on its July 9, 2015, offer is denied without prejudice to renewal.

## III.  CONCLUSION

For the foregoing reasons, Sabre's motion to dismiss US Airways' claim for declaratory judgment is GRANTED and Sabre's motion to enter judgment in favor of US Airways pursuant to Sabre's Rule 68 offer of judgment is DENIED without prejudice to renewal.

US Airways shall file a letter within one week of the date of this Opinion, stating whether or not it intends to move to amend its complaint to restore its full request for damages. If US Airways states that it does not intend to do so, then any offer of judgment pursuant to Rule 68 shall be made within one week of the filing of US Airways' letter. US Airways shall respond to the offer, with a copy to the Court filed on ECF, within one week of the offer. All other deadlines, the conference scheduled for September 10, 2015, and the trial scheduled to begin on October 26, 2015, are adjourned sine die.

The Clerk of Court is respectfully directed to close Dkt. No. 324.

SO ORDERED.

Dated:  September 4, 2015
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**