**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE

COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE:  (312) 494-4440

September 9, 2015

DENVER OFFICE

1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE:  (303) 592-3140

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

WRITER'S DIRECT DIAL:
(312) 494-4406
chris.lind@bartlit-beck.com

    Re:    *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725-LGS
            Response to US Airways' September 8, 2015 Letter (ECF No. 351)

Your Honor:

    I write in response to US Airways' September 8, 2015 letter, ECF No. 351, alerting the Court of its intent to seek leave to amend its complaint and requesting a scheduling conference.  There is no need for a scheduling conference at this time because Sabre will oppose any motion by US Airways to amend its complaint to reassert its waived damages claim.  Until that issue is resolved, no date for further proceedings should be considered.

    US Airways voluntarily chose to amend its complaint and to waive damages in an attempt to gain a perceived strategic advantage, with full knowledge of the potential consequences of its decision if the Court subsequently dismissed its declaratory judgment claim.  US Airways may not "unwaive" damages now.  Moreover, allowing US Airways to revive damages it intentionally and knowingly waived in an attempt to secure a bench trial would severely prejudice Sabre.  As the Court recognized in its June 19, 2015 Order, allowing US Airways to reassert its damages claim would be "unduly prejudicial to Sabre" and "would [] accomplish[] nothing, except the expenditure of time and money, and therefore would [be] entirely futile."  ECF No. 308 at 5.

    Sabre has spent the last five months—since US Airways announced its strategic decision to waive damages in April—and a tremendous amount of effort and money briefing and arguing US Airways' Motion to Pursue Declaratory Relief and to Conditionally Waive Damages, preparing expert direct declarations, preparing proposed findings of fact and conclusions of law, briefing its motion to dismiss US Airways' declaratory judgment claim and to enter judgment on Sabre's Rule 68 offer, and preparing other pre-trial filings necessitated solely by US Airways' conscious and strategic decision to waive its full damages claim.  Sabre cannot get that time or money back.

    Even worse, US Airways' procedural gambit forced Sabre to reveal its willingness to pay US Airways' recoverable attorneys' fees and costs, its trial strategy, its detailed expert testimony, how it intended to use specific documents, and what testimony it intended to elicit on direct *and* cross-examination of Sabre and US Airways witnesses—in the form of expert declarations and over 150 pages of detailed proposed findings of fact and conclusions of law laying out Sabre's entire case.  If US Airways had not waived its damages claim in its attempt to secure a bench trial, Sabre would not have had to do this.  US Airways should not now be in a *better position* for having decided to waive its full damages claim than it would have been otherwise.  As the Court previously recognized in

rejecting US Airways' earlier request to be able to revive its damages claim if its strategy did not pan out, US Airways' request is the kind of "procedural jockeying" that would give US Airways a "'heads I win, tails you lose'" advantage and would unduly prejudice Sabre. *Id.* at 5.

For these reasons and more, which Sabre will explain in detail in its opposition to any motion to amend that US Airways files, US Airways should not be allowed to amend its complaint to bring back a claim for damages that it intentionally and knowingly waived. The Court previously ruled that US Airways was *not* entitled "to amend without prejudice," and US Airways' attempt to do so now should be rejected. *Id.* at 2.

In any event, even if US Airways were allowed to amend its complaint, a trial could not go forward on the now-vacated October 26 date. Once US Airways files any motion to amend, Sabre will need time (Sabre proposes the customary 14 days under Local Rule 6.1) to file its opposition. And the Court will need to rule on the motion. That alone will bring the Court and parties close to, or potentially beyond, the now-vacated October 26 trial date. And Sabre should not be forced to expend additional money, time, and effort preparing for a trial that may not take place (and which Sabre continues to believe is not warranted) while US Airways' motion to amend is pending.

It is also premature to set a trial scheduling conference. If the Court were to grant US Airways' motion to amend, there are other outstanding issues that would need to be resolved before the parties prepare for any trial, including Sabre's objection to US Airways' attempts to introduce evidence relating to disputes between Sabre and other airlines that are in some cases over ten years old and Sabre's other motions *in limine*. And if US Airways is allowed to pursue its full damages claim before a jury, Sabre has additional *Daubert* motions and motions *in limine* that would need to be briefed and decided before trial. For example, if damages were at issue, Sabre would file further *Daubert* motions challenging US Airways' various and unsupported expert opinions regarding "but-for" booking fees, which are the basis for US Airways' legally unsustainable damages claims.

Moreover, upon receiving the Court's September 4, 2015 Order vacating the trial date, Sabre informed its legal team and a number of its expert and fact witnesses that they no longer needed to hold late October and November for trial and could schedule other business-related travel, which they have done.

Finally, Sabre has renewed its Rule 68 Offer of Judgment for $20 and reasonable attorneys' fees, serving US Airways with the renewed offer earlier today. As the Court recognized last week, with the declaratory judgment claim dismissed, Sabre's Rule 68 offer gives US Airways complete relief on its remaining claims. If US Airways rejects Sabre's offer, Sabre will re-file its Motion for Entry of Judgment in due course.

Sabre respectfully requests that the Court deny US Airways' request for a scheduling conference and allow time for the parties to fully brief and the Court to decide US Airways' motion to amend. The Court can then address any scheduling or other issues that remain after US Airways' motion to amend has been resolved.

                                                Sincerely,

                                                Chris Lind

cc: Counsel of Record