**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| US Airways, Inc.<br><br>            Plaintiff,<br><br>    v.<br><br>Sabre Holdings Corporation;<br>Sabre GLBL Inc.;<br>Sabre Travel International Limited,<br><br>            Defendants. | Civ. A. No. 1:11-cv-02725-LGS<br><br>ECF Case |

**SABRE'S MEMORANDUM OF LAW IN OPPOSITION TO US AIRWAYS'**
**MOTION FOR LEAVE TO AMEND**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION ........................................................................................................................... 1

PROCEDURAL HISTORY .............................................................................................................. 2

ARGUMENT .................................................................................................................................. 5

    I.     US Airways' Previous Motion Seeking the Right to Amend Its Complaint to Revive Damages if Sabre Made a Rule 68 Offer Was Denied with Prejudice ........................... 5

    II.    US Airways' Motion For Leave to Amend Its Complaint Should Be Denied Under Rules 15 and 16 .................................................................................................................. 6

        A.    Legal Standard ......................................................................................................... 6

        B.    US Airways Has Not Shown Good Cause for Amending Its Complaint ........ 8

        C.    US Airways' Lack of a Damages Claim Is the Result of Its Own Bad Faith and Dilatory Procedural Tactics ........................................................................... 9

        D.    Allowing US Airways to Revive the Damages Claim It Waived Would Unduly Prejudice Sabre ...................................................................................... 12

        E.    US Airways' Proposed Amendment Would Be Futile Because It Seeks To Revive Damages That US Airways Intentionally And Expressly Waived ....... 18

        F.    Justice Is Best Served By Denying US Airways' Motion ................................. 22

CONCLUSION ............................................................................................................................ 24

# TABLE OF AUTHORITIES

**Federal Cases**

*Acri v. International Ass'n. of Machinists & Aerospace Workers,*
    781 F.2d 1393 (9th Cir. 1986) ................................................................................... 11

*Benit v. Mercedes-Benz USA, LLC,*
    No. 2:06-cv-0336, 2007 WL 1025010 (S.D. Ohio Mar. 29, 2007) ................................ 8-10

*Blagman v. Apple, Inc.,*
    307 F.R.D. 107 (S.D.N.Y. 2015) .................................................................................... 7

*Bridgeport Music, Inc. v. Universal Music Group., Inc.,*
    248 F.R.D. 408 (S.D.N.Y. 2008) .................................................................................... 7

*City of Groton v. Connecticut Light & Power Co.,*
    84 F.R.D. 420, 423 (D. Conn. 1979), *aff'd*, 802 F.2d 443 (2d Cir. 1986). ..................... 14

*CL-Alexanders Laing & Cruickshank v. Goldfeld,*
    739 F. Supp. 158 (S.D.N.Y. 1990) ............................................................................... 12

*Dove v. Fordham University,*
    56 F. Supp. 2d 330 (S.D.N.Y. 1999) ............................................................................ 19

*Duckett v. Williams,*
    No. 14-cv-3065(RJS), 2015 WL 556630 (S.D.N.Y. Feb. 6, 2015) .................................... 6

*Earlie v. Jacobs,*
    745 F.2d 342 (5th Cir. 1984) ........................................................................................ 5

*Foman v. Davis,*
    371 U.S. 178 (1962) ................................................................................................ 7, 22

*Forrester v. Penn Lyon Homes, Inc.,*
    553 F.3d 340 (4th Cir. 2009) ....................................................................................... 17

*Friedman v. Transamerica Corp.,*
    5 F.R.D. 115 (D. Del. 1946) ................................................................................... 8, 12

*Gilmore v. Shearson/American Express, Inc.,*
    811 F.2d 108 (2d Cir. 1987), *overruled in part on other grounds, McDonnell Douglas Fin. Corp. v.*
    *Penn. Power & Light Co.*, 849 F.2d 761 (2d Cir. 1988) ................................................. 21

*Hirsch v. Citibank, North America*,
No. 12 Civ. 1124(DAB), 2014 WL 2745187 (S.D.N.Y. June 10, 2014), *aff'd*, 603 F. App'x
59 (2d Cir. 2015) .................................................................................................................21

*In re General Electric Co. Securities Litigation*,
No. 09 Civ. 1951-DLC, 2012 WL 2892376 (S.D.N.Y. July 12, 2012) .................................... passim

*Juicy Couture, Inc. v. L'Oreal USA, Inc.*,
No. 04 Civ. 7203(DLC), 2006 WL 1012939 (S.D.N.Y. Apr. 19, 2006) ...........................................19

*Knoll, Inc. v. Moderno, Inc.*,
No. 11 Civ 488 (AKH), 2012 WL 3613896 (S.D.N.Y. Aug. 22, 2012) ..................................... 6, 8-9

*Knowlton v. Viktron Ltd. Partnership*,
994 F. Supp. 128 (E.D.N.Y. 1998) ....................................................................................................7

*Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*,
145 F.3d 85 (2d. Cir. 1998) ..............................................................................................................7

*Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*,
No. 13-1476-cv, 2015 WL 4492258 (2d Cir. July 24, 2015) ..............................................................7

*Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*,
674 F.3d 369 (4th Cir. 2012) ...........................................................................................................22

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007) .............................................................................................................6

*McMahon v. Hodges*,
382 F.3d 284 (2d Cir. 2004) ...........................................................................................................20

*Miller v. New York City Department of Education*,
71 F. Supp. 3d 376, 381 (S.D.N.Y. 2014) ........................................................................................19

*Monahan v. New York City Department of Corrections*,
214 F.3d 275 (2d Cir. 2000) .............................................................................................................7

*Montalvo v. Sun Roc Corp.*,
179 F.R.D. 420 (S.D.N.Y. 1998) .....................................................................................................19

*Oneida Indian Nation of New York v. County of Oneida, New York*,
199 F.R.D. 61, 80 (N.D.N.Y. 2000) ..................................................................................................9

*Parker v. Columbia Pictures Industries*,
204 F.3d 326, 340 (2d Cir. 2000)......................................................................................................6

*Patel v. Contemporary Classics of Beverly Hills,*
 259 F.3d 123 (2d Cir. 2001) ................................................................................19

*PI, Inc. v. Quality Products, Inc.,*
 907 F. Supp. 752 (S.D.N.Y. 1995) .......................................................................11

*Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,*
 72 F.R.D. 556, 561 (S.D.N.Y. 1976).....................................................................7

*Roorda v. American Oil Co.,*
 446 F. Supp. 939 (W.D.N.Y. 1978) ......................................................................7

*Solis v. McKessen,*
 No. 1:05-cv-00345-LJO-GSA-PC, 2007 WL 4180215 (C.D. Cal. Nov. 26, 2007) ..........................7

*Sorenson ex. rel Sorenson v. City of New York,*
 No. 98 CIV. 3356(HB), 1999 WL 199066 (S.D.N.Y. Apr. 9, 1999) ....................................7

*St. Paul Fire & Marine Insurance Co. v. Universal Builders Supply,*
 409 F.3d 73 (2d Cir. 2005) ................................................................................19

*State Farm Mutual Automobile Insurance Co. v. CPT Medical Services, P.C.,*
 246 F.R.D. 143 (E.D.N.Y. 2007) ..........................................................................7

*State Trading Corp. of India v. Assuranceforeningen Skuld,*
 921 F.2d 409 (2d Cir. 1990) ...............................................................................9

*Summit Health, Inc. v. APS Bethesda, Inc.,*
 993 F. Supp. 2d 379 (S.D.N.Y. 2014).....................................................................19

*Trans Video Elecs., Ltd. v. Sony Elecs., Inc.,*
 278 F.R.D. 505 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012) ...........................9

*United States v. Robinson,*
 744 F.3d 293 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 225 (2014) .............................. 19-20

*United States v. Yu-Leung,*
 51 F.3d 1116 (2d Cir. 1995) ...............................................................................19

*US Airways, Inc. v. Sabre Holdings Corp.,*
 No. 11 CIV. 2725 LGS, 2015 WL 3826348 (S.D.N.Y. June 19, 2015) ..................................passim

*US Airways, Inc. v. Sabre Holdings Corp.,*
 No. 11 CIV. 2725 LGS, 2015 WL 5188812 (S.D.N.Y. Sept. 4, 2015) ...................................4, 22-23

*Vine v. Beneficial Finance Co.*,
   374 F.2d 627 (2d Cir. 1967) ................................................................................ 10-11

*Windsor Card Shops, Inc. v. Hallmark Cards, Inc.*,
   957 F. Supp. 562 (D.N.J. 1997) .............................................................................. 8-10

*Zisumbo v. Ogden Regional Medical Center.*,
   No. 1:10-CV-73 TS, 2013 WL 2444210, *aff'd*, --- F.3d ---, 2015 WL 5172860 (10th Cir.
   Sept. 4, 2015) ................................................................................................................ 11

**Federal Statutes**

Fed. R. Civ. P. 12 ......................................................................................................... 19

Fed. R. Civ. P. 15 ................................................................................................... passim

Fed. R. Civ. P. 16 .......................................................................................... 5-6, 8, 10

Fed. R. Civ. P. 68 ................................................................................................... passim

## INTRODUCTION

US Airways voluntarily and intentionally waived its damages claim in an attempt to gain a perceived strategic advantage, with full knowledge of the potential consequences of its decision.  In order to avoid a jury trial, US Airways informed the Court that it was "committed" to "put its money where its mouth is" and "formally waive" its damages claim.  It knew that its decision to waive damages would put its "entire lawsuit in jeopardy" and would "result in getting no trial at all" if the Court subsequently dismissed its declaratory judgment claim and Sabre made an offer of judgment. US Airways expressly acknowledged that if the Court denied its request for a "conditional" waiver, any subsequent waiver would be "irrevocable" and "the legal equivalent to Russian roulette."  With its eyes wide open to the very outcome it now faces, US Airways pulled the trigger and formally waived damages.  US Airways cannot "unwaive" its damages claim now simply because it does not like how its strategy played out.

US Airways' attempt to revive its full damages claim, therefore, is not a matter of "routine" amendment.  Rather, it is an unprecedented request to reverse a prior amendment because the strategy behind it failed.  *None* of the cases on which US Airways relies involve a party *intentionally waiving* a claim and then attempting to amend its complaint to revive that claim when its chosen strategy did not work.  Allowing US Airways to revive its damages claim now would put US Airways in the exact "heads I win, tails you lose" position the Court previously refused to allow because it would be "unduly prejudicial to Sabre."  In fact, allowing US Airways to reassert its damages claim would put it in a *better* position than had it never waived its damages claim—US Airways now has access to Sabre's settlement position, trial strategy, and witness testimony, all at Sabre's expense.  The Federal Rules of Civil Procedure were not meant to reward this kind of "procedural jockeying," particularly where the moving party knowingly and intentionally waived the claim at issue.  US Airways' motion to amend its complaint should be denied.

1

## PROCEDURAL HISTORY

At some point US Airways decided it did not want to try its case to a jury. It thus devised a strategy to manipulate the procedural and constitutional rules—by waiving its remaining damages claims—to force a bench trial. All the while, US Airways knew it risked having no trial at all if the Court dismissed US Airways' declaratory judgment claim and Sabre made an offer of judgment for complete relief on its remaining claim for $20.

US Airways first sprung this gambit at a status conference on April 21, 2015. (Hr'g Tr. 6:18-7:14). In response to the Court's request for more detail regarding its proposal, US Airways wrote that it intended to "submit a *formal waiver* of its right to receive anything beyond (1) a detailed equitable declaration . . . and (2) post-trebled damages not to exceed $20." (Diamond Ltr., 4/27/15, ECF No. 280, at 2 (emphasis added)). On May 8, US Airways told Sabre and the Court that "[w]e are *committing* to waive damages and our right to a jury trial in order to get a prompt bench trial," and to ensure "the enforceability of this commitment," US Airways would submit "a formal waiver of relief other than nominal damages and a declaration." (Diamond Ltr., 5/8/15, ECF No. 284, at 3 (emphasis in original)). The following week US Airways again represented to the Court that it was "prepared to jettison all but 20 of a 70 million pre-damage treble claim." (Hr'g Tr. 4:4-5, May 15, 2015). US Airways made the conscious decision "to put its money where its mouth is" and waive damages. (Diamond Ltr., 5/8/15, ECF No. 284, at 1).

US Airways expressly recognized that "[w]ere the Court to take declaratory relief off the table after a waiver of damages of the sort US Airways is prepared to make, Sabre would *undoubtedly* try to moot the case by offering a $20 judgment." (Diamond Ltr., 5/13/15, ECF No. 291, at 2 (emphasis added)). US Airways further recognized that if the Court dismissed its request for a declaratory judgment, its lawsuit could be "undone by an offer to pay $20 in damages." (Diamond Ltr., 5/8/15, ECF No. 284, at 1; *see also id.* (recognizing that Sabre would take the position that US Airways' waiver

"moots the case and requires dismissal"); US Airways' Conditional Waiver Br. at 7-8, ECF No. 298

(recognizing that Sabre could "moot the case by making a Rule 68 offer of judgment")).

On May 22, in an attempt to hedge its bet, US Airways filed its Motion for the Right to

Pursue Declaratory Relief and Conditional Request for Leave to Waive Damages.  (ECF No. 298).

In that motion, US Airways asked that the Court permit it to "conditionally" waive damages "without

prejudice" to give US Airways the option of later amending its Complaint to revive its damages claim

if its strategy to secure a bench trial was unsuccessful.  (US Airways' Conditional Waiver Br. at 1,

ECF No. 298).  US Airways understood that without a conditional waiver, any damages waiver would

be "irrevocable."  (Diamond Ltr., 5/8/15, ECF No. 284, at 1).  US Airways expressly acknowledged

that it risked forfeiting a trial altogether:

> If Sabre were to confess judgment in the amount of $20 without offering a
> Rule 68 judgment on US Airways' declaratory judgment claim, and if the
> Court were to view the offer of a monetary judgment as removing an essential
> anchor for US Airways' declaratory relief remedy, and if the Court were to
> consider itself constrained to thus require US Airways to accept the Rule 68
> offer over its objection, **US Airways could find itself without any claim
> left to litigate** and without any pathway for seeking a final resolution of its
> dispute with Sabre.

(US Airways' Conditional Waiver Br. at 7 (emphasis added)).  US Airways thus expressly recognized

that waiving damages would be "the legal equivalent to Russian roulette," which would put its "entire

lawsuit in jeopardy" and could "result in [US Airways] getting no trial at all."  (Diamond Ltr., 5/8/15,

ECF No. 284, at 1; US Airways' Conditional Waiver Br. at 7).

The Court denied US Airways' request for a conditional waiver on June 19, 2015, expressly

holding that US Airways was not entitled "to amend without prejudice."  *US Airways, Inc. v. Sabre*

*Holdings Corp.*, No. 11 CIV. 2725 LGS, 2015 WL 3826348, at *1 (S.D.N.Y. June 19, 2015) ("*US*

*Airways I*").  The Court observed that US Airways was engaging in "procedural jockeying" that, if

allowed, would unfairly put US Airways in a "heads I win, tails you lose" position.  *Id.* at *3.  The

Court concluded that allowing an "amendment limiting damages and the further amendment

3

restoring the same damages"—*exactly* what US Airways seeks to do here—"would [] accomplish[] nothing, except the expenditure of time and money," thus rendering US Airways' strategy "unduly prejudicial to Sabre." *Id.* at *2. This gave US Airways one last chance to change its mind.

On June 26, one week *after* the Court denied its request that waiver be conditional, US Airways amended its Complaint to formally "waive damages in excess of $20 post-trebling." (Diamond Ltr., 6/26/15, ECF No. 309; Second Am. Compl., ECF No. 315). It made this decision with the advice of very capable counsel and knowing full well the risks.

As US Airways predicted, Sabre then made a Rule 68 offer and moved to dismiss US Airways' declaratory judgment claim. (Sabre's Memorandum of Law in Support of Its Motion for Entry of Judgment, ECF No. 325). And as the Court recognized in dismissing the declaratory judgment claim, Sabre's Rule 68 offer (which Sabre has renewed) gives US Airways "complete relief" on all remaining claims, requiring "ent[ry] of judgment pursuant to the terms of that offer, with or without the plaintiff's consent."[1] *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 CIV. 2725 LGS, 2015 WL 5188812, at *6 (S.D.N.Y. Sept. 4, 2015) ("*US Airways II*"). US Airways thus "find[s] itself without any claim left to litigate," just as it anticipated might happen. Having now experienced the foreseeable consequences of its strategic choices, US Airways is not entitled to "unwaive" its damages claim and get a do-over.

---

[1] On September 9, Sabre provided US Airways with a renewed Rule 68 offer of judgment, again offering US Airways complete relief on all remaining claims. (Lind Ltr., 9/26/15, ECF No. 362, Ex. A). In another round of procedural gamesmanship in furtherance of its "heads I win, tails you lose" strategy, US Airways asked for an extension to respond until after the Court rules on their motion to amend. Regardless whether US Airways accepts Sabre's offer, however, entry of judgment is appropriate because Sabre's offer provides US Airways with complete relief on its remaining claim for $20. *See US Airways II*, 2015 WL 5188812, at *6 (citing *Hepler v. Abercrombie & Fitch Co.*, 607 F. App'x. 91, 92 (2d Cir. 2015); *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200-01 (2d Cir. 2015); *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (*per curiam*)).

**ARGUMENT**

US Airways' motion for leave to amend its complaint should be denied because granting it would provide US Airways with the very relief the Court denied *with prejudice* in its June 19 Opinion and Order.  US Airways' motion should also be denied because it does not meet the requirements of either Rule 16 or Rule 15 for at least the following reasons: (1) US Airways does not have "good cause" to amend at this late date, as Rule 16 requires; (2) its request to amend after intentionally and knowingly waiving its damages claim is made in bad faith and with dilatory motive; (3) the requested amendment would severely prejudice Sabre; (4) any amendment would be futile because US Airways waived its damages claim; and (5) granting leave to amend would not serve the interests of justice. US Airways' procedural gamesmanship should not be rewarded.

**I.      US Airways' Previous Motion Seeking the Right to Amend Its Complaint to Revive Damages if Sabre Made a Rule 68 Offer Was Denied with Prejudice**

In its June 19 Order, the Court denied US Airways' request that its damages waiver be "without prejudice" to reinstatement if its strategy did not work out as intended.  Specifically, the Court held that "US Airways may amend its Complaint to waive damages in excess of $20 post-trebling, but ***without its requested provisos that the amendment is without prejudice*** to reinstating its damages claims . . . ."  *US Airways I*, 2015 WL 3826348, at *4 (emphasis added).  The Court held that US Airways was not entitled "to amend without prejudice" because allowing US Airways to do so would be "unduly prejudicial to Sabre."  *Id.* at *3.  US Airways' subsequent decision to amend its Complaint to waive damages, therefore, was knowingly made *with prejudice*.  For this reason alone, US Airways' request for leave to amend its Complaint to reinstate the very damages claims it waived with prejudice should be denied.  *See Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984) (denying leave to amend where the amendment was "a purely tactical move" designed to circumvent a prior district court ruling).

## II.   US Airways' Motion For Leave to Amend Its Complaint Should Be Denied Under Rules 15 and 16

### A.   Legal Standard

Because the Court's deadline for amending pleadings has passed, Rule 16 governs US Airways' motion for leave to amend.  *US Airways I*, 2015 WL 3826348, at *2 (noting that US Airways' request to file a second amended complaint was governed by both Rule 16 and Rule 15); *see also In re Gen. Elec. Co. Sec. Litig.*, No. 09 Civ. 1951-DLC, 2012 WL 2892376, at *2-3 (S.D.N.Y. July 12, 2012) ("Rule 16 governs leave to amend after a scheduling order has been issued.").  "Rule 16 'is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed.'"  *Id.* (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).  Under Rule 16, "[t]he burden of demonstrating good cause rests with the movant."  *See Knoll, Inc. v. Moderno, Inc.*, No. 11 Civ 488 (AKH), 2012 WL 3613896, at *1 (S.D.N.Y. Aug. 22, 2012). In determining whether a party has shown good cause, courts consider the party's diligence and the prejudice to the non-moving party.  *Gen. Elec.*, 2012 WL 2892376, at *3.

If Rule 16 is satisfied, the court must then turn to Rule 15 to determine whether to grant a motion to amend.  "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  A district court may deny leave for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Id.*; *see also Duckett v. Williams*, No. 14-cv-3065(RJS), 2015 WL 556630, at *5 (S.D.N.Y. Feb. 6, 2015) ("And while pleading is not a game of skill in which one misstep may be decisive, neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges.") (internal quotation marks and citations omitted).

Allowing US Airways to amend its Complaint under the particular facts and circumstances

and procedural history of this case would be unprecedented. None of the cases on which US

Airways relies permitted a plaintiff to amend its complaint to revive a claim it had knowingly and

intentionally waived. Instead, US Airways cites a series of inapposite cases that generally involve

amendments made during the course of discovery, made in response to newly discovered facts, or

that were necessary to correct drafting errors.[2] They are nothing like the facts of this case.

Where courts have addressed motions to amend a complaint under facts more similar to

those here—that is, where a party seeks leave to reassert claims it previously waived for strategic

---

[2] For instance, US Airways relies on several cases in which the court granted a party leave to amend to cure drafting errors. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 90 (2d Cir. 1998) (affirming decision to grant leave to amend to correct a "typographical error" in the defendant's answer); *Monahan v. N.Y.C. Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (noting that the failure to plead res judicata as an affirmative defense was the result of an "organizational snafu" on the part of counsel); *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976) (finding that leave to amend to fix "artless drafting of a complaint"). US Airways' decision to waive all but nominal damages was not a "typographical error" or an "organizational snafu." Rather, it was a carefully considered strategic decision implemented by a highly sophisticated litigant advised by experienced counsel.

Nor is this case like the cases US Airways cites in which courts granted a plaintiff leave to increase a damages calculation attributable to existing claims. *See Knowlton v. Viktron Ltd. P'ship*, 994 F. Supp. 128, 130 (E.D.N.Y. 1998); *Roorda v. Am. Oil Co.*, 446 F. Supp. 939, 948 (W.D.N.Y. 1978); *Poloron*, 72 F.R.D. at 561. Rather, US Airways is trying to reassert an entire damages claim it expressly waived.

US Airways' proposed amendment is also not the result of newly discovered facts that prevented it from asserting its damages claim earlier. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 413-14 (S.D.N.Y. 2008); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 147-48 (E.D.N.Y. 2007); *Sorenson ex rel. Sorenson v. City of N.Y.*, No. 98 CIV. 3356(HB), 1999 WL 199066, at *1 (S.D.N.Y. Apr, 9, 1999). The facts (or lack thereof) underlying US Airways' damages are the same today as they were when US Airways made the decision to waive them.

Finally, US Airways' proposed amendment does not come early in the case, thereby limiting the prejudice to the non-moving party. *See Foman v. Davis*, 371 U.S. 178 (1962) (reversing denial of leave to amend at the motion to dismiss phase); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, No. 13-1476-cv, 2015 WL 4492258 (2d Cir. July 24, 2015) (same); *Blagman v. Apple, Inc.*, 307 F.R.D. 107 (S.D.N.Y. 2015) (granting leave to amend while discovery is ongoing); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143 (E.D.N.Y. 2007) (same); *Solis v. McKessen*, No. 1:05-cv-00345-LJO-GSA-PC, 2007 WL 4180215 (C.D. Cal. Nov. 26, 2007) (same); *Sorenson ex rel. Sorenson v. City of N.Y.*, No. 98 CIV. 3356(HB), 1999 WL 199066 (S.D.N.Y. Apr. 9, 1999) (same).

purposes—they have denied the request to amend under both Rule 16 and Rule 15.  *See, e.g.*, *Gen. Elec.*, 2012 WL 2892376, at \*3-6 (denying motion for leave to amend under Rules 16 and 15, in part, because plaintiff had made a tactical decision to abandon a claim and should not now be allowed to reassert it when its other claims failed); *Knoll*, 2012 WL 3613896, at \*3 (denying in part motion for leave to amend where movant made a "tactical decision" to "explicitly abandon certain claims" before trying to reintroduce them); *Benit v. Mercedes-Benz USA, LLC*, No. 2:06-cv-0336, 2007 WL 1025010, at \*2 (S.D. Ohio Mar. 29, 2007) (denying motion for leave to amend to reassert a claim the plaintiff had waived for strategic reasons in a prior amendment); *Windsor Card Shops, Inc. v. Hallmark Cards, Inc.*, 957 F. Supp. 562, 571 & n.12 (D.N.J. 1997) (denying motion for leave to amend to add claim the plaintiff had held back for "strategic reasons," refusing to "justify this pleading game"); *Friedman v. Transamerica Corp.*, 5 F.R.D. 115, 116 (D. Del. 1946).  The Court should similarly deny US Airways' request for leave to amend its Complaint because the request is unduly prejudicial to Sabre, sought in bad faith, futile, and otherwise not in the interests of justice.  Because US Airways' motion to amend fails under either Rule 16 or Rule 15, Sabre bases its arguments below on the Rule 15 standard except where otherwise noted.

**B.      US Airways Has Not Shown Good Cause for Amending Its Complaint**

Under Rule 16, US Airways has the burden to show good cause for amending its Complaint. *Knoll*, 2012 WL 3613896, at \*1.  A party that makes a "tactical decision" to abandon a claim and then later attempts to reassert that claim when its original strategy fails cannot meet Rule 16's "good cause" requirement.  *Gen. Elec.*, 2012 WL 2892376, at \*3; *see also Knoll*, 2012 WL 3613896, at \*3.

In the *GE Securities Litigation* case, like here, the plaintiff abandoned a claim in a tactical move aimed at pursuing what it believed would be a more favorable strategy.  After the court dismissed the remaining claims, the plaintiff attempted to reassert the claim it had previously abandoned.  The court rejected the plaintiff's attempt to revive its earlier-abandoned claim under both Rule 16 and

Rule 15.  2012 WL 2892376, at *3-6.  The court concluded that "[h]aving made a tactical decision to pursue a particular legal theory and explicitly abandon certain claims, [p]laintiffs will not be excused from the necessary consequences of that action."  *Id.* at *3.  Because the plaintiff could have asserted its waived claim earlier, but simply chose not to for strategic reasons, its attempt to revive that claim after its strategy failed "reflect[ed] a lack of diligence" and thus did "not establish good cause for leave to amend" under Rule 16.  *Id.*  "Rule 16 does not countenance such an abrupt and calculated about-face . . . ."  *Id.* at *4; *see also Knoll*, 2012 WL 3613896, at *3.  US Airways similarly cannot show good cause to allow its tactical "about face" and its motion should be denied for the same reasons.

### C.   US Airways' Lack of a Damages Claim Is the Result of Its Own Bad Faith and Dilatory Procedural Tactics

US Airways' motion to amend is a further attempt to manipulate the procedural rules and to delay final resolution of this case.  Both of these tactics demonstrate bad faith and dilatory motives, and US Airways' request for leave to amend should be denied as a result.

When a party's request to amend its complaint is the result of an attempt "to gain a tactical advantage"—as US Airways' motion is here—such conduct "supports a finding that such an amendment is made in bad faith."  *Oneida Indian Nation of N.Y. v. County of Oneida, N.Y.*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000); *see also State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (affirming denial of leave to amend when the failure to add certain claims until late in the litigation "was a tactical one" on the part of the plaintiff); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011) (denying leave to amend where plaintiff's "tactical decision . . . smacks of gaming the Court and opposing party"), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012).  As such, courts deny leave to amend when a party seeks to reassert a claim it previously waived for strategic purposes.  *See, e.g.*, *Gen. Elec.*, 2012 WL 2892376, at *3-6; *Benit*, 2007 WL 1025010, at *2; *Windsor Card*, 957 F. Supp. at 571 & n.12.

In *Windsor Card*, for example, a declaratory judgment plaintiff abandoned a claim for specific performance when the plaintiff amended its complaint "as a strategic move" to improve its chances of winning a more favorable claim. 957 F. Supp. at 571 & n.12. The plaintiff later attempted to amend its complaint again to reassert the specific performance claim when it became clear it was going to lose the initially-perceived more favorable claim. *Id.* The Court denied leave to amend, concluding: "Counsel's strategic goals are also insufficient to justify this pleading game. Modern pleading doctrine and efficient case management prohibits parties from holding back claims for strategic reasons." *Id.* at n.12.

Similarly, in *Benit*, the plaintiff amended its complaint to remove a federal claim in an attempt to have its case remanded to state court. 2007 WL 1025010, at *1. Once it became clear the plaintiff could not secure remand, the plaintiff sought to reassert its federal claim. *Id.* at *1-2. The court denied the request for leave under Rule 15(a), concluding that "[t]he Court is not persuaded that the 'when justice so requires' language of Rule 15(a) was intended to cover a situation where a party has attempted to defeat the Court's jurisdiction through an amendment and then, when that attempt is unsuccessful, attempts to undo that tactical decision by reasserting the same claim." *Id.* at *2.

*In re General Electric Co. Securities Litigation*, from this district, similarly denied a plaintiff's motion to amend. As discussed above, the court held that the plaintiff could not show good cause under Rule 16 where it sought to amend its complaint to reassert a claim it had previously waived for tactical reasons. 2012 WL 2892376, at *3-6. The court also held that the plaintiff could not satisfy even "the more lenient standard of Rule 15" due to its "bad faith" and "undue prejudice" to the defendant. *Id.* at *4-5. The court reasoned that a party's amendment is in bad faith under Rule 15(a) "where [the] party waited to see 'how he would fare on [a] motion to dismiss.'" *Id.* at *4 (quoting *Vine v. Beneficial Finance Co.*, 374 F.2d 627, 637 (2d Cir. 1967)). The court also concluded that "[l]eave to amend under Rule 15 is inappropriate for many of the same reasons it is inappropriate under Rule

16," namely that "[a]mendment would unduly prejudice the defendants and reward [p]laintiff's seriatim pleading." *Id.* at *5.[3]

Other courts have similarly rejected plaintiffs' attempts to use the amendment process to create a "moving target" complaint that changes with each "failed litigation strategy." *Zisumbo v. Ogden Reg'l Med. Ctr.*, No. 1:10-CV-73 TS, 2013 WL 2444210, at *2-3 (D. Utah June 5, 2013) (denying leave to amend where amendment was the result of plaintiff's failed litigation strategy), *aff'd*, --- F.3d ---, 2015 WL 5172860 (10th Cir. Sept. 4, 2015).

This case is no different. US Airways expressly recognized that if the Court denied its motion for a "conditional" waiver—which the Court did—US Airways' waiver would be "irrevocable." Now that US Airways' waiver strategy failed, it seeks to undo its tactical decision by reasserting the very claim it waived. Rule 15 does not allow this type of "bad faith" amendment.

Courts also deny leave to amend based on "dilatory motive" where a party tries to add a claim in anticipation of a negative ruling or entry of judgment—precisely the situation here. *See, e.g., PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 765 (S.D.N.Y. 1995) (denying motion for leave to amend filed during motion to dismiss briefing because it was "clearly a dilatory tactic to avoid the dismissal of [the] action"); *see also Vine v. Beneficial Finance Co.*, 374 F.2d 627, 637 (2d Cir. 1967) (affirming the denial of leave to amend, in part, due to "the bad faith of appellant in waiting to see how he would fare on the prior motion to dismiss" before seeking leave to amend); *Acri v. Int'l Ass'n. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming denial of leave to amend where plaintiff sought leave to assert claims it previously made a "tactical choice" not to pursue in order "to

---

[3] US Airways may attempt to distinguish *In re General Electric Co. Securities Litigation* based on the fact that three years had passed from the time the plaintiff abandoned its claim to when it attempted to revive it. While true, that was not the primary basis for the court's denial of leave to amend. Rather, it was the plaintiff's game-playing and manipulation of the system through "seriatim pleading" that occupies the bulk of the court's reasoning. And, even though less than a year has passed here, US Airways' bait-and-switch tactic would, if permitted, severely prejudice Sabre.

avoid the possibility of an adverse summary judgment ruling"); *CL-Alexanders Laing & Cruickshank v. Goldfeld*, 739 F. Supp. 158, 165-67 (S.D.N.Y. 1990) (similar); *Friedman*, 5 F.R.D. 115, 116 (D. Del. 1946).

In *Friedman*, for instance, a plaintiff sought leave to reassert a claim it had raised in its original complaint but not in subsequent amendments. *Id.* at 116. The plaintiff filed its request for leave only after defendants filed and briefed a motion to dismiss the amended complaint. *Id.* The court recognized that "the interests of both parties should be considered when an application to amend is made." *Id.* Specifically, the court stated: "Opportunity should be given to a plaintiff to present his alleged grievance; yet equal attention should be given to the proposition that there must be an end finally to a particular litigation." *Id.* Weighing those principles against each other, the court denied the plaintiff's request to reassert claims that had been "abandoned or deleted" in earlier amended complaints. *Id.* The same result should follow here.

Like the plaintiffs in the cases above, US Airways seeks to amend its complaint to further its procedural jockeying. US Airways initially amended its complaint to waive damages because it made the strategic determination that a bench trial would be more favorable than trying its claims to a jury. Now faced with a Rule 68 offer from Sabre that provides it complete relief, US Airways is trying to "undo that tactical decision by reasserting the same claim" it originally waived. Whether called "bad faith" or "dilatory motive," Rule 15(a) does not sanction this kind of procedural gamesmanship.

### D.  Allowing US Airways to Revive the Damages Claim It Waived Would Unduly Prejudice Sabre

Allowing US Airways to reassert the damages claim it intentionally and knowingly waived would also severely prejudice Sabre. As the Court previously recognized, allowing US Airways to revive its damages claim "would [] accomplish[] nothing, except the expenditure of time and money," and would put US Airways in the exact "heads I win, tails you lose" position the Court concluded would be "unduly prejudicial to Sabre." *US Airways I*, 2015 WL 3826348, at *3.

Specifically, allowing US Airways to amend its Complaint and proceed to a jury trial would result in Sabre unwillingly and unnecessarily (1) disclosing that it would pay US Airways' reasonable attorneys' fees—which US Airways may contend amount to tens of millions of dollars—to settle the remaining claims, (2) expending a tremendous amount of time and resources unrelated to a jury trial, and (3) disclosing hundreds of pages of detailed information regarding its trial strategy—none of which Sabre would have been required to do absent US Airways' procedural jockeying, and all of which would unduly prejudice Sabre if US Airways is allowed to seek damages in a jury trial.

*First*, if US Airways' motion were granted, its gamesmanship will have forced Sabre unnecessarily to disclose its settlement posture—specifically, its willingness to pay millions of dollars to resolve the remaining claims. Sabre relied on US Airways' irrevocable waiver of its damages claim in deciding to disclose its willingness to settle the remaining claims for reasonable attorneys' fees and would not have disclosed that information if US Airways could reassert its damages claim at will.

US Airways contends Sabre would not be prejudiced because it "knew that US Airways would seek to reinstate its damages if the Court concluded that the declaratory judgment claim was not justiciable." (US Airways' Br. at 3, ECF No. 357). The pleading and letter on which US Airways relies for this proposition, however, occurred *before* the Court denied with prejudice US Airways' request to "conditionally" waive damages. When US Airways waived damages *after* receiving the Court's June 19 ruling—and *after* US Airways acknowledged that such a waiver would be "irrevocable" in light of the Court's ruling and could "result in getting no trial at all"—Sabre did not assume US Airways would seek (much less be allowed) to amend its Complaint yet again to revive its waived damages claim. Sabre would not have made a Rule 68 offer—and thus shown its hand on settlement—if it knew US Airways could unilaterally negate the legal effect of that offer simply by amending its Complaint again to "unwaive" damages.

The prejudice to Sabre is clear.  Before engaging in its procedural gambit, US Airways had no expectation of any settlement payment from Sabre.  In fact, in the hearing in which US Airways first announced its intention to waive damages, US Airways informed the Court that "there are currently no settlement discussions," that there had not been any for 18 months, that "prior discussions ended inconclusively," and that "there was never a counter offer [by Sabre] to our proposal."  (Hr'g Tr. 2:6-21, Apr. 21, 2015).  And in light of the summary judgment rulings disposing of the vast majority of US Airways' claimed damages, that is where Sabre's position likely would have stood.  Sabre changed course *only when* US Airways waived its damages claim—thus enabling Sabre to resolve all remaining claims by moving to dismiss the declaratory judgment claim, making an offer of judgment under Rule 68, and moving for entry of judgment.  Sabre chose to reveal its willingness to pay millions of dollars to resolve the litigation only because that amount became a *ceiling* on Sabre's exposure.

If the Court were to grant US Airways' motion, however, US Airways undoubtedly would view Sabre's willingness to pay US Airways' reasonable attorneys' fees as a *floor* to any settlement discussions.  Sabre's ability to settle the case, therefore, would be severely hampered and Sabre would be unduly prejudiced if US Airways were allowed to amend its Complaint yet again.  *See City of Groton v. Connecticut Light & Power Co.*, 84 F.R.D. 420, 423 (D. Conn. 1979) (recognizing that a plaintiff's knowledge of a defendant's settlement posture severely prejudices the defendant and rejecting a plaintiff's attempt to gain access to terms of defendants' settlement with another group of plaintiffs: "'The practical effect of disclosing to the non-settling plaintiffs the terms of settlement with the settling plaintiffs is that said amounts will then become the 'floor' for plaintiffs' demands in settlement negotiations.'"), *aff'd*, 802 F.2d 443 (2d Cir. 1986).

*Second*, Sabre would be prejudiced in light of the tremendous time it invested and millions of dollars in expenses it incurred due solely to US Airways' procedural maneuvering.  Sabre has spent the last five months and a tremendous amount of effort and money briefing and arguing US Airways'

conditional waiver motion, preparing expert direct declarations, preparing proposed findings of fact and conclusions of law, briefing its motion to enter judgment on Sabre's Rule 68 offer, and preparing other pre-trial filings—all of which were necessitated solely by US Airways' conscious and strategic decision to waive its damages claim. Contrary to US Airways' suggestion that this effort is simply "time and money preparing for trial" that "is useful work" even for a jury trial, (US Airways' Br. at 4-5), the vast majority of the work Sabre has done over the last five months has been a direct result of US Airways' procedural jockeying and would not have been performed in the ordinary course of preparation for a jury trial.

As US Airways recognized *before* deciding to waive damages, "considerable judicial resources are at stake in how this case proceeds." (Diamond Ltr., 5/8/15, ECF No. 284, at 3). Those judicial—and party—resources have now been expended pursuing a path dictated by US Airways' decision to waive damages and associated procedural jockeying. It would be a tremendous waste of resources—at Sabre's expense—to simply turn back the clock and pretend the last five months never happened, as US Airways' motion seeks to do.

US Airways argues that the Court should not consider money already spent in determining whether an amendment would be prejudicial. (US Airways' Br. at 5). US Airways' argument makes no sense here. The only reason Sabre had to spend any of this effort or money was because US Airways chose to waive the very claim it now seeks to reinstate. Sabre's expenditure is a direct result of US Airways' waiver strategy and the Court specifically recognized that a conditional amendment—which US Airways, in effect, again seeks here—"would [] accomplish[] nothing, except the expenditure of time and money," and thus would be "unduly prejudicial to Sabre." *US Airways I*, 2015 WL 3826348, at *3. It is this very expenditure of time and money that would prejudice Sabre if US Airways were allowed to amend. And that prejudice to Sabre cannot be any less now than it was

when US Airways sought in May to pursue this same amendment strategy.  In fact, the prejudice to Sabre is greater because it has in fact incurred that time and expense.

US Airways next argues that Sabre would not be prejudiced because "Sabre opposed [US Airways'] request" that "the viability of the declaratory judgment relief be decided before that work was done." (US Airways' Br. at 6).  That is simply false.  Even before US Airways filed its request to conditionally waive damages, (ECF No. 298), Sabre *agreed* that the justiciability of US Airways' declaratory judgment claim should be decided.[4]  During the Court's May hearing, for example, US Airways argued: "The availability of declaratory relief is as ripe as it is ever going to be.  Whether we try this case for damages to a jury or we try this as a $20 damage case to [the Court], in either case we are going to be seeking declaratory relief from [the Court]."  (Hr'g Tr. 4:14-18, May 15, 2015 (addressing US Airways' 4/27/15 Ltr., ECF No. 280)).  Sabre's counsel agreed: "*we agree* that the availability of declaratory judgment is something that needs to be decided [] in any event whether there is a bench trial or a jury trial, but the issue just hasn't been brief[ed]."[5]  (*Id.* 9:15-18 (emphasis added)).  In fact, citing that exact exchange, US Airways represented to the Court that "*[b]oth sides now agree* that the availability of declaratory relief concerning the validity of an expired contract is ripe for

---

[4] In fact, Sabre even attempted to *expedite* the resolution of the viability of that claim by offering to stipulate to waive its right to a jury trial if US Airways waived its claim for damages.  (ECF No. 282, Ex. A).  Sabre's proposed stipulation would have put the declaratory relief claim front-and-center immediately.  US Airways refused Sabre's offer, opting instead to implement its lengthy procedural maneuvering with its motion for a "conditional" waiver.

[5] The Court ordered the parties to brief the issue, (Hr'g Tr. 11:23-12:4), and US Airways filed its motion and supporting brief shortly thereafter, (ECF No. 298).  Sabre responded to the merits of US Airways' request for declaratory relief and took the position that the declaratory judgment claim was moot.  (Sabre Conditional Waiver Resp. Br., ECF No. 301).

decision."[6]  (US Airways' Conditional Waiver Br. at 1 n.1 (emphasis added)).  US Airways' prior

representation to the Court belies its current assertion.

     *Third*, allowing US Airways to amend its claim would result in Sabre having been forced to

unnecessarily, and unwillingly, reveal otherwise privileged aspects of its trial strategy through expert

declarations and over 150 pages of detailed proposed findings of fact and conclusions of law laying

out Sabre's entire case.  Absent US Airways' procedural manipulation, Sabre would not have been

required to disclose any of that work product—which included its entire direct expert examinations,

its approach to cross-examination of specific US Airways witnesses, how it would use specific

documents, and what testimony it would elicit on direct and cross-examinations.  Sabre would be

unduly prejudiced by such disclosure if US Airways were now allowed to amend its Complaint and

obtain a jury trial.  US Airways had the ability to have a damages jury trial—in which case Sabre

would not have been forced to disclose this information—but US Airways waived that right.[7]  The

prejudice to Sabre is clear.  *See Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 343 (4th Cir. 2009)

(denying motion filed on the eve of trial to force case into arbitration because: "This use of the

litigation process by [the moving party] caused the [non-moving party] actual prejudice.  It required

the [non-moving party] to expend significant time and money responding to [the moving party's]

motions and preparing for trial … and forced the [non-moving party] to reveal their trial strategy.").

     US Airways is wrong in its assertion that Sabre was not prejudiced because "both sides …

benefitted from the disclosure" of such information.  (US Airways' Br. at 5).  As an initial matter, US

---

[6] In a subsequent hearing, US Airways again acknowledged there was no dispute regarding the
ripeness of the issue going back to at least May: "The question is whether the expiration of the
contract underlying the claim moots the declaratory relief claim.  That's been fully briefed.  Both
sides, I think, agreed in our last round of briefing [in May] that it's ripe for decision one way or
another . . . ."  (Hr'g Tr 9:25-10:5, June 30, 2015).

[7] US Airways acknowledges that but for its procedural manipulation, the information Sabre was
forced to disclose would typically be privileged work product used to prepare witness examinations
and other aspects of trial strategy.  (*See* US Airways' Br. at 4).

Airways clearly would benefit from Sabre's disclosure more than Sabre would benefit from US Airways' disclosure.  For instance, while Sabre opposed the submission of written testimony precisely because it would provide a roadmap for cross-examination in advance of trial, US Airways declared "We are happy to do it, we think it's a good idea . . . ."  (Hr'g Tr. 39:11-15, June 30, 2015).  There is no "offsetting" prejudice to US Airways from having to do what it thought was a good idea.  Moreover, Sabre's proposed findings of fact were more than twice as long as and far more detailed than US Airways' submissions, and cited substantially more documents (and specific portions of documents) and anticipated witness testimony, including cross-examination points (which US Airways rarely provided).  And, as plaintiff, US Airways can now completely re-tool its affirmative case to anticipate all of Sabre's responsive evidence and arguments, something a plaintiff cannot otherwise do in a jury trial where the defendant goes second.  Sabre would be prejudiced far more than US Airways.

Finally, US Airways cannot avoid the prejudice it caused by claiming that it too was prejudiced by its own actions.  If US Airways had destroyed all of its documents instead of producing them in this litigation, could it simply claim Sabre was not prejudiced because US Airways also would be deprived of the use of those documents?  Clearly not.  The prejudice to Sabre remains, regardless whether US Airways can conjure a claim that it too was prejudiced in some way by its own actions.  In contrast to Sabre, any prejudice suffered by US Airways is not undue, but rather self-inflicted.

### E.    US Airways' Proposed Amendment Would Be Futile Because It Seeks To Revive Damages That US Airways Intentionally And Expressly Waived

US Airways' request for leave to amend should also be denied as futile.  An amendment sought at this stage of litigation should be denied as futile when "it is inevitable that defendants

promptly would move for and be entitled to summary judgment."[8]  *Montalvo v. Sun Roc Corp.*, 179 F.R.D. 420, 424 (S.D.N.Y. 1998).  Here, US Airways' amendment would be futile because Sabre promptly would move for and be entitled to summary judgment on any claim for damages above $20 in light of US Airways' previous knowing and express waiver of that claim.  Thus, US Airways would end up where it is now—with a claim for $20 in damages.

A party waives a claim when it takes intentional steps to relinquish a "known right" it otherwise would have enjoyed.  *See Juicy Couture, Inc. v. L'Oreal USA, Inc.*, No. 04 Civ. 7203(DLC), 2006 WL 1012939, at *35 (S.D.N.Y. Apr. 19, 2006) (entering judgment in favor of defendant on certain claims after plaintiff waived them by dropping the claims before trial).  Such a waiver "extinguishes" the right altogether.  *United States v. Yu-Leung*, 51 F.3d 1116, 1121-22 (2d Cir. 1995) (finding that the defendant waived his claim, in part, because his actions were motivated by a "strategic choice," rather than "a matter of oversight").  Thus, a plaintiff that waives a right cannot later assert a claim based on that right.  *See, e.g., Miller v. N.Y. City Dep't. of Educ.*, 71 F. Supp. 3d 376, 381 (S.D.N.Y. 2014) (holding that a plaintiff who knowingly waived § 1983 claims was barred from later asserting those claims in litigation); *United States v. Robinson*, 744 F.3d 293, 299 (4th Cir. 2014)

---

[8] When a motion for leave to amend a complaint is filed "after the close of discovery" and after "the relevant evidence is before the court," courts apply a "summary judgment standard" in determining whether the amendment is futile.  *Summit Health, Inc. v. APS Bethesda, Inc.*, 993 F. Supp. 2d 379, 403 (S.D.N.Y. 2014).  As the Court recognized in its September 4 Opinion, under the "typical" circumstances in which a motion for leave comes at the initial pleading stage, courts generally assess the futility of the proposed amendment under Rule 12(b)(6).  *US Airways I*, 2015 WL 3826348, at *2 n.3.  Although this case is well beyond the initial pleading phase, US Airways' amendment would be futile even under the Rule 12(b)(6) standard because waiver is a proper ground for dismissal under Rule 12(c).  *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (finding that the standard for dismissal under Rule 12(b)(6) and Rule 12(c) are "identical"); *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 78-79, 87 (2d Cir. 2005) (dismissing based on waiver on a 12(c) motion); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 340 (S.D.N.Y. 1999) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis.").

(recognizing that "a defendant's decision to proceed with a bench trial rather than a jury trial [is] quintessentially an enforceable waiver"), *cert. denied*, 135 S. Ct. 225 (2014).

US Airways intentionally waived its right to a jury trial on damages in exchange for a bench trial, as it was free to do. *Cf. McMahon v. Hodges*, 382 F.3d 284, 291 (2d Cir. 2004) (recognizing that a party may "bargain away his or her right to a jury trial in order to receive something of value otherwise unavailable to him or her"). US Airways' counsel told the Court: "To be clear, we are offering to trade damages for a bench trial . . . ." (4/27/15 Ltr., ECF No. 280, at 3). And based on US Airways' waiver of damages, the Court granted US Airways' request for a bench trial. (Order 3, ECF No. 314). The only reason a bench trial will not take place is because the Court subsequently dismissed US Airways' declaratory judgment claim and Sabre has provided US Airways with complete relief in the form of a Rule 68 offer of judgment—not because there was any deficiency in US Airways' waiver or because its "trade" was not honored.

US Airways took the affirmative step of amending its Complaint to formally waive damages after expressly recognizing and articulating the downside risk of this strategy. (*See* Second Am. Compl., ECF No. 315). By doing so, US Airways irrevocably waived its damages claim. As the Fourth Circuit recently recognized, a party's "decision to proceed with a bench trial rather than a jury trial"—like US Airways' decision here—is an irrevocable waiver akin to a criminal defendant's decision to be sentenced on the basis of an existing presentencing report rather than requesting a new one or going to trial. *Robinson*, 744 F.3d at 299 (holding a defendant's "decision to proceed on the basis of the existing PSR is akin to a defendant's decision to proceed with a bench trial rather than a jury trial—quintessentially an enforceable waiver."). "Having made a choice," a party cannot later change its mind when the strategy—to secure a lower sentence (in the criminal defendant's case), or to secure a bench trial (in US Airways' case)—does not play out the way the party had hoped.

The Second Circuit is in accord.  In *Gilmore v. Shearson/American Express Inc.*, for example, the Second Circuit affirmed the district court's rejection of a defendant's attempt to reassert a previously waived arbitration demand after the plaintiff filed an amended complaint containing new claims.  811 F.2d 108 (2d Cir. 1987), *overruled in part on other grounds*, *McDonnell Douglas Fin. Corp. v. Penn. Power & Light Co.*, 849 F.2d 761 (2d Cir. 1988).  In language particularly apt here, the court reasoned:

> Ordinarily, a party may not freely take inconsistent positions in a lawsuit and simply ignore the effect of a prior filed document.  This policy against permitting a party to play 'fast and loose' with the courts seems particularly applicable here, where [the plaintiff] makes the far from frivolous charge that [the defendant's] change in position is not merely the product of honest error, but is a tactic in a war of attrition . . . .

*Id.* at 113 (citations omitted).  Because the defendant's "unequivocal withdrawal" had resulted from "careful evaluation of business considerations," the defendant was not allowed to revive his arbitration demand.  *Id.*; *see also Hirsch v. Citibank, N.A.*, No. 12 Civ. 1124(DAB), 2014 WL 2745187, at *19-20 (S.D.N.Y. June 10, 2014) (denying a motion to reinstate previously waived estoppel claim because, like here, the opposing party had relied on the waiver), *aff'd*, 603 F. App'x 59 (2d Cir. 2015).  Here, US Airways waived its damages claim knowing full well the consequences of its waiver if this Court dismissed the declaratory judgment claim.  US Airways cannot revoke that waiver simply because the very risk it knowingly took materialized.[9]  Because US Airways waived its damages claim, any amendment repleading that claim would not survive summary judgment.

As this Court recognized, an amendment is "potentially futile" when "it might not achieve [the] goal" set out by the party seeking the amendment.  *US Airways I*, 2015 WL 3826348, at *2.  Here, the goal of US Airways' amendment is to avoid entry of judgment pursuant to Sabre's Rule 68

---

[9] Any other result would invite endless gamesmanship and manipulation of the rules of procedure.  For instance, could Sabre now amend to remove its claim for a jury trial, try the case to the Court, and if it does not like the result, amend again to add back its jury demand and get a second bite at a better result?  That is exactly what US Airways is attempting to do.  It waived its right to a jury trial on damages to get a bench trial, and now that it lost its declaratory judgment claim on a pre-trial motion, it is trying to "unwaive" damages to get a jury trial.

offer and to secure a jury trial on its abandoned damages claims.  In light of US Airways' express

waiver, however, Sabre would be entitled to summary judgment on that claim, leaving US Airways

exactly where it is now.  As such, US Airways' motion to amend should be denied as futile.  *See, e.g.*,

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (holding motion

to amend futile where plaintiff had previously waived claims he wished to add to his complaint).

### F.     Justice Is Best Served By Denying US Airways' Motion

US Airways argues that "justice is best served by permitting US Airways to amend its

Complaint" because it "ought to be afforded an opportunity to test [its] claims on the merits."[10]  (US

Airways' Br. at 6; *id.* at 1 (arguing that "amendment would be in the interests of justice because it

would ensure a decision on the merits")).  US Airways' argument is unfounded.

First, an order resolving this case on the terms of Sabre's Rule 68 offer will result in an entry

of judgment *in US Airways' favor* worth millions of dollars.  Entry of judgment under the terms of

Sabre's Rule 68 offer, as the Court has recognized, would provide US Airways with *complete relief* on its

remaining claims.  *US Airways II*, 2015 WL 5188812, at *6.  This fact alone distinguishes US Airways

from the plaintiffs in the cases on which it relies, in which the plaintiffs would get nothing.  *See supra*,

note 2.

Moreover, US Airways *had* the opportunity to have a full trial on the merits.  It knowingly

and voluntarily gave up that opportunity when it waived damages to obtain a perceived strategic

advantage, knowing that it "could find itself without any claim left to litigate" as a result.  (US

Airways' Conditional Waiver Br. at 7).  The judicial system's "preference for resolving disputes on

the merits," on which US Airways relies, (US Airways' Br. at 1), is always subject to a party's decision

---

[10] US Airways cites *Foman v. Davis*, 371 U.S. 178 (1962), for this proposition.  This case is very
different from *Foman*.  The plaintiff in *Foman* sought leave to add, in the early pleading stages, a
previously unasserted claim for quantum meruit in response to dismissal of her contract claim.  Here
US Airways seeks at the very end of this litigation to reassert a claim it previously waived in order to
obtain a perceived tactical advantage.

to waive that path to resolution.  And, as the Court has recognized, a Rule 68 offer that affords complete relief by definition deprives a plaintiff of the opportunity to test its claims on the merits and requires "ent[ry] of judgment pursuant to the terms of that offer, with or without the plaintiff's consent."  *US Airways II*, 2015 WL 5188812, at *6.

US Airways also argues that the "interests of justice" favor allowing its proposed amendment because "'mere technicalities' should not prevent cases from being decided on the merits."  (US Airways' Br. at 1).  There is no "mere technicality" here.  Entry of judgment without a trial on the merits would not be the result of some procedural foot fault, inadvertent mistake, or technical non-compliance with the rules by US Airways.  Rather, it is the known and anticipated result of US Airways' intentional strategic decision.

Finally, contrary to US Airways' contention, "interests in judicial economy" do not justify allowing US Airways to amend its Complaint.[11]  (US Airways' Br. at 6).  Denial of US Airways' motion will result in entry of judgment in its favor and will allow the case to proceed to appeal.  There will be no "duplication of effort" if US Airways' motion is denied.  *Id.*  Contrary to US Airways' assertion, if the Court denies its motion the entire dispute will be "adjudicate[ed] … in one action."  *Id.*  In fact, denial of US Airways' motion will result in the most judicially efficient outcome.  US Airways can go straight to appeal and to the extent it is successful on appeal as to any issue, all such issues would be tried in a single trial, rather than the multiple trials that granting this motion would potentially create.[12]

---

[11] Notably, US Airways previously asserted that it was *waiving* damages specifically "[i]n the interests of efficiency, timeliness and accuracy," knowing full well that one of the efficient outcomes might be entry of judgment without trial.  (Diamond Ltr., 5/8/15, ECF No. 284, at 1).  US Airways cannot now claim the interests of judicial efficiency are served by "unwaiving" those same damages.

[12] By contrast, granting US Airways' motion would lead only to further delay.  As the cases US Airways cites recognize, more delay would not further the interest of judicial economy.  Both of the cases US Airways cites involved amendments that would have expedited resolution of the disputes, as they allowed the addition of related claims against new defendants to avoid having to try those claims

Here, the interests of justice weigh in favor of enforcing a knowing, intentional, and express waiver of a right, entering judgment on the terms of Sabre's Rule 68 offer, and moving this case on to appeal where the parties' legal rights can be finally resolved.

## CONCLUSION

US Airways should not be allowed to amend its complaint to revive a claim for damages it intentionally and knowingly waived.  US Airways' Motion for Leave to Amend should be denied.

---

separately.  (US Airways' Br. at 6-7 (citing *State Farm*, 246 F.R.D. at 147-48; *Sorenson*, 1999 WL 199066, at *1)).  Unlike those cases, denying US Airways' motion here will expedite resolution of this litigation and drastically reduce the time, money, and effort spent on this case.

September 28, 2015

Chris Lind
Brian C. Swanson
Andrew MacNally
Rebecca T. Horwitz
BARTLIT BECK HERMAN PALENCHAR &
    SCOTT LLP
Courthouse Place
54 West Hubbard
Chicago, IL  60654
Phone:  (312) 494-4400
Fax:  (312) 494-4440
chris.lind@bartlit-beck.com
brian.swanson@bartlit-beck.com
andrew.macnally@bartlit-beck.com
rebecca.horwitz@bartlit-beck.com


Karma M. Giulianelli
Sean C. Grimsley
Katherine L.I. Hacker
BARTLIT BECK HERMAN PALENCHAR &
    SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Phone:  (303) 592-3100
Fax:  (303) 592-3140
karma.giulianelli@bartlit-beck.com
sean.grimsley@bartlit-beck.com
kat.hacker@bartlit-beck.com

Respectfully submitted,

 /s/ Steven J. Kaiser 
George S. Cary
Steven J. Kaiser
Kenneth Reinker
Bradley Justus
Carl Lawrence Malm
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone:  (202) 974-1500
Fax:  (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
kreinker@cgsh.com
bjustus@cgsh.com
lmalm@cgsh.com

Lev Dassin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Phone:  (212) 225-2000
Fax:  (212) 225-2999
ldassin@cgsh.com

Joseph Kattan, PC
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 955-8500
Fax: (202) 467-0539
JKattan@gibsondunn.com