UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
US AIRWAYS, INC.,                                           :
                                          Plaintiff,        :
                                                            :
                    -against-                               :
                                                            :
SABRE HOLDINGS CORP., SABRE TRAVEL                          :
INTERNATIONAL LTD., SABRE GLBL INC.,                        :
                                          Defendants.       :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/15

11 Civ. 2725 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

In this antitrust suit, Plaintiff U.S. Airways, Inc. ("US Airways") alleges that Sabre GLBL Inc., Sabre Holdings Corp. and Sabre Travel International Ltd. (collectively, "Sabre") unlawfully charged US Airways inflated airline booking fees and conspired with Sabre's competitors to restrain trade.  US Airways moves for leave to amend its Second Amended Complaint to restore damages that it has previously waived.  For the reasons discussed below, US Airways' motion is granted.

**I.     BACKGROUND**

Familiarity with this case and its procedural history is assumed.[1]  For purposes of this motion, the relevant facts and procedural history are as follows.

During a case management conference held on April 21, 2015, to set a jury trial schedule, US Airways stated that it was prepared to waive its damages in order to secure a bench trial for declaratory relief on its remaining claims after summary judgment.  US Airways subsequently estimated that the amount it would be waiving is approximately $70 million, or $210 million

---

[1] The facts of this case and its procedural history are discussed extensively in prior opinions.  *See US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, 2015 WL 5188812 (S.D.N.Y. Sept. 4, 2015); *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, 2015 WL 3826348 (S.D.N.Y. June 19, 2015); *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, 2015 WL 997699 (S.D.N.Y. Mar. 5, 2015); *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, --- F. Supp. 3d ----, 2015 WL 2405569 (S.D.N.Y. Jan. 6, 2015).

after trebling.

By Opinion and Order dated June 19, 2015 ("June 19 Opinion"), US Airways was granted leave to amend the operative complaint to waive damages in excess of $20 post-trebling, but without its requested provisos that the amendment be without prejudice to reinstating its damages claims (should its request for declaratory judgment not survive) and that the time for Sabre to make a Rule 68 offer of judgment be shortened. US Airways timely filed a Second Amended Complaint on June 26, 2015, waiving its remaining damages in excess of $20 on the surviving claims. That complaint's principal requests for relief are for (1) nominal damages not to exceed $20 post-trebling and (2) declaratory judgment. By Order dated June 30, 2015 ("June 30 Order"), the jury trial schedule was vacated and a bench trial was scheduled.

On July 9, 2015, Sabre presented US Airways with an offer of judgment pursuant to Rule 68, whereby Sabre (1) "agree[d] to pay US Airways $20 plus reasonable costs and attorneys' fees incurred to date in an amount to be determined by the Court"; and (2) "agree[d] to the entry of judgment against Sabre on all remaining, available claims without an admission of liability." US Airways rejected Sabre's offer on July 14, 2015. Pursuant to the June 30 Order, Sabre timely moved to dismiss US Airways' declaratory judgment request and sought entry of judgment pursuant to Sabre's Rule 68 offer of judgment. By Opinion and Order dated September 4, 2015, Sabre's motion to dismiss US Airways' request for declaratory judgment was granted, and Sabre's motion to enter judgment in favor of US Airways pursuant to Sabre's Rule 68 offer of judgment was denied without prejudice to renewal.

As a consequence of the dismissal of its request for declaratory judgment, US Airways stated in a letter dated September 8, 2015, that it would move to amend the Second Amended Complaint to restore the damages it had waived. On September 9, 2015, Sabre renewed its Rule 68 offer of judgment. On September 11, 2015, US Airways filed the instant motion seeking

leave to file the proposed Third Amended Complaint, which would restore the damages it sought prior to the filing of the Second Amended Complaint.

## II.   LEGAL STANDARD

Whether US Airways may amend its complaint is governed by Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).  Rule 15(a) requires that courts "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A "motion to amend is generally denied only for 'futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'"  *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)).

Despite the liberal pleading standard of Rule 15(a), a court may deny leave to amend the pleadings "where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in [a] scheduling order."  *Kassner*, 496 F.3d at 243.  "It is within the sound discretion of the district court to grant or deny leave to amend."  *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013) (quoting *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 139 (2d Cir. 2011)).

## III.   DISCUSSION

### A.   Rule 16 Application

US Airways has shown good cause to file the proposed Third Amended Complaint.  "Whether good cause exists turns on the 'diligence of the moving party.'"  *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)).  After the June 2015 Opinion permitted US Airways to amend its complaint to waive damages in excess of $20, US Airways promptly filed the Second Amended Complaint, and this

3

case proceeded toward a bench trial.  After the September 2015 Opinion dismissed the declaratory judgment claim, foreclosing the relief US Airways sought to obtain through a bench trial, US Airways promptly stated that it intended to move -- and then timely moved -- to amend to restore its damages.  Both parties are in agreement that, if US Airways is not permitted to reinstate its request for damages, then Sabre's offer of judgment for $20 and reasonable attorney's fees and costs -- without any admission of liability -- will terminate the case.  As US Airways has acted diligently, it has good cause for moving to amend.

Sabre asserts the good cause standard is not met because US Airways made a "tactical decision" to abandon its request for damages.  The authority cited by Sabre, *In re Gen. Elec. Co. Sec. Litig.*, No. 09 Civ. 1951, 2012 WL 2892376 (S.D.N.Y. July 12, 2012), is distinguishable because, in that case, the plaintiff waited more than three years to bring new claims and because the proposed amendments would "change fundamentally" the factual allegations of plaintiff's claim against defendant.  Here, the proposed amendment is to reinstate damages claims that had been previously asserted and would change the fact finders but not the nature of the claims against Sabre.  Accordingly, this argument fails.  US Airways has satisfied Rule 16's good cause standard, and the next step is to consider its motion under Rule 15.

### B.     Rule 15 Application

US Airways is entitled to amend its complaint under Rule 15.  Rule 15 requires courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This permissive standard is consistent with the "strong preference for resolving disputes on the merits."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)).  Accordingly, a "motion to amend is generally denied only for 'futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to

the non-moving party.'" *Chavis*, 618 F.3d at 171 (quoting *Burch*, 551 F.3d at 126). These reasons for denying a motion to amend broadly fall into three categories -- that the amendment would be pointless, that the movant has behaved badly or that amendment would be unduly prejudicial. If one or more of these reasons apply, then the case proceeds on the existing complaint. Sabre opposes the motion to amend based on all three categories.

### 1. Futility

Sabre asserts that the proposed amendment is futile because US Airways cannot revoke its intentional waiver of damages exceeding $20. The cases cited by Sabre are inapposite. *See, e.g., McMahon v. Hodges*, 382 F.3d 284, 291 (2d Cir. 2004) (concluding that criminal defendant had not been coerced into waiving jury trial, and may bargain away the right to a jury trial in exchange for something of value); *United States v. Yu-Leung*, 51 F.3d 1116, 1121-22 (2d Cir. 1995) (concluding that defendant, who made a tactical decision not to object to the admission of testimony at trial, waived his right to appeal the admission); *Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108, 109, 113-14 (2d Cir. 1987) (stating that defendant's waiver of contractual right to arbitration could not be revived as amended complaint did not substantively alter nature of plaintiff's claims and did not "contain[] charges that, in fairness, should nullify [defendant's] earlier waiver and allow it to reassess its strategy"), *overruling on other grounds recognized by McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.,* 849 F.2d 761, 763–64 (2d Cir. 1988). These cases do not demonstrate that US Airways' proposed amendment to reinstate its damages claim must fail.

Sabre also asserts that the June 19 Opinion denied with prejudice US Airways' motion to amend its complaint, as it now seeks to do. This is incorrect. That opinion permitted US Airways to amend its complaint to waive damages, but declined to provide an advisory ruling on whether US Airways would be permitted to restore its damages request if it could not obtain a

bench trial for declaratory relief.  The opinion did not foreclose the possibility that US Airways would be permitted to amend its complaint at a later date.  Accordingly, US Airways' proposed amendment is not futile.

### 2. Bad Faith and Dilatory Tactics

Sabre asserts that this motion amounts to bad faith and dilatory tactics because it is a further attempt to manipulate the procedural rules and delay final resolution of this case.  This argument is incorrect.  Although US Airways engaged in "procedural jockeying" in an effort to secure the Court rather than a jury as the fact finder, its behavior does not rise to the level of bad faith or dilatory tactics that warrants precluding US Airways from having its claims heard on the merits.  Among other things, US Airways has been transparent about its efforts to obtain a bench trial on the declaratory judgment request, presented colorable arguments for doing so and promptly filed this motion when its request for declaratory judgment was dismissed.  Moreover, the interest of justice would be best served by granting the proposed amendment because this antitrust case is not just a dispute affecting the corporate litigants; it also involves claims of illegal restraints on trade that allegedly have harmed consumers through higher prices, lower quantity, less choice and reduced innovation.

The cases cited by Sabre are not to the contrary.  In finding bad faith, these cases discuss plaintiffs' intentional concealment of their efforts to gain a strategic advantage or unreasonable delays.  *See, e.g.*, *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (affirming denial of motion to amend complaint partly because plaintiff waited nineteen months to plead additional causes of action); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 509-10 (N.D. Cal. 2011) (finding bad faith partly because plaintiff reaffirmed on "two separate occasion" that there was only one claim in the case and waited over year to add a new claim); *Oneida Indian Nation of N.Y. v. County of Oneida, N.Y.*, 199 F.R.D.

61, 81-87 (N.D.N.Y. 2000) (finding proposed amendments amounted to bad faith because of plaintiffs' repeated assurances to the contrary); *Windsor Card Shops, Inc. v. Hallmark Cards, Inc.*, 957 F. Supp. 562, 571 & n.12 (D.N.J. 1997) (denying motion to amend based on undue delay, futility and plaintiff's decision not to "lay all of its cards on the table" earlier).

The cases that Sabre cites for dilatory motive are also distinguishable because US Airways did not have a hidden agenda to delay the proceedings; rather it sought to obtain a prompt bench trial, which all parties were prepared to conclude before year end if matters had proceeded as US Airways proposed. *See, e.g.*, *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming denial where plaintiffs proposed new theory of liability after summary judgment had issued and amendment would require further discovery); *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636-67 (2d Cir. 1967) (affirming denial of motion to amend where plaintiff waited to bring claim based on facts already within his knowledge); *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 765 (S.D.N.Y. 1995) (denying motion to amend based on futility and unreasonable delay); *Friedman v. Transamerica Corp.*, 5 F.R.D. 115, 116 (D. Del. 1946) (denying plaintiffs' fourth attempt to state a cause of action). Accordingly, this argument fails.

### 3. Undue Prejudice

Sabre asserts that it has been unduly prejudiced because it relied on US Airways' waiver of damages in disclosing its settlement posture. This assertion is unpersuasive as Sabre's Rule 68 offer of judgment revealed only that it was willing to settle for $20 plus reasonable costs and attorneys' fees in an amount to be determined by the Court. Although this amount is undoubtedly in the millions of dollars, it is small compared with the hundreds of millions still at stake in this litigation after trebling. It is also hardly a revelation that Sabre would be willing to settle this action for this relatively small amount.

Sabre also argues that it has been prejudiced by being forced to reveal to US Airways its trial strategy in the course of preparing for an imminent bench trial.  However, both sides were forced to reveal their respective positions and strategy, at least for a bench trial.  Those strategies may change for presentation to a jury.  The pre-trial process in any event is designed to provide "the fullest possible knowledge of the issues and facts before trial" so that "civil trials in the federal courts no longer need to be carried on in the dark."  8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2001 (3d ed.).  To the extent Sabre revealed still relevant trial strategies, that revelation was not unduly prejudicial.

Finally, Sabre asserts that it has incurred significant expense over the last five months due to US Airways' efforts to obtain a bench trial, and that Sabre would be prejudiced with additional costs if US Airways were permitted to undo its damages waiver.  Any such prejudice, however, can be ameliorated through cost-shifting.  A court's authority to shift costs "stems from its broad discretion under Rule 15(a), which empowers a court to impose conditions when granting leave to amend."  *PNC Bank, Nat'l. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*, 73 F. Supp. 3d 358, 377 (S.D.N.Y. 2014) (citation omitted).  "The most common condition imposed on an amending party is costs."  6 Wright et al., *Federal Practice and Procedure* § 1486 (3d ed.). With cost-shifting, granting US Airways' motion to amend is not unduly prejudicial to Sabre.

**IV.   CONCLUSION**

For the foregoing reasons, US Airways' motion to file the proposed Third Amended Complaint is GRANTED.  US Airways may file the proposed Third Amended Complaint provided that it reimburses Sabre for Sabre's costs, including attorneys' fees, in connection with:

- US Airways' conditional waiver motion filed on May 22, 2015;
- The June 30, 2015, Court conference;
- Sabre's Offers of Judgment;

8

- Sabre's Answer to the Second Amended Complaint;

- Sabre's Motion for Entry of Judgment dated July 17, 2015;

- US Airways' Motion to Amend the Second Amended Complaint;

- The Proposed Findings of Fact and Conclusions of Law;

- Sabre's Expert Declarations;

- Trial preparation relevant exclusively to a bench trial;

- Sabre's letters to the Court dated June 29, 2015; July 8, 2015; July 9, 2015; September 9, 2015; and

- Sabre's Answer to the Third Amended Complaint.

No later than January 8, 2016, Sabre or its counsel shall file an affidavit with the Court stating an aggregate number for its costs, including attorneys' fees, for the above items except the preparation of its answer to any Third Amended Complaint. Sabre shall prepare and retain a breakdown of such costs for the above categories. The amounts are limited only by the fact that they were paid or to be paid, and not by what US Airways or the Court deems reasonable.

No later than January 22, 2016, US Airways may file a Third Amended Complaint, provided it has paid Sabre the amount stated in the affidavit. Plaintiff may file the Third Amended Complaint with the previously approved redactions on ECF, and without redactions under seal.

Sabre shall answer any Third Amended Complaint no later than February 5, 2016, and may file a supplemental affidavit with the cost of preparing the answer if it wishes to be reimbursed, which amount US Airways must pay by February 19, 2016.

The parties shall confer and, no later than February 19, 2016, submit a joint letter proposing trial dates and dates for the other pretrial submissions outlined in the Court's Individual Rules, noting counterproposals where agreement could not be reached. On March 8,

2016, at 11:00 a.m., the Court will hold a telephone (or if all parties agree, an in-person) conference to discuss the final schedule. At the conference, the parties shall be prepared to discuss how best to present the evidence to the jury, including the presentation of expert testimony "back-to-back" by issue.

The Clerk of Court is directed to close Dkt. No. 356.

SO ORDERED.

Dated: December 8, 2015
      New York, New York

                                  **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**