

| | **1999 Avenue of the Stars** | |
|---|---|---|
| BEIJING | Los Angeles, California  90067-6035 | SAN FRANCISCO |
| BRUSSELS | | SEOUL |
| HONG KONG | TELEPHONE  (310) 553-6700 | SHANGHAI |
| LONDON | FACSIMILE  (310) 246-6779 | SILICON VALLEY |
| LOS ANGELES | www.omm.com | SINGAPORE |
| NEWPORT BEACH | | TOKYO |
| NEW YORK | | WASHINGTON, D.C. |

January 11, 2016

<u>**VIA ECF**</u>

WRITER'S DIRECT DIAL
(310) 246-6789

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

WRITER'S E-MAIL ADDRESS
cdiamond@omm.com

> Re:   <u>*US Airways, Inc. v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725-LGS</u>

Dear Judge Schofield:

We write to object to Sabre's January 8, 2016 affidavit setting forth $6,416,792.50 as the costs and attorneys' fees that US Airways must pay in order to revive its damages claim. US Airways acknowledges the Court's discretion to condition an amendment on the payment of costs the non-amending party unnecessarily incurred because of the amendment. However, conditions imposed as a prerequisite to amendment must be reasonable. *See Parissi v. Foley*, 203 F.2d 454, 455 (2d Cir. 1953) (A "court may attach reasonable conditions" when it grants leave to amend); *Hayden v. Feldman*, 159 F.R.D. 452, 454 (S.D.N.Y. 1995) (same). When payment of costs and attorneys' fees is the condition, the amount must be reasonable. *See Hewlett Packard v. Factory Mut. Ins. Co.*, 2006 WL 1788946, at *18 (S.D.N.Y. June 28, 2006) (allowing plaintiff to amend its complaint on condition that it "pay all ***reasonable*** attorney's fees and other costs incurred" because of amendment).[1]

Requiring US Airways to pay Sabre $6.4 million simply on Sabre's word is unreasonable in two respects. First, it is unheard of to allow the non-amending party to fill in a blank check. Given that Sabre has tendered a declaration devoid of any detail, breakdown or itemization, it seeks to do just that. Neither US Airways nor the Court has any way of assessing whether the claimed costs are reasonable.

Second, the sheer size of the requested payment—averaging over $1 million/month for the six months the parties anticipated a bench trial—suggests that Sabre has billed US Airways for all its fees and costs during that period, not just those *solely* incurred to prepare for a bench trial that didn't happen. Reasonableness turns not only on the absolute size of the cost award, but also on whether those costs

---

[1] Likewise, in *Mohideen v. American Airlines, Inc.*, the court required payment of "costs and legal fees ***reasonably***" necessitated by the amendment. 1999 WL 714089, at *3 (S.D.N.Y. Sept. 14, 1999) (emphasis added). *See also Combustion Prods. Mgmt., Inc. v. AES Corp.*, 2006 WL 6816644, at *8 (N.D.N.Y. June 27, 2006) (requiring "payment to [the defendant] of its ***reasonable*** attorney's fees and costs") (emphasis added); *accord Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) (reversing the district court's order conditioning leave to amend on payment of attorneys' fees and costs because "the interests of justice required allowing the [the plaintiff] to file its amended complaint . . . [and] the condition of the payment of attorney's fees and costs as a prerequisite to filing the amended complaint was [un]reasonable").

O'MELVENY & MYERS LLP
January 11, 2016 - Page 2

would have been avoided had the case proceeded differently, here to a jury trial.  Where some or all preparation expenses would have been incurred anyway, some fair apportionment must be made, or the payment to Sabre cannot be reasonable.  *See Jones v. Xerox Corp.*, 2000 WL 680207, at *2 (N.D. Ill. May 22, 2000) (where attorney's time spent was not completely wasted by amendment, only half of the attorney's fees should reasonably be paid); *Boyce v. Augusta-Richmond Cty.*, 111 F. Supp. 2d 1363, 1376-77 (S.D. Ga. 2000) (permitting defendant "to recover reasonable fees and expenses for discovery which [the defendant] can show are *solely* related to the deleted claims") (emphasis added).

The magnitude of its claim leaves no doubt that Sabre is demanding to be paid for more than work that was only necessary for a bench trial.  Specifically, it seems to be seeking 100% of its costs and fees incurred during the roughly sixty-day period (June 30, 2015 to September 1, 2015), when the parties were most intensely at work preparing proposed findings of fact, conclusions of law and expert declarations.  Aside from the relatively minor task of briefing the availability of declaratory relief and the propriety of a forced Rule 68 judgment, this is what predominantly occupied the parties during the six months that the case appeared headed for a bench trial.

To the extent Sabre has included all time and expenses (of lawyers, consultants and experts) in developing its proposed findings and conclusions and its four expert affidavits—and it couldn't have reached $6.4 million without doing so—its request is facially unreasonable, and goes far beyond what is necessary to make it whole.[2]  Having done the same work as Sabre, US Airways knows the bulk of that work is essential whether the case is ultimately tried to the court or a jury.  For example, developing findings of fact generally requires the same effort as needed to prepare witness examination outlines and exhibit lists:  in both cases a lawyer must interview those knowledgeable and review depositions, exhibits, and other components of the factual record to identify the witnesses to be called at trial, to categorize what each will contribute, and to develop an exhibit list.  Only memorializing this in a formal pleading is unique to a bench trial.  Similarly, preparing written expert testimony involves the same process of reviewing expert reports, conferring with experts about the substance of their opinions and their disagreement with opposing opinions, identifying points of emphasis, developing supporting tables and graphics, and sharpening arguments that would be made were the expert to testify live.  Only the reduction of the testimony to written form is bench-trial specific.  The legal research and analysis that goes into preparing conclusions of law would also support development of proposed jury instructions.

Simply put, much of the effort Sabre expended in preparation for a bench trial was in no way wasted.  Making US Airways pay Sabre for critical work-product is unreasonable on its face.

US Airways respectfully requests that the Court order that Sabre provide the breakdown of its claimed expenses that the Court previously ordered Sabre to prepare, Dkt. 366 at 9, reasonably apportioned to permit the Court to confirm that US Airways only pays for wasted effort, and to provide US Airways an opportunity to review and critique Sabre's methodology and apportionment.  It also requests that, in the meantime, the Court accept for filing its third amendment complaint.

---

[2] Sabre's presumptive inclusion of fees incurred in connection with opposing US Airways' conditional waiver motion filed on May 22, 2015 also exceeds what is necessary to make it whole.  Sabre prevailed on that motion, and if US Airways had not proceeded to amend its complaint unconditionally, the case would have proceeded to the jury trial Sabre wanted.  This was not wasted effort.  The same is true with briefing the availability of declaratory relief:  Sabre would have had to tackle this issue anyway even if damages were decided by a jury.

        Very truly yours,

        /s/ Charles P. Diamond

        Charles P. Diamond
        of O'Melveny & Myers LLP

cc:    Counsel for Sabre (via ECF)