UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US AIRWAYS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SABRE HOLDINGS CORPORATION; <br> SABRE GLBL INC.; and <br> SABRE TRAVEL INTERNATIONAL <br> LIMITED, <br><br> Defendants. | Case No. 1:11-cv-02725-LGS |

**US AIRWAYS' MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION *IN LIMINE* NO. 6 TO PRECLUDE AT TRIAL EVIDENCE AND
ARGUMENT REGARDING AMERICAN AIRLINES' SIZE, PROFITABILITY,
OR ITS MERGER WITH US AIRWAYS**

O'MELVENY & MYERS LLP
Charles P. Diamond (*pro hac vice*)
Andrew J. Frackman
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Counsel for Plaintiff US Airways, Inc.*

**TABLE OF CONTENTS**

**Page**

I. American Airlines' Size and Profitability and the US Airways-American Merger Are Irrelevant and Potentially Prejudicial and, Therefore, Any Evidence and Argument on Those Topics Should Be Excluded. ............................................................. 2

II. Conclusion. ........................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Air Passenger Computer Reservations Sys. Antitrust Litig.*,
   694 F. Supp. 1443 (C.D. Cal. 1988) .................................................................................4

*Burke v. Deere & Co.*,
   6 F.3d 497 (8th Cir. 1993) ..................................................................................................3

*Cooper Tire & Rubber Co. v. Farese*,
   2008 WL 5382416 (N.D. Miss. Dec. 19, 2008) ..................................................................3

*Draper v. Airco, Inc.*,
   580 F.2d 91 (3d Cir. 1978) .................................................................................................3

*VSI Holdings, Inc. v. SPX Corp.*,
   2005 WL 5980804 (E.D. Mich. Apr. 12, 2005) .................................................................3

**RULES**

Fed. R. Evid. 401 .........................................................................................................................1

Fed. R. Evid. 402 .........................................................................................................................1

Fed. R. Evid. 403 ....................................................................................................................1, 3

US Airways moves *in limine* under Federal Rules of Evidence 401, 402, and 403 to exclude two categories of irrelevant prejudicial evidence and argument relating to its merger with, and its relationship to, American Airlines ("American"): (i) evidence regarding American's size, revenue, or profits (in relative or absolute terms) both before and after it merged with US Airways in December 2013 (the "Merger") and (ii) details of the Merger, including executives' financial compensation and American's current management team.

That US Airways is now part of American is no secret, but the details of the 2013 Merger and American's pre- and post-Merger performance, including its absolute or relative size and its revenue or profits, serve no legitimate purpose here because they are irrelevant to a dispute about a 2011 agreement between Sabre and US Airways (the "2011 Contract."). As demonstrated by Sabre's opening paragraph of its Proposed Findings of Fact ("SPFF"), Sabre is planning to use information about the Merger and American solely for the purpose of stirring up prejudice against US Airways by presenting it as a corporate giant raking in record profits with bargaining power that simply did not exist when the parties entered into the 2011 Contract. These facts are plainly irrelevant and are far more prejudicial than they are probative of any matter conceivably at issue in this case. Moreover, the relevant events in this case occurred before the Merger when US Airways was a separate entity. Having successfully argued that US Airways cannot recover damages for the period after October 2012—over a year before the Merger was completed—when American settled separate litigation with Sabre, Sabre should not be permitted to clutter the record and confuse the jury with irrelevant post-Merger facts and argument.

Nevertheless, as discussed below, evidence concerning Sabre's interactions with pre-Merger American properly bears on Sabre's market power, and this motion does not seek to exclude that evidence. But any evidence concerning post-Merger American, its profitability and

its relationship with Sabre has no probative value and would only unfairly prejudice the jury against US Airways.

**I.** **American Airlines' Size and Profitability and the US Airways-American Merger Are Irrelevant and Potentially Prejudicial and, Therefore, Any Evidence and Argument on Those Topics Should Be Excluded.**

Sabre has peppered its submissions with gratuitous references to the Merger between US Airways and American Airlines, and it is clear that Sabre plans to put post-Merger American front-and-center in its presentation to the jury. *See, e.g.*, SPFF ¶ 1 ("US Airways—now operating as American Airlines—is the largest airline in the world."); *id.* ("In 2012, the year after entering the challenged contract, US Airways' revenue was $13.8 billion and it achieved record profits. American Airlines' revenue in 2012 was $24.8 billion. Combined their 2012 revenue was $38.7 billion."); Direct Testimony of Paul K. Meyer, CPA ¶ 33 ("Of the $4.6 billion total purchase price paid for US Airways, approximately $4.1 billion was recorded as goodwill."); Rebuttal Expert Report of Keith R. Ugone, Ph. D. ¶ 43 n.52 (referencing American Airlines' substantial market share based on routes from a 1993 study). Sabre's apparent aim is to impute American Airlines' greater size and profitability—and by extension its purportedly greater bargaining power—to US Airways, even though (i) US Airways was a separate entity and in no way affiliated with American Airlines when it was forced to accept the terms of the 2011 Contract, and (ii) the Court has already determined (at Sabre's urging) that events after October 2012, more than a year before the Merger, are not relevant. *See* Dkt. No. 245, Jan. 6, 2015 Op. & Order at 35 ("US Airways will not be permitted to seek damages or other relief for conduct that occurred or will occur after October 30, 2012, the date of the Settlement Agreement"). Therefore, any evidence of American Airlines' size, revenue, or profits from 2012, and the fact that certain "US Airways' executives took over operations at American" in 2013 (SPFF ¶ 1), are

likewise irrelevant to terms of a contract signed in 2011. All such evidence and argument should be excluded.

Evidence and argument regarding the Merger and the post-Merger combined airline—including American's size, revenue, or profits—are designed solely to prejudice the jury against US Airways. Pointing the jury to irrelevant facts, including that American is now "the world's largest airline," that certain US Airways executives work at American, or that US Airways executives received stock as part of the Merger, could have no possible purpose except to bias the jury, lead them to erroneously conclude that US Airways had greater leverage in negotiating the 2011 Contract than it really did, and/or convince them to reduce US Airways' damages, even though evidence of a party's wealth is "totally irrelevant to the issue of compensatory damages." *Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993).

Such irrelevant references to a party's size and finances should be excluded under Rule 403 because they have no probative value, and the likely prejudice far outweighs any arguable relevance. *See VSI Holdings, Inc. v. SPX Corp.*, 2005 WL 5980804, at *8 (E.D. Mich. Apr. 12, 2005) ("If the size and wealth of [the parties] are presented for the purpose of appealing to the jury's sympathy, such evidence will not be admitted."); *see also Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (granting a new trial after "[c]ounsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff"); *Cooper Tire & Rubber Co. v. Farese*, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008) (granting motion *in limine* because the plaintiff's "revenue, finances, and size is irrelevant and would be utilized to prejudice the jury").

This is not to say, however, that all evidence relating to American is to be excluded from trial. US Airways intends to prove a critical element of its case—the existence and extent of

Sabre's market power—in part through real-world examples of Sabre's exercise of that power over other legacy airlines, including pre-Merger American. For example, Sabre was able to compel acceptance of its bargaining demands and to extract renewed full-content terms from pre-Merger American. When pre-Merger American had the temerity to suggest it might establish a "Direct Connect" platform that threatened Sabre's stranglehold on distribution of airline tickets, Sabre launched a successful campaign to bring American to its knees, with display biasing, increased booking fees, and other tactics that inflicted substantial financial losses on that airline. These actions and American's eventual capitulation, which effectively destroyed its Direct Connect initiative, are powerful evidence of Sabre's market power. *See In re Air Passenger Computer Reservations Sys. Antitrust Litig.*, 694 F. Supp. 1443, 1473 (C.D. Cal. 1988) (explaining that "the economic feasibility of biasing, and the degree of bias in the system are functions of [a GDS's market] power" and that "[i]f [a GDS] has monopoly power in the [GDS] market then it will have the power to engage in substantial display bias."). Evidence of Sabre's ability to force market participants to acquiesce in its demands is also relevant because it helps to explain why US Airways had no choice to but to accede to Sabre's provisions in the 2011 Contract. US Airways' witnesses will testify that, when negotiating with Sabre in 2010 and 2011, they took Sabre's threats to remove US Airways from the GDS seriously precisely because of the retaliatory actions Sabre had previously taken against pre-Merger American and any airline that made any attempt to challenge Sabre's power.

By contrast, evidence of American's size and profitability and the details of the Merger are irrelevant, and any introduction of such evidence serves no legitimate purpose. Instead, such evidence is designed only to mislead the jury and create a false impression regarding US Airways' size and market influence during the negotiations of the 2011 Contract, and it should

therefore be excluded.

**II.     Conclusion.**

For the foregoing reasons, Sabre should be barred from introducing evidence and argument regarding American's relative or absolute size, revenue, or profits either before or after the Merger and any facts about the Merger.


Dated: May 13, 2016                             O'MELVENY & MYERS LLP


                                                By:   /s/ Andrew J. Frackman

                                                Charles P. Diamond (*pro hac vice*)
                                                Andrew J. Frackman
                                                7 Times Square
                                                New York, New York 10036
                                                Telephone: (212) 326-2000
                                                Facsimile: (212) 326-2061
                                                cdiamond@omm.com
                                                afrackman@omm.com