USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/6/2016__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
US AIRWAYS, INC.,                                              :
                                                               :
                                        Plaintiff,             :   11 Civ. 2725 (LGS)
                                                               :
                      -against-                                :   ORDER
                                                               :
SABRE HOLDINGS CORP., et al.,                                  :
                                                               :
                                        Defendant.             :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in this antitrust case, Plaintiff US Airways, Inc. ("US Airways") and Defendants Sabre Holdings Corporation, Sabre Travel International Ltd., and Sabre GLBL Inc. (collectively, "Sabre") submitted a total of thirteen motions *in limine* and *Daubert* motions, comprising hundreds of pages of briefing and exhibits;

WHEREAS, these motions became fully briefed on June 24, 2016;

WHEREAS, trial is scheduled to begin in this case in October 2016 and it is necessary to decide these motions expeditiously in light of the parties need to prepare for trial; it is hereby

**ORDERED** that Sabre's motion *in limine*, Dkt. No. 406, to exclude evidence of Sabre's prior disputes with (1) other airlines (American, Northwest, and Air Canada) and (2) third party software developers (Farelogix and G2), is GRANTED.  This evidence is excluded pursuant to Federal Rue of Evidence 403 on the grounds that its probative value is substantially outweighed by the danger of confusing the issues, undue delay and unfair prejudice.

The proof of these prior disputes is not critical to US Airways' case, will open the door to lengthy rebuttal and explanation by Sabre as to the reasons for, and legitimacy of its position in each dispute, and will likely confuse the jury as to whether these other disputes are at issue in this

case, when they are not.

US Airways argues that evidence of Sabre's relationships with software developers and other airlines is relevant and necessary to proving Sabre's market power.  While market power is a critical element of a Section 1 claim under the Sherman Act, and Sabre's conduct and relationships with certain third parties are relevant to its market power, detailing specific prior disputes with other airlines and third-party software developers is not critical.  Also, the inferences that US Airways seeks to draw -- such as "retaliation" and "capitulation" -- are highly disputed and factually involved.  Including evidence of these third-party disputes in the trial would require a lengthy detour into the contractual provisions under which these disputes arose, the actions that Sabre and the third parties took, why Sabre believed its actions were appropriate, and their relevance to this case, among other issues.  The evidence would include not only the limited evidence that US Airways would offer, but also the evidence that Sabre in fairness would be entitled to submit in rebuttal.  Introducing these matters in an already complex case risks confusing the jury with tangential issues they would then be called on to resolve.  In addition, providing the jury with evidence and argument of numerous alleged "prior bad acts" by Sabre will unfairly prejudice it.

The relevance of these prior disputes to the present case is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay and wasting time.  The motion to preclude is granted under Rule 403 of the Federal Rules of Evidence.

SO ORDERED.

Dated: July 6, 2016
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE