USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/7/2016__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                            :
US AIRWAYS, INC.,                            :
                                            :
                                 Plaintiff,     :        11 Civ. 2725 (LGS)
                                            :
              -against-                     :        <u>ORDER</u>
                                            :
SABRE HOLDINGS CORP., et al.,   :
                                            :
                                 Defendant.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        It is hereby **ORDERED** that Sabre's motion *in limine*, Dkt. No. 407, to exclude at trial certain testimony and argument about Sabre's contracts with third parties is denied.

        Sabre's application to exclude the introduction of testimony or argument regarding Sabre's contracts with travel agents is denied. Third party contracts with travel agents and Sabre's relationship with travel agents in general are a critical part of both the claims and defenses in this case. This evidence is also admissible to impeach travel agent witnesses, whom Sabre has represented it may call to testify about the purported procompetitive benefits of some of Sabre's contract provisions.

        Sabre's application to exclude the introduction of testimony or argument about third-party software developer contracts is also denied. Such testimony is relevant in demonstrating barriers to entry, which are relevant in evaluating Sabre's market power.

        Sabre's application to preclude US Airways from referring to Sabre's contracts with third-party airlines as "anticompetitive" is denied. US Airways, through its economics expert, intends to address Sabre's use of contractual restraints with third-party airlines and the alleged collective impact of those restraints on competition and Sabre's market power. To grant Sabre's motion in

effect would preclude the expert testimony of US Airways' expert on those issues.

In sum, Sabre's motion to exclude evidence of Sabre's contracts with travel agents and third-party software developers, and to preclude US Airways from referring to Sabre's contracts with third-party airlines as "anticompetitive," is DENIED.

SO ORDERED.

Dated: July 7, 2016
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**