```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
US AIRWAYS, INC.,                                             :
                                                              :
                                    Plaintiff,                :    11 Civ. 2725 (LGS)
                                                              :
           -against-                                          :    ORDER
                                                              :
SABRE HOLDINGS CORP., et al.,                                 :
                                                              :
                                    Defendant.                :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff ("US Airways") moves *in limine* to exclude at the scheduled jury trial certain proposed testimony of Defendants' ("Sabre") economics expert, Keith Ugone, pursuant to Federal Rules of Evidence 401, 402, 403, 702 and 703. The objection is based on the proposed direct testimony previously submitted in anticipation of a bench trial. *See e.g.* Dkt. No. 417-21; Dkt. No. 461-7, Lukmire Decl., Ex. K, (excerpts of Direct Testimony of Keith Ugone (August 18, 2015)); it is hereby

**ORDERED** that Sabre's motion to exclude at trial certain testimony from Sabre's expert, Keith Ugone, is granted in part and denied in part as follows.

1.  US Airways' application to exclude certain testimony regarding the alleged failure of GDS new entrants ("GNEs") to meet travel agents' business needs is granted in part. Ugone's proposed direct testimony in paragraphs 25 to 30 is no more than improper summation and argument about the testimony of travel agencies and is barred. However, his conclusion in paragraph 31 is that "the challenged provisions in US Airways contract with Sabre would not have resulted in new entrants successfully competing with GDSs and driving down booking fees as US Airways' experts assert." He may base this opinion on the assumption and the assertion

that the evidence shows that "new entrants failed for many reasons that had nothing to do with the challenged contract provisions."  He may not gather and interpret the evidence as a lawyer would in closing argument to argue what the evidence shows.

    2.    US Airways' application to exclude testimony regarding US Airways' contract negotiations with Sabre and the parties' alleged motivations is granted in part.  Ugone may not "sum up" the evidence to conclude that US Airways extracted pricing concessions from Sabre in exchange for providing full content as he does in paragraph 19.  That appears to be factual argument.  He may testify about objective economic incentives and disincentives in the circumstances of the parties; and he therefore may testify that one would expect GDSs to seek full content in exchange for concessions on other contract terms, including price.  He may also testify that the terms of the contracts are consistent with a competitive negotiation rather than being the product of Sabre's market power.  He may not usurp counsel's role to argue as a factual matter that US Airways provided full content as a result of negotiation rather than Sabre's market power.

    3.    US Airways' application to bar Ugone's "two-sided markets" testimony -- that the "net" economic consequences of both sides of Sabre's "platform," the airlines on one side and travel agencies on the other, bear on market power and anticompetitive effects -- is denied without prejudice.  Both parties rely on *United States v. American Express Co*., 88 F. Supp. 3d 143 (E.D.N.Y. 2015); *appeal docketed*, No. 15-1672 (2d Cir. May 21, 2015), in which the district court identified, but declined to answer, whether the general rule that "a restraint that causes anticompetitive harm in one market may not be justified by greater competition in a different market . . . precludes jointly weighing the relative gains and losses to interbrand competition in two separate, yet interrelated, markets that together comprise a single two-sided platform . . . " *Id*. at 67.  That issue now appears to be before the Second Circuit in the *American Express*

appeal, which was argued on December 17, 2015.  Pending the decision on appeal, US Airways' application is denied without prejudice to renewal.

    4.    US Airways seeks to bar duplicative opinions by Ugone and Kevin Murphy. The application is granted in that cumulative opinions of any expert on any subject will be barred.  Counsel may elect which expert will provide an opinion referenced above.  If necessary, a second expert may rely on the opinion of another expert by reference without again rendering the opinion and explaining its justification.

*  *  *  *

In sum:

- US Airways' application to exclude certain testimony regarding the alleged failure of GNEs to meet travel agents' business needs is GRANTED IN PART.

- US Airways' application to exclude testimony regarding US Airways' contract negotiations with Sabre and the parties' alleged motivations is GRANTED IN PART.

- US Airways' application to bar testimony that "net" economic consequences of both sides of Sabre's "platform" -- the airlines on one side and travel agencies on the other -- bear on market power and anticompetitive effects is DENIED WITHOUT PREJUDICE.

- US Airways' application to bar duplicative expert opinions is GRANTED

The Clerk of Court is directed to close Dkt. No. 390.

    SO ORDERED.

Dated: July 20, 2016
       New York, New York

LORNA G. SCHOFIELD<br>
UNITED STATES DISTRICT JUDGE