USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
US AIRWAYS, INC.,                                           :
                                                            :
                              Plaintiff,                    :    11 Civ. 2725 (LGS)
                                                            :
              -against-                                     :    ORDER
                                                            :
SABRE HOLDINGS CORP., et al.,                               :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants ("Sabre") move to exclude at trial certain opinions and testimony of Plaintiff's ("US Airways") economics experts, Joseph Stiglitz and Daniel McFadden (Dkt. No. 401) pursuant to Federal Rules of Evidence 702 and 403.  It is hereby

**ORDERED** that the motion to exclude the testimony of Stiglitz is denied.  This action is based on US Airways' claim that it paid Sabre supracompetitive booking fees as a result of unlawful contractual restraints that Sabre was able to impose as a result of its market power.  US Airways relies on Stiglitz's expert testimony to establish that, but for Sabre's imposition of the restraints, US Airways' booking fees would have decreased to a competitive level.  Sabre seeks to exclude his testimony of lower fees that would have prevailed in a "but for" competitive world.  In effect, Sabre seeks to exclude critical testimony that the contractual restraints were anticompetitive and harmed US Airways, and testimony that is the basis McFadden's damages calculation.

Rule 702 governs the admissibility of expert testimony.  The rule provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact
to understand the evidence or to determine a fact in issue, a witness qualified as

> an expert by knowledge, skill, experience, training, or education, may thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Courts play a "gatekeeping" role within the Rule 702 framework, and are required to "ensure that the 'expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'"  *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) (quoting *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007)).

Sabre challenges Stiglitz's opinion as "unreliable" and therefore inadmissible.  Sabre's arguments are unpersuasive at this stage.  Stiglitz's opinion is based on reliable economic principles, which he applies reliably to the facts of the case.  Rule 702 requires no more for an opinion to be reliable.  Sabre's argument, however, is that Stiglitz's opinion is incorrect -- that he should have considered other market conditions in determining his alternative fee; that he should have assigned a portion of the alternative fee to lawful market conditions; and that he should have used a different benchmark.  These are issues for cross-examination at trial to be considered by the jury.  In deciding a *Daubert* motion, a court decides the admissibility, not the sufficiency, of evidence.  Once expert evidence is past the admissibility threshold, "Justice Blackmun wrote, the 'appropriate' means of challenging those which appear shaky or unreliable include the 'traditional' devices of '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'"  *See In re Joint E. & S. Dist. Asbestos Litigation*, 52 F.3d 1124, 1132 (2d Cir. 1995) (quoting *Daubert*, 509 U.S. at 596 (1993)).  Consequently, the motion to exclude the testimony of Stiglitz is denied.

**ORDERED** that the motion to exclude testimony of McFadden is granted in part and denied in part as follows:

Sabre seeks to exclude McFadden's overcharge calculation because it is based on Stiglitz's opinion of the amount of lower fees that would have prevailed in a "but-for" world and because it is merely arithmetic. This application is denied because the related motion to exclude Stiglitz's testimony is denied, and because McFadden's calculations, the facts and assumptions underlying his calculation, and his explanation of the meaning of his calculations will assist the jury in understanding the evidence.

Sabre's seeks to exclude McFadden's damages calculation because it fails to consider additional costs that US Airways allegedly would incur to maintain the same level of bookings in the but-for world; and the converse, that the opinion fails to consider reduced bookings that US Airways allegedly would suffer without those additional costs. The application is denied because US Airways disputes as a factual matter that it necessarily would have incurred increased costs or reduced bookings in the but-for world. That factual issue is for the jury. Sabre may seek to impeach McFadden's damages calculation for failing to account for higher but-for world costs or reduced volume. US Airways' argument that this line of questioning is impermissible as a matter of law is rejected. Under § 4 of the Clayton Act, plaintiffs who are injured by "anything forbidden in the antitrust laws" are entitled to recover only "the damages by him *sustained*," 15 U.S.C. § 15(a) (emphasis added), meaning that an antitrust plaintiff is "entitled to recover only its *net* harm." 2A Phillip E. Areeda, al., *Antitrust Law* ¶ 392(c), at 334 (3d ed. 2007), *accord Los Angeles Memorial Coliseum Commn. V. Nat'l Football League*, 791 F.2d 1356, 1366-68 (9th Cir. 1986) ("An antitrust plaintiff may recover only to the 'net' extent of its injury.").

Relying primarily on *Hanover Shoe, Inc. v. United Shoe Machinery Corp., 392 U.S. 481 (1968),* US Airways argues that, as a general principle in an overcharge case, the damages

methodology need not take into account increased costs that would flow from the transactions at issue in the "but-for" world.  *Hanover Shoe*, however, does not stand for that proposition, but instead concerns itself with the difficulty of ascertaining what, if any, portion of an antitrust plaintiff's prices constitute the "passing on" of illegal overcharges to that plaintiff's customers.  *Hanover Shoe* therefore rejected of the "passing on" defense, which is not at issue in this case.  *Id*. at 488, 491.  Moreover, *Hanover Shoe* supports the principle that a plaintiff is entitled only to its net overcharge damages; it affirmed the District Court's deduction from overcharge damages the cost of capital that plaintiff would have incurred had it been able to purchase defendant's machines in the but-for world.  *Id*. at 503-04.  This deduction was necessary to place the plaintiff in the position it would have been absent defendant's anti-competitive conduct.

Sabre seeks to exclude McFadden's opinion that travelers who purchase tickets through non-GDS channels subsidize travelers who book through a GDS.  The application is granted under Rule 403 because its probative value is substantially outweighed by the risk of wasting time on a tangential issue, and confusing the jury about whose injury is at issue in the case.

*   *   *   *

In sum:

- Sabre's application to exclude testimony of Joseph Stiglitz is DENIED.

- Sabre's application to exclude Daniel McFadden's damages calculation is DENIED.

- Sabre's application to exclude Daniel McFadden's testimony and opinion that travelers who purchase tickets through non-GDS channels subsidize travelers who book through a GDS is GRANTED.

The Clerk of Court is directed to close Docket Number 401.

SO ORDERED

Dated: July 21, 2016
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**