UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                                 :

US AIRWAYS, INC.,                               :
                                                                  :

                               Plaintiff,     :           11 Civ. 2725 (LGS)
                                                                     :

                         -against-           :              <u>ORDER</u>
                                                                       :

SABRE HOLDINGS CORP., et al.,           :
                                                                   :

                                 Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendants ("Sabre") move to exclude at trial certain opinions and

testimony of Plaintiff's ("US Airways") travel industry expert, Andrew W. Menkes, (Dkt. No.

403) pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and

Federal Rules of Evidence 402, 403, and 702.  The motion to exclude certain testimony by

Menkes is denied for the most part, but granted as described below.

      Sabre seeks to exclude four categories of testimony and opinions: testimony about (1) the

alleged harm or "barriers" to competition resulting from Sabre's contracts with travel agencies

and authorized software developers; (2) the importance of Sabre as a distribution channel for US

Airways; (3) the conduct of Sabre and third-party travel agencies towards airlines other than US

Airways; and (4) new distribution technology.  Sabre seeks to exclude Menkes' testimony

primarily by arguing that Menkes does not have the training nor performed the analysis to testify

-- for example, by pointing out that Menkes "is not an economist" and "did not do any economic

analysis," and that he is "not a technology expert" and "has no specialized technological

training."

US Airways, however, intends to elicit his opinion to testify about how airlines, travel agents, and GDSs interact in the travel industry, particularly the way that travel agents may consider the options with which they are faced; not his economic analysis or technological analysis.  Menkes' forty-year history and professional experience in a variety of different roles in the travel industry qualifies him under Rule 702 to testify about the relationships between and incentives facing actors within the travel industry, which will aid the jury in understanding the market in the industry and aid in laying the foundation for economic testimony.

Sabre's application to exclude the introduction of Menkes' testimony or opinions about the alleged harm or "barriers" to competition resulting from Sabre's contracts with travel agencies and authorized software developers is denied.  Third-party contracts with travel agents and Sabre's relationship with travel agents in general are a critical part of both the claims and defenses in this case.  Menkes' proposed direct testimony also includes argument summarizing how the documentary evidence in this case is consistent with Menkes' own observations and opinions.  (*See* ¶¶ 36-40).  This testimony is excluded as improper summation and argument.

Sabre's application to preclude Menkes from testifying about the importance of Sabre as a distribution channel for US Airways is also denied.  Menkes may offer his observations about the incentives and considerations that go into decisions by travel agents about whether to move between Global Distribution Systems based on his history and experience in the industry.

Similarly, Sabre's applications to preclude Menkes from testifying about Sabre and third-party travel agencies and new distribution technology are likewise denied.  This testimony is relevant to understanding the relationship and alignment of incentives between Sabre and travel agencies.  Menkes may not ascribe intent or motive to Sabre or travel agents for their actions, but may testify about the considerations or incentives that travel agents face in the industry on the

basis of his experience in the industry.  *See Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) ("no expert may supplant the role of counsel in making argument at trial, and the role of the jury [in] interpreting the evidence.") (internal quotation marks and citation omitted); *In re Rezulin Prods. Liab. Litig*., 309 F. Supp. 2d 531, 545-47 (S.D.N.Y 2004).  Menkes also may not testify about Sabre's prior disputes with other airlines. *See* Dkt. No. 456.

For these reasons, it is hereby ORDERED that Sabre's motion to exclude certain testimony of US Airways' travel industry expert, Andrew W. Menkes, is DENIED, except that Menkes may not summarize and argue that the documentary evidence as consistent with his opinion and personal observations, as in his proposed direct testimony at paragraphs 36 to 40.

The Clerk of Court is directed to close Docket Number 403.

Dated: August 23, 2016
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE