| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF NEW YORK | |
| ------------------------------------------------------------X : | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____ |
| US AIRWAYS, INC., :<br>Plaintiff, : | DATE FILED: 8/25/2016 |
| : | 11 Civ. 2725 (LGS) |
| -against- : | |
| : | ORDER |
| SABRE HOLDINGS CORP, et al., : | |
| Defendants. : | |
| ------------------------------------------------------------ X | |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants ("Sabre") move to exclude at trial certain testimony of Plaintiff's ("US Airways") technology expert, Steve Reynolds (Dkt. No. 405), pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rules of Evidence 402, 403, and 702. The motion to exclude certain testimony by Reynolds is denied.

Sabre seeks to exclude the portion of Reynolds' testimony concerning whether Sabre's contracts with third-party software developers have created barriers to entry and whether Sabre's contracts with third-party software developers have slowed or prevented adoption of alternative distribution technologies. These subjects are addressed in part in the Order issued July 7, 2016, Dkt. No. 462, which denied Sabre's application to exclude the introduction of testimony or argument about third-party software developer contracts. The Order noted, "Such testimony is relevant in demonstrating barriers to entry, which are relevant in evaluating Sabre's market power." On the present motion, Sabre challenges Reynolds as the witness to offer this testimony. Sabre challenges his qualifications as a technology expert to offer economics opinions, and challenges his opinion as unsupported by analysis.

The parties do not dispute that Reynolds is qualified to testify on technological matters as a technology expert. Reynolds' testimony concerns technological methods Sabre allegedly

employs to prevent travel agents from using alternative software. The testimony is technological in nature and based on his experience developing and marketing distribution technology for use in the travel industry. It is not economic analysis, although the alleged technological barriers that Reynolds describes may have an effect on analysis of Sabre's economic market power.

Accordingly, Sabre's application to preclude Reynolds' testimony about Sabre's contracts with third-party software developers is DENIED.[1]

DATED: August 25, 2016
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] Although not the subject of this motion, the prior Order of July 6, 2016, Dkt. No. 456, precludes evidence of Sabre's prior disputes with certain third-party software developers, which impacts some of Reynolds' proposed direct testimony. He is thereby precluded from testifying about specific prior disputes between Sabre and third-party software developers and testifying that Sabre has put specific third-party software developers out of business. *See* Proposed Direct Testimony of Steve Reynolds, at paragraphs 52-54 and 62-63.