```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
US AIRWAYS, INC.,                                           :
                                                            :
                              Plaintiff,                    :    11 Civ. 2725 (LGS)
                                                            :
                -against-                                   :    ORDER
                                                            :
SABRE HOLDINGS CORP., et al.,                               :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

    US Airways has moved *in limine*, at Docket No. 485, to preclude at trial argument concerning Sabre's *in pari delicto*, unclean hands, waiver, and estoppel affirmative defenses. US Airways, in its Trial Memorandum of Law, has separately requested the Court to strike Sabre's *in pari delicto* defense now under Rule 12(f)(1), Fed. R. Civ. P., because even if the defense is permissible in Sherman Act cases, the defense does not apply to the facts of this case. Both applications are held in abeyance pending development of the factual record.

    By way of background, the Court has already touched on this issue. By Order dated August 15, 2016, Dkt. No. 495, US Airway's motion to exclude at trial evidence and argument regarding the negotiation of contractual terms other than those US Airways challenges was granted in part and denied in part. The Order was granted to the extent that Sabre was barred from introducing evidence about negotiation of contractual terms unrelated to the challenged terms, but permitted Sabre to introduce evidence that US Airways accepted the challenged contractual terms in exchange for certain benefits or concessions on other terms. The Order explained that the evidence is relevant to the parties' competing theories -- "US Airways' argument that it was coerced to accept the challenged provisions on account of Sabre's market

power, and Sabre's defense that the provisions were solely the result of a bargained-for-exchanged." *Id.*  This reasoning is relevant to this Order as well.

Plaintiff relies on *Perma Life Mufflers Inc. v. Int'l Parts Corp.*, 392 U.S. 134 (1968), *overruled on other grounds by Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984), to argue that *in pari delicto*, unclean hands, waiver, and estoppel defenses are barred.  In *Perma Life*, a case where Midas dealers challenged restraints on trade in a contract between themselves and their franchisor, the Supreme Court barred the traditional common law defense of *in pari delicto*, which prevents a plaintiff from recovering damages or equitable relief from his own wrongdoing.  The Court stated, "with its complex scope, contents, and effects, [*in pari delicto*] is not to be recognized as a defense to an antitrust action." *Id.* at 140.  The Supreme Court reasoned that there are strong public policy reasons for disallowing a traditional *in pari delicto* defense in private antitrust cases:  "[T]he purposes of antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws.  The plaintiff . . . may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition." *Id.* at 139.

In *Perma Life*, the Supreme Court explicitly left open the question of whether "truly complete involvement and participation in a monopolistic scheme could ever be a basis, wholly apart from the idea of *in pari delicto*, for barring a plaintiff's cause of action . . . ."  *Id.*  at 140.  The Supreme Court, applying the views expressed in *Perma Life*, later held with respect to private securities actions, that an action "may be barred on the grounds of the plaintiff's own culpability only where (1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of suit

would not significantly interfere with the effective enforcement of the securities laws and protection of the investing public." *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310–11, 105 S. Ct. 2622, 2628–29, 86 L. Ed. 2d 215 (1985); *accord Peltz v. SHB Commodities*, 115 F.3d 1082, 1090-91 (2d Cir. 1997) (applying the doctrine to bar plaintiff's securities claims). However, the Second Circuit more recently urged caution "in developing contours for the application of such a defense in this context, where private [antitrust] actions play a significant role in the enforcement scheme, as evidenced by Congress's authorization of treble damages awards to prevailing plaintiffs. This is particularly so . . . where the factual record is undeveloped." *Gatt Commc'ns, Inc. v. PMC Associates, L.L.C.,* 711 F.3d 68, 80 (2d Cir. 2013).

Here, the factual record on this issue is not before the Court, and the evidence is about to be presented to a jury. Evidence of what Sabre now characterizes as US Airways' "equal involvement" in the challenged contractual restraints is relevant to the issues of causation and damages, regardless of any ruling on the applicability or scope of an *in pari delicto* defense. *See U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1369 (2d Cir. 1988) (*In pari delicto* evidence "properly admitted as relevant to causation and damages"); *see also Perma Life Mufflers*, 392 U.S. at 140 (Evidence of the "possible beneficial byproducts of a restriction from a plaintiff's point of view can of course be taken into consideration in computing damages."). Such evidence is therefore admissible.

US Airways' motion *in limine*, Docket No. 485, to exclude argument relating to Sabre's *in pari delicto*, unclean hands, waiver, and estoppel affirmative defenses is held in abeyance pending development of the factual record. Sabre may introduce evidence relating to US Airways' "equal involvement" as it bears on the issues of causation and damages. Sabre may

discuss such evidence in the context of causation and damages in its opening statement, and may cross-examine accordingly.  Sabre shall refrain from "arguing" *in pari delicto* or unclean hands in its opening statement and on cross-examination, at least until the development of further facts at trial and a ruling by the Court.  Sabre may request a ruling after such factual development and in any event prior to the final charging conference and prior to closing arguments.

      SO ORDERED.

Dated:  September 22, 2016
       New York, New York

                                      **LORNA G. SCHOFIELD**
                                **UNITED STATES DISTRICT JUDGE**