```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
-----------------------------------------X      ELECTRONICALLY FILED
                                         :      DOC #:_____
US AIRWAYS, INC., FOR AMERICAN           :      DATE FILED: 1/23/2020
AIRLINES, INC., AS SUCCESSOR AND REAL    :
PARTY IN INTEREST,                       :      11 Civ. 2725 (LGS)
                          Plaintiff,     :
                                         :                ORDER
           -against-                     :
                                         :
SABRE HOLDINGS CORPORATION, ET AL.,      :
                          Defendants.    :
                                         :
-----------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letter emailed to the Chambers inbox, dated January 17, 2020, Plaintiff US Airways requests permission to file under seal portions of its Fourth Amended Complaint ("FAC");

WHEREAS, by letter emailed to the Chambers inbox, dated January 17, 2020, Defendants Sabre request to file under seal Exhibit E to their pre-motion letter proposing a Motion to Compel. Exhibit E is an excerpt from Plaintiff's expert deposition, which Plaintiff designated as confidential. Although Defendants submitted the sealing request, they "take[] no position on whether [the deposition excerpt] justifies sealing," and Plaintiff in turn has not presented any justification. It is hereby

**ORDERED** that US Airway's request to seal portions of the FAC is GRANTED. Plaintiff shall file by **January 30, 2020**: (1) a redacted version of the FAC, consistent with the proposed highlighted redactions, on the docket and (2) an unredacted version of the FAC under seal. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner*

*Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The proposed redactions are narrowly tailored to prevent unauthorized dissemination of sensitive business information. The parties are advised that the Court retains discretion whether to afford confidential treatment to sealed material in any Court order or proceeding. It is further

**ORDERED** that Sabre's request to file Exhibit E under seal is DENIED, without prejudice to renewal by US Airways, should US Airways present any justification for sealing. The confidential designation of a deposition transcript is not a self-evident basis for sealing. A party must further explain why such material should be sealed. Furthermore, the Individual Rules provide that "[t]he party with an interest in confidential treatment bears the burden of persuasion. *If this party is not the filing party, the party with an interest in confidential treatment* shall promptly email a letter to the Court explaining why it seeks to have certain documents" sealed (emphasis added). Sabre has already disclaimed any interest in sealing Exhibit E, so US Airways has the burden of justifying a sealing request, if any.

Accordingly, unless US Airways makes a further request to seal Exhibit E, by letter to the Chambers inbox, Sabre shall file its Motion to Compel letter and accompanying exhibits on the docket by **January 30, 2020**. US Airways' letter, responding to the Motion to Compel letter, is due **February 6, 2020**.

Dated: January 23, 2020
     New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**