**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

US AIRWAYS, INC.,

       Plaintiff,

  v.

SABRE HOLDINGS CORP.,
SABRE GLBL INC., and
SABRE TRAVEL INT'L LTD.,

       Defendants.

Civil Action No. 1:11-cv-02725-LGS

ECF Case

**DEFENDANTS' ANSWER TO PLAINTIFF'S SIXTH AMENDED COMPLAINT**

## **Introduction**

Defendants Sabre Holdings Corp., Sabre GLBL Inc., and Sabre Travel Int'l Ltd. (together, "Sabre"), hereby answer and respond to the allegations in the Sixth Amended Complaint (the "Complaint") submitted by Plaintiff US Airways, Inc. ("Plaintiff"). To the extent not specifically admitted herein, Sabre denies all of the allegations in the Complaint. In addition, to the extent Plaintiff purports to quote from documents in the Complaint, Sabre refers to the documents themselves for their complete content. Sabre does not concede the accuracy of Plaintiff's quotations or even that the documents exist; and, to the extent the quotations are incomplete, inaccurate, misleading, or the underlying documents do not exist, Sabre denies the allegations therein. Sabre will insist on strict proof of any such statements, assuming such statements are deemed admissible, as to which Sabre reserves its rights. Sabre also denies any allegations or claims that the Court has already dismissed or rendered summary judgment against. Sabre demands a jury trial on all claims.

## **General Denial**

Sabre denies each allegation in the Complaint, except to the extent expressly admitted. Sabre denies that it has engaged in illegal conduct, or that any conduct that it is alleged to have been engaged in has harmed Plaintiff, competition, or consumers.

## **Specific Denials**

Sabre specifically responds to the allegations in the Complaint as follows:

1.      The allegations in Paragraph 1 consist of Plaintiff's conclusions of law and characterization of its claims, to which no response is required. To the extent a response is deemed necessary, Sabre denies that it has violated Sections 1 and 2 of the Sherman Act, and

denies that Plaintiff has sustained any injury as alleged in Paragraph 1. Sabre denies the remaining allegations in Paragraph 1.

2.      Sabre is not aware of the basis on which Plaintiff alleges Sabre operates the "largest" GDS in the United States; and, therefore, cannot admit or deny the allegation, and on this basis, denies the allegation. Sabre admits that through its GDS it provides travel agents with, among other things, an array of services to facilitate shopping, booking, servicing, and accounting for travel.

3.      Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of Paragraph 3, and on this basis denies those allegations. Sabre denies the allegations in the fifth and sixth sentences of Paragraph 3. As to sentences seven and eight of Paragraph 3, Sabre lacks knowledge or information sufficient to form a belief as to why the DOJ made the purported statement 25 years ago and on this basis denies it.

4.      Sabre admits that one way it competes for the travel agents' business is by providing financial incentives to the agents. Sabre admits that some travel agents do not pay to use the Sabre GDS. Sabre denies the remainder of the allegations in Paragraph 4.

5.      Sabre admits that in order to serve its airline customers and respond to competition for travel agency bookings, between 2006 and 2012, Sabre paid American Express GBT, Carlson Wagonlit Travel, Hogg Robinson Group, and BCD Travel more than $1.2 billion in incentive payments, although these payments were not limited to airline bookings or to bookings made in the United States. Sabre denies the remaining allegations in Paragraph 5.

6.      Sabre admits that, in the past, US Airways paid Sabre for its services. Sabre denies the remaining allegations in Paragraph 6.

2

7.      Sabre admits that the Sabre GDS operates in the United States and that Travelport and Amadeus are other GDSs in the United States, but Sabre otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7, and on this basis denies those allegations. Sabre denies the allegations in the second sentence of Paragraph 7.

8.      Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 8, and on this basis denies those allegations. Sabre denies the remaining allegations.

9.      Sabre denies the allegations in Paragraph 9.

10.     Sabre denies the allegations in Paragraph 10.

11.     Sabre denies the allegations in Paragraph 11.

12.     Sabre denies the allegations in Paragraph 12.

13.     Sabre denies the allegations in Paragraph 13.

14.     Sabre denies the allegations in Paragraph 14.

15.     Sabre denies the allegations in Paragraph 15.

16.     Sabre denies the allegations in Paragraph 16.

17.     Sabre denies the allegations in Paragraph 17.

18.     Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on this basis denies those allegations.

19.     Sabre admits that US Airways entered into a merger agreement with American Airlines. Sabre further admits that on March 22, 2017, the Court re-captioned the case. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and on this basis denies those allegations.

20.     Sabre admits that Sabre Holdings Corporation is a Delaware Corporation and "is the sole subsidiary of Sabre Corporation." Sabre denies the remaining allegations in Paragraph 20.

21.     Admitted.

22.     Sabre admits that the headquarters of Sabre Travel International Limited is at 25/28 North Wall Quay, Dublin 1, Ireland, and that Sabre Travel International Limited's principal place of business is at 3150 Sabre Drive, Southlake, Texas. Sabre denies the remaining allegations in Paragraph 22.

23.     Sabre denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 are conclusions of law, to which no response is required.

25.     The allegations in the first part of the first sentence of Paragraph 25, citing venue statutes, are conclusions of law, to which no response is required. Sabre admits it transacts business and is found within this district, does not contest personal jurisdiction in this action, and admits the allegations in the last sentence of Paragraph 25.

26.     Sabre admits the allegations in the second sentence of Paragraph 26. The allegations in the first and last sentences of Paragraph 26 are conclusions of law, to which no response is required. To the extent the allegations in the first and last sentences of Paragraph 26 are deemed to require a response by Sabre, Sabre denies those allegations.

27.     Sabre admits the allegation in the first sentence of Paragraph 27. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 27, and on this basis denies that allegation.

28.     As to the first sentence of Paragraph 28, Sabre admits that some travel agencies book some flights through a GDS. To the extent that the first sentence is meant to suggest that travel agents only book flights through a GDS, Sabre denies the allegations in the first sentence of Paragraph 28. As to the second sentence of Paragraph 28, Sabre admits that Sabre, Travelport, and Amadeus are GDSs in the United States. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 28, and on this basis denies those allegations. As to the purported quote from the Department of Justice and the Department of Transportation, Sabre refers to the statement itself for its complete content but denies the truth of the statement.

29.     Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on this basis denies those allegations.

30.     To the extent that Paragraph 30 purports to quote a statement or report of the American Society of Travel Agents, Sabre refers to that statement or report for its complete content. Sabre denies the remaining allegations in Paragraph 30.

31.     Sabre denies the allegations in Paragraph 31.

32.     Sabre denies the allegations in the first sentence of Paragraph 32. Sabre admits that airlines eventually chose to divest their ownership in GDSs. Sabre admits the terms "CRS" and "GDS" are sometimes used interchangeably.

33.     To the extent the allegations in Paragraph 33 are directed toward Sabre, Sabre denies the allegations. To the extent the allegations in Paragraph 33 are directed toward others, Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis denies the allegations.

34.     Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 34, and on this basis denies those allegations. Sabre denies the allegations in the second sentence of Paragraph 34.

35.     To the extent the allegations in Paragraph 35 are directed toward Sabre, Sabre admits that one way it competes with other GDSs for the travel agents' business is by providing financial incentives to the agents, but denies that such payments are "kickbacks" and denies the remaining allegations. To the extent the allegations in Paragraph 35 are directed toward others, Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis denies the allegations.

36.     As to the purported quotes attributed to the Department of Transportation, Sabre refers to the quotes themselves for their complete content but denies the truth of the statements. Sabre denies the remaining allegations in Paragraph 36.

37.     Sabre denies the allegations in the first sentence of Paragraph 37. Sabre admits that some of Sabre's contracts with travel agencies include the opportunity to earn incentives for use of the Sabre GDS. Sabre denies the allegation that these provisions penalize agencies that use other channels for bookings as alleged in the second half of the second sentence of Paragraph 37. Sabre refers to the report cited in the third sentence of Paragraph 37 for its complete content. Sabre admits that some of Sabre's contracts with travel agencies may include agreements as to anticipated volume, but Sabre otherwise denies the allegations in sentences four and five of Paragraph 37, including the allegation that Sabre imposes "penalties" on travel agencies. Sabre refers to the document cited in the sixth sentence of Paragraph 37 for its complete content. Sabre denies the allegations in the seventh, eighth, and ninth sentences of Paragraph 37, except that Sabre refers to the cited document for its complete content. Sabre denies the allegations in the

last sentence of Paragraph 37 and all other allegations in Paragraph 37 that are not specifically addressed above.

38.     Sabre denies the allegations in Paragraph 38.

39.     Sabre denies that it generally provides equipment to travel agents and denies that Sabre provides "kickbacks" to travel agents as alleged in the first two sentences of Paragraph 39. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first two sentences of Paragraph 39, and on this basis denies those allegations. Sabre refers to the report cited in the second sentence of Paragraph 39 for its complete content. To the extent the last sentence of Paragraph 39 refers to the conduct of third parties, Sabre lacks knowledge or information sufficient to form a belief as to those allegations, and on this basis denies those allegations. Sabre otherwise denies the allegations in the last sentence of Paragraph 39.

40.     Sabre refers to the indicated statements for their complete content and otherwise denies the allegations in Paragraph 40.

41.     Sabre refers to the indicated statement for its complete content and otherwise denies the allegations in Paragraph 41.

42.     Sabre refers to the indicated statements for their complete content and otherwise denies the allegations in Paragraph 42.

43.     Sabre denies the first sentence of Paragraph 43. Sabre refers to the indicated statements for their complete content and otherwise denies the allegations in Paragraph 43.

44.     Sabre denies the allegations in Paragraph 44.

45.     Sabre admits that at least some business travelers book through traditional travel agencies. Sabre further admits that many leisure travelers book through OTAs. Sabre denies the remaining allegations in Paragraph 45.

46.     The allegations in Paragraph 46 are not allegations against Sabre. To the extent they can be construed as such, Sabre denies the allegations in Paragraph 46. Otherwise, Sabre lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and on this basis denies those allegations.

47.     The allegations in Paragraph 47 are not allegations against Sabre. To the extent they can be construed as such, Sabre denies the allegations in Paragraph 47. Otherwise, Sabre lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, and on this basis denies those allegations.

48.     In response to the second sentence in Paragraph 48, Sabre admits that it terminated its agreement with Farelogix. Sabre denies the remaining allegations in Paragraph 48.

49.     Sabre admits that it has agreements with some third-party developers and refers to those agreements for their contents. Sabre lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 49, and on this basis denies those allegations.

50.     Sabre denies the allegations in Paragraph 50, except that it refers to the cited document for its complete content.

51.     Sabre denies the allegations in Paragraph 51.

52.     Sabre denies the allegations in Paragraph 52.

53.     Sabre denies the allegations in Paragraph 53.

54.     Sabre denies the allegations in Paragraph 54.

8

55.     As to the first sentence of Paragraph 55, Sabre admits that it has made public statements highlighting some of the deficiencies of direct connects. Sabre refers to the cited document for its complete content. Sabre denies the remaining allegations in Paragraph 55.

56.     Sabre lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 56, and on this basis denies those allegations.

57.     To the extent that the allegations in Paragraph 57 are based on the public statements of the Department of Justice, Sabre refers to those statements for their complete content. Sabre otherwise denies the allegations in Paragraph 57.

58.     Sabre admits that Northwest made an announcement regarding an additional fee it would charge travelers. Sabre admits that it sued Northwest because this new fee to travelers was a breach of contract. Sabre denies the remaining allegations and the characterizations and purported truth of the cited testimony. Sabre denies the remaining allegations of Paragraph 58.

59.     As to the testimony cited in the third sentence of Paragraph 59, Sabre refers to the trial transcript for its complete contents but denies the truth of those statements. Sabre denies the remaining allegations in Paragraph 59.

60.     As to the documents referred to in Paragraph 60, Sabre refers to those documents for their complete contents, but denies the accuracy of US Airways' characterizations. Sabre admits that American Airlines announced a surcharge during the 2006 negotiations. Sabre denies the remaining allegations of Paragraph 60.

61.     As to the documents referred to in Paragraph 61, Sabre refers to those documents for their complete contents, but denies the accuracy of US Airways' characterizations. Sabre denies the remaining allegations of Paragraph 61.

62.     Sabre admits that it was required to bias the display of some American Airlines flights pursuant to the provisions of the parties' contract. Sabre denies the remainder of the allegations in Paragraph 62.

63.     Sabre admits that following Air Canada's decision to discriminate against Sabre and all the travelers who use Sabre-subscribing travel agents by withdrawing content from the Sabre GDS, Sabre exercised its contractual rights under the parties' Participating Carrier Agreement regarding screen display and booking fees. Sabre denies the allegations of "retaliation." Sabre denies the remaining allegations regarding the characterizations and purported truth of the cited documents in Paragraph 63.

64.     Sabre denies the allegations and the characterizations and purported truth of the cited testimony in Paragraph 64.

65.     Sabre denies the allegations in Paragraph 65.

66.     Sabre denies the allegations in Paragraph 66.

67.     Sabre denies the allegations of Paragraph 67, except it admits that some of its agreements with travel agencies may include agreements as to anticipated volume and agreements regarding ratios between data processing transactions and bookings.

68.     As to the documents referred to in Paragraph 68, Sabre refers to the documents for their complete contents. Sabre denies the remaining allegations of Paragraph 68.

69.     Sabre admits that in order to serve its airlines and their customers and to respond to competition for travel agency bookings, between 2006 and 2012, Sabre paid American Express GBT, Carlson Wagonlit Travel, Hogg Robinson Group, and BCD Travel more than $1.2 billion in commissions on behalf of the airlines to enable the airlines to save an enormous amount in sales and marketing expenses, although these payments were not limited to airline

bookings or to bookings made in the United States. Sabre denies the remaining allegations of Paragraph 69.

70.     As to the document referred to in Paragraph 70, Sabre refers to the document for its complete content. Sabre denies the remaining allegations of Paragraph 70.

71.     Sabre denies the allegations in Paragraph 71.

72.     Sabre denies the allegations in Paragraph 72.

73.     Sabre admits that Galileo and Worldspan combined under a single entity, Travelport. Sabre denies the allegations in the last sentence of Paragraph 73. Sabre otherwise lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and on this basis denies those allegations.

74.     Sabre denies the allegations in the first sentence of Paragraph 74. Sabre lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 74, and on this basis denies those allegations. Sabre denies the allegations in the fourth sentence of Paragraph 74. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 74, and on this basis denies those allegations, except that Sabre denies the allegations that it has "blocked new technology" and that Sabre's prices have not fallen over the past 20 years.

75.     Sabre denies the allegations in Paragraph 75.

76.     Sabre denies the allegations in Paragraph 76.

77.     Sabre denies the allegations in Paragraph 77.

78.     Sabre admits the allegations in Paragraph 78.

79.     Sabre denies the allegations in Paragraph 79.

80.     Sabre denies the allegations in Paragraph 80.

81.     Paragraph 81 contains Plaintiff's conclusions of law and interpretation of a contract, to which no response is required. To the extent the allegations in Paragraph 81 are deemed to require a response by Sabre, Sabre denies those allegations, except Sabre admits that the TMA contains the words quoted in Paragraph 81. To the extent Paragraph 81 purports to allege that the quoted words completely and accurately reproduce the terms of the contract, Sabre denies the allegations in Paragraph 81 and refers to the cited document for its complete content.

82.     Sabre denies the allegations in the first sentence of Paragraph 82. As to the second and third sentences of Paragraph 82, Sabre refers to the cited document for its complete content.

83.     Sabre denies the allegations in Paragraph 83, except Sabre admits that the term "full content" in the TMA is a defined term and refers to the cited document for its complete content.

84.     Sabre denies the allegations in the first sentence of Paragraph 84, except Sabre admits that, while it was in effect, the TMA required Plaintiff to provide Sabre with "full content" (as the term "full content" is defined in the TMA). As to the second sentence of Paragraph 84, Sabre admits that US Airways launched its "Choice Seats" program and that Choice Seats are certain seats in coach class that US Airways allows travelers to reserve for an extra fee. Sabre admits there were discussions with US Airways regarding providing Choice Seats through the Sabre GDS. Sabre denies the remaining allegations in Paragraph 84.

85.     Sabre denies the allegations in the first sentence of Paragraph 85. As to the second sentence of Paragraph 85, Sabre refers to the cited document for its complete content.

86.     Sabre denies the allegations in Paragraph 86.

87.     As to the first sentence of Paragraph 87, Sabre refers to the TMA for its complete content. Sabre denies all other allegations in Paragraph 87.

88.     As to Paragraph 88, Sabre refers to the TMA for its complete content.

89.     As to the first sentence of Paragraph 89, Sabre refers to the TMA for its complete content. Sabre denies all other allegations in Paragraph 89.

90.     Sabre denies the allegations in Paragraph 90.

91.     As to the first sentence in Paragraph 91, Sabre admits that US Airways agreed in the TMA that it would not discriminate against Sabre and travelers who use Sabre-subscribing travel agents by charging additional fees to these travelers solely because they chose to purchase their ticket through a travel agent that used Sabre. Sabre denies the remaining allegations in Paragraph 91.

92.     Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 92.

93.     Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 93.

94.     Sabre denies the allegations in Paragraph 94.

95.     Sabre admits the allegations in Paragraph 95.

96.     Sabre denies the allegations in Paragraph 96.

97.     Sabre refers to the cited document for its complete content. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 97, and on this basis denies those allegations. In all other respects, Sabre denies the remaining allegations in Paragraph 97.

98.     Sabre refers to the cited document for its complete content. Sabre lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 98, and on this basis denies those allegations. In all other respects, Sabre denies the allegations in Paragraph 98.

99.     Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 99.

100.    Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 100.

101.    Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 101.

102.    Sabre refers to the cited document for its complete content.

103.    Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 103.

104.    Sabre denies the allegations in Paragraph 104.

105.    Sabre refers to the cited documents for their complete content. Sabre otherwise denies the allegations in Paragraph 105.

106.    Sabre refers to the cited documents for their complete content. Sabre otherwise denies the allegations in Paragraph 106. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Mr. Nocella or US Airways "understood," and on this basis denies those allegations.

107.    Sabre denies the allegations in Paragraph 107 and refers to the cited contract for its terms.

14

108.     Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 108.

109.     Sabre refers to the cited document for its complete content. Sabre otherwise denies the allegations in Paragraph 109.

110.     The allegations in Paragraph 110 consist of Plaintiff's conclusions of law, to which no response is required. To the extent the allegations in Paragraph 110 are deemed to require a response from Sabre, Sabre denies them.

111.     The allegations in Paragraph 111 consist of Plaintiff's conclusions of law, to which no response is required. To the extent the allegations in Paragraph 111 are deemed to require a response from Sabre, Sabre denies them.

112.     Sabre admits that some traditional travel agencies book travel using GDSs because of the array of services that GDSs provide to facilitate shopping, booking, servicing, and accounting for travel. Sabre also admits that some travel agency customers prefer to book travel using traditional travel agencies. Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on this basis denies those allegations.

113.     Sabre denies the allegations in Paragraph 113.

114.     Sabre denies the allegations in Paragraph 114 to the extent they are directed at Sabre. Sabre otherwise lacks knowledge or information to form a belief as to the truth of allegations in Paragraph 114 with respect to entities other than Sabre, and on this basis denies those allegations.

115.     The allegations in Paragraph 115 consist of Plaintiff's conclusions of law, to which no response is required. To the extent the allegations in Paragraph 115 are deemed to require a response from Sabre, Sabre denies them.

116.     The allegations in Paragraph 116 consist of Plaintiff's conclusions of law, to which no response is required. To the extent the allegations in Paragraph 116 are deemed to require a response from Sabre, Sabre denies them.

117.     Sabre refers to the cited document for its content. Sabre denies the remaining allegations in Paragraph 117.

118.     Sabre denies the allegations in Paragraph 118.

119.     Sabre denies that each GDS constitutes a relevant market for antitrust purposes. Sabre refers to the cited documents for their complete content. Sabre otherwise denies the allegations in Paragraph 119.

120.     The allegations in Paragraph 120 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Sabre refers to the Second Circuit's opinion for its complete content but denies US Airways' characterization of that opinion.

121.     Sabre lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on this basis denies those allegations, except that Sabre refers to the cited document for its complete content.

122.     Sabre denies the allegations in Paragraph 122.

123.     Sabre denies the allegations in Paragraph 123, except Sabre admits that alternative distribution systems might attempt to free ride anticompetitively on the "scale and functionality of a GDS." Sabre lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 123 with respect to entities other than Sabre, and on this basis denies them.

124.     Sabre denies the allegations in Paragraph 124.

125.     Sabre denies the allegations in Paragraph 125, except Sabre admits that Sabre's agreement with Plaintiff includes terms related to the rest of the world as well as the United States.

126.     Sabre denies the allegations in Paragraph 126.

127.     Sabre denies the allegations in Paragraph 127.

128.     Sabre denies the allegations in Paragraph 128.

129.     Sabre denies the allegations in Paragraph 129.

130.     Sabre denies the allegations in Paragraph 130.

131.     Sabre denies the allegations in Paragraph 131.

132.     Sabre incorporates by reference the responses contained in the previous paragraphs of this Answer as if fully rewritten herein.

133.     The allegations in Paragraph 133 consist of Plaintiff's conclusions of law, to which no response is required. To the extent the allegations in Paragraph 133 are deemed to require a response from Sabre, Sabre denies them.

134.     Sabre denies the allegations in Paragraph 134.

135.     Sabre denies the allegations in Paragraph 135.

136.     Sabre denies the allegations in Paragraph 136.

137.     Sabre denies the allegations in Paragraph 137.

138.     Sabre denies the allegations in Paragraph 138.

139.     Sabre incorporates by reference the responses contained in the previous paragraphs of this Answer as if fully rewritten herein.

140.     Sabre denies the allegations in Paragraph 140.

141.     Sabre denies the allegations in Paragraph 141.

142.    Sabre refers to the cited document for its complete content but denies the accuracy of the statement. Sabre denies the remaining allegations of Paragraph 142.

143.    Sabre denies the allegations in Paragraph 143.

144.    Sabre denies the allegations in Paragraph 144.

145.    Sabre denies the allegations in Paragraph 145.

## Affirmative or Alternative Defenses

In addition to the reasons stated above, Plaintiff is not entitled to relief, and Sabre is entitled to judgment in its favor and against Plaintiff, on the basis of the following Affirmative or Alternative Defenses, pleaded in the alternative to the extent they may be found to be inconsistent. In asserting these defenses, Sabre does not assume the burden of proof on any issue that would otherwise rest on Plaintiff.

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

5.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer antitrust injury.

6.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto* and/or Plaintiff's equal involvement in the alleged antitrust violation.

8.    Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

11.     Plaintiff is barred, in whole or in part, from recovery of any damages because of and to the extent of its failure to mitigate damages.

12.     Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

13.     Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others, and, in any event, were not caused by any acts or omissions of Sabre.

14.     Plaintiff's claims are barred, in whole or in part, by the defense of release and covenant not to sue.

15.     Plaintiff's claims are barred, in whole or in part, by the Court's prior summary judgment decision in this litigation.

## <u>Reservation of Defenses</u>

Defendants reserve the right to assert additional defenses when it determines the particulars of Plaintiff's claims, which are not apparent on the face of the Complaint.

**<u>Conclusion</u>**

WHEREFORE, Defendants pray as follows:

1.     That the Plaintiff take nothing by way of the Complaint, and the action be dismissed with prejudice;

2.     That judgment be entered in favor of Defendants and against Plaintiff with respect to all causes of action in the Complaint;

3.     That the Court award Defendants their attorneys' fees and all other costs reasonably incurred in defense of this action; and

4.     That the Court award Defendants such other relief as it may deem just and proper.

**<u>JURY TRIAL DEMANDED FOR ALL CLAIMS</u>.**

DATED: October 1, 2021
            Chicago, Illinois

Respectfully submitted,

/s/ *Patrick Fitzgerald*
Patrick Fitzgerald
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Phone: (312) 407-0508
patrick.fitzgerald@skadden.com

Steven C. Sunshine
Tara L. Reinhart (admitted *pro hac vice*)
Julia K. York (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Phone: (202) 371-7860
steve.sunshine@skadden.com
tara.reinhart@skadden.com
julia.york@skadden.com

Boris Bershteyn
Evan R. Kreiner
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, NY 10001
Phone: (212) 735-3000
boris.bershteyn@skadden.com
evan.kreiner@skadden.com
*Counsel for Sabre Holdings Corporation,*
*Sabre GLBL Inc., and Sabre Travel*
*International Ltd.*