UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US AIRWAYS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SABRE HOLDINGS CORP.,<br>SABRE GLBL INC., and<br>SABRE TRAVEL INT'L LTD.,<br><br>    Defendants. | Civil Action No. 1:11-cv-02725-LGS<br><br>ECF Case |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE PEJORATIVE, IRRELEVANT, AND PREJUDICIAL
<u>TERMS TO DESCRIBE INCENTIVE PAYMENTS TO TRAVEL AGENTS</u>**

Defendants Sabre Holdings Corporation, Sabre GLBL, Inc., and Sabre Travel International Limited (collectively, "Sabre") respectfully submit this memorandum of law in support of their motion to preclude Plaintiff US Airways, Inc. ("USAir") from using pejorative, irrelevant, and prejudicial terms to describe Sabre's incentive payments to travel agencies.

A key disputed issue in this case is whether Sabre's incentive payments to travel agencies reflect legitimate, competitive activity (as Sabre contends) or an anticompetitive means of entrenching Sabre's purported market power (as USAir contends).  While in *Ohio v. American Express Co.*, 138 S. Ct. 2274 (2018), the Supreme Court explained that payments to customers on one side of a two-sided transaction platform (like Sabre's incentive payments to travel agencies) "reflect[] differences in the two sides' demand elasticity, not market power or anticompetitive pricing," *id.* at 2285-86, USAir appears poised to claim otherwise with respect to Sabre's incentive payments.  But in attempting to make its case, USAir may not poison the jury's perception by labeling incentives with pejorative terms, such as "kickbacks" and "bribes," as USAir has done repeatedly in its operative complaint and other post-remand filings.  (*See* ECF No. 1037 ¶¶ 4, 31, 35, 37, 39, 66; ECF No. 1050 at 19.)  Nor may USAir disparage such payments by labeling them the product of a purported "conspiracy" or "collusion" between Sabre and travel agencies, when USAir does not assert any conspiracy claim in its operative Sixth Amended Complaint.  (*See* ECF No. 1037.)

Under Federal Rule of Evidence 403, testimony should be excluded when its "probative value" is "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.  Here, Rule 403 bars USAir from using terms like "kickbacks," "bribes," "conspiracy," and "collusion" at trial.

*First*, USAir should be precluded from characterizing incentives with terms like "kickbacks" and "bribes" because Rule 403 prohibits "the use of pejorative terms" when "such categorizations [are] inflammatory and unnecessary to prove a claim." *Plew v. Ltd. Brands, Inc.*, 2012 WL 379933, at *2 (S.D.N.Y. Feb. 6, 2012) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009)).  Despite USAir's repeated reliance on the terms in its post-remand filings, proving a "kickback" or "bribe" is not necessary to prevail under the Sherman Act, and such derogatory monikers have "very limited," if any, "probative value" in an antitrust case. *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 2016 WL 5929051, at *1 (E.D. Pa. Jan. 21, 2016).  Use of these terms also presents a significant danger of unfair prejudice, as the terms are inflammatory pejoratives associated with criminal activity,[1] and thus may prompt the jury to make decisions about Sabre's pricing structure based on reflex, rather than careful consideration of the evidence and the Court's instructions.  Similarly, use of these terms—particularly when used persistently, as USAir has done throughout its post-remand case—poses a substantial risk the jury will misconstrue pejorative characterizations as substantive evidence.

Because of the lack of relevance and substantial risk of unfair prejudice, courts in antitrust matters often preclude parties from using such pejorative and prejudicial terms at trial.  *See, e.g.*, Ex. J, *In re: Loestrin 24 FE Antitrust Litig.*, No. 1:13-md-02472, ECF No. 1362 (D.R.I. Dec. 6, 2019) (barring plaintiffs from describing purportedly anticompetitive reverse payments

---

[1] *See, e.g.*, 18 U.S.C. 201, *et seq.* (Chapter 11- "Bribery, Graft, and Conflicts of Interest"); 41 U.S.C. § 8701, *et seq.* (Chapter 87 - "Kickbacks").

with "pejorative" terms "'payoff' or 'kickback' or the like," which could "inflame the jury");[2] *In re Lidoderm Antitrust Litig.*, 2018 WL 7814761, at *5 (N.D. Cal. Feb. 7, 2018) (similar); *King Drug*, 2016 WL 5929051, at *1 (similar).[3]  This case should be no different.

*Second*, Rule 403 prevents USAir from disparaging incentives as the product of a purported "conspiracy" or "collusion" between Sabre and travel agencies.  In addition to their unduly prejudicial criminal connotations, the term "conspiracy" is a "term[] of art" under Section 2 of the Sherman Act, which prohibits conspiracies to monopolize a market, and the term "collusion . . . infers a strong conspiracy."  *Aetna, Inc. v. Blue Cross Blue Shield of Mich.*, 2015 WL 1646464, at *12 (E.D. Mich. Apr. 14, 2015).  Accordingly, such terms have been excluded from trial as irrelevant and unfairly prejudicial to a defendant when the plaintiff "did not plead" a conspiracy to monopolize claim under Section 2.  *See id.* at *11-12.  That is precisely the case here, because USAir elected to withdraw its previously asserted conspiracy to monopolize claim when it filed its operative Sixth Amended Complaint.  (*Compare* ECF No. 1037 ¶¶ 132-145, *with* ECF No. 1004 ¶¶ 146-147.)  USAir, therefore, should be prohibited from labeling incentives the product of "collusion," "conspiracy," or any "derivative[]" terms.  *Aetna*, 2015 WL 1646464, at *11-12; *see also Gorbea v. Verizon N.Y., Inc.*, 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014) (excluding as irrelevant evidence relating to "previously dismissed claims").

---

[2] Citations in the form "Ex." are to exhibits to the Declaration of Evan Kreiner in Support of Defendants' Motions *in Limine*.

[3] Even outside the antitrust context, "unnecessarily inflammatory" rhetoric referring to "hotel commissions and rebates as 'kickbacks'" has been excluded from trial as "highly prejudicial" and "impl[ying] illegality" under Rule 403.  *Evans v. Quintiles Transnat'l Corp.*, 2015 WL 9455580, at *7 (D.S.C. Dec. 23, 2015).

For the reasons set forth above, Sabre respectfully requests an order preventing USAir from describing incentive payments at trial with pejorative, irrelevant, and unfairly prejudicial terms like "kickback," "bribe," "conspiracy," and "collusion."

DATED: February 18, 2022
Chicago, Illinois

Respectfully submitted,

/s/ *Patrick Fitzgerald*
Patrick Fitzgerald
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Phone: (312) 407-0508
patrick.fitzgerald@skadden.com

Steven C. Sunshine
Tara L. Reinhart (admitted *pro hac vice*)
Julia K. York (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Phone: (202) 371-7860
steve.sunshine@skadden.com
tara.reinhart@skadden.com
julia.york@skadden.com

Boris Bershteyn
Evan R. Kreiner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Phone: (212) 735-3000
boris.bershteyn@skadden.com
evan.kreiner@skadden.com

*Counsel for Sabre Holdings Corporation, Sabre GLBL Inc., and Sabre Travel International Ltd.*