UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US AIRWAYS, INC., FOR AMERICAN AIRLINES, INC., AS SUCCESSOR AND REAL PARTY IN INTEREST,<br><br>Plaintiff,<br><br>-against-<br><br>SABRE HOLDINGS CORPORATION; SABRE GLBL INC.; and SABRE TRAVEL INTERNATIONAL LIMITED,<br><br>Defendants. | Civ. A. No. 1:11-cv-02725-LGS |

**US AIRWAYS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO BAR SABRE FROM OFFERING EVIDENCE AND ARGUMENT REGARDING *IN PARI DELICTO* DEFENSES**

Andrew J. Frackman
afrackman@omm.com
Anton Metlitsky
ametlitsky@omm.com
Mia N. Gonzalez
mgonzalez@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000


Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Katrina M. Robson (admitted *pro hac vice*)
krobson@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

Madhu Pocha (admitted *pro hac vice*)
mpocha@omm.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700

R. Paul Yetter (*admitted pro hac vice*)
pyetter@yettercoleman.com
Bryce L. Callahan (*admitted pro hac vice*)
bcallahan@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: (713) 632-8000

*Attorneys for Plaintiff US Airways, Inc., for American Airlines, Inc., as Successor and Real Party in Interest*

Plaintiff US Airways moves *in limine* for an order, pursuant to Federal Rules of Evidence 401, 402, and 403, precluding Sabre from offering evidence or argument at trial that US Airways' claims are barred by any of the following equitable doctrines: *in pari delicto*, unclean hands, waiver and estoppel ("*In Pari Delicto* Defenses").  At the first trial, the Court precluded Sabre from arguing the *In Pari Delicto* Defenses in its opening argument and on cross-examination, ECF No. 530, at 4, and ultimately rejected Sabre's request to instruct the jury on an *in pari delicto* or "equal participation" defense, 12/12/2016 Trial Tr. 5360-5366; *see also* ECF No. 724.  When the parties met and conferred about stipulating to the Court's prior rulings, Sabre said it could agree to stipulate to the Court's prior motion *in limine* ruling and was considering stipulating to the Court's final jury instruction ruling but was not ready to make a final decision by the February 18, 2022 deadline for motions *in limine*, thereby prompting the filing of this motion.  Given the amount of time and effort expended on this issue at the last trial, US Airways is filing this motion to seek clarity from the Court at the outset of the retrial.

There is no reason to revisit the Court's legal rulings barring evidence, argument, and jury instructions related to Sabre's "equal participation" defenses.  Before the first trial, US Airways moved for an order precluding argument concerning the *In Pari Delicto* Defenses.  ECF No. 485.  US Airways also moved to exclude three categories of evidence related to those defenses: (1) evidence of a purported "sign-and-sue strategy," ECF No. 392; (2) evidence regarding allegations of airline collusion, ECF No. 397; and (3) evidence regarding bargaining over contractual terms other than the challenged contractual restraints, ECF No. 395.  The Court granted the first two motions (ECF Nos. 483, 499) and granted the third motion in part, barring Sabre from introducing evidence about the negotiation of contractual terms unrelated to the

1

challenged terms but permitting "evidence that US Airways accepted the challenged contractual terms in exchange for certain benefits or concessions on other terms." ECF No. 495, at 2.[1]

The Court barred Sabre from "'arguing' *in pari delicto* or unclean hands in its opening statement and on cross-examination, at least until the development of further facts at trial and a ruling by the Court." ECF No. 530, at 4. Near the close of trial, the parties submitted proposed jury instructions and accompanying letters regarding the applicability of an *in pari delicto* defense and whether to issue an "equal involvement instruction." *See* ECF Nos. 702, 703, 704, 706, 709.

The Court rejected Sabre's request for an "equal involvement instruction" because it would be "inappropriate under *Perma Life*." 12/12/2016 Trial Tr. 5361:5-9. "Although some circuit courts have adopted an equal involvement defense in very limited circumstances, the Second Circuit has not recognized the defense, and [there was] no reason to do so in this case." *Id.* at 5361:10-14 (citing *Gatt Comm. Inc. v. PMC Assocs., LLC*, 711 F.3d 68, 81 (2d Cir. 2013)). While *Perma Life* left open the possibility of a defense based on "truly complete involvement and participation in a monopolistic scheme," the facts of that case were "very much like those at issue here": a "vertical antitrust claim for several contractual restraints which the plaintiff 'had often requested [the defendant] eliminate … but that the defendant … refused and had threatened to terminate their agreements if [the plaintiff] failed to comply.'" *Id.* at 5361:15-5362:2 (quoting 392 U.S. at 137, 140). After the trial concluded, the Court granted US Airways' motion *in limine* excluding argument about the *In Pari Delicto* Defenses "[f]or the reasons stated on the record at trial." ECF No. 724.

---

[1] The parties have stipulated to the Court's ruling on evidence related to the bargaining of contractual terms at ECF No. 395. Sabre did not agree to stipulate to the Court's rulings at ECF Nos. 392 and 397, so US Airways is refiling those motions. *See* ECF No. 1094.

The Court identified two reasons that the public policy goals of the antitrust laws would not be served by permitting Sabre to rely on an equal involvement defense. First, the "antitrust laws seek to encourage private antitrust suits as a means to deter anticompetitive terms and promote competition, and … 'a plaintiff who reaps the reward of treble damages may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition.'" 12/12/2016 Trial Tr. 5362:22-5363:4 (quoting *Perma Life*, 392 U.S. at 139). Second, "[t]he public policy goal of promoting competition would be particularly thwarted by an equal participation defense in a vertical restraint case like this one" because "the plaintiff is in some sense an equal participant in the contract but is also the purported victim rather than a perpetrator of the anticompetitive agreement," rendering the *in pari delicto* doctrine "inapt." *Id.* at 5363:10-21. Whether the plaintiff "is in fact a victim of anticompetitive forces or a free agent negotiating in a competitive market" is a matter of antitrust injury and causation. *Id.* at 5363:24-5364:2. When a plaintiff is a party to the contract at issue, permitting an *in pari delicto* or equal involvement defense is "more likely to confuse the jury and undermine the public policy of deterring anticompetitive agreements between a defendant and a coerced plaintiff." *Id.* at 5364:2-8. Finally, apart from the public policy reasons weighing against the equal involvement defense, Sabre had not made even a "prima facie case of US Airways' 'truly complete involvement'" because it had "not shown that the challenged restraints – not the contract as a whole – were sought by US Airways and benefitted US Airways." *Id.* at 5364:9-5366:14; *see also* ECF No. 702.

Each of Sabre's *In Pari Delicto* Defenses[2] remains improper:

---

[2] Sabre again pleaded all four of the *In Pari Delicto* Defenses in its Answer to Plaintiff's Sixth Amended Complaint. ECF No. 1046, at 18.

3

*In Pari Delicto.*  The Court in *Perma Life* held that *in pari delicto* "is not to be recognized as a defense to an antitrust action," 392 U.S. at 136, and the Second Circuit has faithfully applied that holding and never once recognized an *in pari delicto* defense in an antitrust action, *see* ECF No. 486, at 6–7; ECF No. 706.³  Nothing has changed since this Court made its rulings in 2016.  *See, e.g., In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 95 (S.D.N.Y. 2017).  And the *Perma Life* rule applies equally in cases under Section 1 and Section 2 of the Sherman Act.  *See Isra Fruit Ltd. v. Agrexco Agr. Exp. Co.*, 631 F. Supp. 984, 985–86 (S.D.N.Y. 1986) (*in pari delicto* defense barred in Section 2 case).

*Unclean Hands*.  Unclean hands is not a defense to an antitrust action, *see* ECF No. 486, at 4–5, and nothing has changed since the Court's rulings in 2016, *see In re Digital Music Antitrust Litig.*, 321 F.R.D. at 95 ("[N]either the unclean hands doctrine nor the *in pari delicto* defense may be asserted as a bar against damages in an antitrust suit.").

*Waiver and Estoppel*.  As US Airways has explained, Sabre's waiver and estoppel theories are largely repackaged versions of its *in pari delicto* and unclean hands theories.  *See* ECF No. 486, at 6–8.  As with *in pari delicto* and unclean hands, they are not defenses in an antitrust case, whether under Section 1 or Section 2, *see S.-E. Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 784 (6th Cir. 1970) (rejecting both defenses in Section 2 case).

---

³ *See also Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 80 (2d Cir. 2013) ("Our Court has not to date applied the *in pari delicto* defense in private antitrust litigation.  To the contrary, we have recognized that 'a plaintiff's own anticompetitive conduct generally cannot be raised as a defense to liability in an antitrust action.'" (quoting *United States Football League v. Nat'l Football League*, 842 F.2d 1335, 1369 (2d Cir. 1988))).

## CONCLUSION

For the foregoing reasons and those previously briefed, ECF No. 486, 702, 706, the Court should reaffirm its prior rulings barring Sabre from offering any evidence or argument at trial concerning its legally deficient *In Pari Delicto* Defenses.

Dated:  February 18, 2022
New York, New York

Respectfully Submitted,

*/s/ Andrew Frackman*
Andrew J. Frackman
afrackman@omm.com
Anton Metlitsky
ametlitsky@omm.com
Mia N. Gonzalez
mgonzalez@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Katrina M. Robson (admitted *pro hac vice*)
krobson@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

Madhu Pocha (admitted *pro hac vice*)
mpocha@omm.com
1999 Avenue of the Stars
O'MELVENY & MYERS LLP
Los Angeles, CA 90067
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

R. Paul Yetter (admitted *pro hac vice*)
pyetter@yettercoleman.com
Bryce L. Callahan (admitted *pro hac vice*)
bcallahan@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas  77002
Phone:  (713) 632-8000
Facsimile:  (713) 632-8002

*Attorneys for Plaintiff US Airways, Inc., for American Airlines, Inc., as Successor and Real Party in Interest*