```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
US AIRWAYS, INC.,                                           :
                                                            :
                              Plaintiff,                    :    11 Civ. 2725 (LGS)
                                                            :
              -against-                                     :    ORDER
                                                            :
SABRE HOLDINGS CORP., et al.,                               :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, US Airways filed a number of motions *in limine* in anticipation of trial.  It is hereby **ORDERED** that

1. US Airways' MIL #4 to preclude evidence and argument regarding the timing of US Airways' decision to sue is **GRANTED** without prejudice to Sabre's motion at trial to permit such evidence in the event that US Airways puts it subjective state of mind at issue.

As before (Dkt. No. 483), the evidence is excluded under Federal Rule of Evidence ("FRE") 403 because its probative value is slight where the issue is Sabre's conduct and whether Sabre insisted on anti-competitive contractual provisions, and not US Airways' sincerity when it offered alternatives.  That probative value is outweighed by a danger of unfair prejudice by portraying US Airways as a bad actor that deceived Sabre during the 2011 negotiations, confusing the issues by focusing on US Airways' motives and undue delay.  The balance may change however if US Airways puts at issue its own subjective state of mind, in contrast to the objective impact of Sabre's economic power.

2. US Airways' MIL #5 to preclude evidence and argument regarding alleged airline collusion is **GRANTED**.

The evidence is excluded under FRE 403. The probative value of this evidence is at best slight on the substantive issues because it is Sabre's and not US Airways' conduct at issue. Nor does the proffered evidence of communications among airlines show alleged bias of witnesses from other airlines, beyond what would be expected from parties with a shared adverse interest against their contractual counterparty, Sabre. Any probative value is outweighed by the confusion of shifting the focus away from Sabre's conduct and onto the US Airways and other airlines and portraying the airlines as trying to "gang up" on Sabre in a manner that is legally irrelevant.

3. By **March 31, 2022, at noon**, US Airways shall file a reply brief, not to exceed five pages, in support of its MIL #3 (Dkt. No. 1102) clarifying the extent of the dispute between the parties and responding to Sabre's arguments on that dispute (*see* Dkt. No. 1109).

The Clerk of Court may place on the docket the first sentence of each numbered paragraph above and is respectfully directed to close the motions at Dkt. Nos. 1104 and 1106.

Dated: March 29, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE