UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US AIRWAYS, INC., FOR AMERICAN AIRLINES, INC., AS SUCCESSOR AND REAL PARTY IN INTEREST,<br><br>Plaintiff,<br><br>-against-<br><br>SABRE HOLDINGS CORPORATION; SABRE GLBL INC.; and SABRE TRAVEL INTERNATIONAL LIMITED,<br><br>Defendants. | Civ. A. No. 1:11-cv-02725-LGS |

## US AIRWAYS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO BAR SABRE FROM OFFERING EVIDENCE AND ARGUMENT REGARDING *IN PARI DELICTO* DEFENSES

Andrew J. Frackman
afrackman@omm.com
Anton Metlitsky
ametlitsky@omm.com
Mia N. Gonzalez
mgonzalez@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Katrina M. Robson (admitted *pro hac vice*)
krobson@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

Madhu Pocha (admitted *pro hac vice*)
mpocha@omm.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700

R. Paul Yetter (*admitted pro hac vice*)
pyetter@yettercoleman.com
Bryce L. Callahan (*admitted pro hac vice*)
bcallahan@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: (713) 632-8000

*Attorneys for Plaintiff US Airways, Inc., for American Airlines, Inc., as Successor and Real Party in Interest*

**US AIRWAYS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO BAR SABRE FROM OFFERING EVIDENCE AND ARGUMENT REGARDING *IN PARI DELICTO* DEFENSES**

In this motion, US Airways seeks the same relief the Court granted in 2016: (1) precluding Sabre from arguing *in pari delicto* or "equal involvement" defenses in its opening and closing arguments and on cross-examination, ECF No. 530, at 4; and (2) not instructing the jury on those defenses, 12/12/2016 Trial Tr. 5360-5366; *see also* ECF No. 724.  The Court previously permitted Sabre to introduce the evidence it "characterize[d] as US Airways' 'equal involvement' in the challenged contractual restraints" to the extent it was "relevant to the issues of causation and damages," ECF No. 530, at 3, and US Airways is not asking the Court to upset that ruling.  Indeed, US Airways has proposed—and Sabre has agreed—that the exhibits previously admitted by the Court shall be deemed admitted for the retrial.  *See* ECF No. 1138.  But, as at the last trial, Sabre should not be permitted to argue US Airways' "equal participation."  This Court should reject Sabre's invitation for two reasons.

*First*, the Court's holding that the equal involvement defense does not apply is the law of this case.  "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise."  *Johnson v. Holder,* 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).  Compelling reasons include "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) (internal quotation marks and citations omitted).  Here, Sabre does not even attempt to offer compelling reasons justifying departure from the prior rulings.  *See* ECF No. 1109 ("Opp.").  Sabre cites no new legal authority, because there is none.

1

*Compare* Opp. at 1-3, *with* ECF No. 486, at 2-5; ECF No. 706, at 1-5; 12/12/2016 Trial Tr. 5360-5366.  And it cites no new evidence—indeed, all the evidence Sabre says supports its "equal involvement" defense *was introduced at the last trial*.  Opp. at 4.  Sabre forthrightly admits that, after hearing that evidence "at the last trial, this Court denied Sabre's request to instruct the jury on an equal involvement defense," but "submits this opposition in the hope of persuading the Court" to reach a different result.  Opp. at 1.  That is just the sort of relitigation of issues the law-of-the-case doctrine is meant to prevent.

**Second**, and in any event, the Court was right the first time.  After hearing all evidence and considering the same arguments Sabre now presses, the Court rejected Sabre's defense for two "independent reason[s]": "equal participation" is not a defense in an antitrust suit and, even if it were, it would not be applicable in this case.  12/12/2016 Trial Tr. 5360-5366.  Those reasons are as correct today as they were then.

First, neither the Supreme Court nor the Second Circuit has ever recognized "equal participation" as a defense to a private antitrust action.  *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 80-81 (2d Cir. 2013).  Nor has the Supreme Court recognized such a defense—a creature of common law and equity—to *any* statutorily created cause of action.  *See Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306-07 (1985) (explaining that *in pari delicto* is a "narrowly limited" "common-law defense," and suggesting that this defense may be available under the *implied* right of action recognized under Section 10(b) of the Exchange Act).  That is because, as the Supreme Court explained in *Perma Life* and this Court previously recognized, the "overriding public policy in favor of competition" underpinning the antitrust laws counsels strongly against doing so.  *See* 12/12/2016 Trial Tr. 5362:22-5363:4 (quoting *Perma Life*, 392 U.S. at 139).  The defense, for example, would frustrate private antitrust

enforcement in virtually every vertical restraint case, because the plaintiff is necessarily "in some sense an equal participant in the contract but is also the purported victim." *Id.*; *see also Perma Life*, 392 U.S. at 139-40; 15 U.S.C. § 1; ECF No. 1103, at 3.

Such policy considerations are implicated to an even greater degree now than they were in 2016, given the Section 2 claim at issue. In contrast to Section 1's focus on contractual restraints, Section 2 is concerned with competitive harm to an entire market through possession and willful maintenance of monopoly power. *See, e.g.*, *United States v. Grinnell Corp.*, 384 U.S. 563, 570 (1966); P. Areeda & H. Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 600.

Basic principles of statutory construction also militate against applying an *in pari delicto* defense in this context. "[P]rivate rights of action to enforce federal law must be created by Congress," and "[s]tatutory intent … is determinative" in construing their scope. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Nothing in the antitrust statutes at issue here suggests Congress intended to limit private antitrust liability. To the contrary, the fact that Congress mandated treble damages strongly indicates that Congress did not intend for private enforcement of antitrust law to turn on equitable balancing of the parties' relative "moral[]" culpability. *Perma Life*, 392 U.S. at 139. Sabre identifies no basis for reading into an express treble-damages action any sort of exception for *in pari delicto*.

Second, even assuming an *in pari delicto* defense could be available in theory, Sabre has not shown and cannot show that one is applicable here. Sabre cites four out-of-circuit cases that took up what they viewed as *Perma Life*'s invitation to consider whether the defense would apply in extreme circumstances where the defendant demonstrates plaintiff's "truly complete involvement and participation in a monopolistic scheme." *Perma Life*, 392 U.S. at 140. Those

3

cases are no more apposite now than they were when Sabre raised them in 2016.  *See* ECF No. 706, at 4–5; 12/12/2016 Trial Tr. 5364-65.  Then, as now, there has never been evidence of US Airways' "complete involvement" in Sabre's scheme.  *Perma Life*, 392 U.S. at 140.  To the contrary, US Airways did not "propose[] the restraints," have "continuing involvement in their maintenance," or benefit from them.  12/12/2016 Trial Tr. 5365:6-9.

Sabre's evidence does not show otherwise.  All of the evidence it cites is recycled from 2016, when this Court rejected its request to instruct the jury on equal participation.  Regarding US Airways' opposition to the Department of Transportation's plan to repeal the mandatory participation rule (which, contrary to Sabre's suggestion, is not the same thing as "full content," Opp. at 3) in 2003, this Court rightly deemed such material "inapposite" to determining whether US Airways was involved in maintaining an anticompetitive scheme years later.  12/12/2016 Trial Tr. at 5365-5366.  Sabre also points to testimony of several witnesses stating the obvious fact that US Airways accepted full content *provisions* (one of multiple challenged restraints) in exchange for securing the benefit of an *agreement* with Sabre.  Opp. at 3 & n.3.  But the Court heard this evidence at trial, and it correctly declined to give Sabre's proposed "equal participation" instruction because "[w]hether US Airways may have traded [full content] for a lower price is irrelevant to an equal involvement defense."  12/12/2016 Trial Tr. at 5365:5-6 (citing *Perma Life*, 392 U.S. at 140).  The mere fact that an antitrust plaintiff agreed to restrictive terms cannot possibly evidence "equal participation."  If it did, a defendant who uses its market power to secure such agreement would always escape liability.  *See Perma Life*, 392 U.S. at 140 (explaining that plaintiff's "understandable attempts to make the best of a bad situation should not be a ground for completely denying him the right to recover which the antitrust acts give him").  Moreover, Sabre's full-content-related evidence does not demonstrate that US Airways

4

sought, maintained, and benefitted from the other challenged restraints.  *See* 12/12/2016 Trial Tr. at 5366:2-4.  In sum, Sabre does not come anywhere near clearing the high bar suggested by the *Perma Life* dicta that only the plaintiff's "complete involvement" in an anticompetitive scheme could justify limiting its ability to pursue an antitrust action notwithstanding the text and history of the Sherman Act.

## CONCLUSION

For the reasons stated by the Court in 2016 and in US Airways' briefs, US Airways' motion *in limine* on *in pari delicto* defenses should be granted.

Dated:  March 31, 2022
New York, New York

R. Paul Yetter (admitted *pro hac vice*)
pyetter@yettercoleman.com
Bryce L. Callahan (admitted *pro hac vice*)
bcallahan@yettercoleman.com
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas  77002
Phone:  (713) 632-8000
Facsimile:  (713) 632-8002

Madhu Pocha (admitted *pro hac vice*)
mpocha@omm.com
1999 Avenue of the Stars
O'MELVENY & MYERS LLP
Los Angeles, CA 90067
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

Respectfully Submitted,

*/s/ Andrew Frackman*
Andrew J. Frackman
afrackman@omm.com
Anton Metlitsky
ametlitsky@omm.com
Mia N. Gonzalez
mgonzalez@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Katrina M. Robson (admitted *pro hac vice*)
krobson@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

*Attorneys for Plaintiff US Airways, Inc., for American Airlines, Inc., as Successor and Real Party in Interest*