```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
US AIRWAYS, INC.,                                           :
                                                            :
                                 Plaintiff,                 :     11 Civ. 2725 (LGS)
                                                            :
                 -against-                                  :     ORDER
                                                            :
SABRE HOLDINGS CORP., et al.,                               :
                                                            :
                                 Defendant.                 :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants ("Sabre") filed a number of motions *in limine* in anticipation of trial.  It is hereby **ORDERED** that

1. Sabre's motion to bar US Airways from using "terms like 'kickbacks,' 'bribes,' 'conspiracy' and 'collusion'" to describe Sabre's payments to travel agents, (Dkt. No. 1084) is **DENIED** as to the specified terms.  Sabre is not seeking to preclude evidence, rather to control the language Plaintiff uses in argument.  Although these terms are pejorative, they are not irrelevant or unduly prejudicial.  They are consistent with US Airways' evidence and theory of the case as detailed in their opposition to the motion.  The Court declines to rule on the use of other terms that Sabre has not specified.

2. Sabre's motion to exclude statements made during certain regulatory proceedings as well as certain DOJ statements, (Dkt. No. 1087) is **DENIED** in part, the regulatory statements are not excluded; and **GRANTED** in part, the DOJ statements are excluded.  The regulatory statements provide relevant background about government regulation as the source of Sabre's initial market power and the regulators' expectations about the development of competition after deregulation.  That the regulators did not anticipate the two-sided market legal framework is not

an obstacle since they did consider the travel agent side of the GDS business. Sabre is free to argue that the regulators' analysis was flawed or is stale and may seek an instruction (via joint written submission at least one business day in advance of the instruction) that any government findings are not determinative of the jury's verdict. US Airways does not oppose exclusion of the DOJ statements in light of the Court's earlier ruling that they do not satisfy any hearsay exception.

      The Clerk of Court may place on the docket the first sentence of each numbered paragraph above and is respectfully directed to close the motions at Dkt. Nos. 1084 and 1087.

Dated: March 31, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE