# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| US AIRWAYS, INC., FOR AMERICAN AIRLINES, INC. AS SUCCESSOR AND REAL PARTY IN INTEREST<br><br>      Plaintiff,<br><br>  v.<br><br>SABRE HOLDINGS CORP., SABRE GLBL INC., and SABRE TRAVEL INT'L LTD.,<br><br>        Defendants. | Civil Action No. 1:11-cv-02725-LGS<br><br>ECF Case |

## JOINT FINAL PRETRIAL ORDER

Pursuant to Individual Rule IV.B.1, and the Scheduling Orders issued January 25, 2021 (ECF No. 992) and March 3, 2022 (ECF No. 1108), the parties in the above-captioned action submit this proposed Joint Final Pretrial Order to the Court.

**A.  FULL CAPTION OF THE ACTION:**

The full caption of this action is set forth above.

**B.  APPEARANCES:**

The names, law firms, addresses, telephone numbers, and email addresses of trial counsel are as follows:

<u>For Plaintiffs:</u>

Andrew J. Frackman
afrackman@omm.com
Anton Metlitsky
ametlitsky@omm.com
Mia N. Gonzalez
mgonzalez@omm.com
O'MELVENY & MYERS LLP

7 Times Square
New York, New York 10036
Telephone:  (212) 326-2000

Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Katrina M. Robson (admitted *pro hac vice*)
krobson@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300

Madhu Pocha (admitted *pro hac vice*)
mpocha@omm.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone:  (310) 553-6700

R. Paul Yetter (*admitted pro hac vice*)
pyetter@yettercoleman.com
Bryce L. Callahan (*admitted pro hac vice*)
bcallahan@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas  77002
Telephone:  (713) 632-8000


For Defendants:

Patrick Fitzgerald
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700
patrick.fitzgerald@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
Tara L. Reinhart (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
steve.sunshine@skadden.com
tara.reinhart@skadden.com

Boris Bershteyn
Evan R. Kreiner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
evan.kreiner@skadden.com

**C.      SUBJECT MATTER JURISDICTION:**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331,

1337, and Section 4 of the Clayton Act, 15 U.S.C. § 15.

**D.      SUMMARY OF CLAIMS AND DEFENSES:**

US Airways has two claims to be tried:[1]

- First, US Airways contends that Sabre engaged in unlawful monopolization in
  violation of 15 U.S.C. § 2 and that its conduct harmed competition and
  consumers, including U.S. Airways.  Sabre disputes US Airways' claim and
  contends that it is not a monopolist, that its actions have not precluded
  competition, and that its actions in fact benefit competition and consumers.

- Second, US Airways contends that certain provisions of the parties' contract,
  including those that govern what fares US Airways makes available in the Sabre
  GDS, have harmed competition in violation of 15 U.S.C. § 1.  Sabre disputes US
  Airways' claim and contends that the terms of the parties' contract benefit
  competition as well as consumers and serve legitimate business purposes by
  meeting the demands of travel agents and travelers.

The following claims were previously asserted, but are not to be tried: (1) US Airways'

conspiracy to monopolize claim under Section 2 of the Sherman Act, 15 U.S.C. § 2, which the

parties agreed to dismiss on September 15, 2021 (ECF No. 1034); and (2) US Airways' claim

---

[1] The parties currently dispute the order in which the claims should be presented to the jury.  US Airways, as Plaintiff, plans to present its case in the order it has set forth above, and believes it will be clearer to the jury if any instructions from the Court reflect the order of trial presentation. Sabre asserts that the Section One claim—which is Count One of the operative complaint— should be presented first, followed by the Section Two claim.

that Sabre conspired and agreed with its two GDS competitors not to compete in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, which the jury found US Airways had not met its burden to prove (*see* December 20, 2016 Verdict (ECF No. 720)).

In addition to its challenges to the various elements of each of US Airways' claims, Sabre's defenses that are to be tried include the following:

- Plaintiff's claims are barred, in whole or in part, by the equal-involvement defense.

- Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

- Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

- Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

- Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer antitrust injury.

- Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

- Plaintiff is barred, in whole or in part, from recovery of any damages because of and to the extent of its failure to mitigate damages.

- Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others.

- Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

Sabre does not currently intend to try, but does not waive, the following defenses:

- The Complaint fails to state a claim upon which relief can be granted.

- Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

- Plaintiff's causes of action are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

- Plaintiff's claims are barred, in whole or in part, by the defense of release and covenant not to sue.

- Plaintiff's claims are barred by the Court's prior summary judgment decision in this litigation.

US Airways has argued that Sabre should not be allowed to present several of the above-listed defenses at trial because they are legally deficient.  *See* US Airways' Motion *in Limine* No. 3 (ECF No. 1102).  Sabre opposes US Airways' motion.

## E.    TRIAL OF THE CASE:

A jury trial is scheduled in this matter to begin on April 22, 2022.  Pursuant to the Court's order issued February 28, 2012 (ECF No. 1086), the parties are planning on a time limit of 32 hours per side for all testimony, including direct, cross, any permitted redirect and any time counsel is speaking.  The parties respectfully request that the parties be permitted one hour per side for their opening statements and that this time not count toward their 32 hours of allotted time.  The parties estimate that the trial will take approximately three to four weeks (assuming five-hour trial days and no testimony on Fridays).  US Airways estimates that it will need approximately 7 to 8 days to present its case.  Sabre estimates that it will need approximately 7 days to present its case.

The parties demand a jury trial.

## F.    CONSENT TO MAGISTRATE AND TRIAL WITNESSES

Consent to Magistrate:  The parties do not consent to trial by a magistrate judge.

Trial Witnesses For Plaintiff:

The following chart contains US Airways' current good faith list of witnesses US Airways will likely call at trial.  The chart also includes (1) brief descriptions of each witness's expected testimony, and (2) an estimate of the amount of time US Airways will need to question that witness.  US Airways has not included certain witnesses that Sabre has stated it intends to call in its case-in-chief.  US Airways reserves the right to add such witnesses to its list if Sabre does not call them.  The time estimates below do not include estimates of how much time US

Airways will need to cross-examine Sabre's live witnesses, nor does it include times for US Airways' counter-designations for witnesses Sabre intends to call by deposition.

Total Trial Time Estimate:

|  | Time (in hours) |
|---|---|
| Witness direct | 20-22 |
| Opening | 1 |
| Closing | 1-2 |
| Anticipated Cross Examination and Counter Designations | 10-12 |
| **Total** | Approximately 33-34 hours |

Witnesses Plaintiff Intends To Call In Its Case In Chief:

| Witness Name | Description of Testimony | Time Estimate of Direct (in hours) |
|---|---|---|
| Abrantes-Metz, Rosa | Dr. Abrantes-Metz is an economist.  She will testify on several topics including Sabre's economic profits, how Sabre's prices compare to a competitive market price, and US Airways' damages resulting from Sabre's anticompetitive conduct. | 2 |
| Blaise-Shamai, Bridget | Ms. Blaise-Shamai, former Managing Director of Distribution Strategy at American Airlines will testify regarding Sabre's retaliation against American Airlines when it resisted Sabre's demands. | 1 |
| Davidson, James | Mr. Davidson, CEO of Farelogix, will testify about the travel distribution industry, Farelogix's multi-source aggregation and direct-connect technology, and the barriers to entry it faced. | 1.5 |
| Dudney, Louis | Mr. Dudney is an accounting expert.  He will testify that from an accounting standpoint, it is appropriate to exclude goodwill and intangible assets arising from the 2007 Sabre transaction in calculations assessing Sabre's profitability. | 0.5 |

| Witness Name | Description of Testimony | Time Estimate of Direct (in hours) |
|---|---|---|
| Gray, Madeleine | Ms. Gray was VP of Business Technology for US Airways and senior director of product solutions and development for Sabre Holdings.  She will testify about Sabre's technology capabilities, Sabre's relationships with airlines, and the implementation of Choice Seats. | 1 |
| Guenther, Dirk | Mr. Guenther is director of Product Marketing at Sabre and was previously manager in Product Marketing.  He will testify about Sabre's technology capabilities and Sabre's retaliation against American Airlines. | 1 |
| Gustafson, John | Mr. Gustafson was Director of Distribution at US Airways at the time of the negotiation of the 2011 Sabre contract.  He will testify about industry background, 2011 contract negotiations, and GDS distribution contracts. | 1 |
| Kasper, Daniel | Mr. Kasper is an expert on the aviation industry and, in particular, the evolution of the structures and relationships within that industry.  He will testify about the development of industry structures and practices before and after deregulation and regulators' conclusions regarding those practices. | 1 |
| Kirby, Scott | Mr. Kirby was EVP and President of US Airways at the time of the events at issue in the case.  He will testify on several topics covered in his prior trial testimony. | 1 |
| Koetting, Michael | Mr. Koetting will testify as a corporate representative of Concur regarding Concur's multi-source aggregation technology and the contractual limitations placed on it by Sabre. | 0.3 |
| Lenza, Al | Mr. Lenza, the former Director of Distribution for Northwest Airlines, will testify regarding Sabre's dealings with Northwest Airlines, including its retaliation against Northwest Airlines. | 0.5 |

| Witness Name | Description of Testimony | Time Estimate of Direct (in hours) |
|---|---|---|
| Molloy, Gavin | Mr. Molloy, the former Manager of Strategic Sourcing at United Airlines, will testify regarding United Airlines' 2006 commercial negotiations with Sabre. | 0.5 |
| Menke, Sean[2] | Mr. Menke, the CEO of Sabre, will testify about Sabre's technology during the relevant time period and his experience with Sabre as an airline executive | 0.5 |
| Menkes, Andrew | Mr. Menkes is an industry expert.  He will testify about the travel industry and the GDSs' role within that industry, including (i) the importance of business traveler booking revenue to US Airways; (ii) business travelers' reliance on traditional travel agents; and (iii) traditional travel agents' reliance on the GDS. | 1 |
| O'Neil-Dunne, Timothy | Mr. O'Neil-Dunne is an industry expert.  He will testify concerning the state of Sabre's technology and the barriers to entry it has imposed to limit innovation and the adoption of superior technologies. | 1 |
| Parker, Doug | Mr. Parker, former CEO of US Airways, will testify about the airline industry, America West's and US Airways' business strategy, and US Airways' relationship with Sabre. | 1 |
| Perelman, Seth | Mr. Perelman, founder of Booking Builder, with testify about Booking Builder's technology and the barriers to entry it faced. | 0.3 |
| Stiglitz, Joseph | Professor Stiglitz will testify on several topics including the economic effects of the challenged contractual restraints, Sabre's power in the industry, and the expected state of airline distribution but for the challenged conduct. | 3.5 |
| Wallis, Keith | Mr. Wallis, Senior Director Distribution and Payments, will testify regarding Sabre's dealings | 0.5 |

---

[2] Sabre has filed a letter requesting a pre-motion conference regarding a motion to preclude US Airways from adding Sean Menke to its witness list.  (ECF No. 1135)

| Witness Name | Description of Testimony | Time Estimate of Direct (in hours) |
|---|---|---|
| | with Air Canada, including its retaliation against Air Canada. | |
| Webb, Greg | Mr. Webb, former President of Sabre Travel Network, will testify about Sabre's role in the industry and Sabre's negotiations with and actions toward US Airways, other airlines, and travel agencies. | 1 |
| Wertheimer, Jeremy | Mr. Wertheimer, founder of ITA Software, will testify about ITA's attempt to build a full service GDS alternative and the barriers to entry it faced. | 0.3 |
| Zoghlin, Alex | Mr. Zoghlin, founder of G2 Switchworks, with testify about G2's technology and the barriers to entry it faced. | 0.3 |
| **Total** | | **20.7** |

Witnesses Plaintiff May Call If The Need Arises:

| Witness Name | Description of Testimony | Time Estimate of Direct (in hours) |
|---|---|---|
| Brindle, Bill | Mr. Brindle, an employee of HRG Travel, may testify regarding travel agencies' dependence on the GDS and related issues. | 0.2 |
| Brown, Robert | Mr. Brown is the head of distribution at Southwest Airlines.  He may testify regarding Southwest's distribution strategy and GDS contracts. | 0.4 |
| Cahill, Lea | Ms. Cahill, former chief operating officer at Atlas Travel and former vice president of travel technology and operations at Garber Travel, may testify regarding the limitations of Sabre's technology and Garber's partnership with new booking tools. | 0.3 |

| Witness Name | Description of Testimony | Time Estimate of Direct (in hours) |
|---|---|---|
| Gilliland, Sam | Mr. Gilliland was CEO and Chairman of Sabre.  He may testify regarding GDS airline content strategy. | 0.2 |
| Jones, Hugh | Mr. Jones was VP of operations for Sabre Travel Network at the time of the negotiation of the 2006 Sabre contract.  He may testify regarding various aspects of Sabre operations and business planning. | 0.3 |
| Jones, Jay | Mr. Jones is SVP for the Americas at Sabre Travel Network.  He may testify regarding Sabre's strategy in acquiring airline content and its relationship to various travel agencies. | 0.2 |
| Lowry, Richard | Mr. Lowry is the head of distribution at Spirit Airlines.  He may testify regarding Spirit Airlines' distribution strategy and contracts with Sabre. | 0.2 |
| Nocella, Andrew | Mr. Nocella was SVP of Marketing and Planning at US Airways at the time of the negotiation of the 2011 Sabre contract.  He may testify about 2011 contract negotiations and GDS distribution contracts. | 0.5 |
| Qualantone, Michael | Mr. Qualantone, an employee of American Express, may testify regarding travel agencies' dependence on the GDS and related issues. | 0.4 |
| Stratford, Rose | Ms. Stratford, an employee of BCD travel, may testify regarding travel agencies' dependence on the GDS and related issues. | 0.3 |
| Stow, John | Mr. Stow, former president of Sabre Travel Network, may testify regarding Sabre's dealings with Air Canada, including retaliation against Air Canada. | 0.3 |
| Terry, Shelly | Ms. Terry, a former vice president at Sabre, may testify regarding barriers Sabre erected to new booking tools. | 0.3 |

| Witness Name | Description of Testimony | Time Estimate of Direct (in hours) |
|---|---|---|
| Winterton, Andrew | Mr. Winterton, an employee of CWT, may testify regarding travel agencies' dependence on the GDS and related issues. | 0.2 |
| | **Total May Call Time** | **3.8** |

Trial Witnesses For Defendants:

The following chart contains Sabre's current good faith list of witnesses it will or may call at trial. The chart also includes (1) brief descriptions of each witness's expected testimony, and (2) an estimate of the amount of time Sabre will need to question that witness (*i.e.,* an estimate of the time for either direct for live witnesses or affirmative and counter-counter designations for deposition witnesses). Sabre has not included certain witnesses that US Airways has indicated it intends to call in its case-in-chief. Sabre reserves the right to add such witnesses to its list if US Airways does not call them. Importantly, the time estimates below do not include estimates of how much time Sabre will need to cross-examine US Airways' live witnesses, nor does it include times for Sabre's counter-designations for witnesses US Airways intends to call by deposition.

Total Trial Time Estimate:

|  | Time (in hours) |
|---|---|
| Witness direct | 21-23 |
| Opening | 1 |
| Closing | 2 |
| Anticipated Cross Examination and Counter Designations | 7-9 |
| **Total** | **Approximately 33 hours** |

Witnesses Defendants Intend To Call In Their Case In Chief:

| Witness Name | Description of Testimony | Time Estimate of Direct |
|---|---|---|
| *Berman, Brett* | 2011 contracts and contract negotiations | 0:20:00 |
| *Brindle, Bill* | HRG's relationship with airlines, GDSs, and corporate travelers and travel departments; travel agency demands of distribution technologies; benefits and drawbacks of various distribution technologies | 0:30:00 |
| *Brown, Robert* | Southwest Airline's relationship with Sabre and other GDSs, Southwest's distribution costs and strategy | 0:20:00 |
| *Gross, David* | Airline contracts and negotiations, development of Choice Seats distribution technology | 1:00:00 |
| *Harbin, Michael* | Expert technology testimony regarding Sabre's GDS and alternative distribution technologies, travel agency technologies | 1:30:00 |
| *Jirrels, Kim* | 2006 contracts and contract negotiations, US Airways' technology, development of Choice Seats distribution technology | 0:20:00 |
| *Klein, Tom* | Sabre's business and history, Sabre's airline contracts and contract negotiations, Sabre's revenue and profits | 1:00:00 |
| *Kroeger, Chris* | Travel agency side of Sabre's business, relationship between Sabre and travel agencies and corporate travel departments, third-party authorized developer program, alternative distribution technologies | 2:00:00 |
| *Lowry, Richard* | Spirit's relationship with Sabre and other GDSs, Spirit's distribution costs and strategy, US Airways' distribution strategy | 0:20:00 |
| *Murphy, Kevin* | Expert economist testimony regarding, among other things, market definition and challenged conduct, including that challenged contract terms are not anticompetitive | 4:30:00 |
| *Parker, Doug* | US Airways' relationship with Sabre; 2006 & 2011 contracts and contract negotiations; alternative distribution | 0:25:00 |

| Witness Name | Description of Testimony | Time Estimate of Direct |
|---|---|---|
| | technologies; US Airways' relationship with travel agencies, corporate travel departments, and consumers | |
| *Perelman, Seth* | BookingBuilder, including BookingBuilder's technology and interactions with Sabre | 0:10:00 |
| *Qualantone, Michael* | American Express's needs and demands regarding GDSs, airlines and distribution technology, GDS and airline contracts with travel agencies | 0:50:00 |
| *Stratford, Rose* | BCD's needs and demands regarding GDSs, airlines and distribution technology, GDS and airline contracts with travel agencies | 1:00:00 |
| *Toothman, Jason* | Airline contracts and negotiations, development of Choice Seats distribution technology | 1:00:00 |
| *Topel, Robert* | Expert economist testimony regarding, among other things, US Airways' calculation of damages | 2:30:00 |
| *Webb, Greg* | Sabre's airline contracts and contract negotiations, Sabre's revenue and profits | 1:00:00 |
| *Wilding, Chris* | Sabre's business and history, Sabre's Airline contracts and negotiations, development of Choice Seats distribution technology | 2:30:00 |
| *Winterton, Andrew* | CWT's relationship with airlines, GDSs, and corporate travelers and travel departments; travel agency demands of distribution technologies; benefits and drawbacks of various distribution technologies | 0:25:00 |
| *Zmijewski, Mark* | Expert testimony regarding, among other things, treatment of accounting costs | 1:00:00 |
| *Zoghlin, Alex* | G2 Switchworks, including technical development and G2 Switchworks' interactions with airlines | 0:20:00 |
| **Total Time** | | 23:00:00 |

Witnesses Defendants May Call If The Need Arises:

| Witness Name | Description of Testimony | Time Estimate of Direct |
|---|---|---|
| *Beatty, Matthew* | CWT's relationship with airlines, GDSs, and corporate travelers and travel departments; travel agency demands of distribution technologies; benefits and drawbacks of various distribution technologies | 0:20:00 |
| *Bloomgren, Lissa* | US Airways' technology, 2006 & 2011 contracts and contract negotiations, development of Choice Seats distribution technology | 0:10:00 |
| *Burgoz, Mark* | 2006 & 2011 contracts and contract negotiations | 0:10:00 |

| Witness Name | Description of Testimony | Time Estimate of Direct |
|---|---|---|
| *Cahill, Lea* | Garber's relationship with airlines, GDSs, and corporate travelers and travel departments; travel agency demands of distribution technologies; benefits and drawbacks of various distribution technologies | 0:10:00 |
| *Cummings, Matt* | Travizon's technical evaluations of various distribution technologies | 0:05:00 |
| *Cuvelier, Joelle* | Sabre's distribution technology, development of industry standards, development of Choice Seats distribution technology | 0:20:00 |
| *Fonseca, Dhiren* | Expedia's relationship with airlines and GDSs; the benefits and drawbacks of various distribution technologies. | 0:30:00 |
| *Garton, Dan* | Sabre does not believe this is relevant, but in the event it becomes relevant: American Airlines' 2006 contracts and contract negotiations | 0:30:00 |
| *Goulet, Beverly* | Sabre does not believe this is relevant, but in the event it becomes relevant: Reasons for American Airlines' bankruptcy | 0:10:00 |
| *Hopping, William* | Sabre does not believe this is relevant, but in the event it becomes relevant: American Airlines' 2006 contracts and contract negotiations. | 0:05:00 |
| *Jensen, Robert* | US Airways' distribution technology, development of Choice Seats distribution technology | 0:05:00 |
| *Jones, Hugh* | Airline contracts and contract negotiations, Sabre cost reductions | 0:30:00 |
| *Nocella, Andrew* | US Airways' relationship with Sabre; 2006 & 2011 contracts and contract negotiations; alternative distribution technologies; US Airways' relationship with travel agencies, corporate travel departments, and consumers | 0:20:00 |
| *Praven, Steve* | The efficiency of the GDS for content distribution | 0:15:00 |
| *Smith, Joel* | Travizon's relationship with airlines, GDSs, and corporate travelers and travel departments; travel agency demands of distribution technologies; benefits and drawbacks of various distribution technologies | 0:25:00 |
| *Wallace, Glen* | Expedia's technical evaluations of various distribution technologies | 0:10:00 |
| **Total May Call Time** | | 4:15:00 |

## G.    DEPOSITION DESIGNATIONS:

Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, Individual Rule

IV.B.2(g), and the Scheduling Orders issued January 25, 2021 (ECF No. 992) and March 3, 2022

(ECF No. 1108), US Airways and Sabre submit designations of the portions of deposition testimony that each party presently expects to present at trial.

On March 31, 2022, the Court granted the parties' request for permission to submit the deposition designations and written discovery designations via upload link directly to the Court, rather than filing the designations on ECF. The current set of designations is voluminous and includes deposition testimony that was designated under the Protective Order by the parties and/or third parties and that has not previously been made public. The parties are working to narrow the designations and the objections that the Court will need to resolve at trial. The depositions each party has designated are listed below by witness, and each deposition includes disputed designations. The parties will expeditiously transmit the transcripts marked to show the dispute.

The parties reserve all rights including the right to modify, withdraw, amend, or add to their respective designations and objections prior to and during trial. The parties also reserve the right to play as their own affirmative designation any testimony affirmatively designated, counter-designated, or counter-counter designated by the other party. The parties reserve the right to designate testimony for any witnesses who become unavailable prior to or during trial.[3] The parties reserve all rights to object to the designations on the basis of the parties' evidentiary stipulations, including but not limited to ECF No. 1094-1 and ECF No. 1078, and all decided or pending motions *in limine*, regardless of whether such objections are expressly stated. Inclusion of a particular portion of testimony as a designation by a party is not to be construed as an

---

[3] US Airways intends to designate the prior trial testimony of Scott Kirby, who is no longer available to testify. US Airways informed Sabre of this and will be providing designations to Sabre so that they may provide counter designations, if any, from Sabre's cross examination of Mr. Kirby at the 2016 trial. Sabre reserves all rights with respect to the notification by US Airways that it intends to present Mr. Kirby's prior trial testimony by designation.

admission that such testimony is admissible for all purposes or by all parties under the Federal

Rules of Civil Procedure, the Federal Rules of Evidence, or the Court's pre-trial rulings.

For Plaintiff:

| Witness (witness's company) | Deposition Date |
|---|---|
| *Sabre Witnesses* | |
| Gilliland, Sam | 04/19/2012 |
| Gilliland, Sam | 01/29/2013 |
| Guenther, Dirk | 04/26/2012 |
| Guenther, Dirk | 10/30/2012 |
| Jones, Jay | 04/05/2012 |
| Jones, Jay | 05/08/2013 |
| Jones, Hugh | 05/15/2012 |
| Jones, Hugh | 01/23/2013 |
| Stow, John | 05/24/2012 |
| Stow, John | 04/29/2013 |
| Terry, Shelly | 06/27/2013 |
| *Travel Agents* | |
| Brindle, Bill (HRG) | 6/19/2013 |
| Cahill, Lea (Garber) | 6/11/2013 |
| Qualantone, Mike (Amex) | 7/13/2012 |
| Qualantone, Mike (Amex) | 5/29/2013 |
| Stratford, Rose (BCD) | 6/5/2012 |
| Stratford, Rose (BCD) | 9/11/2013 |
| Winterton, Andrew (CWT) | 5/1/2012 |
| Winterton, Andrew (CWT) | 6/30/2013 |
| *Third-Party Developers/Tech* | |
| Koetting, Michael (Concur) | 06/21/2012 |
| Perelman, Seth (BookingBuilder) | 05/16/2013 |
| Wertheimer, Jeremy (ITA) | 02/27/2014 |
| Zoghlin, Alex (G2 Switchworks) | 04/09/2013 |
| *Other Airlines* | |
| Brown, Robert (Southwest/WN) | 8/30/2013 |
| Lowry, Richard (Spirit) | 8/27/2013 |

For Defendants:

| **Witness** (witness's company) | **Deposition Date** |
|---|---|
| *US Airways Employees* | |
| Berman, Brett | 6/12/2013 |
| Bloomgren, Lissa | 2/5/2013 |
| Burgoz, Mark | 6/21/2013 |
| Jensen, Robert Bradley | 3/7/2013 |
| Jirrels, Kim | 4/12/2013 |
| Kirby, Scott | 2/27/2013 |
| Nocella, Andrew | 2/22/2013 |
| Parker, Douglas | 4/3/2013 |
| Trenga, Tom | 4/29/2013 |
| *Travel Agents* | |
| Beatty, Matt (CWT) | 7/11/2013 |
| Brindle, Bill (HRG) | 6/19/2013 |
| Cummings, Matt (Travizon) | 5/16/2012 |
| Cahill, Lea (Garber) | 6/11/2013 |
| Fonseca, Dhiren (Expedia) | 7/11/2012 |
| Fonseca, Dhiren (Expedia) | 9/4/2013 |
| Praven, Steve (Orbitz) | 8/14/2012 |
| Qualantone, Mike (Amex) | 7/13/2012 |
| Qualantone, Mike (Amex) | 5/29/2013 |
| Smith, Joel (Travizon) | 5/16/2012 |
| Stratford, Rose (BCD) | 6/5/2012 |
| Stratford, Rose (BCD) | 9/11/2013 |
| Wallace, Glen (Expedia) | 7/10/2012 |
| Winterton, Andrew (CWT) | 5/1/2012 |
| Winterton, Andrew (CWT) | 6/30/2013 |
| *American Airlines* | |
| Garton, Dan | 6/20/2012 |
| Goulet, Beverly | 8/1/2012 |
| Hopping, William | 8/31/2012 |
| *Other Airlines* | |
| Brown, Robert (Southwest/WN) | 8/30/2013 |
| Lowry, Rich (Spirit) | 8/27/2013 |
| *Sabre Witnesses* | |
| Cuvelier, Joelle | 5/30/2013 |

**H.-I.   PROPOSED EXHIBITS AND DEMONSTRATIVE AIDS:**

Pursuant to Individual Rule IV.B.2(h), US Airways and Sabre each submit a list of proposed exhibits for each party's case in chief, marked with one star for no authenticity objection and two stars for no objections at all. US Airways' exhibit list is attached hereto as Exhibit A, and Sabre's exhibit list is attached hereto as Exhibit B.  Pursuant to the Scheduling Order issued March 3, 2022 (ECF No. 1108), the parties will submit a digital copy of their proposed trial exhibits by April 7, 2022. The exhibits will be pre-marked and in PDF format and will be accompanied by an exhibit list, with hyperlinks (if possible) to the exhibits.

The parties plan to exchange an initial set of demonstratives that they are currently likely to seek to introduce into evidence. Both parties reserve their rights to create additional demonstratives that they intend to introduce into evidence either before or during trial. To that end, the parties will agree to a process for exchanging, and objecting to, any such demonstratives.

**J.   WRITTEN DISCOVERY RESPONSES:**

Pursuant to Rule 26(a)(3)(iii) of the Federal Rules of Civil Procedure, Individual Rule IV.B.2(j), and the Scheduling Orders issued January 25, 2021 (ECF No. 992) and March 3, 2022 (ECF No. 1108), US Airways and Sabre designate the portions of the parties' written discovery that each party intends to offer at trial.

On March 31, 2022, the Court granted the parties' request for permission to submit the deposition designations and written discovery designations via upload link directly to the Court, rather than filing the designations on ECF.  The parties will expeditiously transmit the admissions, interrogatory answers or other written discovery responses the parties intend to offer into evidence, together with any objections to these materials.

The parties reserve the right to modify, withdraw, amend, or add to these designations prior to and during trial.  The parties also reserve the right to use as their own affirmative admission any written testimony identified by US Airways.  Inclusion of a particular portion of written discovery as an affirmative designation by either party is not to be construed as an admission that such written discovery is admissible for all purposes or by all parties under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Court's pre-trial rulings.

## K.    LIST OF *IN LIMINE* MOTIONS:[4]

| Motion *in Limine* | ECF No. of Notice of Motion | Status | ECF No. of Order (if any) |
|---|---|---|---|
| US Airways' Motion *in Limine* No. 1 to Preclude at Trial Certain Expert Testimony of Dr. Kevin Murphy [Previously Decided] | 388 | Granted in part, denied in part; Stipulation | 468 |
| US Airways' Motion *in Limine* No. 4 to Preclude at Trial Evidence and Argument Regarding Bargaining Over Contractual Terms Other Than The Challenged Contractual Restraints [Previously Decided] | 395 | Granted in part, denied in part; Stipulation | 495 |
| US Airways' Motion *in Limine* No. 6 to Preclude at Trial Evidence and Argument Regarding American Airlines' Size, Profitability, or Its Merger with US Airways [Previously Decided] | 399 | Granted in part, denied in part; Stipulation | 517 |
| US Airways' Motion *in Limine* No. 1 to Exclude at Trial Certain Testimony of Dr. Robert Topel | 1096 | Pending | |
| US Airways' Motion *in Limine* No. 2 to Exclude at Trial Certain Testimony of Professor Kevin M. Murphy | 1099 | Pending | |
| US Airways' Motion *in Limine* No. 3 to Bar Sabre from Offering Evidence and Argument Regarding in Pari Delicto Defenses | 1102 | Pending | |

---

[4] The parties have stipulated to the applicability of certain of the Court's orders on the *Daubert* motions and motions in *limine* that the parties filed in connection with the 2016 trial in the case (ECF No. 1094-1) (the "Stipulation").  Where applicable, the Stipulation is noted in the chart of *in limine* motions.

| Motion *in Limine* | ECF No. of Notice of Motion | Status | ECF No. of Order (if any) |
|---|---|---|---|
| US Airways' Motion *in Limine* No. 4 to Reaffirm the Court's Prior Order Precluding at Trial Evidence and Argument Regarding the Timing of US Airways' Decision to Sue | 1104 | Granted[5] | 1132 |
| US Airways' Motion *in Limine* No. 5 to Preclude at Trial Evidence and Argument Regarding Allegations of Airline Collusion | 1106 | Granted | 1132 |
| Sabre's Motion *in Limine* to Exclude Evidence of and Argument About Sabre's 2012 Contract with American Airlines [Previously Decided] | 489 | Denied as moot; Stipulation | 525 |
| Sabre's *Daubert* Motion to Exclude Certain Testimony of Andrew W. Menkes [Previously Decided] | 403 | Granted in part, denied in part; Stipulation | 504 |
| Defendants' *Daubert* Motion to Exclude Certain Testimony of Dr. Rosa Abrantes-Metz | 1042 | Denied | 1129 |
| Defendants' Motion *in Limine* to Exclude Pejorative, Irrelevant, and Prejudicial Terms to Describe Incentive Payments to Travel Agents | 1084 | Denied as to the specific terms identified | 1143 |
| Defendants' Motion *in Limine* to Exclude Statements Made During Certain Regulatory Proceedings | 1087 | Granted in part, denied in part | 1143 |
| Defendants' *Daubert* Motion to Exclude the Testimony of Louis Dudney | 1090 | Pending | |
| Defendants' *Daubert* Motion to Exclude Certain Testimony of Professor Joseph Stiglitz and Daniel Kasper | 1092 | Pending | |
| Defendants' Letter Request for Pre-Motion Conference Regarding a Motion to Exclude Certain Aggregate Damages Estimate from Dr. Rosa Abrantes-Metz | 1136 | Pending | |

---

[5] This motion *in limine* was granted without prejudice to Sabre's motion at trial to permit such evidence in the event that US Airways puts its subjective state of mind at issue.

**L.      STIPULATION OF UNCONTESTED FACTS:**

   a.  Plaintiff US Airways at all relevant times was a Delaware corporation with its headquarters located at 111 West Rio Salado Parkway, Tempe, Arizona 85281.

   b.  Defendant Sabre Holdings Corporation is a Delaware corporation with its headquarters located at 3150 Sabre Drive, Southlake, Texas 76092.

   c.  Defendant Sabre Inc. is a Delaware corporation with its headquarters located at 3150 Sabre Drive, Southlake, Texas 76092.

   d.  Defendant Sabre Travel International Limited is a corporation organized under the laws of Ireland.

   e.  US Airways and Sabre entered into a distribution agreement in January 2006.

   f.  US Airways and Sabre entered into a distribution agreement on February 22, 2011.

**M.      DAMAGES STATEMENT:**

US Airways seeks overcharge damages and lost profit damages of $299.3 million, as well as treble damages under the Clayton Act, 15 U.S.C. § 15(a), appropriate prejudgment interest, and reasonable attorneys' fees.

Sabre disputes both US Airways' entitlement to damages and US Airways' calculation thereof.

**N.      OTHER REQUESTED RELIEF:**

Consistent with its Answer to the Sixth Amended Complaint, Sabre requests that it be awarded its costs, expenses, and attorneys' fees as appropriate, as well as any such other and further relief as the Court deems appropriate.  Sabre requests it be awarded costs incurred since July 9, 2015 pursuant to Federal Rule of Civil Procedure 68, including but not limited to attorney's fees and other costs the Court deems appropriate.

US Airways requests it be awarded the "cost of suit, including a reasonable attorney's fee."  15 U.S.C. § 15(a).  US Airways disputes Sabre's entitlement to expenses, costs, or attorneys' fees.  *See N. Am. Soccer League v. Nat'l Football League*, 505 F. Supp. 659, 691 (S.D.N.Y. 1980).

**O.**     **UNANIMOUS VERDICT:**

The parties do not consent to less than a unanimous verdict.

March 31, 2022                           Respectfully submitted,


/s/  Andrew J. Frackman                   /s/ Boris Bershteyn
Andrew J. Frackman                        Boris Bershteyn
O'MELVENY & MYERS LLP                     SKADDEN ARPS SLATE MEAGHER AND
Times Square Tower                        FLOM LLP
7 Times Square                            One Manhattan West
New York, New York 10036-6537             New York, NY 10001
Telephone: (212) 326-2061                 Telephone: (212) 735-3000
Fax: (212) 326-2061                       Fax: (917) 777-3834
afrackman@omm.com                         boris.bershteyn@skadden.com

*Counsel for Plaintiff*                   *Counsel for Defendants*