UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
                                                         :
US AIRWAYS, INC.,                                        :
                                   Plaintiff,            :
                                                         :          11 Civ. 2725 (LGS)
                                   -against-             :
                                                         :              ORDER
                                                         :
SABRE HOLDINGS CORP., et al.,                            :
                                   Defendants.           :
-------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff ("US Airways") moves to exclude at trial certain proposed testimony of Defendants' ("Sabre") economics expert, Professor Kevin Murphy, pursuant to Federal Rules of Evidence 401, 402, 403, 702 and 703.  US Airways seeks to prohibit (1) affirmative testimony as to the relevant antitrust market for assessing Sabre's market power and anticompetitive conduct; (2) narrative fact testimony and conclusory factual assertions that are outside Professor Murphy's expertise as an economist; and (3) testimony duplicative of Sabre's expert, Dr. Robert Topel.

**Opinion of the Relevant Market**

US Airways seeks to bar Professor Murphy's economic opinion that the "relevant market is properly defined to include all of the ways in which air travel is distributed," and that Sabre had a relatively modest share of that market -- e.g., that "Sabre's share of total US passengers in 2013 was only ***23.4 percent***." (emphasis and formatting in original report).  US Airways argues that this opinion is inadmissible under Rule 702 because it is unsupported by reliable methodology in the absence of any empirical studies of reasonable interchangeability or cross-elasticity of demand between GDS services and other means of ticket distribution.  This argument is unavailing.

US Airways does not cite any binding or persuasive authority to support the proposition that a reliable market definition must rest on empirical studies and cannot rely on so-called "qualitative" data or analysis of real-world market conditions that suggest reasonable interchangeability of use or cross-elasticity of demand, such as evidence of how consumers purchase travel or how market participants (here the airlines) view competition.  In contrast, Sabre cites cases, also not binding, that explicitly permit expert testimony of market definition that relies on such evidence.  *See, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, No. 16 Civ. 01370, 2020 WL 533006, at *11 (N.D. Cal. Feb. 3, 2020) ("Courts in this district and others have often admitted expert testimony on market definition where the expert did not conduct an econometric study." (citing cases)); *see also Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962) (stating that a submarket's boundaries "may be determined by examining such practical indicia as industry or public recognition of the submarket as a separate economic entity, the product's peculiar characteristics and uses, unique production facilities, distinct customers, distinct prices, [and] sensitivity to price changes . . . ."); *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 64 (2d Cir. 2019) (quoting the same "practical indicia" language from *Brown Shoe*).  Whether empirical studies are more reliable or more convincing in this instance, or whether US Airways' criticisms of Dr. Murphy's analysis are sound, goes to the weight of his opinion and not its admissibility.

**Fact Testimony and Factual Assertions**

The parties have stipulated -- as before (Dkt. No. 468) -- that Professor Murphy may not "sum up" the evidence to conclude that US Airways extracted pricing concessions from Sabre in exchange for providing full content.  US Airways contends that this stipulation prevents Professor Murphy from offering "the opinions in paragraphs 124, 127-147 and 235-243" of his report.  The

specific paragraphs of Professor Murphy's rebuttal report to which US Airways objects are permissible, as they recite facts on which Professor Murphy relied as the basis for his opinions. Nevertheless, at trial there is a fine line between explaining the basis for an opinion and rehashing the evidence in exquisite detail.  As before (Dkt. No. 468), although Professor Murphy may not gather and interpret the evidence as a lawyer would in closing argument to argue what the travel agencies desire, Professor Murphy may testify about objective economic incentives and disincentives in the circumstances of the parties; and he therefore may testify that one would expect GDSs to seek full content in exchange for concessions on other contract terms, including price.  Professor Murphy also may testify about the procompetitive benefits of full content to travel agencies and travelers, including that it promotes efficiency and results in price transparency.

**<u>Duplicative Expert Testimony</u>**

US Airways seeks to bar duplicative opinions by Professor Murphy and Dr. Topel on the following subjects:  (a) Sabre's incentive payments to travel agents reflect competition between airlines for travel agent business; (b) airlines would increase direct commissions to travel agents in the absence of Sabre's incentive payments; (c) firms can earn economic profits for reasons other than market power; and (d) travel agents and travelers would face higher costs in a world without Sabre's challenged conduct.  Sabre counters that the application is premature and that each of its experts will play a distinct role at trial.  The application is granted in that cumulative opinions of any expert on any subject will be barred.  *See* Fed. R. Evid. 403.  Counsel may elect which expert will provide the opinions referenced above.  If necessary, a second expert may rely on the opinion of another expert by reference without again rendering the opinion and explaining its justification.

It is hereby **ORDERED** that Sabre's motion to exclude at trial certain testimony from Sabre's expert, Kevin Murphy, is granted in part and denied in part.  Dr. Murphy's opinion about the relevant market and Sabre's share of that market is allowed.  A brief recitation of the specified facts on which Dr. Murphy relied in forming his opinions is allowed.  Duplicative expert opinions are not allowed.  Counsel may elect which expert will provide which opinions.

The Clerk of Court is directed to close Dkt. No. 1099.

Dated: April 1, 2022
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4