```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
US AIRWAYS, INC.,                                            :
                                              Plaintiff,     :
                                                             :      11 Civ. 2725 (LGS)
              -against-                                      :
                                                             :             ORDER
                                                             :
SABRE HOLDINGS CORP., et al.,                                :
                                              Defendants.    :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff ("US Airways") moves to exclude at trial certain opinions and testimony of Defendants' ("Sabre") economics and damages expert, Dr. Robert Topel (Dkt. No. 1096), pursuant to Federal Rules of Evidence 401, 402, 403 and 702.  US Airways seeks to exclude two parts of Dr. Topel's opinions:  (1) Dr. Topel's opinion that the "best estimate of damages is that there were none" on the ground that it lacks any methodological or foundational basis, and (2) Dr. Topel's testimony that is unnecessarily cumulative of two other Sabre experts, Professor Kevin Murphy and Dr. Mark Zmijewski.  US Airways does not otherwise seek to exclude Dr. Topel's critique of Dr. Abrantes-Metz's damages analysis.  US Airways' motion is granted in part.

**Legal Standard**

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  The rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if [] (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  District courts play a "'gatekeeping' function" under Rule 702 and are "charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'"  *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 122-23 (2d Cir. 2020) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).  A Rule 702 inquiry focuses on three issues: (1) whether a witness is qualified as an expert, (2) whether the witness's "opinion is based upon reliable data and methodology" and (3) whether "the expert's testimony (as to a particular matter) will assist the trier of fact."  *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005) (internal quotation marks omitted); *accord In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 543 (S.D.N.Y. 2021).  "[A] slight modification of an otherwise reliable method will not render an expert's opinion *per se* inadmissible."  *United States v. Jones*, 965 F.3d 149, 160 (2d Cir. 2020) (internal quotation marks omitted).  The party proffering the expert bears the burden of establishing Rule 702's admissibility requirements by a preponderance of the evidence.  *Id.* at 161.

**"No Damages" Opinion**

Dr. Topel's conclusion that US Airways suffered no damages is excluded as lacking a methodological basis.  Dr. Topel's report is denominated a "Rebuttal Expert Report."  That is what it is -- a rebuttal of Dr. Abrantes-Metz's opinion that US Airways suffered damages in the form of overcharges and lost profits and the amount of such damages.  Dr. Topel does not formulate his own damages opinion.  His report is a detailed analysis and critique of Dr. Abrantes-Metz's opinion.  His conclusion that there were no damages is a conclusory afterthought appended on three occasions in one sentence to his analysis of her opinion.  The

assertion of no damages appears to be the equivalent of saying that US Airways has failed to sustain its burden of proving causation and damages.

The last section of Dr. Topel's report is instructive. He states,"153. I find that each component of Dr. Abrantes-Metz's 'damage' analysis is flawed and unreliable. Specifically: . . . " He then inserts eight sub-paragraphs summarizing his critiques of her analysis from the prior 60 pages, with each sub-paragraph beginning, for example, "Her claim," "Her analysis" and "Her model." He concludes, with a final paragraph "154. As a result of these errors, I conclude that Dr. Abrantes-Metz has provided no reliable or plausible evidence that US Airways suffered anticompetitive harm connected to the Challenged Contract Terms. *My best estimate of such damages is that there were none.*" (emphasis added).

The same conclusion occurs two other times in the report, in nearly identical language, and each is presented in an equally conclusory fashion. Both occur early in the report in the summary of opinion. The first is in the summary of "Opinion 3," which criticizes Dr. Abrantes-Metz's estimates of overcharges based on excessive profits and concludes, "My best estimate of overcharge damages is that there were none." The second concludes the summary of "Opinion 5" which argues that she has provided no evidence of causation. It concludes, "As a result, my best estimate of damages is that there were none."

Sabre points to Dr. Topel's various opinions and his "application of economic principles to ample empirical evidence" to reach them. But these principles and evidence are applied to his opinions critiquing her analysis, and not to any affirmative, fully developed opinion of his own.

US Airways' expert, Dr. Abrantes-Metz, determined Plaintiff's damages in the form of overcharges imposed by Sabre on US Airways, and profits lost by US Airways as a result of Sabre's exclusionary conduct. Specifically, she (1) calculated the net transaction booking fee that

Sabre would earn for airline bookings in the competitive But-for World (i.e., the fee that Sabre would charge US Airways net of the amount paid to the travel agency as an incentive, resulting in the price needed for Sabre to cover its costs and earn a reasonable profit); (2) estimated how that net transaction fee would be allocated between airlines and travel agencies in the But-for World (i.e., concluded that incentive payments to travel agents would have been non-existent or less, and then determined the respective shares of the airlines and travel agents in payments and/or incentives to arrive at the net fee); (3) compared what US Airways would have been charged with the amount actually charged to determine US Airways' overcharge damages; and (4) quantified US Airways lost profits based on these overcharges and other anticompetitive factors.

Dr. Topel does not disagree that each step is analytically necessary, and he criticizes Dr. Abrantes-Metz at each step. But, for example, he never supplies his own analysis of critical step 2, required by *Ohio v. American Express*, 138 S. Ct 2274, 2281 (2018), which determines how the net booking fee would be allocated between Sabre's two sets of customers, the airlines and travel agents. Dr. Topel conducted no analysis on this issue as Dr. Abrantes-Metz did. He simply asserts that the fee would be paid entirely by the airlines.

Although Dr. Topel may not offer an affirmative opinion that US Airways suffered no damages, he is not precluded from stating what he seems to mean and elsewhere states, namely that Dr. Abrantes-Metz's "analysis provides no basis for concluding that US Airways suffered any damages as a result of the [Challenged Contract Terms or] other challenged conduct."

**Cumulative Expert Testimony**

To the extent that Dr. Topel's testimony reiterates the opinions of Professor Murphy, Sabre's liability expert, and Dr. Zmijewski, Sabre's accounting expert, the application is granted in that cumulative opinions of any expert on any subject are barred. *See* Fed. R. Evid. 403.

US Airways argues that Dr. Topel's testimony is duplicative of (1) Professor Murphy's opinions that Sabre's incentive payments to travel agents are a result of competition between the airlines and would compel airlines to increase their direct commissions to travel agents in the absence of Sabre's incentive payments, that firms can earn economic profits for reasons other than market power, and that travel agents and travelers will face higher costs in a world without Sabre's challenged conduct; and (2) Dr. Zmijewski's opinions that Dr. Abrantes-Metz's treatment of goodwill artificially inflates Sabre's economic profits, and that Sabre's goodwill might have resulted from Sabre's reputation or management ability.  Without doing a line-by-line comparison, Dr. Topel's report seems expressly to reiterate Dr. Zmijewski's opinion, stating that "Dr. Abrantes-Metz's calculation of the 'NPNBF' is wrong because it mischaracterizes certain assets on Sabre's balance sheet, ignores certain of Sabre's actual costs, and commits other calculation errors *which are more fully explained in the expert report of Mark Zmijewski.*" (emphasis added).

Sabre counters that the application is premature and that each of its experts will play a distinct role at trial.  Counsel may elect which expert will provide the opinions referenced above.  If necessary, a second expert may rely on the opinion of another expert by reference without again rendering the opinion and explaining its justification.

It is hereby **ORDERED** that US Airways' motion to exclude portions of Dr. Topel's testimony is granted in part.  Specifically, Dr. Topel may not offer an opinion that US Airways suffered no damages, and Sabre may not offer cumulative expert testimony but may elect which of its experts will deliver each opinion.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1096.

Dated: April 1, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE