UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                  :
US AIRWAYS, INC.,                                  :
                                     Plaintiff,       :
                                                                           :                11 Civ. 2725 (LGS)
                          -against-                           :
                                                                            :                     <u>ORDER</u>
                                                                            :
SABRE HOLDINGS CORP., et al.,          :
                                        Defendants.   :
------------------------------------------------------------- X
LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendants ("Sabre") move to exclude at trial certain opinions and testimony of Plaintiff's ("US Airways") economics experts, Joseph Stiglitz and Daniel Kasper (Dkt. No. 1092) pursuant to Federal Rules of Evidence 702 and 403.  Sabre's motion is denied.  To the extent that the parties do not make Rule 403 arguments in this and other motions to preclude expert testimony, the Court similarly does not engage in any Rule 403 analysis.

**"Snowball" Theory**

      Sabre moves to exclude Professor Stiglitz's purported six-step "snowball" chain of causation, arguing that the opinion lacks a reliable foundation because it speculates about the conduct of market participants in a but-for world rather than constructing an economic model and is untethered to the facts.  Sabre's motion to exclude this testimony is denied.

      Sabre implies that the sheer number of causation steps necessary between removing the challenged provisions from Sabre's contract and reduced booking fees charged US Airways renders the "snowball theory" implausible.  But as US Airways and Professor Stiglitz explain, this "theory" is not his opinion.  Instead, he opines that, without the exclusionary contract provisions, meaningful competition would emerge possibly in the form of any one or more, and not necessarily all, of the "steps" that Sabre identifies.

Sabre takes issue with Professor Stiglitz's view of how other market participants -- other airlines, travel agents and other GDSs -- would or might react to the omission of the Challenged Terms from Sabre's contract with US Airways. Sabre criticizes that Professor Stiglitz does not construct any economic model or rely on documents, testimony or other evidence to support these opinions. This argument is unpersuasive. As before, Professor Stiglitz's "opinion is based on reliable economic principles, which he applies reliably to the facts of the case." (Mar. 31, 2022, Order denying Sabre's motion to preclude Professor Stiglitz' testimony, Dkt. No. 471 at 2.) Rule 702 requires no more. (*See id*.) To the extent that Professor Stiglitz relies on economic theory and his professional analysis and judgment of the relevant market dynamics, that testimony is permissible. *See SourceOne Dental, Inc. v. Patterson Companies, Inc.*, No. 15 Civ. 5440, 2018 WL 2172667, at *2 (E.D.N.Y. May 10, 2018) ("Expert testimony on 'soft sciences' like economics is less likely to be excluded 'because these disciplines require the use of professional judgment,' and 'challenges may ultimately be viewed as matters in which reasonable experts may differ.'"); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3, AFL-CIO*, 313 F. Supp. 2d 213, 241 (S.D.N.Y. 2004) ("Recognizing that the ultimate determination of what did or did not happen in this case is left to the finder of fact, [an expert] could hypothesize that if certain conduct did occur, economists would expect the market to react in a particular way.").

**Referencing Agency Statements**

Sabre moves to bar Professor Stiglitz and Mr. Kasper from relying on or referencing statements made by government agencies when they developed rules directed to the GDS industry. Sabre's related motion (Dkt. No. 1087) was granted in part as to the DOJ statements, and denied in part as to the regulatory statements. (*See* Dkt. No. 1143.) Sabre's instant motion

is denied. To the extent that the challenged statements are admitted in evidence, an expert may rely on them. An expert also may rely on statements that are not admitted in evidence under Rule 703:

> If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

Sabre argues that the regulatory statements "are irrelevant to the issues in this case and are unfairly prejudicial to Sabre for multiple reasons, including because they were premised on a one-sided market definition that cannot apply to Sabre's GDS following the Second Circuit's decision on appeal." The statements at issue provide relevant background about government regulation as the source of Sabre's initial market power and the regulators' expectations about the development of competition after deregulation and Sabre's early conduct and impact on the expected competition. Sabre is free to argue to the jury that these statements are stale or flawed in light of the two-sided legal framework and -- as set forth in the Court's March 31, 2022, Order -- may seek an instruction (via joint written submission at least one business day in advance of the instruction) that any government findings are not determinative of the jury's verdict. Sabre has not identified any prejudice that cannot be cured with such an instruction.

It is hereby **ORDERED** that Sabre's motion to exclude at trial certain testimony from Sabre's experts, Professor Stiglitz and Mr. Kasper is **DENIED**. Professor Stiglitz's testimony

about the conduct of other market participants in the but-for world is admissible. Professor Stiglitz and Mr. Kasper may reference the challenged regulatory statements.

The Clerk of Court is directed to close motion at Dkt. No. 1092.

Dated: April 4, 2022
      New York, New York

                                             LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE