SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK 10001-8602
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3834
DIRECT FAX
917-777-3834
EMAIL ADDRESS
BORIS.BERSHTEYN@SKADDEN.COM

April 7, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> RE:   *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725,
>        Reply in Support of Motion to Exclude Certain Damages Estimates

Dear Judge Schofield:

USAir's response to Sabre's motion to exclude certain of Dr. Abrantes-Metz's damages estimates correctly frames this dispute as a legal one. But USAir stakes out a legal position expressly foreclosed by controlling Second Circuit authority that USAir's response omitted.

Under this Court's summary judgment order, USAir cannot recover damages resulting from pre-2007 acts, including mere performance of the 2006 Contract. Yet USAir acknowledges that its claimed damages hinge on pre-2007 acts. Indeed, USAir invokes alleged acts between 2004 and 2006 and argues that "[i]n the absence of these [earlier] acts," USAir "would never have agreed to full content . . . in 2006." (ECF No. 1154 ("Opp.") 2-3.) And in contending only that the 2006 Contract was not "the ***sole*** cause of [its] injuries," USAir implicitly concedes that Dr. Abrantes-Metz's calculations attribute damage to performance of the 2006 Contract. (*Id.* 2 (emphasis added).) Nevertheless, USAir argues that, as a matter of law, damages estimates for its Section 2 monopolization claim need not disaggregate the effects of pre-2007 acts for which this Court held USAir may not recover damages. (*Id.* 1, 3.)

USAir's position directly contradicts Second Circuit precedent. In *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979), the Second Circuit rejected USAir's position, holding that a plaintiff can "recover only for the price increment that 'flows from' the distortion of the market caused by the monopolist's anticompetitive conduct," i.e., its "actionable behavior." *Id.* at 297-98 & n.57. Insisting on disaggregation, the Second Circuit then reversed a damages award because the plaintiff failed to prove that the full amount of its damages resulted from wrongful monopolistic conduct and not other causes. *Id.* at 297-99. Other courts in

Hon. Lorna G. Schofield
April 7, 2022
Page 2

Section 2 cases have reached the same conclusion,[1] and USAir cites ***no case*** to support its assertion that Section 2 plaintiffs are exempt from the disaggregation rule. (Opp. 3.) Instead, USAir relies on Professor Areeda's policy-based critiques of that rule. (*Id.*) But USAir neglects to disclose that—in the paragraph immediately before the one USAir quoted to this Court—Professor Areeda writes: "In *Berkey Photo* the Second Circuit addressed the issue [of disaggregation] by considering how much of the monopoly overcharge was attributable to one of the unlawful exclusionary practices and how much was attributable to lawful monopoly that the firm may already have had or that it lawfully acquired even as it was engaged in these practices." Areeda, ¶ 657b1. Policy disputes aside, *Berkey*'s controlling law forecloses USAir's position.

USAir also mischaracterizes Sabre's request as an "attempt to exclude evidence relevant to whether Sabre's conduct caused [USAir's alleged] injuries." (Opp. 3.) The issue here is proof of damages, not of causation. As the Seventh Circuit explained when overturning a Section 2 verdict based on a deficient damages study that (as here) improperly aggregated the effects of "all of [the defendant's] actions," courts "distinguish[] between proof of ***causation*** of damages and proof of the ***amount*** of damages." *MCI*, 708 F.2d at 1161-65. Yet USAir relies on portions of cases addressing "whether there [was] sufficient evidence" of causation, *In re Publ'n Paper Antitrust Litig.*, 690 F.3d 51, 66 (2d Cir. 2012), whether "illegality [was] shown to be a material cause of the injury," *Zenith Radio Corp. v. Hazeltine Rsch.*, 395 U.S. 100, 114 n.9 (1969), and a jury instruction regarding "injury causation." *USFL v. NFL*, 842 F.2d 1335, 1377 (2d Cir. 1988). If anything, *USFL* shows that USAir's damages proof is irredeemably flawed: Another holding of *USFL* (that USAir omits) requires a jury to have "a reasonable basis upon which to estimate" losses caused by conduct for which a plaintiff may recover, rather than "other factors" for which it may not. *Id.* at 1378-79 (relying on *MCI*). USAir's aggregated damages fail this requirement.

To sidestep this controlling precedent, USAir makes the unsupported claim that "there is nothing to disaggregate" because "conduct other than the 2006 contract . . . is a material cause of ***all*** of the claimed damages." (Opp. 3.) But this claim contradicts USAir's own position that the 2006 Contract is the "***first and foremost***" conduct challenged in this case (ECF No. 1136 at 2-3) and the fact that USAir felt compelled to rely in its opposition on Sabre's alleged pre-2007 acts (Opp. 2-3). Moreover, USAir has not identified any record evidence to support an argument that post-2007 acts—completely independent of the mere performance of the 2006 Contract—could ***alone*** sustain its ***entire*** damages estimate. Certainly, neither Dr. Abrantes-Metz nor any other expert has offered that opinion. Accordingly, Dr. Abrantes-Metz's aggregate damages estimates between April 21, 2007 and February 23, 2011 should be excluded, and this case should proceed to trial with a narrowed 2011-12 damages period—as it did during the first trial.

---

[1] *See, e.g.*, *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1161-65 (7th Cir. 1983) (reversing verdict when damages study rested on the "assumption that all of AT&T's actions constituted the willful maintenance of a monopoly," and did "not establish any variation in the outcome depending on whether" the plaintiff could recover for certain acts); *S. Pac. Commc'ns Co. v. Am. Tel. & Tel. Co.*, 556 F. Supp. 825, 1091-92 & n.337 (D.D.C. 1982) (similar and collecting additional Section 2 cases), *aff'd*, 740 F.2d 980 (D.C. Cir. 1984).

Hon. Lorna G. Schofield
April 7, 2022
Page 3

                                            Respectfully submitted,

                                            */s/ Boris Bershteyn*
                                            Boris Bershteyn

cc:  Counsel for US Airways, Inc., via ECF