

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

April 14, 2022

**Andrew J. Frackman**
D: +1 212 326 2017
afrackman@omm.com

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: ***US Airways, Inc., for American Airlines, Inc. as Successor and Real Party in Interest v. Sabre Holdings Corp., et al., No. 1:11-cv-02725-LGS*** **Objections to Representative Exhibits (per ECF No. 1165)**

Dear Judge Schofield:

We write on behalf of Plaintiff US Airways in response to the Court's April 11, 2022 Order, ECF No. 1165, requesting that the parties identify representative exhibits to which they object. As explained below, Sabre's exhibit list includes documents that are inadmissible because they (i) include hearsay that does not fall within an exception, and (ii) are excluded by certain of the Court's *in limine* orders.

**1. Third-Party Hearsay:** Sabre's exhibit list includes exhibits that contain inadmissible hearsay from third parties. For example, DX-0428 is an email from Rose Stratford at BCD Travel discussing direct connections to travel agencies.[1] Sabre apparently intends to offer the statements for their truth—*i.e.*, to establish that direct connections with travel agencies are inefficient. Such statements are inadmissible hearsay.

**2. Hearsay in Sabre Documents:** Sabre's exhibit list includes internal Sabre emails that contain inadmissible hearsay for which foundation for the business records exception cannot be established. For example, DX-1326 is an email among Sabre executives that refers to prior discussions with American West in which America West purportedly asked for a discount during negotiations and stated that America West is "okay with full content." Sabre is offering this email for the truth of that description. Such statements are inadmissible hearsay.

**3. Hearsay in News Articles:** Sabre's exhibit list also includes news articles that contain inadmissible hearsay. For example, DX-0408 is a January 2011 article published by 24/7 Wall St. titled "The Fifteen Most Hated American Companies Of 2010", which includes American Airlines on the list. Because Sabre appears intent on offering the statements in this article for their truth, they are inadmissible hearsay. *See*, *e.g. Tokio Marine & Fire Ins. Co. v. Rosner*, 206 F. App'x 90, 95 (2d Cir. 2006); *Roniger v. McCall*, 119 F. Supp. 2d 407, 410

---

[1] This document was produced by BCD and the face of the document is not marked "Confidential." But in an abundance of caution, we are not quoting the document in this letter.

(S.D.N.Y. 2000) ("These [newspaper] articles would be inadmissible hearsay if offered for the truth of the matters reported therein…").

**4. Alleged Airline Collusion Motion *in Limine*:** In granting US Airways' Motion *in Limine* No. 5, ECF No. 1106, the Court barred Sabre from introducing "evidence . . . regarding alleged collusion," including, but not limited to, evidence "portraying the airlines as trying to 'gang up' on Sabre in a manner that is legally irrelevant." ECF No. 1132 at 1–2. Several of Sabre's exhibits are barred by this Order. For example, DX-3548 is an email between US Airways employees that includes notes from a meeting among various airlines where the airlines discussed distribution through the GDSs. This and similar documents are precisely the type of evidence that risks confusing the jury and improperly prejudicing US Airways, because as the Court noted in its Order, "it is Sabre's and not US Airways' conduct at issue" in this case. ECF No. 1132 at 2.

**5. Sign and Sue Motion *in Limine*:** In granting US Airways' Motion *in Limine* No. 4, ECF No. 1104, the Court excluded under Rule 403 "evidence and argument regarding the timing of US Airways' decision to sue." ECF No. 1132 at 1. Admission of several of Sabre's proposed trial exhibits would violate that Order because they are being offered solely for the purpose of establishing the timing of US Airways' decision to sue Sabre. Exhibit DX-0186, for example, is a March 2011 email chain between US Airways employees in which a former US Airways executive responds to a question about "suing Sabre." The email chain contains no other material information. Indeed, the Court explicitly excluded this document prior to the 2016 trial after asking the parties, just like here, to identify documents representative of the parties' objections. ECF No. 561 at 1 (sustaining US Airways' objection to DX-186). And at the 2016 trial, Sabre included this document in its offer of proof, ECF No. 707, which the Court also rejected. ECF No. 789, Trial Tr. 5123:5–5125:6. Sabre is now making another run at getting this document, and others like it, into evidence based on it contention that US Airways may "open the door" to sign and sue evidence. But the Court ordered the parties to remove any exhibits from their lists that they are "not reasonably likely to use at trial." ECF No. 1165 at 2. Sabre should not be allowed to include these exhibits unless the Court has granted permission, which it has not done.

Respectfully submitted,

Andrew J. Frackman
of O'MELVENY & MYERS LLP
*for US Airways, Inc. for American Airlines, Inc. as Successor and Real Party in Interest*

cc:   Counsel for Sabre (via ECF)