# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720
———
TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
(312) 407-0508
DIRECT FAX
(312) 827-9320
EMAIL ADDRESS
PATRICK.FITZGERALD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

April 14, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

       RE: *US Airways, Inc. v. Sabre Holdings Corp., et al.*,
         No. 1:11-cv-02725, Sabre's Response to the Court's
         April 11, 2022 Order

Dear Judge Schofield:

  Pursuant to the Court's order dated April 11, 2022 (ECF No. 1165) (the "April 11 Order"), Sabre writes regarding the parties' exhibit lists.

  First, in response to the April 11 Order, Sabre has removed 193 exhibits from its exhibit list. However, because Sabre does not know the manner in which USAir will present its case-in-chief and thus the necessary scope of Sabre's defense case, Sabre respectfully reserves our rights to add or remove exhibits to its exhibit list.

  Second, with the exception of certain "sign and sue" documents listed below, Sabre has removed exhibits that are inadmissible in light of the Court's orders on USAir's motions in limine. Sabre has maintained four exhibits that fall within the Court's order on "sign and sue" documents, but per the Court's ruling, will not offer

Hon. Judge Schofield
April 14, 2022
Page 2

those exhibits unless USAir places its subjective state of mind at issue.[1]  To the extent exhibits subject to objections related to other motion in limine rulings remain on Sabre's exhibit list, Sabre intends to offer those exhibits for purposes not prohibited by the Court's rulings.

Third, pursuant to the April 11 Order, Sabre has identified five exemplar documents as to which it objects.  Specifically, Sabre raises for the Court's attention exhibits containing profane, vulgar, and/or inflammatory language.[2]  Sabre intended to raise additional exemplar categories, but counsel for Sabre and USAir were able to narrow the scope of the categories and exhibits in dispute.

**Documents Containing Profane, Vulgar, and/or Inflammatory Language**

*Exemplar:*  PX-2005

*Similar Exhibits:*  PX-2009; PX-2010; PX-2015; PX-2017

Pursuant to Federal Rules of Evidence 402 and 403, Sabre objects to several exhibits on USAir's exhibit list that contain profane, vulgar, and/or inflammatory language because any probative value is substantially outweighed by the risk of unfair prejudice.  *See United States v. Johnson*, 469 F. Supp. 3d 193, 222 (S.D.N.Y. 2019) (excluding "as irrelevant and as more prejudicial than probative under Rule 403" evidence containing "profanity," which had "little to no probative value" and "present[ed] a risk of unfair prejudice to the Defendants"); *see also Plew v. Ltd. Brands, Inc.*, 2012 WL 379933, at *2 (S.D.N.Y. Feb. 6, 2012) (excluding under Rule 403 "inflammatory" statements that are "unnecessary to prove a claim" because they "risk[] prejudicing the jury and will not aid in its findings of fact.").

By way of example, PX-2005 contains an email exchange relating to negotiation of an agreement between Travelocity and USAir.  To be clear, Sabre does not object to the portion of the exhibit through the email that was sent on December 16 at 11:43AM.  However, later emails in that chain are completely unrelated to any issue in this case, and appear to be offered solely to inflame the jury. Sabre has no objection to an exhibit consisting of a clean email string limited to those earlier emails.  The Court should thus exclude PX-2005 and similar documents that contain gratuitous, vulgar language.

---

[1]  These are: DX-147; DX-148; DX-186; DX-425.

[2]  Sabre reserves the right to object to any particular document listed in this letter on grounds other than those asserted here.  Sabre also reserves its objections to all exhibits not identified in this letter.

Hon. Judge Schofield
April 14, 2022
Page 3

                                          Respectfully submitted,

                                               */s/ Patrick Fitzgerald*
                                               Patrick Fitzgerald

cc:  Counsel for US Airways, Inc., via ECF