UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
US AIRWAYS, INC.,                                             :
                                    Plaintiff,                :
                                                              :          11 Civ. 2725 (LGS)
              -against-                                       :
                                                              :              ORDER
                                                              :
SABRE HOLDINGS CORP., et al.,                                 :
                                    Defendants.               :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Defendants ("Sabre") move to exclude at trial certain proposed testimony of

Plaintiff's ("US Airways") damages expert, Dr. Rosa Abrantes-Metz, concerning damages

estimates between April 21, 2007 and February 23, 2011.  Sabre asserts that Dr. Abrantes-Metz's

damages estimates should be excluded for that period because the estimates fail to disaggregate

damages caused by the "mere performance" of the 2006 Contract during that period.  For the

reasons discussed below, Sabre's motion to exclude testimony of Dr. Abrantes-Metz is denied.

        US Airways alleges that Sabre unlawfully maintained monopoly power in violation of § 2

of the Sherman Act, through the contractual constraints that are the subject of Count 1 as well as

other anticompetitive conduct.  The Court's April 15, 2022, Amended Opinion and Order (the

"Opinion") held that -- pursuant to the applicable statute of limitations -- US Airways cannot

recover damages on its § 2 claim from Sabre's alleged conduct to maintain monopoly power "if

that conduct was merely the performance of the 2006 Contract," but "can seek § 2 claim damages

arising from other monopolizing conduct, provided that the resulting injury occurred during the

four years preceding the filing of the lawsuit."  (Dkt. No. 1171 at 13.)  The Opinion explained:

> To the extent US Airways can prove that (1) Sabre engaged in willful conduct to
> acquire or maintain monopoly power independent of the 2006 Contract, (2) Sabre
> had monopoly power at the time of the conduct and (3) the conduct resulted in
> damages within the four-year statutory period, then US Airways can recover those
> damages under § 2 of the Sherman Act consistent with its statute of limitations.

(*Id.*)

Sabre now argues that, based on the Opinion, Dr. Abrantes-Metz's damages
estimates should be excluded because the estimates incorporate "damages allegedly
caused by mere performance of the 2006 Contract . . . and do not disaggregate alleged
harm caused by any other alleged acts . . . ."  This argument is unpersuasive.

Sabre's argument is misplaced because the legally and factually critical argument is
causation rather than damages -- not the reverse, as Sabre argues.  US Airways' burden is to show
that the exclusionary conduct was a material and but-for cause of its injuries -- a task presumably
for US Airways' causation expert, Professor Stiglitz.  *See In re Actos End-Payor Antitrust Litig.*,
848 F.3d 89, 98 (2d Cir. 2017) ("An antitrust plaintiff must show that a defendant's
anticompetitive act was a 'material' and 'but-for' cause of plaintiff's injury, although not
necessarily the sole cause."); *In re Namenda Indirect Purchaser Antitrust Litig.*, 331 F. Supp. 3d
152, 200 (S.D.N.Y. 2021) (same); *In re Publ'n Paper Antitrust Litig.*, 690 F.3d 51, 67, 69 (2d
Cir. 2012) (same).

Once US Airways proves causation, then "courts have allowed antitrust plaintiffs
considerable latitude in proving the amount of damages."  *U.S. Football League v. Nat'l Football
League*, 842 F.2d 1335, 1378 (2d Cir. 1988); *accord In re Namenda Indirect Purchaser Antitrust
Litig.*, 331 F. Supp. 3d at 179; *see also Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264-
65 (1946).  This latitude "is limited by the requirement that the damages awarded must be traced
to some degree to unlawful acts."  *U.S. Football League*, 842 F.2d at 1378.

Sabre incorrectly asserts that *Berkey Photo* requires US Airways to disaggregate the
effects of 2006 contract.  *See Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 297-98
(2d Cir. 1979).  Instead, what the court in *Berkey Photo* held is that the "true measure of

damages . . . is the price increment caused by the anticompetitive conduct that originated or augmented the monopolist's control over the market," as distinct from the price increment attributable to lawfully acquired monopoly power. *Id* at 297. The court was concerned with punishing a defendant with damages, particularly treble damages, when the defendant's monopoly power was caused in part, perhaps even mostly, by lawful conduct "merely . . . supplemented by improper conduct." *Id*. at 298; *see also MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1160 (7th Cir. 1983) (setting aside a damage award because it "awards damages for both *lawful* and *unlawful* conduct").

Here certain conduct, Sabre's allegedly imposing the 2006 contractual restraints, is not actionable because it is time barred -- not because US Airways concedes it is lawful. If the jury awards damages based on US Airways' theory of its monopoly claim, there is no danger that damages will be based largely on legal monopolistic conduct.

US Airways nevertheless must prove that the actionable anticompetitive conduct caused the claimed damages. If US Airways can prove that this other monopolizing conduct -- apart from the 2006 Contract -- was a material and but-for cause of the alleged injuries, there is no "disaggregation" issue and the jury may award damages consistent with Dr. Abrantes-Metz's damages estimates. *See Berkey Photo*, 603 F.2d at 298 ("We recognize that if the monopolist, but for its illegitimate actions, would have had little or no market power, the wrongful conduct and competitive price rules may yield very similar results."); *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1307 (8th Cir. 1988) ("In other words, if an antitrust plaintiff alleges that the defendant engaged in unlawful acts A, B, C, and D, and acts C and D are later rejected as a basis of liability, it does not automatically follow that the damage award must be reduced. Rather, if acts A and B support the entire damage award, it must be sustained.").

It is hereby **ORDERED** that Sabre's motion to exclude Dr. Rosa Abrantes-Metz's

damages estimates between April 21, 2007, and February 23, 2011, is denied.

The Clerk of Court is directed to close Dkt. No. 1136.

Dated:  April 18, 2022
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**