SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

———

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
(312) 407-0508
DIRECT FAX
(312) 827-9320
EMAIL ADDRESS
PATRICK.FITZGERALD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

May 9, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE:    *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725,
                   <u>Admission of DX-411</u>

Dear Judge Schofield:

      Sabre respectfully requests that the Court reconsider its exclusion of DX-411, which is highly probative of the reasons why travel agencies chose not to adopt direct connect strategies or GDS new entrants and rebuts USAir's claims that Sabre and travel agents acted together to prevent adoption of alternative distribution methods.

      Prior to the testimony of Bridget Blaise-Shamai on April 27, 2022, Sabre moved for admission of DX-411, an email between representatives of Travizon and American Airlines following a demonstration of Farelogix's capabilities.  The Court excluded the document under Federal Rule of Evidence 802, as well as under Rule 403, reasoning that the jury had "heard about issues about Farelogix" and that "there was plenty of other evidence . . . with the same probative value."  Trial Tr. 584:2-14.  Since the Court's ruling, however, USAir has called into question the sincerity and veracity of travel agent testimony about the deficiencies of alternatives to the GDSs.  For instance, Professor Stiglitz referred to travel agents and Sabre as a "cabal."  Trial Tr. 991:7-10.  And when impeached with DX-411, Ms. Blaise-Shamai testified that the email was sent "during the period of the boycott that Sabre did and Travizon participated in that."  Trial Tr. 679:14-16.  USAir has also introduced into evidence PX-2082, e-mail communications between Sabre and Travizon two years earlier, in an attempt to portray Travizon's concerns as disingenuous.

Hon. Lorna G. Schofield
May 9, 2022
Page 2


USAir has opened the door for the admission of evidence like DX-411 that bears directly on travel agent motives in opposing direct connections and solutions like Farelogix.  This is not cumulative of other evidence about Farelogix's capabilities, but instead, is highly probative of whether travel agents had legitimate concerns about other technology providers like Farelogix.  USAir should not be permitted to call into question the sincerity of travel agent opposition, while seeking to exclude testimony that directly rebuts the testimony of their witnesses.

The American Airlines emails—the top two emails—are also admissible as to the state of mind of American's representatives.  While Ms. Blaise-Shamai claimed that Travizon's communications were "during the period of the boycott," the American communications demonstrate that the American representatives understood and appeared to agree with the concerns raised by Travizon.  Thus, they are directly relevant to the credibility of Ms. Blaise-Shamai and her statements about Sabre and travel agent relationships, and the motives behind travel agent concerns over Farelogix and other alternative technology providers.

Further, the Travizon communications in DX-411 are not hearsay and are admissible.  The statements by Matt Cummings of Travizon are admissible as evidence of customer state of mind as to why travel agents did not want to establish direct connections.  Courts have allowed similar statements when they are offered to show a "customer's belief that the [product] was inferior."  *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 779 F.3d 191, 204 (2d Cir. 2015) (citing *Herman Schwabe, Inc. v. United Shoe Mach. Corp.*, 297 F.2d 906, 914 (2d Cir.1962)) (Friendly, J.).  Sabre seeks admission of Mr. Cummings' communications as evidence that Travizon's motive in eschewing American Airlines' direct connect strategy was not the claimed "boycott," but rather, was because Travizon believed there were functional limitations.

For these reasons, Sabre respectfully requests that the Court admit DX-411 into evidence.


Respectfully submitted,

*/s/ Patrick Fitzgerald*

Patrick Fitzgerald


cc:  Counsel for US Airways, Inc., via ECF