

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

May 10, 2022

**Andrew J. Frackman**
D: +1 212 326 2017
afrackman@omm.com

**VIA EMAIL**

Hon. Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    **Re:    *US Airways, Inc., for American Airlines, Inc. as Successor and Real Party in Interest v. Sabre Holdings Corp., et al., No. 1:11-cv-02725-LGS*
           Duty to Deal Instruction**

Dear Judge Schofield:

    As we mentioned in our letter from last night, Sabre proposed the same duty to deal instruction before trial, see ECF No. 1159-2 at 47-48, and the Court rejected it. This was the proper outcome, because Sabre's instruction misconceives US Airways claim, which is predicated, among other things, on Sabre's exclusionary contractual relations with airlines and travel agents, all of which enhanced barriers to entry, impaired entry, and maintained Sabre's monopoly.

    Per the Court's request today, US Airways retenders its April 5, 2022 proposed jury instruction on the issue of duty to deal (ECF No. 1159-1, at 21 n.56), which states:

> Sabre's proposed instructions include an instruction on whether Sabre had a duty to deal with other companies. US Airways objects to this instruction as irrelevant and inconsistent with Second Circuit law. If the Court decides to charge the jury on whether Sabre's refusal to deal with a third party was exclusionary conduct, US Airways requests the following charge: "Ordinarily, a company may deal or refuse to deal with whomever it pleases, as long as it acts independently. Even a company with monopoly power in a relevant market has no general duty to cooperate with its business rivals and ordinarily may refuse to deal with them. A refusal to deal is exclusionary, however, where the company terminates a voluntary course of dealing with a competitor under circumstances evincing an intent to willfully maintain monopoly power." *In re Adderall XR Antitrust Litig.*, 754 F.3d 128, 134–35 (2d Cir. 2014), as corrected (June 19, 2014); ABA Model Instr. B-129 at 2.

O'Melveny

At all events, Sabre's proposed duty to deal instruction, *see* ECF No. 1159-2, at 47-48, is deficient, particularly the language stating:

*In other words, if the refusal to deal results in short-run or long-run benefits to Sabre--such as more profits, reduction of costs, a higher market share, or avoiding the loss of customers--then it is not exclusionary and you must find for Sabre on this aspect of US Airways' claim. On the other hand, if the refusal to deal hurts Sabre in the short-run, and is undertaken only because Sabre expects it to harm competitors and enhance its monopoly power in the long run, then you must find for plaintiff on this aspect of US Airways' claim*.

The law does not require that a duty to deal claim is only viable if it involves short term profit sacrifice by the entity refusing to deal. As noted in last night's letter, "[a] monopolist cannot escape liability for conduct that is otherwise actionable simply because that conduct also provides short-term profits." *See, e.g., Delaware & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990).

Finally, we would note that if the Court gives a duty to deal instruction, that that instruction be expressly limited to Sabre's cancellation of its agreement with Farelogix and not any other conduct, including any deals Sabre did or did not enter into with airlines.

Respectfully submitted,

Andrew J. Frackman
of O'MELVENY & MYERS LLP
*for US Airways, Inc. for American Airlines, Inc. as Successor and Real Party in Interest*

cc:   Counsel for Sabre (via email)