Skadden, Arps, Slate, Meagher & Flom llp
155 NORTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-1720
———
TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(312) 407-0508
DIRECT FAX
(312) 827-9320
EMAIL ADDRESS
PATRICK.FITZGERALD@SKADDEN.COM

May 13, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE:    *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725,
              <u>Motion for Mistrial & Renewed Motion Regarding Sign-and-Sue Evidence</u>

Dear Judge Schofield:

      Sabre writes regarding two issues before the Court submits this case to the jury for deliberation.  Sabre is not seeking oral argument on either issue.

      *First*, Sabre again respectfully requests that the Court allow Sabre to offer evidence regarding USAir's self-described "sign-and-sue" strategy.  When the Court denied Sabre's motion (ECF No. 1191) to admit sign-and-sue evidence, the Court emphasized that USAir should not present evidence or argument regarding its subjective state of mind during the remainder of the trial and closing argument.  (ECF No. 1194.)  Despite this Court's warning, USAir continued to place its state of mind at issue during closing arguments, and with sign-and-sue evidence excluded, Sabre was unable to rebut USAir's misleading and highly prejudicial presentation.

      For example, after reciting the Court's instruction that "[a] plaintiff is permitted to sign a contract containing anticompetitive terms and then sue for relief," counsel for USAir argued to the jury in his summation that when "you're dealing with a monopolist, your choice is pretty grim, and Sabre gave [USAir] three choices—you either sign a full content contract . . . or we're going to kick you out of the Sabre system.  *[USAir] made a choice*.  *They had to protect their business, they had to protect their employees, but that doesn't mean under the Sherman Act that was a competitive, fair bargain*."  (Trial Tr. 2387:9-21 (emphasis added).)  Counsel for

Hon. Lorna G. Schofield
May 13, 2022
Page 2

USAir continued: "[W]e cannot let monopolists *force people to sign anticompetitive contracts*." (*Id.* 2387:22-23 (emphasis added).)  Again, in rebuttal, counsel for USAir argued to the jury that USAir was forced to sign the 2011 Contract because USAir purportedly saw the alleged "threats" Sabre made against other airlines, contending "that *threat of doing the same thing to [USAir] was enough for [USAir] to make a very hard choice—they signed the contract*."  (*Id.* 2462:1-10 (emphasis added.)  Counsel continued that even if a party is "*forced*" to make "*a very difficult choice of putting your company at risk and signing an anticompetitive contract*, you can still come to court and complain.  *And that's exactly what we're doing*."  (*Id.* 2462:10-16 (emphasis added); *see also id.* 2388:9-15 (contending that under the 2011 Contract, USAir was allegedly "forced to pay a high price").)

*Second*, Sabre seeks a mistrial in light of USAir's improper publication to the jury of a highly prejudicial document—that was not in evidence and to which USAir knew Sabre had objected—focusing on the words "smoking gun" and "antitrust."  (*Id.* 1904:10-13.)  While Sabre appreciated that the Court issued an instruction to the jury the following morning, Sabre seeks a mistrial in light of the combination of the continued argument about US Air's subjective state of mind, unrebutted by balancing evidence, along with the implications that Sabre's prior Chief Executive Officer had a guilty conscience concerning antitrust issues.

Accordingly, Sabre respectfully requests a mistrial and admission of evidence regarding USAir's "sign-and-sue" strategy.

                              Respectfully submitted,

                              */s/ Patrick Fitzgerald*

                              Patrick Fitzgerald

cc:  Counsel for US Airways, Inc., via ECF