# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
1.212.735.3834
EMAIL ADDRESS
BORIS.BERSHTEYN@SKADDEN.COM

April 7, 2022

> Application **GRANTED**. Defendants' sealing application is granted for substantially the reasons stated in Defendants' letter. The materials at Dkt. Nos. 1097 to 1098, 1100 to 1101, 1112 to 1120, 1123 to 1128, and 1162 shall remain under seal with access limited to the parties listed in "Appendix B" of this Order. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1161.
>
> Dated: June 3, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

RE:  *US Airways, Inc. v. Sabre Holdings Corp., et al.*,
No. 1:11-cv-02725, Sabre's Unopposed Motion to
Maintain Certain *in Limine*
and *Daubert* Materials Under Seal

Dear Judge Schofield:

Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, Your Honor's February 17, 2022 Order permitting the parties to provisionally file *Daubert* and *in limine* materials under seal (ECF No. 1083), Defendants Sabre Holdings Corporation, Sabre GLBL Inc., and Sabre Travel International Ltd. (collectively, "Sabre") respectfully move to maintain certain *Daubert* and *in limine* materials under seal. Plaintiff US Airways, Inc. ("USAir") does not oppose this motion.

Sabre seeks to maintain under seal only targeted portions of the *Daubert* and *in limine* records that contain competitively sensitive information falling into one or more of the three categories described below. Notably, these categories of competitively sensitive information are nearly identical to the categories of information that the Court permitted to be sealed in connection with earlier summary judgment and *Daubert* motion practice that occurred in 2014-2015. (*See* ECF No.

Hon. Lorna G. Schofield
April 7, 2022
Page 2

250.)  The three categories of information that Sabre seeks to maintain under seal concern:  (i) Sabre's non-public pricing information, including airline booking fees or travel agency incentives, and information from which that non-public pricing information could be derived; (ii) Sabre's contract terms and related strategic negotiating positions or evaluations; and (iii) other competitively sensitive material, such as information on Sabre's costs, revenue, and technology spending.

Although a general presumption exists in favor of public access to judicial documents, courts seal materials where, as here, proposed redactions are "narrowly tailored" and "essential to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).  As this Court has recognized, such "higher values" include the need "to prevent the unauthorized dissemination of confidential business information." *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 2021 WL 2011914, at *1 (S.D.N.Y. May 20, 2021) (Schofield, J.); *see also Blackboard Inc. v. Int'l Bus. Machs. Corp.*, 2021 WL 4776287, at *2 (S.D.N.Y. Oct. 12, 2021) (Schofield, J.) (similar).  Moreover, courts have sealed "[c]onfidential business information dating back even a decade or more," because such information "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998).  Finally, sealing confidential business information is especially warranted when only "minimally relevant to the parties' claims," and not critical to resolving a motion before the court. *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Sabre's proposed redactions meet the required threshold to seal judicial documents.  **First**, maintaining under seal Sabre's non-public pricing information is necessary to prevent harm to Sabre's ability to negotiate future contracts, including to avoid giving counterparties (and competitors) any unfair advantage.  Such harm would accrue even if Sabre's counterparties (and competitors) had access to Sabre's pricing information that is many years old, because Sabre's contracts with airlines and travel agencies typically span several years, such that older pricing information remains relevant to current negotiations. *See Encyclopedia Brown*, 26 F. Supp. 2d at 614 (sealing competitively sensitive information "dating back even a decade or more").  Accordingly, the Court should maintain Sabre's non-public pricing information under seal. *See Blackboard Inc.*, 2021 WL 4776287, at *2 (granting motion to seal "confidential pricing and financial information").

**Second**, the terms in Sabre's contracts and its negotiating strategies are also competitively sensitive, and should remain under seal.  Exposing this information would harm Sabre's competitive positioning because its contract terms are heavily

Hon. Lorna G. Schofield
April 7, 2022
Page 3

negotiated and confidential, and Sabre would be placed at an unfair disadvantage if counterparties (and competitors) understood what other travel industry participants had negotiated with Sabre, or if they received access to Sabre's confidential strategies. Moreover, unlike the few contractual terms that are at issue in this litigation and would remain unredacted in the public versions of the briefing at issue, specific contractual terms in Sabre's other contracts and its negotiating strategies are not relevant to the Court's resolution of the pending motions. Accordingly, and as courts have recognized in similar instances, sealing Sabre's contracts and negotiating strategies is warranted. *See, e.g.*, *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (permitting sealing of "details of negotiated settlements" because disclosure "could result in significant commercial harm to Movants without providing much value in the monitoring of the federal courts"); *Refco Grp.*, 2015 WL 4298572, at *5 n.10 (permitting sealing of "information regarding the material terms of [a contract]").

*Third*, and for the same reasons, the Court should maintain under seal Sabre's other competitively sensitive information, such as certain details regarding its costs and revenues. *See Blackboard*, 2021 WL 4776287, at *2 (permitting sealing of "financial information"); *GoSMiLE, Inc. v. Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

For ease of reference, Sabre has included below as Appendix A documents submitted in connection with the *Daubert* and *in limine* motions—listing the specific documents that Sabre seeks to file in redacted form or entirely under seal, as well as the reason justifying its request to do so. Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures of Civil Cases, Sabre has also filed under seal highlighted versions of the materials cited in Appendix A that it proposes to file in redacted or fully sealed form. As Rule I.D.3 further instructs, Appendix B contains a list of all parties and attorneys of record who should have access to the documents that Sabre proposes to be filed fully or partially under seal.

We thank the Court for its consideration of these requests.

Respectfully submitted,

/s/ Boris Bershteyn

Hon. Lorna G. Schofield
April 7, 2022
Page 12

## Appendix B:  Counsel with Access to Sealed Documents

Andrew J. Frackman
Anton Metlitsky
Mia Noel Gonzalez
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036 212-326-2000
Fax: 212-326-2061
afrackman@omm.com
ametlitsky@omm.com
mgonzalez@omm.com

Ian Thomas Simmons
Katrina Marie Robson
Sergei B Zaslavsky
O'Melveny & Meyers LLP
1625 Eye Street NW
Washington, DC 20006 (202)-383-5106
Fax: 202-383-5414
isimmons@omm.com
krobson@omm.com
szaslavsky@omm.com

Bryce Callahan
R. Paul Yetter
Yetter Coleman, LLP
811 Main Street, Suite 4100
Houston, TX 77002

Hon. Lorna G. Schofield
April 7, 2022
Page 13

713-632-8067
Fax: 713-632-8002
bcallahan@yettercoleman.com
pyetter@yettercoleman.com

*Counsel for Plaintiff US Airways, Inc.*

Boris Bershteyn
Evan Kreiner
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001-8602
212-735-3834
boris.bershteyn@skadden.com
evan.kreiner@skadden.com

Julia K. York
Steven Craig Sunshine
Tara L. Reinhart
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW Washington, DC 20005
202-371-7000
julia.york@skadden.com
steve.sunshine@skadden.com
tara.reinhart@skadden.com

Patrick Joseph Fitzgerald
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive Suite 2700

Hon. Lorna G. Schofield
April 7, 2022
Page 14


Chicago, IL 60606-1720
(312)-407-0508
Fax: (312)-827-9320
patrick.fitzgerald@skadden.com

Carl Lawrence Malm
Cleary Gottlieb Steen & Hamilton LLP (DC) 2000 Pennsylvania Avenue, NW Washington, DC 20006
(202)-974-1959
Fax: (202)-974-1999
Email: lmalm@cgsh.com

Ralph Hereford Duggins
Cantey Hanger, LLP
600 W. 6th, Suite 300
Fort Worth, TX 76102
(817)-877-2824
Fax: (817)-877-2807
Email: rduggins@canteyhanger.com

Evan R. Chesler
Kevin J. Orsini
Peter T Barbur
Rory Ann Leraris
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
Fax: (212) 474-3700
Email: echesler@cravath.com

Hon. Lorna G. Schofield
April 7, 2022
Page 15

Email: korsini@cravath.com
Email: pbarbur@cravath.com
Email: rleraris@cravath.com

*Counsel for Defendants Sabre Holdings Corporation*, *Sabre GLBL Inc.*, *and Sabre Travel International Ltd.*