SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK 10001-8602
———

DIRECT DIAL
212-735-3834
EMAIL ADDRESS
BORIS.BERSHTEYN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

June 23, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

RE:     *US Airways, Inc. v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725,
         Joint Response Regarding US Airways' Cost Motion Documentation

Dear Judge Schofield:

Pursuant to the Court's June 9, 2022 order (ECF No. 1215), the parties met and conferred to discuss US Airways' forthcoming motion for attorneys' fees and costs ("Cost Motion"), and in particular, the form in which US Airways' billing and expense information should be submitted to make review most useful to Sabre and the Court. Because the parties have been unable to reach an agreement, and in accordance with the Court's June 9, 2022 order, the parties respectfully submit this letter outlining their respective positions regarding the documentation that should support US Airways' forthcoming Cost Motion.

As detailed further below, Sabre's position is that US Airways must provide its actual billing records and invoices to facilitate the necessary review given the procedural history and ultimate outcome of this action, as well as the likely amount of the fees and costs requested. US Airways' position is that the actual time entries are unnecessary and not required and that the level of detail that US Airways provided in its 2017 motion is sufficient. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Boris Bershteyn*
Boris Bershteyn

cc:  Counsel for US Airways, Inc., via ECF

Hon. Lorna G. Schofield
June 23, 2022
Page 2

**Sabre's Position**:

The Second Circuit's "unequivocal[]" rule requires a movant to submit "contemporaneous records," *Scott v. N.Y.C.*, 626 F.3d 130, 133-34 (2d Cir. 2010), which "specify, for each attorney, the date, the hours expended, and the nature of the work." *N.Y. State Ass'n for Retarded Child. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). USAir must submit such documentation to support its Cost Motion, which likely will seek tens of millions of dollars despite USAir's loss on all of its claims but one, for which USAir received effectively zero percent of its claimed damages and no prospective relief.

While USAir's lack of success renders "the only reasonable fee . . . no fee at all," *Farrar v. Hobby*, 506 U.S. 103, 115 (1992), fully responding to USAir's Cost Motion will require review of detailed billing records and invoices. ***First***, such records are necessary to segregate costs incurred in pressing USAir's several failed claims, as those costs were not "expended in pursuit of the ultimate result achieved" and cannot be recovered. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (citation omitted). Even though USAir can seek costs only "for certain tasks and not others," its proposed summaries leave "no way of knowing," for example, "what other tasks were originally part of [its lawyer's] entries," let alone "whether the descriptions of the work performed are identical to the original descriptions or were edited for purpose of the pending fee application." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 2021 WL 1549916, at *6 (S.D.N.Y. Apr. 20, 2021). On its own, failure to submit "full contemporaneous records" justifies "awarding nothing" at all, or, at minimum, substantially reducing a plaintiff's request. *Id.* (collecting cases reducing fees up to about 85% absent contemporaneous billing records).

USAir cannot avoid producing its bills and invoices by claiming that all of its time is compensable on the theory that its Section 2 claim (for which it obtained $1) is related to the claims on which USAir lost outright. Even when a separate claim is "part and parcel of" a successful antitrust claim, identifiable workstreams and "phase[s]" of a case or "trial" pursued in connection with that separate claim are non-compensable (or, at minimum, not fully compensable), and thus, courts have required actual bills because summaries lack "sufficient detail" to segregate non-compensable workstreams and phases. *Auto. Prods., plc v. Tilton Eng'g*, 1993 WL 660164, at *6-7, 17-18 (C.D. Cal. Sept. 16, 1993). Here, for instance, USAir admits that it "spent comparatively little time" on its Section 2 claim—the only claim for which USAir could even arguably seek costs—because it was "dismissed before discovery began in earnest." (ECF No. 859 at 15.) Because USAir had no active Section 2 claim for which it could even seek costs in the ***six years*** between the dismissal of that claim in 2011 and the appeal of the dismissal in 2017, any request for fees in that period is especially dubious and—if entertained at all—requires scrutiny of detailed records. *See Tilton*, 1993 WL 660164, at *6-7, 17-18.

***Second***, billing records and invoices are necessary to identify excessive, redundant, and unnecessary costs—an especially critical task in light of the

Hon. Lorna G. Schofield
June 23, 2022
Page 3

unprecedented fees USAir likely will claim.  As this Court has observed, "[c]ourts routinely reduce time in fee applications for vague time entries," which make it "impossible to judge the reasonableness of the time spent on certain tasks." *Torres v. N.Y.C.*, 2020 WL 4883807, at \*3, \*5 (S.D.N.Y. Aug. 20, 2020) (Schofield, J.) (citation omitted).  The same is true of "block-billed" entries.  *Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015).  If block billing and vagueness prevent the required review of time spent ***each day*** by ***individual*** attorneys, then USAir's ***quarterly*** summaries aggregating ***groups*** of attorneys are necessarily insufficient.

***Third***, USAir cannot avoid producing bills and invoices by making a blanket privilege claim and requesting *in camera* review.  *See Tilton*, 1993 WL 660164, at \*7, 17-18.  Nor can USAir credibly suggest that the Court implicitly accepted its summaries after the 2016 trial, when the Court requested additional detail on USAir's expense information.  The Court never addressed Sabre's objection to USAir's summaries (ECF No. 907), and has since directed another party to submit "timesheets"—not summaries—as Sabre argued was required after the first trial. *N.Y.C. Dist. Council of Carpenters v. Tried N True Interiors LLC*, 2020 WL 1809323, at \*3 (S.D.N.Y. Apr. 9, 2020) (Schofield, J.).

For the foregoing reasons, Sabre's proposal should be adopted.

Hon. Lorna G. Schofield
June 23, 2022
Page 4

**US Airways' Position**

Sabre's demand that US Airways disclose every attorney time entry for the past 11 years is burdensome, unnecessary under the law, and inconsistent with the Court's prior rulings. Presenting such voluminous records means compiling tens of thousands of time entries for dozens of timekeepers over the last decade, reviewing and redacting them for attorney-client privilege and work product,[1] and re-doing the extensive work done for US Airways' 2017 fee motion.

In 2017, the Court did not require US Airways to provide to Sabre individualized time entries or more detailed billing information. Instead, the Court ordered US Airways to provide a detailed spreadsheet on its expenses and statutory costs, ECF No. 908, but did not ask US Airways to do the same with respect to attorney's fees. US Airways' 2017 submission containing information regarding the tasks performed at each stage of litigation and the hours worked by each timekeeper per month was sufficient and consistent with the law.[2] There is no reason why this time should be any different.[3]

Sabre claims US Airways must submit actual billing records because otherwise there is no way to differentiate between Section 1 and Section 2 work. But Sabre's position wrongly assumes that US Airways cannot recover for any work done in connection with the Section 1 claim. As the Court found, "US Airways' § 1 claim arises out of the two contracts, ***and its § 2 claim is based on the contracts*** and other alleged anticompetitive behavior by Sabre." *US Airways, Inc. v. Sabre Holdings Corp.*, 2022 WL 1125956, at *2 (S.D.N.Y. Apr. 15, 2022) (emphasis added). The Section 1 claim challenged contractual terms, the imposition of which—and whose resulting effects—also served as evidence of exclusionary conduct for the successful monopolization claim. *See id.* Accordingly, US Airways' suit "cannot be viewed as a series of discrete claims" whose underlying work can be

---

[1] Time sheets and billing reports may be privileged "if they reveal litigation strategy or other confidential information." *Bernstein v. Mafcote, Inc.*, 43 F. Supp. 3d 109, 114 (D. Conn. 2014); *see also* ECF No. 373 (acknowledging such issues). US Airways would need to review each time entry individually to assess whether the entry reveals any such information.

[2] A plaintiff's time records should permit the court and parties to "look[] at the big picture to see if the time expended for each portion of the case was reasonable," but scrutiny of individual time entries is "an unrealistic approach and should be discouraged." *Burr by Burr v. Sobol*, 748 F. Supp. 97, 100 (S.D.N.Y. 1990) (citing *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 477 (S.D.N.Y. 1989)).

[3] Just as it offered last time, US Airways can, if necessary, provide its billing invoices for *in camera* review, comparable to what Sabre did in connection with its 2015 fee request, *see* ECF No. 373.

Hon. Lorna G. Schofield
June 23, 2022
Page 5

neatly segregated. *Hensley v. Eckhart*, 461 U.S. 424, 435 (1983). And even if it could, "to the extent that work bore on both a successfully asserted antitrust claim and other, noncompensable claims, that work may be fully taken into account" when awarding fees. *See Kane v. Martin Paint Stores, Inc.,* 439 F. Supp. 1054, 1057 (S.D.N.Y. 1977), *aff'd without opinion*, 578 F.2d 1368 (2d Cir. 1978).

The work for which US Airways is seeking fees was equally relevant to its Section 2 claim as to its Section 1 claim. **Sabre agrees.** Sabre's counsel argued to the Court that US Airways had effectively tried a Section 2 case in 2016. *See, e.g.*, 11/20/2019 Conference Tr., ECF No. 945, at 25 ("[US Airways] tried a Section 2 case. They took discovery on a Section 2 case. We can point to discovery requests that we complied [] that asked for all of their Section 2 type evidence, and they questioned our witnesses on that. Mr. Stiglitz got on the stand, and he said Sabre is a monopolist, has monopoly power, is guilty of monopolization, has taken monopoly activities, monopoly rents. I mean [US Airways] tried a Section 2 case right here in this room."); 1/14/2021 Conference Tr., ECF No. 987, at 19 ("As [US Airways] has made clear a couple of different times, they already tried a Section 2 case, although the Section 2 claim wasn't in the case."). But even if Sabre were to argue something different now, it has plenty of information from which it can try to identify specific categories of work that it asserts falls outside of the broad area common to both claims.