```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
US AIRWAYS, INC.,                          :
                                           :
                Plaintiff,                 :
                                           :            **ORDER**
                                           :
        -v-                                :            11-CV-2725 (LGS) (JLC)
                                           :
SABRE HOLDINGS CORPORATION, *et al.*,      :
                                           :
                Defendants.                :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The Court will hold a telephone conference **on November 1 at 10:30 a.m.** The parties should call the Court's conference line at (877) 873-8017 (access code: 5277586) at that time.

The agenda for the conference is as follows:

1. <u>Modification of the proposed briefing schedule</u>.  The parties' proposed briefing schedule set forth in the joint letter of October 21 (Dkt. No. 1260) cannot be approved, given the Court's obligations under the Civil Justice Reform Act ("CJRA"), which directs that motions be adjudicated within six months of their filing.  In the current posture, the undersigned will be preparing a report and recommendation to Judge Schofield, who in turn will make a dispositive ruling.  The proposed schedule does not provide enough time given the press of other business (including other fully submitted motions) to ensure timely decision-making under the CJRA, especially given the complexity of the subject matter.  A revised schedule will need to be set.

2. <u>Possible Bifurcation</u>.  Relatedly, the Court wishes to discuss whether the anticipated motion should be made such that the threshold issue of the entitlement to fees and the degree of recovery should be briefed first and then, once a decision is made in that regard, then a second motion as to the appropriate amount of fees could be adjudicated.

3. <u>Possible Stipulation on Rates</u>.  The Court wishes to discuss whether, bifurcation or not, the parties can stipulate as to the hourly rates for the attorneys who are billing time in this case.

4. <u>Designation of Time Records</u>.  The Court wishes to discuss the anticipated designation of time records as "highly confidential" and the bearing, if any, that will have for the judicial decisions to follow, given the presumption of public access to those decisions.

5. <u>Potential Settlement Conference</u>.  In their October 7 letter (Dkt. No. 1258), the parties reported that they "have not ruled out further talks, including through the assistance of this Court."  The Court would like to follow up on this statement, and to discuss the possibility of a settlement conference before any motion practice commences.

6. Finally, the Court reminds the parties of the Supreme Court's admonition that "[t]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  The Court expects the parties to follow this admonition in whatever form the briefing takes here.

    **SO ORDERED.**

Dated: October 25, 2022
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge