UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

US AIRWAYS, INC., FOR AMERICAN AIRLINES, INC., AS SUCCESSOR AND REAL PARTY IN INTEREST,

    Plaintiff,

-against-

SABRE HOLDINGS CORPORATION; SABRE GLBL INC.; and SABRE TRAVEL INTERNATIONAL LIMITED,

    Defendants.

Civ. A. No. 1:11-cv-02725-LGS-JLC

# PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE COTT'S APRIL 10, 2023 REPORT AND RECOMMENDATION

Andrew J. Frackman
afrackman@omm.com
Anton Metlitsky
ametlitsky@omm.com
Mia N. Gonzalez
mgonzalez@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
Telephone:  (212) 326-2000

Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Patrick Jones (admitted *pro hac vice*)
pjones@omm.com
1625 Eye Street, NW
Washington, DC  20006
Telephone:  (202) 383-5300

Madhu Pocha (admitted *pro hac vice*)
mpocha@omm.com
1999 Avenue of the Stars
Los Angeles, CA  90067
Telephone:  (310) 553-6700

R. Paul Yetter (admitted *pro hac vice*)
pyetter@yettercoleman.com
Bryce L. Callahan (admitted *pro hac vice*)
bcallahan@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, TX  77002
Telephone:  (713) 632-8000

*Attorneys for Plaintiff US Airways, Inc., for American Airlines, Inc., as Successor and Real Party in Interest*

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. THE CLAYTON ACT AND BINDING PRECEDENT MANDATE AN AWARD ............................................................................................................................ 2

    A. *USFL* Is Good Law and Forecloses Sabre's Arguments ........................................ 2

    B. *Farrar* Does Not Apply to Fee Awards Under the Clayton Act ............................ 6

III. CONCLUSION .................................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aggrenox Antitrust Litigation*,
  2017 WL 4679228 (D. Conn. Oct. 18, 2017) ................................................................. 7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
  522 F.3d 182 (2d Cir. 2008) ......................................................................................... 2

*Barfield v. New York City Health & Hospitals Corp.*,
  537 F.3d 132 (2d Cir. 2008) ......................................................................................... 5

*Brokerage Concepts v. U.S. Healthcare, Inc.*,
  1996 WL 741885 (E.D. Pa. Dec. 10, 1996) ................................................................. 7

*Burlington v. Dague*,
  505 U.S. 557 (1992) ..................................................................................................... 7

*Concord Boat Corp. v. Brunswick Corp.*,
  34 F. Supp. 2d 1125 (E.D. Ark. 1998) ......................................................................... 6

*Doe v. Chao*,
  435 F.3d 492 (4th Cir. 2006) ........................................................................................ 7

*Dippin' Dots, Inc. v. Mosey*,
  2005 WL 1866839 (N.D. Tex. Aug. 4, 2005),
  *vacated in part on other grounds*, 476 F.3d 1337 (Fed. Cir. 2007) ............................ 6

*Farrar v. Hobby*,
  506 U.S. 103 (1992) .............................................................................................. passim

*Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*,
  995 F.2d 414 (3d Cir. 1993) ..................................................................................... 4, 8

*La. Power & Light Co. v. Kellstrom*,
  50 F.3d 319 (5th Cir. 1995) .......................................................................................... 4

*Lumen View Technology, LLC v. Findthebest.com, Inc.*,
  63 F. Supp. 3d 321 (S.D.N.Y. 2014) ............................................................................ 7

*Millea v. Metro-North R.R. Co.*,
  658 F.3d 154 (2d Cir. 2011) ..................................................................................... 2, 5

*In re Namenda Indirect Purchaser Antitrust Litigation*,
  338 F.R.D. 527 (S.D.N.Y. 2021) ................................................................................. 7

*Rivera v. Corp. Receivables, Inc.*,
  540 F. Supp. 2d 329 (D. Conn. 2008) .......................................................................... 2

*Stochastic Decisions, Inc. v. DiDomenico*,
  995 F.2d 1158 (2d Cir. 1993) ............................................................................... 1, 4, 5

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Sys. Mgmt., Inc. v. Loiselle*,
    154 F. Supp. 2d 195 (D. Mass. 2001) ....................................................................................... 8

*U.S. Football League v. Nat'l Football League*,
    887 F.2d 408 (2d Cir. 1989) ............................................................................................ passim

*In re Vitamin C Antirust Litigation*,
    2013 WL 6858853 (E.D.N.Y. Dec. 30, 2013) ......................................................................... 7

**Statutes**

15 U.S.C. § 15 .................................................................................................................................. 4

42 U.S.C. § 1988 .............................................................................................................................. 4

I.    **PRELIMINARY STATEMENT**

The Court should make no mistake: Sabre's position is that US Airways should recover *no* fees at all, notwithstanding 11 years of effort and a jury verdict finding Sabre violated Section 2 of the Sherman Act and injured US Airways. ECF No. 1208. Sabre wants to block any consideration of the reasonableness of US Airways' fees by having this Court reject binding, directly-on-point Court of Appeals precedent on the thinnest of grounds, twisting *Farrar* to apply to the antitrust laws. ECF No. 1279 ("Obj."). Judge Cott correctly rejected each argument Sabre repeats here. ECF No. 1276 ("Report").

***First***, *U.S. Football League v. Nat'l Football League* ("*USFL*") is good and binding authority. Sabre's attempt to distinguish it is just wrong. The Court of Appeals affirmed ***both*** USFL's entitlement to fees ***and*** "the reasonableness of the amount of the attorney's fee award," notwithstanding the nominal damages award. 887 F.2d 408, 413 (2d Cir. 1989).[1] And *USFL* is not "in significant tension" with post-*Farrar* Second Circuit law. *See Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1168 (2d Cir. 1993).

***Second***, the Report correctly rejected Sabre's effort to apply *Farrar* to mandatory fee statutes, and there is no basis to contort *Farrar* to bar recovery of any of US Airways' fees under a completely different statute. Both the text of *Farrar* and case law interpreting it establish that it has limited applicability outside the context of discretionary fee statutes in civil rights actions. Sabre stitches together quotes from disparate strains of case law to argue that the term "reasonable" must be read in isolation, and all cases discussing the "reasonableness" of an award under one statute must be applied in full to awards under other statutes. But Sabre's argument is belied by the reasoning in *Farrar* and is directly contrary to *USFL*'s holding that it is

---

[1] Unless otherwise indicated, all emphasis is added and internal quotations are omitted.

"reasonable" to award substantial fees to an antitrust plaintiff awarded nominal damages under the Clayton Act's mandatory fee provision.

Sabre wants to block recovery as a matter of law without any presentation of the fees themselves, since the Court bifurcated this fees motion at Sabre's request. Sabre cites no case—antitrust or otherwise—holding that a court may conclude that the "only reasonable fee is no fee" without hearing any evidence about the fees incurred. Reasonableness is a fact issue that can only be evaluated after understanding the context surrounding the fees, something that has not occurred here. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) (courts must consider a variety of factors, including "the result obtained," the difficulty of the case, and the necessary skill involved). In effect, Sabre argues that, despite its loss at trial and the Clayton Act's mandate that fees be awarded to injured parties, US Airways should not even be permitted to put forward evidence showing the reasonableness of its fees. Judge Cott correctly explained that it is "legal error" in this Circuit to fail to start the fee analysis by calculating a "lodestar" figure based on "the number of hours and hourly rate" and then "sequentially" considering any potential adjustments to the lodestar. Report at 15–16 (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011); citing *Rivera v. Corp. Receivables, Inc.*, 540 F. Supp. 2d 329, 339–44 (D. Conn. 2008)). It would be particularly egregious error to short-circuit the normal procedure in this complex, decade-long antitrust suit and hold that US Airways is entitled to no fees as a matter of law.

## II. THE CLAYTON ACT AND BINDING PRECEDENT MANDATE AN AWARD

### A. *USFL* Is Good Law and Forecloses Sabre's Arguments

In *USFL*, the Second Circuit affirmed a substantial attorney fee award following a trial where the jury found that the defendant had willfully acquired or maintained monopoly power in

a major nationwide market, but rejected the plaintiff's Section 1 claim and awarded only $1.00 in damages (before trebling). *See* 887 F.2d at 409–10; *see also* US Airways' Mot. for Order on Entitlement, ECF No. 1267 ("Mot."), at 8–9; US Airways' Reply in Supp. Order on Entitlement, ECF No. 1270 ("Reply"). That is exactly what the jury found here. ECF No. 1208. Under *USFL*, US Airways is entitled to put forward evidence establishing the reasonableness of its fees—and the district court must consider ***all*** relevant factors. 887 F.2d at 412–13. Sabre's arguments otherwise are based on a contorted reading of the case law.

*First*, Sabre wrongly suggests that *USFL* "focused" only on the "entitlement" to fees under the Clayton Act and did not address the "reasonableness" of a fee award. *See* Obj. at 1, 3–6. Not so. The *USFL* court first held that the "prevailing party" analysis from civil rights cases is not applicable to actions under the antitrust laws because the Clayton Act does not use the term "prevailing party" and, unlike civil rights statutes, it mandates fee awards to any plaintiff who proves injury. 887 F.2d at 412. The court then held that "the district court acted within its discretion in considering a ***number of factors*** to determine the ***reasonableness*** of the amount of the attorney's fees award." *Id.* at 413. The district court correctly started its analysis by calculating a "lodestar" figure and then, ***after*** that calculation, considered various relevant factors, including the successful Section 2 verdict, the nominal damages award, and the intertwined nature of the facts and legal theories undergirding each of the USFL's claims. *Id.* at 413–15. The Second Circuit rejected the NFL's arguments that the district court should have adjusted the lodestar further downward based on the USFL's "lack of success" and held that "because the USFL was successful in proving an antitrust injury, all that is required under section 4 of the Clayton Act, it is entitled to attorney's fees for all work done in relation to the common core of facts that resulted in that injury." *Id.* at 414.

3

Sabre nonetheless contends that "*USFL* is in line with Sabre's position." Obj at 5. As support, Sabre cherry-picks quotes from *USFL* and other appellate decisions, *id.*, all of which **upheld** fee awards. Sabre omits portions of a *USFL* quote making clear that Congress **did not** intend the civil rights fee statute to be interpreted similarly to the Clayton Act.² Sabre similarly mischaracterizes the Fifth Circuit's decision in *Louisiana Power & Light Co. v. Kellstrom*, which held that the district court **did not** abuse its discretion by "**refusing** to reduce [plaintiff]'s lodestar further to reflect less than total success, either monetarily or against all defendants," because "degree of success is but one of 12 [relevant] factors." 50 F.3d 319, 329–31 (5th Cir. 1995).³ And Sabre omits portions of a quote from the Third Circuit's decision in *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, which states clearly that "the entitlement of a party to recover attorneys' fees is **not necessarily identical**" in antitrust and civil rights cases. 995 F.2d 414, 418 (3d Cir. 1993). Sabre attempted the same sleight-of-hand arguments before Judge Cott, *see* Reply at 4–5, and he properly rejected them.

**Second**, *USFL* remains good law. It is undisputed that the Second Circuit has not overturned its decision in *USFL*. Reply at 1. Sabre claims the Report gave an "undue interpretation" to the Second Circuit's decision in the post-*USFL*, post-*Farrar* case *Stochastic Decisions, Inc., v. DiDomenico*. *See* Obj. at 7–8. But that decision confirms *USFL* remains good law. *See* Reply at 2–3. *Stochastic Decisions* held that cases construing civil rights fee statutes— including *Farrar*, *see* 995 F.2d at 1168 (quoting *Farrar*, 506 U.S. at 412)—do not apply to the

---

² *See USFL*, 887 F.2d at 412 ("Interestingly, the legislative history of section 1988 indicates that Congress 'intended that the amount of fees awarded under [section 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.' . . . . **However**, Congress **did not** utilize the mandatory awarding of fees scheme found in section 4 of the Clayton Act, but **instead adopted a discretionary standard**. Because *Hensley* concerns the discretionary award of attorney's fees under 42 U.S.C. § 1988, rather than the mandatory ordering of attorney's fees awards under 15 U.S.C. § 15(a), **it is of limited applicability**.").
³ Elsewhere, Sabre cites the **dissent** from *Kellstrom* in support of its claim that "*Farrar* applies to all cases." Obj. at 6 (citing *Kellstrom*, 50 F.3d at 337–38 (Garza, J., dissenting in relevant part)).

RICO fee statute, which contains a "virtually identical . . . mandatory fee provision" to the Clayton Act provision at issue in *USFL*. *Id.* The court reaffirmed its holding in *USFL* that civil rights cases construing discretionary fee statutes are "'of limited applicability' to statutes that mandate an award of attorney fees." *Id.* (quoting *USFL*, 887 F.2d at 412). Sabre confusingly argues that this holding relates only to whether the test for a "prevailing party" applies to antitrust and RICO cases. Obj. at 8. But *Stochastic Decisions* expressly held that the district court had not abused its discretion in determining "the ***reasonableness*** of attorney fees," and the decision says ***nothing*** about whether the plaintiff in that case (who had been awarded damages) was a "prevailing party." *See* 995 F.2d at 1167–68.

That certain other cases within the Second Circuit have cited *Farrar* and other civil rights cases in the context of calculating the lodestar amount of fees or making adjustments to it—issues completely different from Sabre's argument that no fees can be awarded—does not mean that *USFL* is bad law. *See* Obj. at 5–6, 8–9. Once again, Sabre cherry-picks quotes from cases that—on the whole—do not support its position.[4] Sabre also suggests this Court may disregard the holding in *USFL* because no district court within the Second Circuit has recently "cite[d] *USFL* for the proposition that civil rights cases are inapplicable when assessing what amount of fees is 'reasonable' under a mandatory fee statute." Obj. at 5. But that is a non sequitur. *USFL* is binding precedent, and no court—district or appellate—has held that it has been compromised by subsequent civil rights cases.

Sabre's citations to out-of-circuit authority are equally misleading. While some courts

---

[4] In *Millea v. Metro-North R.R. Co.*, the Second Circuit held that it was "legal error" to calculate a fee award "as a proportion of the damages awarded" in lieu of the lodestar method. 658 F.3d at 166; *see id.* at 168 ("Absent a purely technical victory in an otherwise frivolous suit, litigation outcomes are only relevant to fee award calculations when they are a direct result of the quality of the attorney's performance."). In *Barfield v. New York City Health & Hospitals Corp.*, the Second Circuit affirmed a fee award of half of the lodestar amount despite the plaintiff's failure to secure certification of the case as a collective action and a subsequent award of only limited damages. 537 F.3d 132, 151–53 (2d Cir. 2008).

5

may have relied on some of the reasoning in *Farrar* in cases involving mandatory fee statutes, Obj. at 6–7, the record is decidedly mixed on the question of whether *Farrar* can entirely foreclose fees merely because a jury awards nominal damages. Sabre claims that the "lone post-*Farrar* nominal damages antitrust case" employed the *Farrar* rule. *See* Obj. at 3 (citing *Concord Boat Corp. v. Brunswick Corp.*, 34 F. Supp. 2d 1125, 1133–34 (E.D. Ark. 1998)). Not true. In *Dippin' Dots, Inc. v. Mosey*, a defendant-counterclaimant in a patent infringement action prevailed on its antitrust counterclaim and the "jury awarded no monetary damages," but the court nonetheless awarded **all** fees requested by the defendant-counterclaimant. No. 3:96-CV-1959-L, 2005 WL 1866839, at *1 (N.D. Tex. Aug. 4, 2005), *vacated in part on other grounds*, 476 F.3d 1337 (Fed. Cir. 2007); *see* Mot. at 11 n.11; Reply at 5. *Dippin' Dots* is on all fours with *USFL* and Judge Cott's Report: as the court explained, "whether the jury awarded monetary relief is not dispositive with respect to an award of attorneys' fees under the Clayton Act." *Id.* at 1–2. Although neither *Concord Boat* nor *Dippin' Dots* is binding here, *Dippin' Dots* confirms that there is no weight of authority—inside or outside the Second Circuit—supporting Sabre's contention that *USFL* is no longer good law.

**B.   *Farrar* Does Not Apply to Fee Awards Under the Clayton Act**

Sabre also contends that the Report erred in holding that *Farrar* does not extend beyond the civil rights statute at issue, and argues that because both the civil rights statute and the Clayton Act contain the word "reasonable," this Court must apply the *Farrar* rule to bar any fee recovery here. Obj. at 8–10. Sabre's arguments are, once again, based upon cherry-picked quotes from inapposite cases and dicta that is "taken out of context." Report at 8.

***First***, Judge Cott correctly noted that *Farrar*'s reasoning was grounded in the context of civil rights cases, not Clayton Act cases. Obj. at 8–9. As US Airways explained in its prior briefs, unlike in civil rights cases, a plaintiff in an antitrust action who receives nominal damages has

6

not failed to prove actual injury, so there is no concern about awarding money to a party that was not injured. *See* Mot. at 10–11. That is, in civil rights actions, a court ***must*** award "nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury," and as such "the award of nominal damages . . . ***highlights the plaintiff's failure to prove actual, compensable injury***." 506 U.S. at 112, 115. In contrast, an "award of nominal damages in antitrust cases is not 'suspect'"—and once an "injury [is] found the awarding of attorney's fees [is] compulsory." *USFL*, 887 F.2d at 411. The cases cited by Sabre are not to the contrary.[5] Sabre simply glosses over the fact that, here, we have a different statute, with different statutory language, different conditions under which nominal damages are awarded, and differences in what such an award signifies.

**Second**, the Report correctly rejected Sabre's attempt to equate the Clayton Act's mandatory fee provision with discretionary civil rights fees. Obj. at 9–10. While some antitrust cases may borrow from civil rights cases certain concepts, such as how to calculate the lodestar and what factors courts may consider in adjusting the lodestar, *see, e.g., In re Aggrenox Antitrust Litig.*, 2017 WL 4679228, *2 (D. Conn. Oct. 18, 2017), neither *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), nor any other case cited by Sabre, held that it is "reasonable" to award no fees to a victorious antitrust plaintiff despite the Clayton Act's mandatory fee provision.[6] In

---

[5] *See In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 550 (S.D.N.Y. 2021) (class certification decision reciting elements of an antitrust violation, including injury); *In re Vitamin C Antitrust Litig.*, 2013 WL 6858853, *6 (E.D.N.Y. Dec. 30, 2013) (offsetting attorney fee award based on prior settlements to avoid "windfall" to attorneys).

[6] *See In re Aggrenox Antitrust Litig.*, 2017 WL 4679228, at *2–4 (case involving recovery of costs for complying with a Rule 45 subpoena); *Brokerage Concepts v. U.S. Healthcare, Inc.*, 1996 WL 741885, at *1–2 (E.D. Pa. Dec. 10, 1996) (no nominal damages; court granted over 80% of plaintiff's requested fees; *Lumen View Tech. v. Findthebest.com*, 63 F. Supp. 3d 321, 324 (S.D.N.Y. 2014) (granted attorney's fees in a patent case).

7

contrast, the directly-on-point and binding authority in *USFL* addresses this very question.[7] Sabre just skips over what many courts have observed: unlike discretionary fee-shifting statutes, where the court always retains "discretion not to award any fees," under mandatory fee-shifting statutes, "a court must award fees to a plaintiff injured in his business or property." *See Sys. Mgmt., Inc. v. Loiselle*, 154 F. Supp. 2d 195, 207 (D. Mass. 2001). "[A]pplying . . . *Farrar* [under mandatory statutes] would vitiate [those] differences." *Id.* (rejecting application of *Farrar* to RICO fee statute, noting that "Justice O'Connor, who cast the deciding vote in Farrar, specifically pointed to the word 'discretion' in her separate concurring opinion." (quoting *Farrar*, 506 U.S. at 119 (O'Connor, J., concurring))); *see also Gulfstream III*, 995 F.2d at 418–19 (explaining that in civil rights actions, "fee awards are discretionary but available to both plaintiffs and defendants, whereas under the Clayton Act fee awards are mandatory but available only to plaintiffs who prove an antitrust injury," thus, in many cases "an award of compensatory damages will accompany an award of [Clayton Act] attorneys' fees, [but] the latter is not dependent upon the former."). There is no basis to overrule *USFL* and extend *Farrar* to the Clayton Act.

## III.  CONCLUSION

For the above reasons, the Court should adopt Magistrate Judge Cott's Report and Recommendation so that the parties and the Court can move promptly to resolve US Airways' fee award and close this case.

---

[7] The only case cited by Sabre even involving nominal damages, *Doe v. Chao*, 435 F.3d 492 (4th Cir. 2006), is a civil rights case similar to *Farrar* itself. Even there, the Court's holding was predicated not merely on the fact that the plaintiff had been awarded nominal damages, but that "damages were the primary goal of his suit" and thus "his underlying litigation was largely unsuccessful." 435 F.3d at 506. Here, by contrast, US Airways was willing to waive any damages claim in its efforts to obtain a declaratory judgment that Sabre had engaged in anticompetitive conduct—a clear demonstration that damages were not "the primary goal" of this litigation. *See* Mot. at 13 (citing ECF No. 298).

Dated: May 8, 2023
New York, New York

By:   */s/ Andrew J. Frackman*

Andrew J. Frackman
afrackman@omm.com
Anton Metlitsky
ametlitsky@omm.com
Mia N. Gonzalez
mgonzalez@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Patrick Jones (admitted *pro hac vice*)
pjones@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

Madhu Pocha (admitted *pro hac vice*)
mpocha@omm.com
1999 Avenue of the Stars
O'MELVENY & MYERS LLP
Los Angeles, CA  90067
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

R. Paul Yetter (admitted *pro hac vice*)
pyetter@yettercoleman.com
Bryce L. Callahan (admitted *pro hac vice*)
bcallahan@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, TX  77002
Phone:  (713) 632-8000
Facsimile:  (713) 632-8002

*Attorneys for Plaintiff US Airways, Inc., for American Airlines, Inc., as Successor and Real Party in Interest*