UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
US AIRWAYS, INC., FOR AMERICAN                              :
AIRLINES, INC., AS SUCCESSOR AND REAL                       :
PARTY IN INTEREST,                                          :   11 Civ. 2725 (LGS)
                                       Plaintiff,           :
                                                            :   **OPINION AND ORDER**
              -against-                                     :
                                                            :
SABRE HOLDINGS CORPORATION, et al.,                         :
                                       Defendants.          :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Before the Court is the Report and Recommendation (the "Report") of the Honorable James L. Cott, which recommends granting Plaintiff's motion for attorneys' fees, subject to downward adjustment, in an amount to be determined. *See US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725, 2023 WL 2853931 (S.D.N.Y. Apr. 10, 2023). For the reasons below, the Objections are overruled, and the Report is adopted in full.

## I.     BACKGROUND

Familiarity with the factual background and procedural history, summarized in the Report, is assumed. Plaintiff US Airways, Inc. ("US Air") brought federal antitrust claims against Sabre Holdings Corporation, Sabre GLBL Inc. and Sabre Travel International Limited (collectively, "Sabre") to recover treble damages and the costs of the suit, including reasonable attorneys' fees. At the end of a second trial, the jury returned a verdict for Plaintiff on its monopolization claim under § 2 of the Sherman Act, but not its contract restraints claim under § 1. The jury awarded US Air one dollar in nominal damages, which was trebled to three

dollars, pursuant to § 4 of the Clayton Act.  15 U.S.C. § 15(a).  Plaintiff's motion for attorneys' fees and costs was referred to Judge Cott for a report and recommendation.[1]

He bifurcated the briefing such that the parties would first brief "the threshold issue of whether plaintiff is entitled to fees (and the degree of recovery)" before any briefing on the amount of fees.  After the parties completed briefing on the threshold issue, Judge Cott issued the Report recommending a finding that US Air is entitled to reasonable attorneys' fees, subject to a downward adjustment after further briefing.  Defendants timely filed the Objections, which dispute Plaintiff's entitlement to any fees at all.  Plaintiff did not file objections but did file a response to the Objections.

II.  DISCUSSION

For the following reasons, the Report correctly finds that US Air is entitled to reasonable attorneys' fees in an amount greater than zero under the Clayton Act.

A.  Standard of Review

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific[] written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013).  For those portions to which no such

---

[1] Post-trial motions for attorneys' fees are treated as dispositive motions for purposes of Rule 72 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 n.4 (2d Cir. 2022).[2] A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3). To invoke de novo review of the magistrate judge's recommendations, a party's "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonough v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *accord In re Ulmans*, No. 23 Misc. 23, 2023 WL 3412769, at *1 (S.D.N.Y. May 12, 2023).

### B.  Entitlement to Fees

Sabre objects to the Report's recommended finding that US Air is entitled to reasonable attorneys' fees greater than zero. These Objections fail even on de novo review of the relevant portion of the Report. *Cf. Brightstar Asia, Ltd.*, 43 F.4th at 120-21 (stating in dicta that "it is unclear that the district court was correct to hold that Miller's objections were improper" -- and therefore subject only to clear error review -- for seeking "to relitigate an issue that was fully argued in the original briefs to the magistrate judge").

Section 4 of the Clayton Act states that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws . . . shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a). Under the plain meaning of the statute, US Air falls into the category of a person "injured in his business or property by reason of anything forbidden in the antitrust laws," as the jury found that US Air was harmed by Sabre's exclusionary conduct in violation of § 2 of the

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

Sherman Act.  *See* 15 U.S.C. § 15(a).  Thus, US Air "shall recover . . . the cost of suit, including a reasonable attorney's fee."  *See id.*  Defendants argue this amount should be zero.

          1.          The *Farrar* Case Does Not Apply Here

Contrary to Sabre's argument, the Supreme Court's decision in *Farrar v. Hobby*, 506 U.S. 103 (1992), does not require the reasonable attorneys' fees to be zero in this matter.  *Farrar* held that "a civil rights plaintiff who receives a nominal damages award is a 'prevailing party' eligible to receive attorney's fees under 42 U.S.C. § 1988" but that the only reasonable fee in that particular circumstance was "no fee at all."  *Farrar*, 506 U.S. at 105, 115.  Sabre argues that the Report errs in reading *Farrar*'s holding as limited to civil rights cases and discretionary fee statutes.  This argument is unpersuasive.  The Report is correct that nothing in *Farrar* suggests that its holding extends beyond civil rights cases.  *See, e.g.*, *id.* at 114 ("Where recovery of private damages is the purpose of . . . *civil rights litigation*, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." (emphasis added)); *id.* at 115 ("In a *civil rights suit* for damages . . . the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury." (emphasis added)); *id.* ("fee awards *under § 1988* were never intended to produce windfalls to attorneys" (emphasis added)).

Likewise, nothing in *Farrar* suggests that its holding extends beyond discretionary fee statutes like the one at issue there.  Section 1988 provides that "the court, *in its discretion, may allow* the prevailing party . . . a reasonable attorney's fee as part of the costs" in certain civil rights actions.  42 U.S.C. § 1988(b) (emphasis added).  In contrast, the Clayton Act states that "any person who shall be injured . . . *shall recover* . . . a reasonable attorney's fee."  15 U.S.C. § 15(a) (emphasis added).  The Clayton Act, a mandatory fee statute, determines Plaintiff's

entitlement to reasonable attorneys' fees in a way that a discretionary fee statute like § 1988 does not.  Reasonableness is an inquiry that depends on factors that cannot be evaluated now before the parties' second stage of briefing on the amount of fees.  *See Chaparro v. John Varvatos Enterprises, Inc.*, No. 21-446-CV, 2021 WL 5121140, at *1 n.2 (2d Cir. Nov. 4, 2021) (summary order) (outlining twelve factors a district court should consider in determining a reasonable fee).

As the Report notes, Sabre does not point to any in-circuit authority for its argument that *Farrar*'s reasonable fee conclusion applies to all fee-shifting statutes, whether discretionary or mandatory.  *City of Burlington v. Dague*, 505 U.S. 557 (1992), is inapposite.  There, the Supreme Court stated that its "case law construing what is a 'reasonable' fee applies uniformly to all" of the "many other federal fee-shifting statutes" in the context of other discretionary fee-shifting statutes.  *See City of Burlington*, 505 U.S. at 562 (citing discretionary fee statutes 42 U.S.C. § 6972(e), 33 U.S.C. § 1365(d) and 42 U.S.C. §§ 1988, 2000e-5(k), 7604(d)); *cf. Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) ("Our 'prevailing party' precedents, however, do not govern the availability of fees awards under [ERISA's attorneys' fees provision], because this provision does not limit the availability of attorney's fees to the 'prevailing party.'").  The Supreme Court has previously made clear when a fee-shifting statute holding applies more broadly.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (noting that the standards set forth in the opinion "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'").

*Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011), and *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008), are similarly inapposite.  While both cases involved mandatory fee statutes, neither involved nominal damages or awarded a fee amount of zero.  *See Millea*, 658 F.3d at 166-69 (vacating award of attorneys' fees and remanding for

recalculation in conformity with the lodestar method rather than simply "as a proportion of [plaintiff's] monetary recovery"); *Barfield*, 537 F.3d at 140, 153 (affirming district court's award of almost $50,000 in attorneys' fees). That the cases cited *Farrar* does not mean that they applied *Farrar*, as Sabre attempts to argue. *See Millea*, 658 F.3d at 169 ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery."); *Barfield*, 537 F.3d at 152 (citing *Farrar* in support of district court's decision to reduce attorneys' fees based on plaintiff's level of success, a reduction the Report already recommends).

        2.      <u>The *U.S. Football League* Case is Controlling</u>

The Report correctly determines that, although decided before *Farrar*, the Second Circuit's decision in *U.S. Football League v. Nat'l Football League*, 887 F.2d 408 (2d Cir. 1989) ("*USFL II*"), remains good law and controls here. *USFL II* presents an identical fact pattern. There, the jury awarded the plaintiff nominal damages of one dollar after finding the defendant's "monopolization of the major league professional football market had caused injury to the USFL's business or property in violation of section 2 of the Sherman Act." *Id.* at 410. The plaintiff was unsuccessful on its other claims, including its claim under § 1 of the Sherman Act. *Id.* The Second Circuit held that "[a]n injury having been found, the awarding of attorney's fees to the USFL was compulsory" and affirmed the district court's award of over $5.5 million in attorneys' fees. *Id.* at 411. In doing so, the Second Circuit reasoned that "[i]t is clear from the plain meaning of section 4 that an injury is all that is required for an award of attorney's fees." *Id.* "Because of the importance of the policy of encouraging private parties to bring antitrust actions, recovery of their reasonable attorney's fees must be sustained regardless of the amount of damages awarded." *Id.* at 412.

Sabre objects to the Report's reliance on *USFL II*, arguing that the Report "conflates" the issue of whether Plaintiff is entitled to reasonable fees, and the issue of the amount of reasonable fees, and concluding that on the second issue *USFL II* is superseded by *Farrar*. This argument is unconvincing for the reasons discussed above. The *USFL II* reasoning described above directly leads to that court's subsequent analysis affirming the district court's award of a non-zero amount in reasonable attorneys' fees. *Id.* at 413-17. In addition, *USFL II* continued to be cited by courts in the Second Circuit for its fee-award analysis following *Farrar*. *See Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 98-99 (2d Cir. 1997) (citing *USFL II* for the proposition that "a reasonable fee may well exceed the prevailing plaintiff's recovery"); *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1168 (2d Cir. 1993) (distinguishing *Farrar* and affirming attorneys' fee award under RICO based on *USFL II*'s construction of the Clayton Act's "virtually identical" mandatory fee provision).

The Court has reviewed the remaining portions of the Report as to which there was no objection and found no error, clear or otherwise.

### III.   CONCLUSION

For the foregoing reasons, the Objections are OVERRULED and the Report is ADOPTED in full.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1266.

Dated: June 1, 2023
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE