**O'Melveny**

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

**Andrew J. Frackman**
D: +1 212 326 2017
afrackman@omm.com

> **Plaintiff's application to reopen discovery is DENIED** without prejudice to renewal after Defendants have filed their memorandum of law in opposition to Plaintiff's fee motion.
>
> Dated: November 4, 2024
> New York, New York
>
> *[signature]*
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

October 7, 2024

**BY ECF**

Hon. Lorna H. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *US Airways, Inc., for American Airlines, Inc. as Successor and Real Party in Interest v. Sabre Holdings Corp., et al.*, No. 1:11-cv-02725-LGS
    **Request for Limited Discovery**

Dear Judge Schofield:

We write on behalf of Plaintiff US Airways, Inc. and its successor-in-interest American Airlines ("US Airways") to request a pre-motion conference regarding a motion for limited discovery in connection with US Airways' Renewed and Amended Motion for Costs, Including Attorneys' Fees filed concurrently with this letter, ECF No. 1331 (the "Motion").

US Airways would seek limited discovery only to the extent that, in opposing the Motion, Sabre challenges the hourly rates of US Airways' principal law firm, O'Melveny & Myers LLP, and the amount of time US Airways' attorneys spent on a variety of activities during this long and hotly contested litigation, as Sabre did when it last opposed US Airways' motion for costs. *See, e.g.*, ECF No. 890, at 18–21. Specifically, US Airways would seek discovery of Sabre's own attorneys' hourly rates, the amount of time they billed, and the expenses they incurred because "defendant's fees may provide the best available comparable standard to measure the reasonableness of plaintiffs' expenditures in litigating the issues of the case." *See Chicago Pro. Sports Ltd. P'ship v. Nat'l Basketball Ass'n.*, 1996 WL 66111, at *3 (N.D. Ill. Feb. 13, 1996) (awarding fees in a "long and complex" antitrust case).

"In deciding whether to reopen discovery, courts consider whether good cause exists." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (citing *Gray v. Town of Darien*, 927 F.2d 69 (2d Cir. 1991)). If Sabre advances these arguments, good cause would exist to order discovery of Sabre's records. Courts throughout the country routinely require parties opposing attorneys' fees applications to produce their own fee records, particularly when the opposing party challenges the reasonableness of the prevailing party's hourly rates or number of hours